General Jurisdiction Forms

# General Jurisdiction Forms

**Request To Set Forms**

&raquo; State Agencies (OAH 21A)

&raquo; Local Agencies (OAH 21B)

&raquo; School Districts (OAH 21C)

&raquo; Teacher Layoff Hearings (OAH 22)

**Continuance Form for Unrepresented Respondents**

&raquo; Motion to Continue for Unrepresented Respondent

**Subpoena / Subpoena Duces Tecum**

&raquo; OAH1 - Subpoena Form - Word 97

&raquo; OAH1 - Subpoena Form - Adobe PDF

&raquo; Subpoena Form Questions Page

&raquo; OAH3LP - Large Print Subpoena Form - Adobe PDF

**Transcript Form**

&raquo; OAH Form 5 (Adobe PDF)

# Special Education Forms

- Mediation and Due Process Hearing Request Form (OAH 64; rev. 07/07)

- **(Spanish)** Mediation and Due Process Hearing Request Form (OAH 64A; rev. 02/07)

- **(Tagalog)** Mediation and Due Process Hearing Request Form (OAH 64B; rev. 02/07)

- **(Hmong)** Mediation and Due Process Hearing Request Form (OAH 64C; rev. 02/07)

- **(Vietnamese)** Mediation and Due Process Hearing Request Form (OAH 64D; rev. 02/07)

- Mediation ONLY Request Form (OAH 63)

- **(Spanish)** Mediation ONLY Request Form (OAH 63A)

- Transcript Request Form (PDF Format)

Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360

**Attorney for Petitioner,** ▓▓▓▓▓▓▓▓

# BEFORE THE STATE OF CALIFORNIA

## OFFICE OF ADMINISTRATIVE HEARINGS

## SPECIAL EDUCATION DIVISION

| | |
|---|---|
| In The Matter Of | ) Case No.: N2007090088 |
| | ) |
| ▓▓▓▓▓▓▓▓, | ) PETITIONER, ▓▓▓▓▓▓▓▓'S |
| | ) MOTION TO QUASH SUBPOENAS |
| Petitioner, | ) DUECES TECUM |
| | ) |
| v. | ) 5 CCR § 3089 |
| | ) Cal. Govt. Code § 11450.05-30 |
| TEMECULA VALLEY UNIFIED SCHOOL | ) |
| DISTRICT, and RIVERSIDE COUNTY | ) Bifurcated Hearing Dates: February 28-29, |
| MENTAL HEALTH, | ) 2008 |
| | ) ALJ: Hon. Susan Ruff |
| Respondents. | ) |
| | ) |

TO TEMECULA VALLEY UNIFIED SCHOOL DISTRICT ("the District") and

RIVERSIDE COUNTY MENTAL HEALTH ("CMH") and their attorneys of record:

PLEASE TAKE NOTICE THAT Petitioner, ▓▓▓▓▓▓▓▓ ("Petitioner")

HEREBY MOVES OAH for an Order Quashing Subpoenas Dueces Tecum issued by the

District, signed by attorney of record, Peter Sansom, Esq. attorney for the District (attached

hereto as Exhibit "A"), and CMH, signed by attorney of record, Geoffrey Winterowd, Esq.

(attached hereto as Exhibit "B"), and request for sanctions for abuse, misuse, intent to intimidate

by unauthorized use of process.

## ARGUMENT

In Special Education Due process proceedings, the legal standard for whether a subpoena duces tecum may be issued and enforced does not arise, as Judge Ruff and Presiding Judge Newlove decided in the instant case, out of whether the subpoena issued looks properly filled out and appears properly served, the authority to issue subpoenas arises out of California Government Code §§ 11450.05-11450.30. (Attached hereto as Exhibit "C").

However, California Code of Regulations § 3089 (attached hereto as Exhibit "D"), mandates, "Partial Non-Applicability of Certain Sections of Administrative Procedure Act to Special Education Due Process Hearing Procedures"; to wit: Government Code sections **11450.05-11450.30."** (emphasis supplied).

These subpoenas must be quashed as a matter or law. Additionally, rather then make a certified record, such as was attempted at the first part of the bifurcated hearing, in order for the issuer of the subpoenas to go to Superior Court for contempt sanctions, Petitioner is requesting that contempt/issue sanctions be awarded precluding the District and CMH from providing any defense in the bifurcated hearing.

## CONCLUSION

Petitioner is entitled to have these unlawful subpoenas quashed immediately.

Dated: January 30, 2008

Respectfully submitted,

Ellen Dowd, Attorney for
Petitioner, ▮▮▮▮▮▮▮▮

# BEFORE THE
## OFFICE OF ADMINISTRATIVE HEARINGS



| In the Matter of: | Agency / Agency Case No. |
|---|---|
| ▆▆▆▆▆▆ v. Temecula Valley Unified School District, et al | OAH No. N2007090088 |

☐ **SUBPOENA:** *Requesting Testimony*   ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| THE PEOPLE OF THE STATE OF CALIFORNIA SEND GREETINGS TO: | *(name and address of person being subpoenaed)*<br>Custodian of Records, Christine Willmering, (Student Services)<br>New Haven School<br>216 W. Los Angeles Drive<br>Vista, CA 92083 |
|---|---|
| 1. At the request of ☐ Petitioner  ☒ Respondent<br><br>*(party name)* **Temecula Valley Unified School District** | *(name, address and telephone number of contact person)*<br>Peter A. Sansom  Tele: (760) 631-5100<br>Lozano Smith<br>450 S. Melrose Drive, Ste. 220, Vista, CA 92081-6664 |

2. **You are hereby commanded, business and excuses being set aside, to appear as a witness on:**

*(date)* **February 28, 2008**, at *(time)* **9:00 a.m.**, and then and there to testify at: *(location)*

☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento  CA  95833   ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles  CA  90013

☐ OAH, 1515 Clay Street, Suite 206, Oakland  CA  94612   ☒ OAH, 1350 Front Street, Room 6022, San Diego  CA  92101

☐ Other: _____

☐ 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1.

☐ 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.
By _____ *(date)*, send the records to:

*NOTE: This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.*

☒ 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance with this subpoena.

6. **Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

7. **Witness Fees:** Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. **IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.**

*(Date Issued)* **January 23, 2008**   *(Signature of Authorizing Official)* _~~~ Sam_

*(Printed Name)* **Peter A. Sansom**  *(Title)* **Attorney for Temecula Valley Unified School District**

OAH-1 (Rev. 10/06)

E✗ "A"

805 640 2980    FILARSKY & WATT    05:53:32 p.m.    01-24-2008    2 /5

## BEFORE THE
## OFFICE OF ADMINISTRATIVE HEARINGS

In the Matter of: ▬▬▬▬▬▬

v.

Riverside County Dept. of Mental Health, et al.

| | |
|---|---|
| Agency / Agency Case No. | |
| OAH No. N2007090088 | |

☐ **SUBPOENA:** *Requesting Testimony*  ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| THE PEOPLE OF THE STATE OF CALIFORNIA SEND GREETINGS TO: | *(name and address of person being subpoenaed)* Custodian of Records New Haven Youth and Family Services 216 W. Los Angeles Dr., Vista, CA 92083 |
|---|---|
| 1. At the request of ☐ Petitioner  ☒ Respondent *(party name)* Riverside Co. Dept. of Mental Health | *(name, address and telephone number of contact person)* Sharon A. Watt, Esq. Filarsky & Watt 408 Bryant Circle. Ste. C, Ojai, CA 93023; (805) 640-2970 |

2. You are hereby commanded, business and excuses being set aside, to appear as a witness on:

(date) _____, at (time) _____, and then and there to testify at: *(location)*

☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento  CA  95833  ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles  CA  90013

☐ OAH, 1515 Clay Street, Suite 206, Oakland  CA  94612  ☐ OAH, 1350 Front Street, Room 6022, San Diego  CA  92101

☒ Other: _____, California.

☐ 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1.

☒ 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.
By __02/15/08__ (date), send the records to:   ATTORNEYS DIVERSIFIED SERVICES
                                                1891 GOODYEAR AVE., STE. 620
                                                VENTURA, CA  93003
*NOTE: This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.*

☐ 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance by this subpoena.

6. Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.

7. Witness Fees: Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.

(Date Issued)__Jan. 23 2008__   (Signature of Authorizing Official) _signature_

(Printed Name)_____Geoffrey Wintergreed_____   (Title)_____Attorney_____

-OAH-1 (Rev. 10/06)



805 640 2980          FILARSKY & WATT                                    05:54:18 p.m.    01-24-2008    3/5

## DECLARATION FOR SUBPOENA DUCES TECUM
*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

All documents relating to the educational record of Petitioner ████████████ from New Haven Youth and Family Services including but not limited to grade reports, teacher evaluation, teacher assessments, reports, underlying protocols, testing materials, testing data, data logs, observations, discipline records, IEPs, IEP meeting notes, documentation of IEP goal progress, assessments and their protocols conducted in support of IEPs, memoranda, correspondence (including but not limited to, emails and fax communications), and all documents listed above.

Good cause exists for the production of these documents as Petitioner asserts that placement at New Haven provides him with a free appropriate public education, that he should receive reimbursement for placement at New Haven and that he should continue to be placed at New Haven.

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed: __January 24_____, 2008, at __Ojai_____, California.
I declare under penalty of perjury that the foregoing is true and correct.

_____Geoffrey Winterud_____
*(Signature of Declarant)*

OAH-1 (Rev. 10/06) – REVERSE

## PROOF OF SERVICE BY HAND DELIVERY

Case Name:  ~~[redacted]~~
        vs:  RIVERSIDE CO DEPT OF MENTAL

I am a resident of the State of California,  County of VENTURA. I am over the age of eighteen years and not a party to the entitled action.  My business address is 1891 GOODYEAR AVE., STE 620, VENTURA, CA. 93003.

On January 25, 2008 I served this Notice to Consumer/Employee along with the Deposition Subpena-Business Records on the attorneys for all appearing parties in said action, by hand delivery at the following address(es):

SPECIAL EDUCATION LEGAL CENTER
ELLEN DOWD
2658 DEL MAR HEIGHTS RD.,#228
DEL MAR, CA 92014

I declare under penalty of perjury that the foregoing is true and correct.  Executed on January 25, 2008 at VENTURA, California.

Signed _____

Order # VNC20265-01

**Attorney's Diversified Services**

741 N. FULTON STREET, FRESNO, CA 93728, Phone (559) 354-2937, Fax (559) 486-4119

507/VNC20265-01        507/VNC2026501

## PROOF OF SERVICE BY MAIL

Case Name: ▬▬▬▬▬
        vs:  RIVERSIDE CO DEPT OF MENTAL

I am a resident of the State of California, County of Sacramento. I am over the age of eighteen years and not a party to the entitled action. My business address is 1424 21st. Street Sacramento, CA 95814.

On January 25, 2008 I served this Notice to Consumer/Employee (if applicable) along with the Subpena in a civil case on the attorneys for all appearing parties in said action, by placing a true copy thereof enclosed in a sealed envelope; with postage thereon fully prepaid, in the United States mail at Sacramento, California, addresses as follows:

LOZANO SMITH
ATTN: PETER A. SANSOM
450 S. MELROSE DR., SUITE 220
VISTA, CA 92081

OFFICE OF ADMINISTRATIVE HEARINGS
2349 GATEWAY OAKS DR., SUITE 200
SACRAMENTO, CA 95833-4231

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 25, 2008 at Sacramento, California.

Signed _____
            ORIGINAL SIGNATURE
          ON FILE WITH ATTORNEY
            ROBYN HUBY

Order # VNC20265-01



## Attorney's Diversified Services

1891 GOODYEAR AVE., STE 620, VENTURA, CA. 93003, Phone (559) 354-2937, Fax (559) 486-4119

408/VNC2026501

# GOVERNMENT CODE
## SECTION 11450.05-11450.50

11450.05.    (a) This article applies in an adjudicative proceeding
required to be conducted under Chapter 5 (commencing with Section
11500).
    (b) An agency may use the subpoena procedure provided in this
article in an adjudicative proceeding not required to be conducted
under Chapter 5 (commencing with Section 11500), in which case all
the provisions of this article apply including, but not limited to,
issuance of a subpoena at the request of a party or by the attorney
of record for a party under Section 11450.20.


11450.10.    (a) Subpoenas and subpoenas duces tecum may be issued for
attendance at a hearing and for production of documents at any
reasonable time and place or at a hearing.
    (b) The custodian of documents that are the subject of a subpoena
duces tecum may satisfy the subpoena by delivery of the documents or
a copy of the documents, or by making the documents available for
inspection or copying, together with an affidavit in compliance with
Section 1561 of the Evidence Code.


11450.20.    (a) Subpoenas and subpoenas duces tecum shall be issued
by the agency or presiding officer at the request of a party, or by
the attorney of record for a party, in accordance with Sections 1985
to 1985.4, inclusive, of the Code of Civil Procedure.
    (b) The process extends to all parts of the state and shall be
served in accordance with Sections 1987 and 1988 of the Code of Civil
Procedure.  A subpoena or subpoena duces tecum may also be delivered
by certified mail return receipt requested or by messenger.  Service
by messenger shall be effected when the witness acknowledges receipt
of the subpoena to the sender, by telephone, by mail, or in person,
and identifies himself or herself either by reference to date of
birth and driver's license number or Department of Motor Vehicles
identification number, or the sender may verify receipt of the
subpoena by obtaining other identifying information from the
recipient.  The sender shall make a written notation of the
acknowledgment.  A subpoena issued and acknowledged pursuant to this
section has the same force and effect as a subpoena personally
served.  Failure to comply with a subpoena issued and acknowledged
pursuant to this section may be punished as a contempt and the
subpoena may so state.  A party requesting a continuance based upon
the failure of a witness to appear at the time and place required for
the appearance or testimony pursuant to a subpoena, shall prove that
the party has complied with this section.  The continuance shall
only be granted for a period of time that would allow personal
service of the subpoena and in no event longer than that allowed by
law.
    (c) No witness is obliged to attend unless the witness is a
resident of the state at the time of service.



11450.30. (a) A person served with a subpoena or a subpoena duces tecum may object to its terms by a motion for a protective order, including a motion to quash.

(b) The objection shall be resolved by the presiding officer on terms and conditions that the presiding officer declares. The presiding officer may make another order that is appropriate to protect the parties or the witness from unreasonable or oppressive demands, including violations of the right to privacy.

(c) A subpoena or a subpoena duces tecum issued by the agency on its own motion may be quashed by the agency.


11450.40. A witness appearing pursuant to a subpoena or a subpoena duces tecum, other than a party, shall receive for the appearance the following mileage and fees, to be paid by the party at whose request the witness is subpoenaed:

(a) The same mileage allowed by law to a witness in a civil case.

(b) The same fees allowed by law to a witness in a civil case. This subdivision does not apply to an officer or employee of the state or a political subdivision of the state.


11450.50. (a) In the case of the production of a party to the record of a proceeding or of a person for whose benefit a proceeding is prosecuted or defended, the service of a subpoena on the witness is not required if written notice requesting the witness to attend, with the time and place of the hearing, is served on the attorney of the party or person.

(b) Service of written notice to attend under this section shall be made in the manner and is subject to the conditions provided in Section 1987 of the Code of Civil Procedure for service of written notice to attend in a civil action or proceeding.

---



California Office of     Home   Most Recent Updates   Search  Help
Administrative Law                                              ©

# Welcome to the online source for the California Code of Regulations

5 CA ADC § 3089

5 CCR § 3089

Cal. Admin. Code tit. 5, § 3089

BARCLAYS OFFICIAL CALIFORNIA CODE OF REGULATIONS
TITLE 5. EDUCATION
DIVISION 1. CALIFORNIA DEPARTMENT OF EDUCATION
CHAPTER 3. HANDICAPPED CHILDREN
SUBCHAPTER 1. SPECIAL EDUCATION
ARTICLE 7. PROCEDURAL SAFEGUARDS
This database is current through 1/18/08, Register 2008, No. 3

§ 3089. Partial Non-Applicability of Certain Sections of the Administrative Procedure Act to Special Education Due Process Hearing Procedures.

Special education due process hearing procedures shall not be subject to the following provisions of the Administrative Procedure Act: Government Code sections 11415.60 (Decision by settlement); 11420.10 and 11420.30 (Referral of proceedings); 11425.10 (Governing procedures); 11440.10 (Authority of agency head following decision); 11440.20 (Service notice); 11440.30(b) (Conduct of hearing by electronic means); 11445.10-11445.60 (Informal hearing); 11450.05- 11450.30 (Subpoenas); 11460.10-11460.70 (Emergency decision); 11465.10- 11465.60 (Declaratory decisions); and 11470.10-11470.50 (Conversion of proceeding).

Note: Authority cited: Sections 56100(a) and (j) and 56505, Education Code. Reference: Sections 56500-56507, Education Code; Sections 11415.60, 11420.10, 11420.30, 11425.10, 11440.10-11440.30, 11445.10-11445.60, 11450.05-11450.30, 11460.10-11460.70, 11465.10-11465.60 and 11470.10-11470.50, Government Code; Sections 1415(b)(2) and (c), U.S. Code, Title 20; and Sections 300.506-300.513, Code of Federal Regulations, Title 34.

HISTORY

1. New section filed 6-23-97 as an emergency; operative 6-23-97 (Register 97, No. 26). A Certificate of Compliance must be transmitted to OAL by 10-21-97 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 6-23-97 order, including amendment of section and Note, transmitted to OAL 10-20-97 and filed 12-4-97 (Register 97, No. 49).

5 CCR § 3089, 5 CA ADC § 3089
1CAC

5 CA ADC § 3089

END OF DOCUMENT

*Ex "D"*

Lauri A. LaFoe, State Bar # 207061
Peter A. Sansom, State Bar # 216389
**LOZANO SMITH**
450 S. Melrose Drive, Suite 220
Vista, CA 92081-6664
Telephone:     (760) 631-5100
Facsimile:      (760) 631-6120

Attorneys for Respondent
Temecula Valley Unified School District

BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| DAVID ▬▬▬▬ <br><br> Petitioner, <br><br> v. <br><br> TEMECULA VALLEY UNIFIED SCHOOL DISTRICT and RIVERSIDE COUNTY MENTAL HEALTH, <br><br> Respondent. | Case No. N2007090088 <br><br> **RESPONDENT TEMECULA VALLEY UNIFIED SCHOOL DISTRICT'S OPPOSITION TO PETITIONER'S MOTION TO QUASH** |

The Temecula Valley Unified School District ("District") hereby opposes Petitioner ▬▬▬▬ ("Student") Motion for Quash ("Motion") and requests that the Office of Administrative Hearings ("OAH") deny the Motion.

The District respectfully requests that Administrative Law Judge Susan Ruff, as the judge presiding over this on-going due process hearing, rule on Student's Motion and the District's opposition. Due to a unique set of circumstances, the due process hearing was bifurcated. While seven days of hearing have already occurred, two days remain to address what, if any, remedy Student is entitled to if a denial of a free appropriate public education is found. The two remaining days of hearing have been scheduled for February 28 and 29, 2008.

(E0085631)

---

Respondent Temecula Valley Unified School District's
Opposition to Motion to Quash

David Lowder-Sester v. TVUSD and RCMH

# I. Facts

On January 29, 2008, Christine Wilmering was personally served with a subpoena duces tecum ("SDT"). (Exhibit A.)  A true and correct copy of the SDT, which included a notice to consumer, is attached to this opposition. (Exhibit B.)

On January 30, 2008, Student filed the Motion, which apparently contends that a SDT cannot be used to subpoena records in a special education due process hearing.

# II. Argument

OAH has the power to issue a SDT to compel the production of documents. (Cal. Code Regs., tit. 5, § 3082(c)(2).)  The SDT was properly served on Mrs. Wilmering and a notice to consumer was appropriately sent to Student's attorney. (Exhibits A and B.)

Student's reference to section 3089 and its exemption of certain provisions of the Administrative Procedure Act to special education due process hearings is immaterial because section 3082, subdivision (c)(2), explicitly authorizes OAH to issue a SDT to compel production of documents.

The documents sought by the District are relevant to the issue of whether Student had his needs met and received some benefit from the privately obtained services for which he seeks reimbursement from the District and Riverside County Mental Health.

# III. Conclusion

Based on the foregoing, OAH should deny the Motion and admonish Student's counsel for her baseless challenge to the District's properly served SDT.

Dated: January 31, 2008

Respectfully submitted,

**LOZANO SMITH**

PETER A. SANSOM
Attorneys for Respondent
Temecula Valley Unified School District

(E0085631)

LOZANO SMITH
450 S. Melrose Drive, Suite 220 Vista, CA 92081-6664
Tel 760-631-5100 Fax 760-631-6120

# EXHIBIT A



## QUEST DISCOVERY SERVICES

*Quality • Uniformity • Excellence • Service • Teamwork*

http://www.questds.com/

01/30/08    ** Fax No. 760/631-6120 **

Attn: PETER A. SANSOM, ESQ.
LOZANO SMITH
ATTORNEYS AT LAW
450 SOUTH MELROSE DRIVE
SUITE 200
VISTA, CA 92081

| | |
|---|---|
| In Reply Refer to: | Culver City |
| Our File Number: | LAB800017 |
| Client File Number: | 797-73 (TVUSD) |
| Claim Number: | 797-73 (TVUSD/LOWDER) |
| Insured: | |

RE: ███████ VS. TEMECULA VALLEY UNIFIED SCHOOL DISTRICT

Dear Client:

Enclosed please find the proof of service for the OAH Subpoena which was served on CHRISTINE WILLMERING.

This OAH Subpoena was served on 01/29/08.

Should you have any questions or concerns, please do not hesitate to contact our office.

Sincerely,


**Crystal Dowdy    Ext.336 @ CULVER CITY OFFICE**
Quest Discovery Services                                    cdowdy@questds.com

**Corporate Office:**
2025 Gateway Place, Ste. 330
San Jose, CA 95110
(408) 441-7000
FAX (408) 441-7070

**Branch Offices:**
P.O. Box 214267
Sacramento, CA 95821-0267
(916) 483-7030
FAX (916) 483-7037

3438 Mendocino Ave., Ste. A
Santa Rosa, CA 95403
(707) 528-2300
FAX (707) 528-6047

2507 West Shaw Ave., Ste. 101
Fresno, CA 93711
(559) 224-0909
FAX (559) 224-1122

5730 Uplander Way, Ste. 101
Culver City, CA 90230
(310) 645-5557
FAX (310) 645-1466

# DECLARATION FOR SUBPOENA DUCES TECUM

*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

**Please see attachment**

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed January 23, 2008, at Vista, California.
I declare under penalty of perjury that the foregoing is true and correct.

_____
*(Signature of Declarant)*

## METHOD OF DELIVERY of this subpoena:

[X] Personal Service – In accordance with Code of Civil Procedure sections 1987 and 1988, delivery was effected by showing the original and delivering a true copy thereof personally to: **CHRISTINE WILLMERING**
**NEW HAVEN SCHOOL, 216 W. LOS ANGELES DR., VISTA, CA 92083**

[ ] Messenger Service – In accordance with Government Code section 11450.20, an acknowledgement of the receipt of this subpoena was obtained by the sender after it was delivered by messenger to:

[ ] Certified Mail, Return Receipt Requested – I sent a true copy of this subpoena via certified mail, return receipt requested to:
*(name and address of person)*

_____

_____

_____

at the hour of 11:30 A.m., on JANUARY 29, 20 08

City of VISTA , State of CALIFORNIA

_____
*(Signature of Declarant)*

OAH-1 (Rev. 10/06) – REVERSE

# EXHIBIT B



# BEFORE THE
# OFFICE OF ADMINISTRATIVE HEARINGS

In the Matter of:

███████████ v. Temecula Valley Unified School District, et al

Agency / Agency Case No.

OAH No. N2007090088

☐ **SUBPOENA:** *Requesting Testimony*  ☒ **SUBPOENA DUCES TECUM:** *Requesting the Production of Records or Things*

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA SEND GREETINGS TO:** | *(name and address of person subpoenaed)* <br> Custodian of Records, Christine Willmering, (Student Services) <br> New Haven School <br> 216 W. Los Angeles Drive <br> Vista, CA 92083 |
| 1. At the request of ☐ Petitioner  ☒ Respondent <br><br> *(party name)* Temecula Valley Unified School District | *(name, address and telephone number of contact person)* <br> Peter A. Sansom  Tele: (760) 631-5100 <br> Lozano Smith <br> 450 S. Melrose Drive, Ste. 220, Vista, CA 92081-6664 |

2. **You are hereby commanded, business and excuses being set aside, to appear as a witness on:**

*(date)* **February 28, 2008**, at *(time)* **9:00 a.m.** , and then and there to testify at: *(location)*

☐ OAH, 2349 Gateway Oaks Drive, Suite 200, Sacramento CA 95833  ☐ OAH, 320 West Fourth Street, Room 630, Los Angeles CA 90013

☐ OAH, 1515 Clay Street, Suite 206, Oakland CA 94612  ☒ OAH, 1350 Front Street, Room 6022, San Diego CA 92101

☐ Other:_____, California.

☐ 3. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose your original declaration with the records. Seal them. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number, your name and date, time, and place from item 2 (the box above). (3) Place this first envelope in an outer envelope, seal it, and mail it to the Office of Administrative Hearings at the address checked in item 2. (4) Mail a copy of your declaration to the attorney or party shown in item 1.

☐ 4. You are not required to appear in person if you produce the records described in the accompanying affidavit and a completed declaration of custodian of records in compliance with Evidence Code section 1561.

By _____ *(date)*, send the records to:

*NOTE: This manner of production may not satisfy the requirements of Evidence Code section 1561 for admission at hearing.*

☒ 5. You are ordered to appear in person and to produce the records described in the accompanying affidavit. The personal appearance of the custodian or other qualified witness and the production of the original records is required by this subpoena. The procedure authorized by subdivision (b) of section 1560, and sections 1561 and 1562 of the Evidence Code will not be deemed sufficient compliance by this subpoena.

6. **Disobedience to this subpoena will be punished as contempt of court in the manner prescribed by law.**

7. **Witness Fees:** Upon service of this subpoena, you are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you so request. You may request them before your scheduled appearance from the person named in item 1. *See Government Code sections 11450.05, 11450.50, 68092.5-68093, and 68096.1-68097.10.*

8. **IF YOU HAVE ANY QUESTIONS ABOUT WITNESS FEES OR THE TIME OR DATE YOU ARE TO APPEAR, OR TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED ON THE DATE AND TIME SPECIFIED ABOVE, CONTACT THE PERSON REQUESTING THIS SUBPOENA, LISTED IN ITEM 1 ABOVE, BEFORE THE DATE LISTED IN ITEM 2 ABOVE.**

*(Date Issued)* **January 23, 2008**  *(Signature of Authorizing Official)* _____

*(Printed Name)* **Peter A. Sansom**  *(Title)* **Attorney for Temecula Valley Unified School District**

OAH-1 (Rev. 10/06)

## DECLARATION FOR SUBPOENA DUCES TECUM
*(Any party issuing a subpoena for production of books and/or records must complete this section.)*

The undersigned states that the books, papers, documents and/or other things named below and requested by this subpoena are material to the proper presentation of this case, and good cause exists for their production by reason of the following facts:

**Please see attachment**

*(Use additional pages, if necessary, and attach them to this subpoena.)*

Executed January 23, 2008, at Vista, California.
**I declare under penalty of perjury that the foregoing is true and correct.**

_____
*(Signature of Declarant)*

**METHOD OF DELIVERY** of this subpoena:

☐ **Personal Service** – In accordance with Code of Civil Procedure sections 1987 and 1988, delivery was effected by showing the original and delivering a true copy thereof personally to:

☐ **Messenger Service** – In accordance with Government Code section 11450.20, an acknowledgement of the receipt of this subpoena was obtained by the sender after it was delivered by messenger to:

☐ **Certified Mail, Return Receipt Requested** – I sent a true copy of this subpoena via certified mail, return receipt requested to:
*(name and address of person)*

_____

_____

_____

at the hour of _____ m., on _____, 20_____,

City of _____, State of _____.

_____
*(Signature of Declarant)*



Student Information:
Name: ███████████████████
and ███████████████

## ATTACHMENT TO SUBPOENA DUCES TECUM
## BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

Respondent seeks the following documents that are necessary in a dispute regarding Respondent's offer of placement and services, which Respondent maintains is a free appropriate public education. These records are necessary, as Petitioner ████████████████████████████████ ████████ date of birth April 16, 1993), has placed his mental health status at issue, through his request for a residential placement due to his perceived mental health and educational needs and his request for reimbursement of costs related to his attendance at New Haven.

## DOCUMENTS REQUESTED

Any and all educational records, including but not limited to, progress reports, report cards, teacher, staff, and/or service provider reports; behavior support plans; behavior intervention plans; Individualized Educational Programs ("IEPs"); IEP team meeting notes; Section 504 of the Rehabilitation Act of 1973 plans; assessment protocols; assessment reports; observation notes; residential staff reports; discipline records; class schedules; and correspondences from May 1, 2007 to the present.

Any and all mental health records, including but not limited to, reports by doctors, nurses, psychologists, therapists, social workers; notes by doctors, nurses, psychologists, medical charts; mental health assessments and evaluations; discharge orders and instructions; treatment plans; referrals; and correspondences reflecting treatment received from May 1, 2007 to the present.

The records requested include those generated and/or maintained by New Haven, including but not limited to records maintained electronically that can be produced in a printed format such as e-mails.

O:\ESC_DOCS\00797\073\oth\E0085596.WPD

SUBP-025

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Lauri A. LaFoe, SBN 207061<br>Peter A. Sansom, SBN 216389<br>Lozano Smith<br>450 S. Melrose Dr., Suite 220<br>Vista, CA 92081<br>TELEPHONE NO.: 760-631-5100  FAX NO. (Optional): 760-631-6120<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Temecula Valley Unified School District | **FOR COURT USE ONLY** |
| ~~SUPERIOR COURT OF CALIFORNIA, COUNTY OF~~<br>STREET ADDRESS: OFFICE OF ADMINISTRATIVE HEARINGS<br>MAILING ADDRESS: SPECIAL EDUCATION UNIT<br>CITY AND ZIP CODE: 23046 Avenida De La Carlota, Suite 750<br>BRANCH NAME: Laguna Hills, CA 92653 | |
| PLAINTIFF / PETITIONER: ▉▉▉▉▉ | **CASE NUMBER:**<br>OAH NO. N2007090088 |
| DEFENDANT / RESPONDENT: TEMECULA VALLEY UNIFIED SCHOOL DISTRICT | |
| **NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION**<br>**(Code Civ. Proc., §§ 1985.3, 1985.6)** | |

## NOTICE TO CONSUMER OR EMPLOYEE

**TO** (name): ▉▉▉▉▉

1. PLEASE TAKE NOTICE THAT **REQUESTING PARTY** (name): TEMECULA VALLEY UNIFIED SCHOOL DISTRICT SEEKS YOUR RECORDS FOR EXAMINATION by the parties to this action on (specify date): February 28, 2008
   The records are described in the subpoena directed to **witness** (specify name and address of person or entity from whom records are sought): Custodian of Records, Christine Willmering (Student Services)
   A copy of the subpoena is attached.  NEW HAVEN SCHOOL, 216 W. Los Angeles Dr., Vista, CA 92083

2. IF YOU OBJECT to the production of these records, YOU MUST DO ONE OF THE FOLLOWING BEFORE THE DATE SPECIFIED. IN ITEM a. OR b. BELOW:
   a. If you are a party to the above-entitled action, you must file a motion pursuant to Code of Civil Procedure section 1987.1 to quash or modify the subpoena and give notice of that motion to the **witness** and the **deposition officer** named in the subpoena at least five days before the date set for production of the records.
   b. If you are not a party to this action, you must serve on the **requesting party** and on the **witness**, before the date set for production of the records, a written objection that states the specific grounds on which production of such records should be prohibited. You may use the form below to object and state the grounds for your objection. You must complete the Proof of Service on the reverse side indicating whether you personally served or mailed the objection. The objection should not be filed with the court. **WARNING: IF YOUR OBJECTION IS NOT RECEIVED BEFORE THE DATE SPECIFIED IN ITEM 1, YOUR RECORDS MAY BE PRODUCED AND MAY BE AVAILABLE TO ALL PARTIES.**

3. YOU OR YOUR ATTORNEY MAY CONTACT THE UNDERSIGNED to determine whether an agreement can be reached in writing to cancel or limit the scope of the subpoena. If no such agreement is reached, and if you are not otherwise represented by an attorney in this action, YOU SHOULD CONSULT AN ATTORNEY TO ADVISE YOU OF YOUR RIGHTS OF PRIVACY.

Date: January 23, 2008

Peter A. Sansom
_____
(TYPE OR PRINT NAME)

▶  _[signature]_

(SIGNATURE OF [ ] REQUESTING PARTY [X] ATTORNEY)

## OBJECTION BY NON-PARTY TO PRODUCTION OF RECORDS

1. [ ] I object to the production of all of my records specified in the subpoena.

2. [ ] I object only to the production of the following specified records:

3. The specific grounds for my objection are as follows:

Date:

_____
(TYPE OR PRINT NAME)

▶

(Proof of service on reverse)

(SIGNATURE)

Legal Solutions Plus

**SUBP-025**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TEMECULA VALLEY UNIFIED SCHOOL DISTR | OAH NO. N2007090088 |

## PROOF OF SERVICE OF NOTICE TO CONSUMER OR EMPLOYEE AND OBJECTION
### (Code Civ. Proc., §§ 1985.3, 1985.6)
☐ Personal Service  ☒ Mail

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Notice to Consumer or Employee and Objection* as follows *(check either a or b)*:
   a. ☐ **Personal service.** I personally delivered the *Notice to Consumer or Employee and Objection* as follows:
      (1) Name of person served:       (3) Date served:
      (2) Address where served:         (4) Time served:

   b. ☒ **Mail.** I deposited the *Notice to Consumer or Employee and Objection* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
      (1) Name of person served: Ellen Dowd, Esq.      (3) Date of mailing: 1-23-08
      (2) Address: 2658 Del Mar Heights Road #228,      (4) Place of mailing *(city and state)*:
          Del Mar, CA 92014                                Vista, CA 92081
      (5) I am a resident of or employed in the county where the *Notice to Consumer or Employee and Objection* was mailed.
   c. My residence or business address is *(specify)*: 450 S. Melrose Drive, Suite 220, Vista, CA 92081
   d. My phone number is *(specify)*: 760-631-5100

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 23, 2008

Connie A. Situ
_____          ▶ _____
(TYPE OR PRINT NAME OF PERSON WHO SERVED)           (SIGNATURE OF PERSON WHO SERVED)

## PROOF OF SERVICE OF OBJECTION TO PRODUCTION OF RECORDS
### (Code Civ. Proc., §§ 1985.3, 1985.6)
☐ Personal Service  ☐ Mail

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. I served a copy of the *Objection to Production of Records* as follows *(complete either a or b)*:
   a. ON THE REQUESTING PARTY
      (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:        (iii) Date served:
         (ii) Address where served:        (iv) Time served:

      (2) ☐ **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:        (iii) Date of mailing:
         (ii) Address:                      (iv) Place of mailing *(city and state)*:

      (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
   b. ON THE WITNESS
      (1) ☐ **Personal service.** I personally delivered the *Objection to Production of Records* as follows:
         (i) Name of person served:        (iii) Date served:
         (ii) Address where served:        (iv) Time served:

      (2) ☐ **Mail.** I deposited the *Objection to Production of Records* in the United States mail, in a sealed envelope with postage fully prepaid. The envelope was addressed as follows:
         (i) Name of person served:        (iii) Date of mailing:
         (ii) Address:                      (iv) Place of mailing *(city and state)*:

      (v) I am a resident of or employed in the county where the *Objection to Production of Records* was mailed.
3. My residence or business address is *(specify)*:
4. My phone number is *(specify)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF PERSON WHO SERVED)           (SIGNATURE OF PERSON WHO SERVED)

1  
2  

# PROOF OF SERVICE
(Code of Civ. Proc. §§ 1013, subd.a, and 2915.5)

3    I declare that I am employed in the County of San Diego, California. I am over the age

4  of 18 years and not a party to this action; my business address is 450 S. Melrose Drive, Suite 220,

5  Vista, CA 92081.

6    On January 31, 2008, I served the attached **RESPONDENT TEMECULA VALLEY**

7  **UNIFIED SCHOOL DISTRICT'S OPPOSITION TO PETITIONER'S MOTION TO**

8  **QUASH,** on each interested party in said cause as indicated below:

9  [ ]    ***(BY PERSONAL SERVICE)*** I caused a copy of said pleadings to be hand
10        delivered to the interested parties at:

11  [X]    ***(BY FACSIMILE)*** I caused a copy of said pleadings to be sent via facsimile
       transmission to the interested parties listed below:

12  [X]    ***(BY REGULAR MAIL)*** I caused a copy of said pleadings to be placed in a United
13        States mail depository, in accordance with my employer's ordinary practice for
       collection and processing of mail, in a sealed envelope, with postage fully prepaid,
14        to the below addressee(s):

15  [ ]    ***(BY OVERNIGHT MAIL)*** I caused a copy of said pleadings to be placed in a
       United States mail depository, in a sealed envelope, with postage fully prepaid, to
16        the below addressee(s):

17             **PLEASE SEE ATTACHED SERVICE LIST**

18    I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct and that this declaration was executed on January 31, 2008, at Vista,

20  California.

21  

22            *Connie A. Situ*
            Connie A. Situ

23  

24  

25  

26  

27  

28  

1

1

2                              **SERVICE LIST**:

3    **BY FAX ONLY:**

4    Office of Administrative Hearings
     Special Education Unit
5    2349 Gateway Oaks Dr., Suite 200
     Sacramento, CA 95833-4231
6    916-263-0880
     **916-376-6319 Fax**
7

8    **BY FAX & U.S. MAIL:**

9    Ellen Dowd, Esq.
     Special Educational Legal Center
10   2658 Del Mar Heights Road #228
     Del Mar, California 92014
11   (858) 342-8360
     **(858) 755-6348 FAX**
12

13   Sharon A. Watt
     Riverside County Department of Mental Health
14   Filarsky & Watt LLP
     408 Bryant Circle, Suite C
15   Ojai, CA 93023
     (805) 640-2970
16   **(805) 640-2980 Fax**

17

18

19

20

21

22

23

24

25

26   *David Lowder-Sester v.*
     *Temecula Valley USD & Riverside County Mental Health*          *OAH Case No. N2007090088*
27
     O:\ESC_DOCS\00797\073\prf\E0085452.WPD
28

LOZANO SMITH
450 S. Melrose Drive Suite 220 Vista, California 92081-6664
Telephone: (760) 631-5100 Fax: (760) 631-6120

# FAX COVER SHEET

**DATE:** January 31, 2008

**CLIENT/MATTER:** 797.73
David Lowder-Sester v.
Temecula Valley USD

**TO:**

Office of Administrative Hearings
Special Education Unit
**Fax No. : 916-376-6319**
**Original WILL NOT follow**

Ellen Dowd, Esq.
**Fax: 858-755-6348**
**Hard copy WILL follow**

Sharon A. Watt
Filarsky & Watt LLP
**Fax: (805) 640-2980**
**Hard copy WILL follow**

**FROM:** Connie Situ for Peter A. Sansom, Esq.

**PAGES:** 14 (includes this cover sheet)

**RE:** [redacted] v. Temecula Valley Unified School District and Riverside County Mental Health
OAH Case No. N2007090088

**If you do not receive all pages or if the pages are not legible, please call (760) 631-5100.**

---

Attached please find :

RESPONDENT TEMECULA VALLEY UNIFIED SCHOOL DISTRICT'S OPPOSITION TO PETITIONER'S MOTION TO QUASH

---

This document being faxed is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the communication is strictly prohibited. If you have received this communication in error, please notify the sender and return the original transmission to us at the address above via United States Postal Service.

1  SHARON A. WATT [SBN 81377]
2  GEOFFREY R. WINTEROWD SBN 205435
   FILARSKY & WATT LLP
   408 Bryant Circle, Suite "C"
3  Ojai, California 93023
   Telephone:    (805) 640-2970
4  Facsimile:    (805) 640-2980

5  Attorneys for Respondent
   RIVERSIDE COUNTY DEPARTMENT
6  OF MENTAL HEALTH

7

8              BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS

9                        SPECIAL EDUCATION DIVISION

10                          STATE OF CALIFORNIA

11                                      )   OAH CASE NO. N2007090088
                                        )
12              Petitioner,             )
                                        )
13  v.                                  )   RIVERSIDE COUNTY DEPARTMENT OF
                                        )   MENTAL HEALTH OPPOSITION TO
14  TEMECULA VALLEY UNIFIED SCHOOL      )   MOTION TO QUASH SUBPOENAS
    DISTRICT and RIVERSIDE COUNTY       )   DUCES TECUM
15  MENTAL HEALTH,                      )
                                        )
16              Respondents.            )
                                        )
17  _____ )

18       Respondent RIVERSIDE COUNTY DEPARTMENT OF MENTAL HEALTH

19  ("RCDMH") hereby opposes the Motion to Quash Subpoenas Duces Tecum ("Motion to Quash")

20  made by Petitioner ████████████████████ ("Petitioner") on January 30, 2008.

21       Petitioner moves to quash the subpoena duces tecum issued by RCDMH demanding that

22  the Custodian of Records for New Haven Youth and Family Services provide the deposition officer

23  with educational records of Petitioner for copying on February 15, 2008.[1]

24       Petitioner further moves for sanctions against RCDMH precluding it from raising

25

26  affirmative defenses on grounds of abuse, misuse, and intent to intimidate by unauthorized use of

27

28

---

process.[2]

RCDMH opposes Petitioner's Motion to Quash on grounds that RCDMH's subpoena is authorized by law and RCDMH has shown reasonable necessity for the documents.

RCDMH further opposes Petitioner's motion to impose sanctions on grounds that RCDMH's subpoena is lawful and to preclude RCDMH from raising affirmative defenses would deny RCDMH of due process.

## I
## RCDMH's SUBPOENA IS AUTHORIZED BY LAW

Petitioner asserts in his Motion to Quash that RCDMH's subpoena must be quashed as a matter of law.

In support of Petitioner's assertion, Petitioner notes that section 3089 of title 5 of the California Code of Regulations makes inapplicable to special education due process hearings the provisions of the Code of Civil Procedure pertaining to the issuance of subpoenas and consumer notice.

Petitioner fails to note that section 3082 of title 5 of the California Code of Regulations specifically grants the parties to a special education due process hearing the right to have issued subpoenas duces tecum in order to produce documents or paper upon a showing of reasonable necessity by the party.  (5 C.C.R. § 3082(c)(2).)

RCDMH followed the notice of consumer requirements of the Code of Civil Procedure in order to provide Petitioner with fair notice of the request for the production of documents and an opportunity to object to the production, as well as to provide New Haven with a reasonable amount of time by which to produce the documents for copying by the deposition officer. (*See Sehlmeyer v. Department of General Services*, 17 Cal.App.4th 1072, 1080-1081, 21 Cal.Rptr.2d 840 (1993) (holding that personal records may be disclosed in the course of an administrative proceeding and requiring reasonable steps to notify the party of the pendency and nature of the proceedings in

---

[1] Petitioner similarly moves to quash the SDT issued by Respondent Temecula Valley Unified School District demanding the appearance of the Custodian of Records for New Haven to appear on the first day of the second part of Petitioner's bifurcated hearing and the production on the same day of records pertaining to Petitioner.
[2] Petitioner also moves for sanctions against the Temecula Valley Unified School District on the same grounds.

*Lowder-Sester v. Temecula Valley USD et al.*        RCDMH Opposition to
N2007090088                                Motion to Quash Subpoena

1   order to afford a fair opportunity to assert interests); Civ. Proc. 1985.3(d) (requiring reasonable

2   time to locate and produce records); *see also* Petitioner's Motion to Quash , Exhibit B, Proof of

3   Service of Notice to Consumer.)

4       The Office of Administrative Hearings has held that parties in special education due

5   process proceeding have the right to use the subpoena process. (*See Student v. Temecula Valley*

6   *Unified School District*, 106 LRP 63860 (SEA CA 2006); *Student v. Capistrano Unified School*

7   *District*, OAH Case No. 106 LRP 63886 (SEA CA 2006); *Gateway Unified School District*, 106

8   LRP 8447 (SEA CA 2005); *Student v. Corona-Norco Unified School District*, 106 LRP 8437 (SEA

9   CA 2005).)

## II
## THERE IS REASONABLE NECESSITY FOR SUBPOENAING NEW HAVEN

12       Petitioner alleges as one of the issues to be decided during the first part of his bifurcated

13   hearing that RCDMH and the Temecula Valley Unified School District ("District") did not offer

14   and provide him with a free appropriate public education ("FAPE") for the 2007-2008 school year.

15       Petitioner alleges in his due process complaint that on August 27, 2007, that he transferred

16   to New Haven.  Petitioner proffered testimonial and documentary evidence that he has attended

17   New Haven since the latter part of August 2007, and is currently in attendance at New Haven.

18       Petitioner proposes as partial resolution to his due process complaint that RCDMH and the

19   District fund his current placement at New Haven and reimburse him for his attendance at New

20   Haven thus far because of their alleged failure to offer and provide FAPE for the 2007-2008 school

21   year.

22       If RCDMH and the District failed to offer and provide Petitioner with a FAPE for the 2007-

23   2008 school year, Petitioner must prove during the second part of his bifurcated hearing that New

24   Haven provides him with a proper education under the Individuals with Disabilities Education Act

25   in order to be eligible for reimbursement for New Haven attendance thus far and continued

26   placement at New Haven.  (*See, e.g., Florence County School District Four v. Carter*, 510 U.S. 7,

27   12-14,  114 S.Ct. 361 (1993).)

28

*Lowder-Sester v. Temecula Valley USD et al.*      RCDMH Opposition to
N2007090088                    Motion to Quash Subpoena

1    In order to determine whether New Haven provided Petitioner with a proper education

2 under the IDEA, RCDMH seeks New Haven's educational records of Petitioner.

3    RCDMH has informally requested that Petitioner provide RCDMH with his educational

4 records from New Haven by facsimile and letter dated January 22, 2008, that was faxed to

5 Petitioner's attorney on that same date.  A copy of the January 22, 2008 letter is attached hereto as

6 Exhibit 1.

7    Petitioner's attorney never responded to RCDMH's informal request and, instead, has

8 moved to quash.

9    The documents subpoenaed for copying at New Haven are as follows:

10    "All documents relating to the educational record of Petitioner David Lowder-Sester from
11    New Haven Youth and Family Services including but not limited to grade reports, teacher
     evaluation, teacher assessments, reports, underlying protocols, testing materials, testing
12    data, data logs, observations, discipline records, IEPs, IEP meeting notes, documentation of
     IEP goal progress, assessments and their protocols conducted in support of IEPs,
13    memoranda, correspondence (including but not limited to, emails and fax communications),
     and all documents listed above."
14

15    RCDMH's request for the educational records of Petitioner is not overly broad, does not

16 request medical or psychological records except for medical and psychological assessments

17 conducted in support of IEPs, is not an abuse or misuse of process to intimidate, and is authorized

18 by law.

19    RCDMH has shown reasonable necessity for subpoenaing the New Haven records.

20

21                                        III

   **PETITIONER'S MOTION FOR SANCTIONS SHOULD BE DENIED**

22    RCDMH has demonstrated reasonable necessity for the information requested in its New

23 Haven subpoena, has properly afforded Petitioner with notice of the request for New Haven

24 documents, and provided the New Haven custodian of records with a reasonable amount of time to

25 locate the records for copying.  (*See* Civ. Proc. 1985.3(d) (requiring reasonable time to locate and

26 produce records).)

27

28

----

4

*Lowder-Sester v. Temecula Valley USD et al.*        RCDMH Opposition to
N2007090088                                          Motion to Quash Subpoena

1       Petitioner cites no authority for his request that RCDMH should be sanctioned by

2   precluding RCDMH from raising any affirmative defense.

3       Due process affords RCDMH the right to affirmative defenses.  (*See, e.g., Asuncion v.*

4   *Superior Court,* 108 Cal.App.3d 141, 146, 166 Cal.Rptr. 306 (1980).)

5                   **IV**

6              **CONCLUSION**

7       For the foregoing reasons, RCDMH respectfully requests that Petitioner's motion to quash

8   and impose sanctions be denied.

9   Dated: February 1, 2008          Respectfully Submitted,

10                          FILARSKY & WATT LLP

11

12                         By:

13                         Sharon A. Watt

14                         Geoffrey R. Winterowd
                           Attorneys for Respondent

15                         RIVERSIDE COUNTY DEPARTMENT
                           OF MENTAL HEALTH

16

17

18

19

20

21

22

23

24

25

26

27

28

*Lowder-Sester v. Temecula Valley USD et al.*    RCDMH Opposition to
N2007090088                       Motion to Quash Subpoena

# FILARSKY & WATT LLP

### ATTORNEYS AT LAW

**SHARON A. WATT**
**STEVE A. FILARSKY**

408 BRYANT CIRCLE, SUITE C
OJAI, CALIFORNIA 93023
(805) 640-2970
FACSIMILE (805) 640-2980

MANHATTAN BEACH OFFICE
1441 NINETEENTH STREET
MANHATTAN BEACH, CA 90266
(310) 545-7825
FACSIMILE (310) 545-2999

January 22, 2008

*Via Facsimile and U.S. Mail*

Ellen Dowd, Esq.
2658 Del Mar Heights Road, Suite 228
Del Mar, CA 92014

Re: ▮▮▮▮▮▮▮▮▮▮ *v. Temecula Valley Unified School District, et al.*

Dear Ms. Dowd:

This correspondence constitutes an informal request for documents relating to David Lowder-Sester ("Student") from the individual below:

| Name | Address |
|------|---------|
| New Haven Youth and Family Services | 216 W. Los Angeles Dr., Vista, CA 92083 |

Riverside County Department of Mental Health requests that you provide all documents relating to the academic attendance of ▮▮▮▮▮▮▮▮▮▮ while a resident of the above-referenced facility, including, but not limited to, grade reports, teacher evaluations, teacher assessments, reports, underlying protocols, testing materials, testing data, data logs, observation notes, discipline records, IEPs, IEP meeting notes and documentation of IEP goal progress, memoranda, and correspondence (including, but not limited to, emails and fax communications), and all documents listed above.

Good cause exists for the production of these documents as Petitioner asserts that placement at New Haven provides him with a free appropriate public education, that he should receive reimbursement for placement at New Haven, and that he should continue to be placed at New Haven.

I ask that you advise me whether you agree to provide the above-requested documents no later than 5:00 p.m., January 24, 2008.

**EXHIBIT** _____

Ellen Dowd, Esq.
January 22, 2008
Page 2


     Please note that if you do not provide the documents as requested, a subpoena duces tecum will be issued immediately to the custodian of records of the above listed location to produce the documents via subpoena.

          Very truly yours,

          Geoffrey Winterowd

GW/vtd

1

## PROOF OF SERVICE

2       I am employed in the County of Ventura, State of California.  I am over the age of 18 years
and am not a party to the within action; my business address is 408 Bryant Circle, Suite C, Ojai,
3   California 93023.

4       On the date noted below, I served the foregoing document described as: RIVERSIDE
COUNTY DEPARTMENT OF MENTAL HEALTH OPPOSITION TO MOTION TO QUASH
5   SUBPOENAS DUCES TECUM on the interested parties in this action as follows:

6

| Name & Address | Fax No. | Email Address |
| --- | --- | --- |
| Office of Administrative Hearings<br>Special Education Division<br>2349 Gateway Oaks Drive, Suite 200<br>Sacramento, CA 95833-4231 | (916) 376-6319 | |
| Ellen Dowd<br>Special Education Legal Center<br>2658 Del Mar Heights Road #228<br>Del Mar, CA 92014 | (858) 755-6348 | |
| Peter A. Sansom<br>Lozano Smith<br>450 S. Melrose Drive, Suite 220<br>Vista, CA 92081 | (760) 631-6120 | |

14   [ X ] U.S. MAIL:  I caused said envelope to be placed for collection and mailing in the United
States mail, postage prepaid, on the same day in the ordinary course of business at Ojai, California.

16   [ X ] FACSIMILE TRANSMISSION: I caused a true and complete copy of this document to be
transmitted to the parties listed herein at their respective most recent fax numbers of record in this
action.

18   [ ] ELECTRONIC EMAIL TRANSMISSION: I caused a true and complete copy of this
document to be email transmitted to the parties listed herein at their respective most recent email
addresses of record in this action.

20   [ ] FEDERAL EXPRESS:  I caused said envelope to be placed for collection at a Federal
Express drop box, on the same day in the ordinary course of business at Ojai, California.

21   [ X ]  STATE:  I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

23   [ ] FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court
at whose direction the service was made.

25       Executed on February 1, 2008, at Ojai, California.

_____
Cheryl L. Smith

SHARON A. WATT
STEVE A. FILARSKY

**FILARSKY & WATT LLP**
ATTORNEYS AT LAW
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile: (805) 640-2980

Manhattan Beach Office
1441 Nineteenth Street
Manhattan Beach, CA 90266
Telephone: (310) 545-7825
Facsimile: (310) 545-2999

## FAX TRANSMISSION

**TO:**      Ellen Dowd, Esq. (858) 755-6348

**FROM:**      Cheryl Smith, Legal Administrator

**DATE:**      January 22, 2008

**PAGES:**      3 (INCLUDES COVER PAGE)

**RE:**      ██████████ *v. Temecula Valley USD, Riverside County DMH*
           OAH Case No. N2007090088

**ATTACHED:** F&W correspondence dated January 22, 2008 re New Haven records

**Important:**

The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify the sender or this office immediately by telephone and return the original message to us by mail.

## Transmission Report

| | | | |
|---|---|---|---|
| Date/Time | 01-22-2008 | 04:37:52 p.m. | |
| Local ID 1 | 805 640 2980 | | Transmit Header Text |
| Local ID 2 | | | Local Name 1 |
| | | | Local Name 2     FILARSKY & WATT |

### This document : Confirmed
### (reduced sample and details below)
### Document size : 8.5"x11"

FILARSKY & WATT LLP
ATTORNEYS AT LAW
698 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile: (805) 640-2980

Manhattan Beach Office
1601 Nineteenth Street
Manhattan Beach, CA 90266
Telephone: (310) 545-7025
Facsimile: (310) 545-2999

**FAX TRANSMISSION**

TO:     Ellen Dowd, Esq. (858) 755-6348

FROM:     Cheryl Smith, Legal Administrator

DATE:     January 22, 2008

PAGES:     3 (INCLUDES COVER PAGE)

RE:     ▬▬▬▬▬▬ v. Temecula Valley USD, Riverside County DMH
       OAH Case No. N2007090088

ATTACHED: F&W correspondence dated January 22, 2008 re New Haven records

**Important:**
This information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify the sender at this office immediately by telephone and return the original message to us by mail.

Total Pages Scanned : 3       Total Pages Confirmed : 3

| No. | Job | Remote Station | Start Time | Duration | Pages | Line | Mode | Job Type | Results |
|---|---|---|---|---|---|---|---|---|---|
| 001 | 137 | 8587556348 | 04:36:10 p.m. 01-22-2008 | 00:01:00 | 3/3 | 1 | EC | HS | CP14400 |

Abbreviations:
HS: Host send       PL: Polled local       MP: Mailbox print       TU: Terminated by user
HR: Host receive      PR: Polled remote     CP: Completed        TS: Terminated by system    G3: Group 3
WS: Waiting send     MS: Mailbox save      FA: Fail              RP: Report           EC: Error Correct

SHARON A. WATT
STEVE A. FILARSKY

**FILARSKY & WATT LLP**
ATTORNEYS AT LAW
408 Bryant Circle, Suite C
Ojai, California 93023
Telephone: (805) 640-2970
Facsimile:  (805) 640-2980

Manhattan Beach Office
1441 Nineteenth Street
Manhattan Beach, CA 90266
Telephone: (310) 545-7825
Facsimile: (310) 545-2999

## FAX TRANSMISSION

TO:      OAH – ATTN ALJ SUSAN RUFF (916) 376-6319 / (949) 598-5860
         Ellen Dowd, Esq. (858) 755-6348
         Peter Sansom, Esq. (760) 631-6120

CC:      Dianne Radican RDMH (951) 687-3478
         Lynn Overturf RDMH (951) 600-6365

FROM:    Cheryl Smith, Legal Administrator

DATE:    February 1, 2008

PAGES:   11 (INCLUDES COVER PAGE)

RE:      ███████████ v. Temecula Valley USD, Riverside County DMH
         OAH Case No. N2007090088

ATTACHED: RCDMH OPPOSITION TO PETITIONER'S MOTION TO QUASH
          SUBPOENAS

**Important:**
The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipient(s) named above.
This message may be an attorney-client communication, and as such, is privileged and confidential.  If the reader of this message is not the intended
recipient(s) or an agent responsible for delivering it to the intended recipient(s), you are hereby notified that you have received this document in error,
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error,
please notify the sender or this office immediately by telephone and return the original message to us by mail.

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | |
| | **OAH CASE NO. N2007090088** |
| Petitioner, | |
| v. | |
| | **ORDER GRANTING DISTRICT'S** |
| TEMECULA VALLEY UNIFIED | **MOTION TO LIMIT ISSUES** |
| SCHOOL DISTRICT, | |
| Respondent. | |

On September 5, the Office of Administrative Hearings (OAH) received a due process hearing request (complaint) from attorney Ellen Dowd on behalf of ███████ ██████ (Student), naming Temecula Valley Unified School District (District) as Respondent.

On September 19, 2007, Peter A. Sansom, attorney for District, filed a Motion to Limit the Issues contending that the complaint should be limited to claims arising after September 10, 2005, in accordance with the two year statute of limitations as stated in Education Code section 56505(l).[1]

Also, on September 19, 2007, Student filed an opposition to the District's motion citing Education Code section 56043(r) as authority for a three year statute of limitations.

APPLICABLE LAW & DISCUSSION

Title 20 United States Code section 1415(b)(6) and Education Code section 56501, subdivisions (a)(1) and (2) provide that a parent may file a complaint with respect to any matter relating to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate public education to the child.[2]

---

[1] It is not clear why the District is asserting September 10, 2005, as the statute of limitations cut off, when the complaint was filed on September 5, 2007.

[2] All citations are to 20 United States Code unless otherwise noted.

Prior to October 9, 2006, the statute of limitations for due process complaints in California was generally three years prior to the request for due process. The statute of limitations was amended, effective October 10, 2006, and the statute of limitations in California is now two years for due process complaints filed on or after October 10, 2006. (Ed. Code, § 56505, subd. (1).) The conflicting statute proffered by Student as authority for a three year statute of limitations is superseded by the later enacted statute.

The objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] The Legislature is presumed to have meant what it said, and the plain meaning of the language will govern the interpretation of the statute. [Citation.] However, language of a statute is not to be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend. [Citations.] When two acts governing the same subject matter cannot be reconciled, the later in time will prevail over the earlier. [Citations.] (*Los Angeles Police Protective League v. City of Los Angeles* (1994) 27 Cal.App.4th 168, 178).

Section 1415(f)(3)(D), and Education Code section 56505, subdivision (l), establish a two-year statute of limitations within which to file a complaint. This time period shall not apply if the parent was prevented from requesting the due process hearing due to either specific misrepresentations by the local educational agency that it had solved the problem forming the basis of the due process hearing request, or the local educational agency's withholding of information from the parent that was required to be provided to the parent.

The complaint does not allege any facts that would toll the statute of limitations. Therefore, claims prior to September 5, 2005, shall be dismissed.

## ORDER

District's motion to limit issues is granted.

Dated: October 17, 2007

SHERIANNE LABA
Presiding Administrative Law Judge
Special Education Division
Office of Administrative Hearings

2



State of California  •  Department of General Services  •  Arnold Schwarzenegger, Governor

# OFFICE OF ADMINISTRATIVE HEARINGS

| | | | | | |
|---|---|---|---|---|---|
| Sacramento | 2349 Gateway Oaks, Suite 200 | Sacramento, | Ca 95833 | (916) 263-0880 | (916) 263-0890 fax |
| Los Angeles | 320 W. Fourth Street, 6th Floor, Suite 630 | Los Angeles, | Ca 90013 | (213) 576-7200 | (213) 576-7244 fax |
| Oakland | 1515 Clay Street, Suite 206 | Oakland, | Ca 94612 | (510) 622-2722 | (510) 622-2743 fax |
| San Diego | 1350 Front Street, Rm. 6022 | San Diego, | Ca 92101 | (619) 525-4475 | (619) 525-4419 fax |

## FAX TRANSMITTAL INFORMATION PAGE

### SACRAMENTO

DATE:    Oct. 18, 07 _____    TIME:    9:55 AM _____    NO. OF PAGES:    4 _____

(INCLUDING COVER SHEET)

TO:

Ellen Dowd
Attorney at Law
2658 Del Mar Heights Road, #228
Del Mar, CA 92014
Via Facsimile Only: 858-755-6348

Laurie LaFoe
Lozano Smith
450 S. Melrose Drive, Suite 220
Vista, CA 92081
Via Facsimile Only: 760-631-6120

Erlys Daily
Riverside County Mental Health
(951) 358-4560

FROM:    Judy Streeter

NAME:    OAH

OFFICE:    Office of Administrative Hearings – Special Education Division

LOCATION:    2349 Gateway Oaks Drive, Suite 200

FAX NO:    916-376-6319          PHONE NO:    916-263-0880

## PROOF OF SERVICE

I, **Judy Streeter**, declare as follows: I am over 18 years of age and have no interest in the action within; my place of employment and business address is:

**Office of Administrative Hearings**
**2349 Gateway Oaks**
**Suite 200**
**Sacramento, CA 95833-4231**

On **October 18, 2007**, I served a copy of the following entitled action:

### ORDER GRANTING DISTRICT'S MOTIN TO LIMIT ISSUES

to each of the person(s) named below, at the address set out next to each name, by the following method:

Ellen Dowd
Attorney at Law
2658 Del Mar Heights Road, #228
Del Mar, CA 92014
Via Facsimile Only: 858-755-6348

Laurie LaFoe
Lozano Smith
450 S. Melrose Drive, Suite 220
Vista, CA 92081
Via Facsimile Only: 760-631-6120

Erlys Daily
Riverside County Mental Health
(951) 358-4560

☐ **US MAIL** – by enclosing the action in a sealed envelope and placing the envelope for collection and mailing on that date and at the Office of Administrative Hearings, , State of California, following ordinary business practices. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid

☒ **FACSIMILE TRANSMISSION** – by personally transmitting to the above-named person(s), who has previously agreed to receive documents via facsimile transmission, to the facsimile number(s) shown above, on the date and time listed below, from facsimile machine number (916) 263-0554, pursuant to California Rules of Court, rules 2003-2008, Government Code section 11440.20, and California Code Regulations, title 1, section 1008, subdivision (d). A true copy of the above-described documents(s) was transmitted by facsimile transmission and the transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached to this proof of service.

☐ **MESSENGER SERVICE** – by causing such envelope(s) to be delivered to the office of the addressee(s) listed above by:

☐ **PERSONAL SERVICE** – by causing a true copy of the above-described document(s) to be hand delivered to the office(s) of the addressee(s) listed above, pursuant to California Code Regulations, title 1, section 1008, subdivision (b)

Name of Person to whom document delivered:

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and this Declaration was executed at **Sacramento, California** at **10:00 AM** on the 18th of **October**, 2007.

**Judy Streeter**

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of:<br><br>▮▮▮▮▮▮▮▮▮<br><br>         Petitioner,<br><br>v.<br><br>TEMECULA VALLEY UNIFIED<br>SCHOOL DISTRICT AND RIVERSIDE<br>COUNTY MENTAL HEALTH,<br><br>         Respondents. | **OAH CASE NO. N2007090088**<br><br><br><br>**ORDER DENYING STUDENT'S MOTION FOR RECONSIDERATION** |

On September 5, 20007, the Office of Administrative Hearings (OAH) received a due process hearing request from attorney Ellen Dowd on behalf of ▮▮▮▮▮▮▮▮ (Student), naming Temecula Valley Unified School District (District) and Riverside County Mental Health (Mental Health) as Respondents.

On September 19, 2007, Peter A. Sansom, attorney for District, filed a Motion to Limit the Issues contending that the complaint should be limited in accordance with the two year statute of limitations as stated in Education Code section 56505(l). Student filed an opposition to the District's motion citing Education Code section 56043(r) as authority for a three year statute of limitations. No response was received from Mental Health. On October 17, 2007, OAH issued an order granting District's motion to limit issues.

On November 1, 2007, Student filed a motion for reconsideration of the order granting District's motion to limit issues. Also, on November 1, 2007, District filed an opposition to Student's motion. No response was received from Mental Health.

APPLICABLE LAW AND DISCUSSION

OAH will generally entertain a timely motion to reconsider a ruling when the party seeking reconsideration establishes new facts, law and/or changed circumstances warranting reconsideration of the prior order.

The request for reconsideration requests OAH to again consider whether the California Education Code permits application of a three-year statute of limitations or to grant Student more time to make that argument.

No new facts, law or changed circumstances have been established.

<div align="center">ORDER</div>

The Motion for Reconsideration is denied.

Dated: November 9, 2007

SHERIANNE LABA
Presiding Administrative Law Judge
Special Education Division
Office of Administrative Hearings

# DECLARATION OF SERVICE

**Case Name:** ~~████████████████~~ TEMECULA VALLEY UNIFIED SCHOOL
DISTRICT AND RIVERSIDE COUNTY MENTAL HEALTH
**OAH No.:** 2007090088

I, <u>Tzer Lor-Snyder</u>, declare as follows: I am over 18 years of age and am not a party to this action. I am employed by the Office of Administrative Hearings. My business address is 2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833. On <u>November 09, 2007</u>, I served a copy of the following document(s) in the action entitled above:

## ORDER DENYING STUDENT'S MOTION FOR RECONSIDERATION

to each of the person(s) named below at the addresses listed after each name by the following method(s):

*[see attached service list or]*

Theresa Sester
33052 Monte Drive
Temecula, CA 92592
VIA MAIL ONLY

Ellen Dowd
Attorney at Law
2658 Del Mar Heights Road, #228
Del Mar, CA 92014
VIA FACSIMILE ONLY
858-755-6348

Sharon A. Watt
FILARSKY & WATT, LLP
408 Bryant Circle, Suite C
Ojai, CA 93023
VIA FACSIMILE ONLY
805-640-2980

PETER A SANSOM
LOZANO SMITH
450 South Melrose Drive, Suite 220
VISTA, CA 92081-6644
VIA FACSIMILE ONLY
760-631-6120

☒ **United States Mail.** I enclosed the document(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed above, and placed the envelope or package for collection and mailing, in accordance with the Office of Administrative Hearings' ordinary business practices, in Sacramento, California. I am readily familiar with the Office of Administrative Hearings' practice for collecting and processing documents for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid [☐ by certified mail].

☒ **Fax Transmission.** I personally transmitted the above-described document(s) to the person(s) at the fax number(s) listed above, from fax machine number **(916) 376-6319**, pursuant to Government Code section 11440.20 and California Code of Regulations, title 1, section 1008, subdivision (d). The fax transmission was reported as complete and without error. A copy of the transmission report showing the date and time of transmission, properly issued by the transmitting machine, is attached to this declaration of service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed at Sacramento, California on November 09, 2007

_____
Tzer Lor-Snyder, Declarant



State of California  •  Department of General Services  •  Arnold Schwarzenegger, Governor

## OFFICE OF ADMINISTRATIVE HEARINGS

**General Jurisdiction Division:**

| | | | | |
|---|---|---|---|---|
| Sacramento | 2349 Gateway Oaks, Suite 200 | Sacramento, | Ca 95833 | (916) 263-0550 | (916) 263-0554 fax |
| Los Angeles | 320 W. Fourth Street, 6th Floor, Suite 630 | Los Angeles, | Ca 90013 | (213) 576-7200 | (213) 576-7244 fax |
| Oakland | 1515 Clay Street, Suite 206 | Oakland, | Ca 94612 | (510) 622-2722 | (510) 622-2743 fax |
| San Diego | 1350 Front Street, Rm. 6022 | San Diego, | Ca 92101 | (619) 525-4475 | (619) 525-4419 fax |

**Special Education Division:**

| | | | | |
|---|---|---|---|---|
| Sacramento | 2349 Gateway Oaks, Suite 200 | Sacramento, | Ca 95833 | (916) 263-0880 | (916) 376-6319 fax |
| Van Nuys | 15350 Sherman Way, Suite 300 | Van Nuys, | Ca 91406 | (818) 904-2383 | (916) 376-6319 fax |
| Laguna Hills | 23046 Avenida De La Carlota, Suite 750 | Laguna Hills, | Ca 92653 | (949) 598-5850 | (916) 376-6319 fax |

# FAX TRANSMITTAL INFORMATION PAGE

**Date:**  11/08/07                          **Time:**  4:33 pm


**To:**  Ellen Dowd
**Fax number:**  1-858-755-6348


**From:**  Pearson, Jennifer


**Subject:**  Notice of DPH, PHC and Mediation: 2007110313


**Number of pages:**  6



State of California   •   Department of General Services   •   Arnold Schwarzenegger, Governor

## OFFICE OF ADMINISTRATIVE HEARINGS

**General Jurisdiction Division:**

| | | | | |
|---|---|---|---|---|
| Sacramento | 2349 Gateway Oaks, Suite 200 | Sacramento, | Ca 95833 | (916) 263-0550 | (916) 263-0554 fax |
| Los Angeles | 320 W. Fourth Street, 6th Floor, Suite 630 | Los Angeles, | Ca 90013 | (213) 576-7200 | (213) 576-7244 fax |
| Oakland | 1515 Clay Street, Suite 206 | Oakland, | Ca 94612 | (510) 622-2722 | (510) 622-2743 fax |
| San Diego | 1350 Front Street, Rm. 6022 | San Diego, | Ca 92101 | (619) 525-4475 | (619) 525-4419 fax |

**Special Education Division:**

| | | | | |
|---|---|---|---|---|
| Sacramento | 2349 Gateway Oaks, Suite 200 | Sacramento, | Ca 95833 | (916) 263-0880 | (916) 376-6319 fax |
| Van Nuys | 15350 Sherman Way, Suite 300 | Van Nuys, | Ca 91406 | (818) 904-2383 | (916) 376-6319 fax |
| Laguna Hills | 23046 Avenida De La Carlota, Suite 750 | Laguna Hills, | Ca 92653 | (949) 598-5850 | (916) 376-6319 fax |

# FAX TRANSMITTAL INFORMATION PAGE

**Date:** 11/09/07                    **Time:** 4:40 pm

**To:** Ellen Dowd
**Fax number:** 18587556348

**From:** Lor-Snyder, Tzer

**Subject:** {Matter No.[2007090088]} ██████████████████ ORDER DENYING STUDI

**Number of pages:** 5

Sincerely,

Tzer Lor-Snyder

Office of Administrative Hearings

Special Education

2349 Gateway Oaks Drive, Suite 200

Sacramento, CA  95833

Tel (916) 263-0983

Fax (916) 376-6319

**CONFIDENTIALITY NOTICE**: This e-mail message, including all attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. If you are not the intended recipient, you may NOT use, disclose, copy or disseminate this information. Please contact the sender by reply e-mail immediately and destroy all copies of the original message including all attachments. Your cooperation is greatly appreciated.

**EXHIBIT 23**

## THE STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| In the Matter of the Appeal by | ) | **BOARD DECISION** |
| | ) | |
| **CALIFORNIA DEPARTMENT OF EDUCATION** | ) | **PSC No. 03-04** |
| | ) | |
| **and** | ) | March 9, 2004 |
| | ) | |
| **UNIVERSITY OF THE PACIFIC, McGEORGE SCHOOL OF LAW** | ) | |
| | ) | |
| from the Executive Officer's April 30, 2003 Disapproval of their Contract for Special Education Mediation Conferences and Due Process Hearings | ) | |

**APPEARANCES**: Steven B. Bassoff, Attorney, on behalf of California Attorneys, Administrative Law Judges and Hearing Officers in State Employment; Gregory J. Rousseve, Deputy General Counsel, on behalf of California Department of Education; Charity Kenyon, Attorney, on behalf of University of the Pacific, McGeorge School of Law.

**BEFORE**: William Elkins, President; Ron Alvarado, Vice President; Sean Harrigan, Maeley Tom, and Anne Sheehan, Members.

### DECISION

This matter is before the State Personnel Board (SPB or Board) after the California Department of Education (CDE) and University of the Pacific, McGeorge School of Law (McGeorge) appealed from the Executive Officer's April 30, 2003 decision disapproving their contract (Contract) for special education mediation conferences and due process hearings. The Executive Officer reviewed the Contract at the request of the California Attorneys, Administrative Law Judges and Hearing Officers in State Employment (CASE). In this decision, a majority of the Board finds that CDE and McGeorge have submitted sufficient evidence to show that the Contract is authorized under Government Code § 19130(b)(3).

## BACKGROUND

Federal law guarantees "free appropriate public education" to all students with disabilities. To comply with federal law and obtain federal funding, states must provide certain procedural safeguards, including special education mediation conferences and due process hearings, for parents and students who wish to challenge decisions public schools may make with respect to the identification, evaluation, placement and delivery of free appropriate public education to students with disabilities.

Federal law prohibits CDE from conducting the special education mediation conferences and due process hearings itself. From 1981 through 1988, the Office of Administrative Hearings (OAH) conducted the due process hearings for CDE. OAH never conducted the mediation conferences for CDE. In 1989, OAH stopped conducting the due process hearings for CDE. Since 1989, CDE has contracted with McGeorge to conduct both the special education mediation conferences and due process hearings.

In February 2000, CDE issued a Request for Proposals (RFP) to enter into a contract to conduct the special education mediation conferences and due process hearings. Pursuant to the RFP, a proposal had to receive a minimum score of 90 to avoid rejection. Both McGeorge and OAH submitted proposals in response to the RFP. CDE accepted and rated both proposals. CDE gave OAH's proposal a 76.20 and McGeorge's proposal a 93.30. CDE awarded the Contract to McGeorge. OAH did not protest that award. The Contract's term was from June 1, 2000 through May 31, 2003 and its total amount was $23,277,916.00. In its submissions, CASE has informed the

2

Board that the term of the Contract has been extended through May 31, 2004 for an additional $11,479,000.

CASE has challenged the Contract, asserting that the contracted services could be provided adequately and competently by state civil service employees.

### PROCEDURAL HISTORY

By letter dated June 25, 2002, pursuant to SPB Rule 547.59 et seq.,[1] CASE asked SPB to review the Contract for compliance with Government Code § 19130(b).

On July 11, 2002, pursuant to SPB Rule 547.68,[2] McGeorge asked to intervene in this matter.  McGeorge's request was granted on July 24, 2002.

On September 16, 2002, CDE and McGeorge submitted their responses to CASE's review request.  On October 7, 2002, CASE submitted its reply to CDE's and McGeorge's responses.

The Executive Officer issued his decision disapproving the Contract on April 30, 2003.

Both CDE and McGeorge appealed from the Executive Officer's decision.  They filed their written arguments dated July 11, 2003.  CASE filed its response dated August 8, 2003.  CDE and McGeorge filed their replies dated August 27, 2003.

Protection and Advocacy, Inc. (PAI) submitted an "amicus brief and supporting declarations" on October 6, 2003.

The Board heard oral argument from the parties to this appeal during its Board meeting on October 7, 2003.  During oral argument, PAI was permitted to provide public testimony in support of CDE's and McGeorge's positions.

---

[1] California Code of Regulations, Title 2, § 547.59 et seq.

3

On December 16, 2003, in order to assist the Board in reaching a determination, the Board asked that the parties submit additional written briefs, together with supporting declarations, to respond to the following questions:

1.    Why did OAH stop conducting the due process hearings after 1989?[3]

2.    Describe in detail the particular expertise that is needed to conduct special education mediation conferences and due process hearings that CDE believes that McGeorge possesses and OAH does not.

3.    If OAH currently lacks the required expertise and/or sufficient staff to conduct the hearings and mediations, how long will it take OAH to acquire the expertise and/or sufficient staff to perform the contracted services?

CASE, CDE and McGeorge submitted responses to the Board's questions.  In addition, PAI submitted a response.

The Board has reviewed the record, including the written arguments of the parties, and has heard the oral arguments of the parties, and now issues the following decision.

## ISSUES

The following issues are before the Board for review:

1)    Should the Board accept the written submissions of PAI?

2)    Does Education Code § 56504.5 mandate that SPB approve the Contract under Government Code § 19130(b)?

3)    Is CDE's determination that OAH submitted an unacceptable proposal in response to the RFP binding upon SPB?

4)    Is the Contract justified under Government Code § 19130(b)?

---

[2] California Code of Regulations, Title 2, § 547.68.

[3] The parties were unable to provide information as to why OAH stopped conducting the hearings in 1989.

4



## DISCUSSION

### PAI's Submissions

During the hearing before the Board on October 7, 2003, CASE objected to PAI's submitting its "amicus brief and supporting declarations." For the reasons set forth below, the Board overrules CASE's objection.

The Board considers oral arguments in contract appeals to be public hearings in which members of the public are permitted to address the Board, either orally and/or in writing, to support or oppose a challenged contract. CASE was given an opportunity to review PAI's October 6, 2003 written submission and to hear PAI's October 7, 2003 oral comments and respond thereto. The Board, therefore, accepts PAI's written and oral arguments as comments from a member of the public.

### Education Code § 56504.5

At the time the Contract was executed, Education Code § 56504.5 provided:

The department shall contract with a single, nonprofit organization or entity to conduct mediation conferences and due process hearings that does the following:

    (a)    Employs persons knowledgeable in administrative hearings and the laws and regulations governing special education.

    (b)    Does not have a conflict of interest under state and federal laws and regulations governing special education and related services in conducting mediation conferences and due process hearings.

    (c)    Is not in the business of providing, or supervising, special education, related services, or care to children and youth.

5

Pursuant to AB 1859, effective January 1, 2003, Education Code § 56504.5 was amended to provide:

> The department shall contract with a single, nonprofit organization or entity to conduct mediation conferences and due process hearings in accordance with Section 300.506 of Title 34 of the Code of Federal Regulations.

CDE and McGeorge assert that the Board is bound by Article III, § 3.5 of the California Constitution (Section 3.5) to enforce Education Code § 56504.5. CDE and McGeorge misconstrue Section 3.5 and the scope of the Board's authority.

By its terms, Section 3.5 prohibits a state agency from declaring a statute unconstitutional or refusing to enforce it on the basis of its being unconstitutional.[4] In accordance with Section 3.5, SPB cannot declare Government Code § 56504.5 to be unconstitutional or refuse to enforce Government Code § 56504.5 on the grounds that SPB may believe that it is unconstitutional.

There is nothing in Section 3.5, however, that grants SPB the jurisdiction to review the Contract for compliance with Education Code § 56504.5.

---

[4] Section 3.5, in relevant part, provides:

> An administrative agency, including an administrative agency created by the Constitution or an initiative statute, has no power:
>
> (a) To declare a statute unenforceable, or refuse to enforce a statute, on the basis of it being unconstitutional unless an appellate court has made a determination that such statute is unconstitutional;
>
> (b) To declare a statute unconstitutional .....

6

Pursuant to Article VII, § 3 of the California Constitution, SPB was created to enforce the state's civil service statutes.[5] The state's civil service statutes are located in the State Civil Service Act, which begins at Government Code § 18500. The authority of SPB to review personal services contracts is set forth in Government Code §§ 19131 and 19132 of the State Civil Service Act. Because the Contract was executed pursuant to Government Code § 19130, subdivision (b), Government Code § 19132 applies in this case. It provides:

> The State Personnel Board, at the request of an employee organization that represents state employees, shall review the adequacy of any proposed or executed contract which is of a type enumerated in subdivision (b) of Section 19130. The review shall be conducted in accordance with subdivision (c) of Section 10337 of the Public Contract Code. However, a contract that was reviewed at the request of an employee organization when it was proposed need not be reviewed again after its execution.

Public Contract Code § 10337, subdivision (c), in relevant part, provides:

> A contract proposed or executed pursuant to subdivision (b) of Section 19130 of the Government Code shall be reviewed by the State Personnel Board if the board receives a request to conduct such a review from an employee organization representing state employees. Any such review shall be restricted to the question as to whether the contract complies with the provisions of subdivision (b) of Section 19130 of the Government Code. The board shall delegate the review of such a contract to the executive officer of the board... (Emphasis added.)

---

[5] Pursuant to Article VII, § 3 of the California Constitution provides:

> (a) The board shall enforce the civil service statutes and, by majority vote of all its members, shall prescribe probationary periods and classifications, adopt other rules authorized by statute, and review disciplinary actions.

> (b) The executive officer shall administer the civil service statutes under rules of the board.

7

Thus, pursuant to Government Code § 19132 and Public Contract Code § 10337, SPB has jurisdiction to review the Contract to determine only whether it is authorized under Government Code § 19130(b).[6]

Government Code § 19130(b) sets forth ten (10) exceptions to the state's civil service mandate upon which state agencies may rely when contracting with private entities for personal services. If a state agency relies upon one or more of those 10 exceptions to support a personal services contract, an employee organization, such as CASE, may ask the Board to review the challenged contract to determine whether the chosen exceptions apply. The 10 exceptions listed in Government Code § 19130(b) are the only provisions that SPB may rely upon in making a determination as to whether a contract is authorized under Government Code § 19130(b).[7]

None of the exceptions to the state civil service mandate included in Government Code § 19130(b) authorize a state agency to enter into a contract pursuant to Education Code § 56504.5 or require that SPB review a challenged contract to determine whether it complies with Education Code § 56504.5.

---

[6] See, Ferdig v. State Personnel Board (1969) 71 Cal. 2d 96, 103 ("It is settled principle that administrative agencies have only such powers as have been conferred on them, expressly or by implication, by constitution or statute.")

[7] Pursuant to Government Code § 19131 and Public Contract Code § 10337, subdivision (b), the Board may also review a contract justified under Government Code § 19130(a) to determine whether it is a cost-savings contract authorized by that provision.

SPB has no jurisdiction under the Constitution or the State Civil Service Act to enforce statutes within the Education Code or to determine whether the Contract may be authorized under any provisions within the Education Code.[8]  Government Code § 19130 and Education Code § 56504.5 are separate and distinct contract authorization statutes.  Whether Education Code § 56504.5 may provide independent authorization for the Contract that is consistent with the state's civil service mandate is a question for the courts, not SPB.

SPB will, therefore, confine its review to determining only whether sufficient information has been submitted to show that the Contract is authorized under any of the exceptions listed in Government Code § 19130(b) upon which CDE and McGeorge have relied.

### The RFP Process

CDE and McGeorge assert that the expertise required to perform the services under the Contract was set forth in the RFP and that CDE's determination that the proposal submitted by OAH was unacceptable is binding upon SPB.  In addition CDE and McGeorge assert that OAH's failure to file a protest with the Department of General Services (DGS) to challenge CDE's award of the Contract to McGeorge precludes CASE from asserting that civil service employees at OAH should be performing the contracted services. CDE's and McGeorge's assertions are not well-taken.

---

[8] See, Professional Engineers in California Government v. Department of Transportation (PECG v. Caltrans) (1997) 15 Cal.4th 543, 551-2. (The court recognized that, while SPB had authority to review the subject contracts for compliance with Government Code § 19130, the court had initial jurisdiction to determine whether Chapter 433, beginning at Government Code § 14130, provided independent authority for the challenged contracts.)

9

The fact that CDE did not award the Contract to OAH is irrelevant to SPB's determination of whether civil service employees should be performing the contracted work. In Professional Engineers in California Government v. Department of Transportation (PECG v. Caltrans),[9] the California Supreme Court held that an implied "civil service mandate" emanates from Article VII of the California Constitution, which prohibits state agencies from contracting with private entities to perform work that the state has historically and customarily performed and can perform adequately and competently. State employees do not have to compete with private contractors for state work that must be performed by state employees in accordance with the civil service mandate. If the state work that is to be performed is the type of work that civil service employees have historically and customarily performed and can perform adequately and competently, that work must be assigned to state employees.

As set forth above, SPB's only task is to determine whether the Contract is justified under one or more of the exceptions to the civil service mandate set forth in Government Code § 19130. The fact that CDE may have decided that OAH's proposal in response to the RFP was unacceptable is irrelevant to SPB's determination. While the information generated during the RFP process may be considered by SPB during its deliberations, CDE's decision with respect to OAH's proposal is not binding upon SPB's determination as to whether the Contract is authorized under Government Code § 19130(b).

Similarly, the fact that OAH did not file a protest with DGS to contest CDE's award of the Contract to McGeorge does not preclude CASE from filing its Contract

---

[9] (1997) 15 Cal.4th 543, 547.

challenge with the Board.  Government Code § 19132 requires that SPB must review a contract that a state agency has justified under Government Code § 19130(b) if that review is requested by an employee organization, such as CASE.

OAH's failure to protest the Contract award to McGeorge does not estop CASE from challenging the Contract under Government Code § 19132.  Collateral estoppel bars relitigation of an issue decided at a previous proceeding only if: (1) the issue necessarily decided in the previous proceeding is identical to the one which is sought to be relitigated; (2) the previous proceeding resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior proceeding.[10]  None of these three factors has been met in this matter. First, the contract award and protest process before DGS and the contract challenge process before SPB are very different processes with very different issues and concerns.  Second, because OAH did not file a protest with DGS, there was no adjudicatory proceeding before DGS with respect to the Contract that could have binding or preclusive effect.  Finally, there is no indication in any of the materials that have been submitted to the Board that CASE was a party to the Contract award process or that it is in privity with OAH in order to attribute OAH's failure to protest the Contract to CASE.

CDE's awarding the Contract to McGeorge and OAH's failure to protest that award have no binding effect on either the Board or CASE and do not preclude the Board from reviewing whether the Contract is justified under Government Code § 19130(b).

---

[10] <u>Teresa Desiderio</u> (2000) SPB Dec. No. 00-03, p. 7,  citing to <u>People v. Sims</u>, 32 Cal.3d 468, 484.

## Government Code § 19130(b)

CDE and McGeorge assert that the Contract is justified under Government Code § 19130(b)(3), which authorizes a state agency to enter into a personal services contract with a private entity when:

> The services contracted are not available within civil service, cannot be performed satisfactorily by civil service employees, or are of such a highly specialized or technical nature that the necessary expert knowledge, experience, and ability are not available through the civil service system.

In response to the Board's December 16, 2003 questions, CASE filed a submission that asserts that OAH is currently conducting mediations and hearings for the Department of Developmental Services (DDS) that are similar to the mediations and hearings that McGeorge is conducting under the Contract for CDE. While the mediations and hearings that OAH is conducting for DDS may be similar in type to the special education mediations and hearings that McGeorge is conducting for CDE, the information submitted by PAI shows that, given the number of special education mediations and hearings that must be conducted and the intensive amount of work that must be performed on each case, OAH was not capable of performing the contracted work in a timely and effective manner when the Contract was executed.

As PAI asserts, the expertise required to conduct the special education mediations and hearings, which McGeorge currently possesses and OAH does not, requires a thorough knowledge of both the substantive law and procedural requirements set forth in state and federal special education statutes, regulations, judicial and administrative decisions, as well as other authorities. The hearing officers and mediators also must possess a thorough knowledge of the techniques and methods of educating children with disabilities. In order to develop this degree of expertise, special

education hearing officers and mediators must focus exclusively on special education procedural and substantive law, and must be entirely devoted and dedicated to conducting these types of mediations and hearings. The information submitted shows that, at the time the Contract was executed, OAH did not possess and could not provide the degree of specialization and expertise required to conduct the special education mediations and hearings.

CDE, McGeorge and PAI also assert that OAH lacks sufficient professional and support staff to provide all the contracted services. According to the information submitted by PAI, McGeorge's hearing office receives, on average, 12 new requests for due process hearings each business day and approximately 260 new requests each month. In addition, each month, McGeorge conducts approximately 220 mediations. McGeorge also responds to approximately 1,500 calls per month from parents and school districts seeking specific and detailed assistance.   OAH does not currently have adequate staff to process this amount of work.

OAH estimates that it would take one year for it to acquire the necessary expertise and sufficient support staff to conduct the special education mediation conferences and due process hearings required by CDE. PAI estimates that OAH would need at least two years to hire and train the necessary professional and support staff to assume the responsibilities under the Contract. What is apparent from both these estimates is that, at the time the Contract was executed, OAH did not have either the specialized expertise or the necessary staff to perform the contracted services.

13

**CONCLUSION**

From the information submitted by CDE, McGeorge and PAI, it is clear that the contracted services were of such a highly specialized or technical nature that the necessary expert knowledge, experience, and ability was not available in the civil service at the time the Contract was entered into. The Contract is, therefore, authorized under Government Code § 19130(b)(3).[11]

**ORDER**

The Executive Officer's April 30, 2003 decision is hereby overruled and the Contract is approved under Government Code § 19130(b)(3).

**STATE PERSONNEL BOARD**

Ron Alvarado, Vice President
Maeley Tom, Member
Anne Sheehan, Member

\*   \*   \*   \*   \*

William Elkins, President, and Sean Harrigan, Member, dissenting:

We respectfully dissent from the majority's decision. We believe that the April 30, 2003 disapproval of the Executive Officer was well-reasoned and should be sustained.

In <u>Department of Pesticide Regulation</u>,[12] the Board made clear that, in order to justify a contract under Government Code § 19130(b)(3), a state agency must show that the contracted <u>services</u> are not available through the civil service system; i.e., there are no existing civil service job classifications through which the state agency could appoint

---

[11] Because the Board is approving the Contract under Government Code § 19130(b)(3), there is no reason to review whether the Contract may also be justified under the other subdivisions of Government Code § 19130(b) initially asserted by CDE and McGeorge.

[12] (2002) PSC No. 01-09 at pp. 12-13.

14

or retain employees with the knowledge, skills, expertise, experience or ability needed to perform the required work. Government Code § 19130(b)(3) does not apply when the services could be performed through the civil service system, but not enough civil service employees are currently employed to perform those services. The decision that the majority of the Board adopts today is contrary to this standard for determining whether Government Code § 19130(b)(3) applies.

CASE's submission in response to the Board's December 16, 2003 questions shows that OAH currently conducts mediation conferences and due process hearings for DDS under the California Early Intervention Services (Early Start) program that are virtually identical to the mediations and hearings that McGeorge conducts under the Contract. In addition, OAH conducts "fair hearings" for the DDS under the Lanterman Developmental Disabilities Services Act that are very similar to the due process hearings that McGeorge is conducting. This information shows that civil service employees currently possess the knowledge, skills, expertise, experience and ability needed to perform the contracted work.

In addition, we are troubled that most of the information that the majority relies upon to support its decision came not from the parties but, instead, from PAI. CDE and McGeorge did not submit sufficient information to show that the Contract is justified under Government Code § 19130(b)(3). We believe that it is inappropriate for the majority of the Board to rely so heavily upon submissions from a entity that was not a party to this case. We are also concerned that PAI's information was submitted so late in the process that CASE may not have been given an adequate opportunity to respond.



For all the reasons set forth in the Executive Officer's April 30, 2003 decision, we believe that the Contract is not authorized under Government Code § 19130(b) and should be disapproved.

*     *     *     *     *

I hereby certify that the State Personnel Board made and adopted the foregoing Decision and Order at its meeting on March 9, 2004.


Laura Aguilera
Interim Executive Officer
State Personnel Board

[CDE-McG-CASE-03-04-dec]

16

## DECLARATION OF SERVICE BY MAIL

**CASE NAME:**    **CALIFORNIA DEPARTMENT OF EDUCATION and
UNIVERSITY OF THE PACIFIC, McGEORGE SCHOOL OF LAW**

**PSC CONTRACT CASE NO.: 03-04**

I declare:

I am employed in the County of Sacramento, California. I am 18 years of age or older and not a party to the within entitled cause; my business address is 801 Capitol Mall, P. O. Box 944201, Sacramento, CA 94244-2010.

On March 18, 2004, I served the attached **BOARD DECISION** in said cause, by facsimile and placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as follows:

**Fax No.: (916) 319-0155**
Gregory J. Rousseve
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
P.O. Box 944272
Sacramento, CA 94244-2720

**Fax No.: (916) 448-7357**
Steven B. Bassoff, Esq.
2000 "O" Street, Suite 250
Sacramento, CA 95814

**Fax No.: (916) 779-7120**
Charity Kenyon, Esq.
Riegels, Campos & Kenyon
2500 Venture Oaks Way, Suite 220
Sacramento, CA 95833-4222

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Sacramento, California on March 18, 2004.

ELLA B. COWDEN
Legal Secretary

[PSC Contract POS]

17

**BEFORE THE STATE PERSONNEL BOARD OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Appeal by ) | **BOARD DECISION** |
| ) | |
| **CALIFORNIA ATTORNEYS,** ) | |
| **ADMINISTRATIVE LAW JUDGES AND** ) | **PSC No. 04-05** |
| **HEARING OFFICERS IN STATE** ) | |
| **EMPLOYMENT** ) | |
| ) | March 22, 2005 |
| from the Executive Officer's November 17, ) | |
| 2004 Approval of a Contract for Special ) | |
| Education Mediation Conferences and Due ) | |
| Process Hearings between the California ) | |
| Department of Education and McGeorge ) | |
| School of Law ) | |

**APPEARANCES**: Steven B. Bassoff, Attorney, on behalf of California Attorneys, Administrative Law Judges and Hearing Officers in State Employment; Gregory J. Rousseve, Deputy General Counsel, on behalf of California Department of Education; Charity Kenyon, Attorney, on behalf of University of the Pacific, McGeorge School of Law.

**BEFORE**: William Elkins, President; Maeley Tom, Vice President; Sean Harrigan and Anne Sheehan, Members.

## DECISION

This matter is before the State Personnel Board (SPB or Board) after the

California Attorneys, Administrative Law Judges and Hearing Officers in State

Employment (CASE) appealed from the Executive Officer's November 17, 2004

decision approving the contract (Contract) between the California Department of

Education (CDE) and University of the Pacific, McGeorge School of Law (McGeorge) for

special education mediation conferences and due process hearings.  In this decision,

the Board finds that the Contract is justified under Government Code section 19130,

subdivision (b)(10) as an urgency agreement, while the contracted services are being

transitioned consistent with the civil service mandate implied in Article VII of the California Constitution.

## BACKGROUND

Federal law guarantees "free appropriate public education" to all students with disabilities. To comply with federal law and obtain federal funding, states must provide certain procedural safeguards, including special education mediation conferences and due process hearings, for parents and students who wish to challenge decisions public schools may make with respect to the identification, evaluation, placement and delivery of free appropriate public education to students with disabilities.

California has over 700,000 special education students. The federal government provides over $1 billion to the state to ensure that these students obtain a free appropriate public education. The state risks losing these federal funds if there is any interruption in the special education services mandated by federal law, including the availability of special education mediation conferences and due process hearings.

Federal law prohibits CDE from conducting the special education mediation conferences and due process hearings itself. From 1981 through 1988, OAH conducted the due process hearings, but not the mediation conferences, for CDE. Since 1989, CDE has contracted with McGeorge to conduct both the special education mediation conferences and due process hearings.

On June 25, 2002, CASE challenged an earlier contract that CDE had entered into with McGeorge, asserting that the contracted work could be performed adequately and competently by state civil service employees in the Office of Administrative Hearings (OAH). That contract's term was from June 1, 2000 through May 31, 2003

2

and its total amount was $23,277,916.00. At its meeting on March 9, 2004, the Board

issued a decision in *California Department of Education and University of the Pacific,*

*McGeorge School of Law* (2004) PSC No. 03-04 (PSC No. 03-04), which approved that

earlier 3-year contract on the grounds that, at the time of contracting, OAH did not have

sufficient expert staff and resources to perform the contracted services.[1]

According to CDE, after SPB issued its decision approving that earlier 3-year

contract, the Department of General Services (DGS) required CDE, before it could seek

proposals from private contractors to perform the special education mediation

conferences and due process hearings, to ask OAH to review whether it could provide

those services. On May 24, 2004, OAH responded to CDE's inquiry, in relevant part, as

follows:

> ...the character of the special education dispute resolution program is
> typical of other dispute resolution programs routinely handled by the Office
> of Administrative Hearings for over 100 other state agencies and over 800
> local and county agencies. The hearing and mediation process, as well as
> the calendaring demands, you described are consistent with the work the
> Office of Administrative Hearings customarily performs. In short, the
> special education resolution program calls for the very type of quasi-
> adjudicatory forum for which the Office of Administrative hearings was
> created.
>
> Unfortunately, for the 2004-05 fiscal year, the Office of Administrative
> Hearings simply does not have the administrative law judges, staff support
> or other resources necessary to appropriately handle the indicated volume
> of special education cases. Additionally, even if the resources were
> available, at this late date there is insufficient time to provide adequate
> training or transitioning prior to July 1, 2004.
>
> Should the staffing and resources situation change, we would be most
> pleased to work with you and your staff in transitioning the administration

---

[1] The Board understands that, because the 3-year contract that was the subject matter of PSC No. 03-04
expired before the Board issued its final decision in that case, CDE entered into a 1-year contract with
McGeorge for the 2003-2004 fiscal year. CASE did not ask the Board to review that 1-year contract for
compliance with Government Code section 19130.

of the special education dispute resolution program to the Office of Administrative Hearings in the 2005-06 fiscal year.

CDE asserts that OAH's refusal to provide the needed services created an urgent need for the Contract at issue in this case. The Contract's term is from July 1, 2004 through June 30, 2005, and its total amount is $9,929,575.00. CASE has challenged the Contract, asserting that the contracted services could be provided adequately and competently by civil service employees.

## PROCEDURAL HISTORY

By letter dated June 25, 2004, pursuant to Government Code section 19132 and SPB Rule 547.59 et seq.,[2] CASE asked SPB to review the Contract for compliance with Government Code section 19130, subdivision (b). On July 30, 2004, pursuant to SPB Rule 547.68,[3] McGeorge moved to intervene as a party in this matter. McGeorge's motion was granted on August 13, 2004.

On July 30, 2004, Protection and Advocacy, Inc. (PAI) moved to intervene as a party in this matter. CASE objected to that motion on the grounds that PAI was not a contractor and was, therefore, not permitted to intervene as a party under SPB Rule 547.68. On August 13, 2004, PAI's motion to intervene as a party was denied, but PAI was granted the opportunity to submit written comments as a member of the public.

CDE and McGeorge submitted responses to CASE's review request, and CASE submitted a reply to CDE's and McGeorge's responses.

---

[2] Cal. Code Regs., tit. 2, § 547.59 et seq.

[3] California Code of Regulation, title 2, section 547.68, in relevant part, provides:

> At any time after an employee organization requests that that board review a contract for compliance with Government Code §19130(a) or §19130(b), a contractor to the disputed contract may move to intervene as a party in the contract review process....

4

The Executive Officer issued his decision approving the Contract on November 17, 2004, finding, in relevant part:

> For the current fiscal year, OAH refused to perform for CDE the special education mediations and due process hearings mandated under federal law for students with disabilities. While OAH, in the future, may be able to provide those services adequately and competently if OAH is fully funded, for this fiscal year, in order to ensure that parents of special needs students continued to obtain, without interruption, all the administrative process to which they are legally entitled and the state did not risk losing up to $1 billion in federal finds, CDE had an urgent need for McGeorge's services that could not have been met by OAH through the civil service process.

CASE timely appealed to the Board from the Executive Officer's decision.

The Board has reviewed the record, including the written arguments of the parties and, at its regularly scheduled meeting on March 9, 2005, heard the oral arguments of the parties,[4] and now issues the following decision.

### ISSUE

The following issue is before the Board for review:

Is the Contract justified under Government Code section 19130, subdivision (b)(10)?[5]

---

[4] The Board has also reviewed the written and heard the oral public comments of PAI.

[5] In the written arguments filed with the Executive Officer, McGeorge asserted that SPB was bound by Education Code section 56504.5 to approve the Contract. Footnote 2 in the Executive Officer's November 17, 2004 decision stated that,

> Because the Contract is authorized under Government Code section 19130(b)(10), there is no need to address McGeorge's assertion that the Contract is also authorized under Education Code section 56504.5. In *California Department of Education and University of the Pacific, McGeorge School of Law* (2004) PSC No. 03-04 at pp. 5-9, the Board made clear that it does not have jurisdiction to review a challenged contract for compliance with Education Code section 56504.5.

McGeorge did not appeal to the Board from the Executive Officer's determination on this issue. The Board, therefore, finds that this issue is not properly before the Board for review. Even if this matter could be considered to be before the Board for review, the Board adopts and repeats its determination set forth in PSC No. 03-04 at pp. 5-9. So long as CDE relies upon Government Code section 19130, subdivision (b)(10) as its authorization for contracting, it must prove that the Contract is consistent with Article VII of the California Constitution and justified under the judicially recognized exception to the civil service

## DISCUSSION

In *Professional Engineers in California Government v. Department of Transportation*,[6] the California Supreme Court recognized that, emanating from Article VII of the California Constitution, is an implied "civil service mandate," which prohibits state agencies from contracting with private entities to perform work that the state has historically and customarily performed and can perform adequately and competently. Government Code section 19130 codifies the exceptions to the civil service mandate that various court decisions have recognized. The purpose of SPB's review of contracts under Government Code section 19130 is to determine whether, consistent with Article VII and its implied civil service mandate, state work may legally be contracted to private entities or whether it must be performed by state employees.

CDE and McGeorge assert that the Contract is justified under Government Code section 19130, subdivision (b)(10), which authorizes a state agency to enter into a personal services contract with a private contractor when:

> The services are of such an urgent, temporary, or occasional nature that the delay incumbent in their implementation under civil service would frustrate their very purpose.

CDE and McGeorge assert that OAH did not inform CDE until May 24, 2004 that it could not perform the needed special education mediations and due process hearings for the 2004-2005 fiscal year. If CDE did not have in place a contract for special education mediations and due process hearings for that time period, it would have put in jeopardy California's eligibility to receive over $1 billion in federal funds. In addition, the

---

mandate set forth in subdivision (b)(10), notwithstanding any independent authorization it may have to contract under the Education Code.

[6] (1997) 15 Cal.4th 543, 547.

state would have risked disrupting the educations of thousands of children with disabilities and the work of the schoolteachers and administrators who educate them.

CDE and McGeorge contend that this information shows that CDE had an urgent need for the contracted services that could not have been timely met through the civil service.

CASE counters that the only reason that OAH was unable to perform the contracted work for the 2004-2005 fiscal year was because it has not been given sufficient resources to do so. In support of its position, CASE cites to the finding in *Professional Engineers in California Government v. Department of Transportation* that a state cannot create an artificial need for contracting by refusing to hire sufficient civil service employees to perform the state's work, and then rely upon the workforce shortage it has created to justify the hiring of private contractors.[7] According to CASE, unless the Board disapproves the Contract and the state redirects the funds to OAH, OAH will never have sufficient staff and resources to perform the special education mediations and due process hearings.

The Board does not wish to take any precipitous action that would impede the ability of special education students and their parents to obtain, without interruption, all the administrative process to which they are legally entitled. Neither does the Board want to subject the state to the risk of losing up to $1 billion in federal finds. In order to ensure that such interruptions and risks do not occur, the Board is willing to allow the Contract to remain in effect on the grounds of urgency under Government Code section 19130, subdivision (b)(10).

7

The Board is, however, very sympathetic to CASE's assertion that, unless the state takes prompt, appropriate action consistent with Article VII and the state's civil service mandate to redirect the funds currently being paid to McGeorge, and to authorize the needed state staffing, resources and training to perform the special education mediations and due process hearings, CDE will remain on the never-ending merry-go-round of contracting outside the civil service.

During oral argument, McGeorge asserted that the current Contract is only a "transition" agreement in order to assure that the special education mediations and due process hearings will not be interrupted or delayed while CDE determines how it will proceed in the future. The parties stated further that CDE has issued a Request for Proposals (RFP) to solicit bidders from both inside and outside the state civil service for a three-year contract for the 2005 –2008 fiscal years.

The documentation from OAH submitted in this matter and in PSC No. 03-04[8] shows that the mediation conferences and due process hearings currently being conducted by McGeorge under the Contract are the types of services that state workers historically and customarily have performed and can perform adequately and competently. Consistent with the requirements of Article VII and the state civil service mandate, the contracted work should, therefore, be transitioned to state workers. The RFP process currently underway does not appear to be designed to effectively result in such a transition.

---

[7] 15 Cal. 4th at pp. 571-572. (The Court noted that "the trial court found Caltrans created an artificial 'need' for private contracting that resulted from its practice of maintaining an inadequate level of civil service staff, rather than from any legitimate lack of available or obtainable qualified personnel.")

[8] The Board takes official notice of its record in PSC No. 03-04.

8

In PSC No. 03-04, the Board allowed CDE's then contract with McGeorge to remain in effect because OAH did not have adequate resources and sufficient expert staffing at the time of contracting to perform the contracted services and the Board did not want to cause a disruption in the of delivery of essential administrative processes to parents of students with disabilities. The Board is allowing the Contract at issue in this case to remain in effect for the same reason. The Board, however, will _not_ approve any further contracting unless it is clear that the state is diligently working to develop and implement a plan that would promptly transition the contracted work to state workers in accordance with Article VII and the state's civil service mandate.

## CONCLUSION

In order to ensure that parents of students with disabilities continue to receive, without interruption, all the mediation and due process hearing services to which they are entitled under state and federal law, the Board will allow the Contract to remain in effect under Government Code section 19130, subdivision (b)(10) as an urgent transition agreement. The Board trusts and expects that the state will, without any further delay, take all necessary and appropriate action to transition the contracted work to state workers consistent with Article VII and its implied civil service mandate.

## ORDER

The Board hereby sustains the Executive Officer's November 17, 2004 decision approving the Contract under Government Code section 19130, subdivision (b)(10).

### STATE PERSONNEL BOARD[9]

William Elkins, President
Maeley Tom, Vice President
Sean Harrigan, Member
Anne Sheehan, Member

\*   \*   \*   \*   \*

I hereby certify that the State Personnel Board made and adopted the foregoing Decision and Order at its meeting on March 22, 2005.

Floyd Shimomura
Executive Officer
State Personnel Board

[PSC 04-05-CDE-McG-CASE]

---

[9] Member Ron Alvarado did not participate in this decision.

10

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ellen Dowd, Esq. SB# 141206 Special Education Legal Center
2658 Del Mar Heights Rd. #228, Del Mar, CA 92014  858-342-8360

## DEFENDANTS
CALIFORNIA DEPARTMENT OF EDUCATION

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)    '08 CV 0226 W AJB
Greg Roussev, Esq.

FEB -5 AM 3: 00

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
20 U.S.C. Section 1400, et seq. (IDEA)
Brief description of cause:
Action for Permanent Injunction enjoining Defendant from awarding a federally funded Interagency Agreement

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  John A. Houston
DOCKET NUMBER  06 CV 2434 JAH (NLS)

DATE
02/05/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  147273    AMOUNT $350    215/08 BH    APPLYING IFP        JUDGE        MAG. JUDGE


□RIGINAL

# UNITED STATES
# DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
#### SAN DIEGO DIVISION

## # 147273    – BH

## February 05, 2008
## 14:59:34

## Civ Fil Non-Pris
USAO #.: 08CV0226 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC# 207527

## Total–>  $350.00

FROM: C.S., STRUBLE V. CA DEPT. OF E
       CIVIL FILING