Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>DECLARATION OF ELLEN DOWD, ESQ. IN SUPPORT OF TEMPORARY RESTRAINING ORDER<br><br>Date: To Be Set<br>Time: To Be Set<br>Judge: Hon. Thomas J. Whelan |

I, Ellen Dowd, declare as follows:

1. I am an attorney admitted and in good standing in all of the state and federal Courts in the State of California, including this honorable court.

2. I am attorney of record for Plaintiff herein, and make this declaration on behalf of Plaintiff, and all others similarly situated, meanings disabled students and their parents who have, through a special education due process hearing before OAH's ALJs, obtained less than complete relief sought, in support of a Temporary Restraining Order (TRO), enjoining Defendant, "CDE" from renewing, awarding

or otherwise contracting the Interagency Agreement for the provision of special education mediations and due process hearings for the term July 1, 2008-June 30, 2011 with OAH.

3. I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto.

4. I have been practicing law for 25 years, and am also admitted and in good standing in the state and federal courts in New York and New Jersey. I have had extensive civil litigation experience, including complex commercial litigation and Civil RICO. Since approximately 2001, I have concentrated my practice to representing students in special education mediations and due process hearings in California.

5. In 2001 until July 1, 2005, special education due process hearings were conducted by Special Education Hearing Office (SEHO) of the McGeorge School of Law. Decisions by SEHO averaged about 50% completely in favor of students.

6. As a parent of my own special education student, I am acutely aware of the worry, frustration, guilt and expenditure of time and money attempting to get an appropriate education for a special education student. For this reason, I have chosen to take cases on a contingency, or "deferred fee" basis. SEHO published my name and contact information on a list of attorneys and representatives who would represent parents at no or low-cost.

7. SEHO used hearing officers, not administrative law judges to hear due process cases. These hearing officers, as required by the Interagency Agreement, were attorneys who possessed the minimum qualifications under IDEA, and while not infallible, were knowledgeable in special education substantive and procedural laws.

8. SEHO only utilized their hearing officers to issue Orders and hear due process cases and issue Decisions. The hearing officers did not conduct

mediations. Mediations were sub-contracted to an eclectic, endearing group of individuals, including former teachers, administrators, school principals, as well as attorneys. These mediators treated parents with compassion, respect and professionalism. Most cases settled at mediation, to parents' and districts' satisfaction.

9. OAH uses their ALJs for the dual purpose of acting as mediators, as well as hearing officers. This has been problematic for a number of reasons. First, the ALJs are not qualified and knowledgeable in special education law, which impedes their ability be strategic in mediations. Far fewer of the cases in which I am representing students are settling as a result. Obviously, the ALJ who acted as mediator cannot hear the case. Additionally, as the settlements decrease, the number of due process hearings increase, and OAH does not have enough ALJs to hear all of the cases.

10. A further problem exists due to *pro tem* OAH ALJs who act only as mediators, who are also untrained and are biased against parents. In a mediation earlier this year, one *pro tem* told my client that "she doesn't believe in using public funds for non-public school placement."

11. Prior to July, 2005, most cases settled either at mediation, or on the first day of hearing. Since July, 2005, and particularly since January 1, 2006, more and more school districts are willing to forgo mediation and take their chances at hearing because (1) the ALJs don't know the law and are easily misled by the Districts, and (2) even though parents cannot violate IDEA, as it was enacted only to obligate school districts, the ALJs look for excuses to blame parents for the district's violations, such as  parent <u>prevented</u> the district from: holding an IEP, conducting assessments, providing information from the non-public school, providing district with a summary from the child's doctor, psychologist, psychiatrist instead of providing the district lay personnel with private medical charts and notes which are privileged and protected by HIPPA, California

Constitution, Article I, Section 1, and California Welfare & Institutions Code. (See, Ex. 2 to Complaint, p. 29, paragraph 154, "Student's parents pulled Student from Fallbrook High School based upon the recommendation of student's psychiatrist, but they refused to allow the District to speak to the psychiatrist to find out the basis for his opinion." In this case, the notes from the psychiatrist to the school stated, "His current symptoms of anxiety, depression, and anger outburst have been reportedly intensified at his current level of school placement," and "I last saw Student...with our crisis therapist...mother had picked up Student from school in an agitated state. His current school placement is not adequate in meeting Student's mental and emotional needs, subsequently, he is not learning to his potential"). The basis for the opinion was clearly expressed and was admitted into evidence. There was no reason to blame the parent, especially in light of the defamatory remarks the district made about parent and student in that case. This is bias toward the district.

12.     Interestingly, Ex. 2 to Complaint also evidences one on the most egregious and ongoing violations of IDEA by OAH's ALJs—forcing parents to give the ALJ an extension for issuance of the Decision after the statutory 45-days. Ex. 2 to Complaint, pp. 1-2, Fn. 1 "Because of the waiver of the resolution session period, the 45-day time limit for hearing began to run the day after September 6, 2007 (Ed. Code § 56501.5, subd. (d)). The parties stipulated to an extension of the deadline to give the ALJ sufficient time to review the evidence and written closing argument of the parties." The Decision was issued on November 30, 2007. Under 34 C.F.R. § 300.511(c) "Either party to a hearing may request an extension from the ALJ, which request shall be granted upon a showing of good cause. Any extension shall extend the time for rendering a final administrative decision for a period only equal to the length of the extension." There is no provision under which an ALJ can request an extension on the final administrative decision, however, this is done all the time by OAH's ALJs, and parents are under duress to

grant the extension for fear that they will anger the ALJ, and this will cause them to lose the case.

13. Another very disturbing trend has arisen with regard to Districts' and OAH's disregard of parents' in the due process hearing process. Under CDE/OAH's official website for the publication of due process decisions, www.documents.dgs.ca.gov/oah/seho_decisions between July 30, 2007 and February 15, 2008, a total of 76 Decisions were published. Among these were 17 Decisions in which the District filed against Student, and neither student, nor parents, nor a representative of parent participated in the due process hearing. Parents' rights to participate on both IEP team meetings concerning their children as well as to participate in due process hearings concerning the educational rights of their children are provided in IDEA. Specifically, the Interagency Agreement (Ex. 1 to Complaint, paragraph E. (6)), states "OAH will update and provide an attorney and advocate list to parties (as required by law) and the public." California Education Code § 56502(h) mandates that "The Superintendent or his or her designee shall provide both parties with a list of persons and organizations within the geographical area that can provide free or reduced cost representation or other assistance in preparing for the due process hearing." SEHO routinely updated and mailed the list to parents who were involved in due process hearings. As seen in the accompanying Declaration of Tania Whiteleather, Esq. until very recently, no updates to this list were made by OAH. Therefore, representatives who are currently deceased have remained on the list. Furthermore, the list is not mailed, but only available on the CDE/OAH website, which prohibits parents without Internet access from obtaining the list.

14. The result of this failure of OAH and CDE is that between July 30, 2007 and February 15, 2008, in 17 cases that were filed by school districts against students, the parents were either unable to find representation, or were intimidated by the district, and did not appear at the due process hearing. The district prevailed

in each and every one of these due process hearings. In only 3 hearings was any attempt made by the school district or OAH to contact parent to determine why they were not appearing. The following are the case numbers and details about these 17 publicly-available due process Decisions:

(1) Capistrano Unified School District v. Student/ N2007110456: "There was no appearance at the hearing by Student or anyone representing Student." "District prevailed on all issues."

(2) Alameda Unified School District v. Student/ N2007100793: "No one appeared on behalf of Student. Student's mother and father (collectively referred to as Parents) represented Student's interests prior to hearing but did not appear at hearing or participate in the hearing." "District prevailed on issues for hearing in this case."

(3) Lancaster Elementary School District v. Student/ N2007100553: "No one made an appearance on behalf of Student at the hearing." "District prevailed on the issues for hearing in this case."

(4) Ocean View School District and West Orange County Consortium for Special Education v. Student/ N2007090177: "No one made an appearance on behalf of Student at the hearing." "The District was the prevailing party."

(5) Student v. Capistrano Unified School District/Capistrano Unified School District v. Student/ N2007070429 and N200707100654: "Parents were present and represented Student on the first day of hearing. On the second day of hearing no one appeared on behalf of Student. Father left a voicemail for the District Legal Specialist stating that parents would not be attending the hearing. Father did not offer any explanation of parents' decision not to attend, and did not request a continuance of the hearing." "The District prevailed on all issues."

(6) Bellflower Unified School District v. Student/ N2007080171:

"No one appeared on behalf of Student. Student's mother and father (Parents) have represented Student's interests in this case prior to hearing, but were not present at the hearing." "District prevailed on both issues for hearing in this case."

(7) Lancaster Elementary School District v. Student/ N2007100553: "No one made an appearance on behalf of Student at the hearing." Fn. 1, "Parents were not given notice of the closing brief deadline and the District's time waiver." "District prevailed on the issues or hearing in this case."

(8) Ripon Unified School District v. Student/ N2007050230: "No one appeared on behalf of Student." "District prevailed on the sole issue for hearing in this case."

(9) Chula Vista Elementary School District v. Student/ N2007040557: "Student's representative, her mother, was properly noticed of the date, time and place of the hearing and she failed to appear." "In the present case the District prevailed on all issues."

(10) Beverly Hills Unified School District v. Student/ N2007030833: "No appearance was made by or on behalf of Student or his parents (Parents) and neither Student nor Parents appeared, testified or presented any evidence." "District prevailed on the only issue that was heard and decided in this matter."

(11) North Monterey County Unified School District v. Student/ N2007030718: "No appearance was made by or on behalf of Student or his parents. Neither Student nor his parents appeared, testified or presented any evidence." "District prevailed on all issues."

(12) Los Angeles Unified School District v. Student/ N2007030652: "No appearance was made by or on behalf of Student or his mother (Parent) and neither Student nor his Parent appeared, testified, or presented any evidence." Fn. 1, "See Procedural Matters, below regarding Student's request for continuance of

the hearing." "Parent's request for continuance was denied." "Los Angeles Unified School District prevailed on the only issue for hearing in this case."

(13) Poway Unified School District v. Student/ N2007030218: "There was no appearance by or on behalf of Respondent (Student)." "The District prevailed on all issues."

(14) San Diego Unified School District v. Student/ N2007030059: "No appearance was made on behalf of Student." "Here, the District was the prevailing party on all issues presented."

(15) Los Angeles Unified School District v. Student/ N2007020239: "No appearance was made by or on behalf of Student or his mother (Parent) and neither Student nor his Parent appeared, testified, or presented any evidence." Fn. 1, "See Procedural Matters, below regarding Student's request for continuance of the hearing." "Parent's request for continuance was denied." "Los Angeles Unified School District prevailed on the only issue for hearing in this case."

(16) Lancaster Elementary School District v. Student/ N2007020304: "Respondent Student did not appear for the hearing. Victoria Boca of the Foundation for Mexican American Services has appeared as an advocate for Student in this case, but did not appear for the hearing. No parent or other representative for Student appeared for the hearing." "District prevailed on the single issue heard and decided."

(17) Lancaster School District v. Student/ N2007020068: "Respondent Student was not represented at the hearing nor did Student's parent (mother) appear on Student's behalf." "The District prevailed on all issues."

15. At SEHO, when a parent failed to appear at the due process hearing the hearing officer routinely called the parent from the hearing to determine the reason for the no-appearance, and to see if the parent needed a continuance.

16. Since CDE has allowed OAH to violate and ignore the rights of students and parents, even to the degree of not extending basic common courtesy

to students and parents, the school districts have easily manipulated the due process procedure for their own self-interest, and against the legal rights of Students.

17. Unless CDE is restrained from contracting with OAH for the upcoming Interagency Agreement there is an imminent threat that Plaintiff's and other Class Member's rights will continue to be violated.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 19th day of February, 2008 at San Diego, California.

*Ellen Dowd*