FILED

FEB 20 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, et. al., <br><br> Plaintiff, <br><br> vs. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, <br><br> Defendant. | CASE NO. 08-CV-0226 W (AJB) <br><br> ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER |

On February 5, 2008 Plaintiffs C.S., et. al. ("Plaintiffs") commenced this class action against Defendant California Department of Education ("Defendant" or "CDE") alleging IDEA Act, Supremacy Clause, and Equal Protection violations and seeking injunctive relief. (Doc. No. 1.) On February 19, 2008 Plaintiffs moved for a temporary restraining order ("TRO"). (Doc. No. 19.)

From Plaintiffs' Complaint, motion and the information currently before the Court, it appears that Plaintiffs' primary concern is preventing any new or renewed agreement between Defendant CDE and the Office of Administrative Hearings ("OAH") from going into effect on July 1, 2007. (*Pls.' Mot. for TRO* 7, 8, 11; *Compl.* ¶ 3.) Although Plaintiffs allege "time is of the essence" because CDE's agent vaguely mentioned that something "would be happening in March," (*Pls.' Mot. for TRO* 15),

Plaintiffs fail to connect this speculative March event to any (new) irreparable harm Plaintiffs might suffer. For example, Plaintiffs do not allege that the CDE could enter into a new contract with OAH thereby *superseding* the existing contract, causing them new or different irreparable injury. Rather, Plaintiffs allege that "potential class members have also suffered, and will continue to suffer irreparable injury if [Defendant] is not enjoined from contracting with OAH for the *upcoming term* of the Interagency Agreement." (Pls.' Mot. for TRO 11 (emphasis added).) Perhaps a preliminary irreparable injury analysis might be different if Plaintiffs asked the Court to enjoin the *current* contract; but they request no such thing. In any event, Plaintiffs have not provided the Court with any facts or law suggesting that the Court could not appropriately enjoin the future effective date of a new contract, even after it has been signed.

Because of the complex and important nature of the issues, and because the status quo that Plaintiff ultimately seeks to preserve extends and then extinguishes by contract until June 30, 2008, (Pls. Mot. for TRO 7–8), the Court prefers to hear this TRO as a noticed motion. Additionally, given the circumstances, it is reasonable to assume that whichever way the Court rules, the losing party will want immediate appellate review. Providing formal notice of this motion expedites this process. See Sampson v. Murray, 415 U.S. 61, 87–88 (1974) (holding that where an adversary hearing has been held, and the court's basis for issuing an order strongly challenged, distinguishing between a TRO and a preliminary injunction may be irrelevant for purposes of appeal under 28 U.S.C. § 1292(a)(1)).

In conclusion:

1. The hearing date for this temporary restraining order shall be held on **March 24, 2008**. **Unless the parties are otherwise notified**, the Court will consider the motion on the papers submitted, and there shall be no oral argument pursuant to S.D. Cal. Civ. R. 7.1(d.1).

2. Defendant's opposition to Plaintiffs' application for a temporary

restraining order shall be filed and served no later than **March 10, 2008**.

3. Plaintiffs' reply, should they choose to file one, shall be filed and served no later than **March 17, 2008**.

4. Plaintiffs shall cause a copy of this Order Setting Briefing Schedule for Plaintiffs' Application for a Temporary Restraining Order to be served on Defendants by **Friday, February 22, 2008**. From the information before the Court it appears that Plaintiffs have already served Defendants a copy of the Complaint, TRO, and exhibits thereto.

IT IS SO ORDERED.

DATE: February 20, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California