MARSHA A. BEDWELL, State Bar No. 094860
General Counsel
AMY BISSON HOLLOWAY, State Bar No. 163731
Assistant General Counsel
GABRIEL C. VIVAS, State Bar No. 092434
Deputy General Counsel
GREGORY ROUSSEVE,
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
Telephone: (916) 319-0860
Facsimile: (916) 319-0155
gvivas@cde.ca.gov

Attorneys for Defendant California Department of Education

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, et al.,<br><br>          Plaintiff,<br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>          Defendant. | Case No. 08-CV-0226 W (AJB)<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSE TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

**INTRODUCTION**

Defendants hereby apply for a 30 day extension of time of the briefing and hearing schedule issued by this Court on February 20, 2008.  Contrary to the representation made in plaintiffs' Proof of Service, plaintiffs failed to serve defendant with the summons and complaint until February 25, 2008 and have failed to notify this Court of the correct date. Defendant has made every effort to reach a mutually agreeable extension of time.  Plaintiffs, however, have refused to agree to an extension of time

without attaching unreasonable conditions as a prerequisite for their consent.

**I.**

**PLAINTIFFS KNOWINGLY MISREPRESENTED THE DATE OF SERVICE OF THE COMPLAINT ON DEFENDANT; DEFENDANT WAS NOT SERVED WITH THE SUMMONS AND COMPLAINT UNTIL FEBRUARY 25, 2008.**

This action was filed with this Court on February 5, 2008. Contrary to the representation made in plaintiffs' Proof of Service, however, the complaint was not served on defendant California Department of Education (CDE) until February 25, 2008. Plaintiffs' Proof of Service states that service of the complaint was effected on February 8, 2008 upon Diane Hasey at 6401 Linda Vista, Number 503, San Diego, California. The address provided for Ms. Hasey is the address for the San Diego County Office of Education (SDCOE). (Declaration of Gabriel C. Vivas, attached). Ms. Hasey is an employee at the SDCOE and not an employee of the CDE nor authorized to accept service on behalf of the CDE.

At 6:00 p.m. on February 19, 2008, plaintiffs' counsel sent an e-mail to Gregory Rousseve, Deputy General Counsel at the CDE, informing him of a request for a temporary restraining order (TRO) filed with this Court on February 5, 2008. (Exhibit 1, attached) Counsel further claimed in her e-mail that she served the complaint on the CDE on February 8, 2008. (Exh. 1). CDE Chief Counsel, Amy Holloway, responded to plaintiffs' counsel on the next day (February 20, 2008) advising counsel that the CDE had not been served and advised counsel that the CDE's legal office would accept service:

> "The Legal Office is the authorized office to accept service on behalf of the department of Education. As of this date we do not have any record of having been served with the complaint referenced below. We will not be responding until we have been served."
> (Exhibit 2, attached)

Notwithstanding Ms. Holloway's communication, plaintiff did not serve the CDE until February 25, 2008. Most importantly, plaintiffs' counsel has made no effort to notify this Court of the true date of service.

Counsel's omission takes on greater significance when account is taken of this Court's reasoning expressed in the "ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER" issued on February 20, 2008. At item

///

Case No. 08-CV-0226 W (AJB)                                2                Deft's Ex parte App. For Extension of Time to File Deft' Response to Plaintiffs' App for TRO

four, on page three of the order, this Court expressed its reasoning for issuing the order and the schedule when it said the order was based upon the belief that defendants had been served: "From the information before the Court it appears that Plaintiffs have already served Defendants a copy of the Complaint, TRO, and exhibits thereto." Notwithstanding this Court's clear statement that the schedule was set based upon the mistaken belief that defendants had been properly served as represented, counsel has made no effort to advise this Court of her misrepresentation, a violation of ethical requirements that becomes more offensive each day that passes.

Subdivision (c)(1) of Rule 4 of the Federal Rules of Civil Procedure (FRCP) requires that a summons be served with a copy of the complaint and that it is the plaintiff's responsibility to ensure the summons and complaint are served within the time allowed by Rule 4(m). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). Rule 4 has been held to be "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986).

Subdivision (b) of Rule 11 of the FRCP imposes a requirement of truthfulness upon attorneys when filing any paper with the court. Subdivision (b) of Rule 11 provides in part:

> "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" Federal Rules of Civil Procedure, Rule 11.

"It is difficult to ascertain whether counsel has taken seriously the duty of honesty and candor owed to the Court. Every time a party submits a filing, the attorney personally certifies the contents both as to reasonable factual investigation and legal research." *Moser v. Bret Harte Union High School Dist.,* 366 F.Supp.2d 944 (E.D.Cal., 2005). In this case, plaintiffs completely disregarded both Rule 4

and Rule 11. Moreover, despite being advised of her mistake, counsel has failed to bring this information to the Court's attention and, as seen below, refuses to take any steps to offset her error.

## II.
## A 30 DAY EXTENSION OF TIME OF THE DATES SET IN THIS COURT'S ORDER IS NECESSARY AND APPROPRIATE IN THIS CASE.

As evinced by Exhibit three, defendant has made a reasonable effort to persuade plaintiffs' counsel that an extension of time is appropriate under the circumstances to cure the prejudice caused by plaintiffs' disregard for the rules. On February 28, 2008, CDE's counsel wrote to plaintiffs' counsel proposing an extension of time in light of the plaintiffs' failure to serve defendants in accordance with Rule 4. Plaintiffs' counsel, however, refused to agree to an extension of time to allow defendants reasonable time to prepare a response. (Exhibit 4). Counsel's reply further shows that her refusal to negotiate a reasonable extension is not based on potential prejudice to her case or to her client. Rather, by demanding unreasonable concessions in return for an agreement to extend time, counsel's refusal shows an unabashed effort to exploit the misinformation upon which this Court issued its scheduling order.

Defendants are requesting this Court grant a 30 day extension of time to all of the dates ordered by this Court on February 20, 2008. Specifically, Defendant's opposition to Plaintiff's application for a TRO would be extended from March 10, 2008 up to and including April 9, 2008. Plaintiff's reply, currently set for March 17, 2008, would be filed and served no later than April 16, 2008. The hearing date set forth in paragraph 1 of the order would be extended from March 24, 2008 to April 23, 2008.

Defendants have had insufficient time to digest what appear to be hundreds of pages of documents. Given the seriousness of plaintiffs' allegations, examination, analysis and discussion of the issues raised is necessary before a proper response is filed with this Court. In addition to internal dialogue, CDE expects it will need to consult with the Office of Administrative Hearings on many of the allegations. This will be a time-consuming process that cannot be cut short without jeopardizing the value of any pleading filed in response to the request for a temporary restraining order.

///

**CONCLUSION**

For the reasons stated above, Defendant requests this Court order each of the dates set in its previous order issued on February 20, 2008 be extended 30 days as set forth above. Defendant further requests this Court issue and admonition to counsel and direct all further relief as may be appropriate.

Dated: March 5, 2008                             Respectfully submitted,

                                                 MARSHA A. BEDWELL
                                                 General Counsel
                                                 AMY BISSON HOLLOWAY
                                                 Assistant General Counsel
                                                 GREGORY ROUSSEVE
                                                 Deputy General Counsel


                                                 __/s/_ Gabriel C. Vivas_____
                                                 GABRIEL C. VIVAS
                                                 Deputy General Counsel

                                                 Attorneys for Defendant
                                                 California Department of Education