# Exhibit 1

## Gabriel Vivas - Application for TRO, etc. 08 CV 226

**From:**
**To:** "Greg Rousseve"
**Date:** 2/19/2008 6:01 PM
**Subject:** Application for TRO, etc. 08 CV 226
**Attachments:**

Dear Mr. Roussev,

In follow-up to the Complaint for Permenent Injunction filed on 2/5/08 and served on 2/8/08, attached are the Application for TRO, memo of Ps and As and declarations in support. I anticipate receiving and filing numerous other declarations from attorneys, advocates and parents throughout the state who want to put the "due" back in due process. OAH has a process, but only OAH knows what this is.

Please call me to arrange a hearing date on the TRO.

Sincerely,

Ellen Dowd
Special Education Legal Center
858-342-8360

# Exhibit 2

>>> Amy Holloway 2/20/2008 10:48 AM >>>
Ms. Dowd:

The Legal Office is the authorized office to accept service on behalf of the department of Education. As of this date we do not have any record of having been served with the complaint referenced below. We will not be responding until we have been served.

Amy Holloway

NOTE: This message contains confidential attorney-client privileged and work product materials, and should be maintained in a confidential
manner. This means that this message should be shared only with CDE
staff or consultants who have a need to know the information contained
herein, and should not be disclosed to outside parties.

# Exhibit 3

Gabriel Vivas - C.S. & Struble v. CDE [08-CV-0226 W (AJB]

| | |
|---|---|
| **From:** | Gabriel Vivas |
| **To:** | Ellen Dowd, Esq. |
| **Date:** | 2/28/2008 6:40 PM |
| **Subject:** | C.S. & Struble v. CDE [08-CV-0226 W (AJB] |
| **CC:** | Amy Holloway; Greg Rousseve; Susan Leach |
| **Attachments:** | Amy Holloway; Greg Rousseve; Susan Leach |

Ellen,

Thanks again for returning my call and for taking the time to speak with me about this case. This will memorialize the request I made of you during our conversation.

I have had very little time to review the pleadings. I have, however, seen Judge Whelan's February 20th order setting a briefing schedule for your TRO application (filed on 2/19) in which he directs the parties to comply with a briefing schedule that would be completed over the first three weeks of March.

I propose we stipulate to a 30-day extension of each of the dates in Judge Whelan's order.. Specifically, Defendant's opposition to Plaintiff's application for a TRO would be extended from March 10, 2008 up to and including and April 9, 2008. Plaintiff's reply, currently set for March 17, 2008, would be filed and served no later than April 16, 2008.
The hearing date set forth in paragraph 1 of the order would be extended from March 24, 2008 to April 23, 2008 (assuming the Court decides to hold a hearing).

You'll note that at paragraph 4, the court notes: "From the information before the Court it appears that Plaintiffs have already served Defendants a copy of the Complaint, TRO, and exhibits thereto."

The above-quoted language shows the Court's briefing schedule is based on the Court's belief that the CDE was served as represented. The proof of service, however, shows that your agent served Diane Hasey who is an employee of the San Diego County Office of Education at its offices which are located at the San Diego address that appears on the proof of service.

As I said over the phone, the CDE was not served until Monday, February 25th.

In the interest of full disclosure, I must advise you that if we fail to reach an agreement on

the dates I will ask the court for additional time on the grounds that the proof of service misrepresented the date upon which we were actually served. I'm fairly certain the Court would grant us at least an extra two or three weeks, if not more.

You seemed to be inclined toward agreeing to an extension of time, but "in return" you asked that I agree not to object to other parties filing amicus curiae briefs and to agree that other individuals would be allowed to file declarations in support of your case. I can't agree for a number of reasons, but most importantly, your request is too vague. I may or may not be agreeable, depending on what party attempts to file a brief. As to declarations, I don't quite understand who wants to file a declaration, for what purpose, what it would say, and whether or not I have had the opportunity to speak with a declarant. So, at the risk of seeming to be uncooperative, I must decline your requested "quid pro quo."

Finally, under the circumstances, I invite you to consider whether it make more sense to proceed directly to a hearing on a request for a preliminary injunction, rather than a request for a TRO? It's food for thought.

Once again, I thank you for your time, your courtesy and your professionalism.


Gabriel C. Vivas
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, CA. 95814
Office: (916) 319-0860
FAX:    (916) 319-0155

# Exhibit 4

**Gabriel Vivas - Re: C.S. & Struble v. CDE [08-CV-0226 W (AJB]**

From:
To:       "Gabriel Vivas"
Date:     2/29/2008 3:33 PM
Subject:  Re: C.S. & Struble v. CDE [08-CV-0226 W (AJB]

Dear Gabriel;

I was a little surprised just now to get a message from Susan Leach indicating that you have stipulated to OAH intervening. I cannot explain intervenor to my client without meeting with them, which I plan to do by or on Monday.

I also do not need your permission to file amicus briefs, i can apply directly to the judge. Since U.S. Dept. of Ed is actually funding the Interagency Agreement, they will be a welcome "friend of the court."

In consideration of your request for the extensions from march to April, I am authorized to grant the extension on the following conditions:

(1)   CDE responds to the Complaint with an Answer, not a motion;
(2)   CDE refrains from awarding the contract to OAH until after the TRO hearing (and any immediate appeal)--the last contract was awarded on May 25, 2005, so there is time.
(3)   No discovery to commence before TRO Hearing;
and
(4)  No further extension is requested by CDE, regardless of what, if any, intervening may take place.

As far as OAH's pernmissive intervention, while I haven't spoken to my client in detail about this, first, it seems from your comment yesterday that "No way on God's green earth we [CDE] are not going to contract with them [OAH] on July 1, 2008," then it appears that you can adequately represent OAH's interest, and no intervention is necessary.

The other, more compelling point is, there is no independent federal subject matter jurisdiction over a contract signed by two state entities. State court would have jurisdiction.

I hope you were sincere in your statement that you would actually take the time

to read the Complaint, TRO and Exhibits, and see if this changes your perspective.

Sincerely,

Ellen Dowd

----- Original Message -----
From: Gabriel Vivas
To: Ellen Dowd
Cc: Amy Holloway ; Greg Rousseve ; Susan Leach
Sent: Thursday, February 28, 2008 6:40 PM
Subject: C.S. & Struble v. CDE [08-CV-0226 W (AJB)]

Ellen,

Thanks again for returning my call and for taking the time to speak with me about this case. This will memorialize the request I made of you during our conversation.

I have had very little time to review the pleadings. I have, however, seen Judge Whelan's February 20th order setting a briefing schedule for your TRO application (filed on 2/19) in which he directs the parties to comply with a briefing schedule that would be completed over the first three weeks of March.

I propose we stipulate to a 30-day extension of each of the dates in Judge Whelan's order.. Specifically, Defendant's opposition to Plaintiff's application for a TRO would be extended from March 10, 2008 up to and including and April 9, 2008. Plaintiff's reply, currently set for March 17, 2008, would be filed and served no later than April 16, 2008. The hearing date set forth in paragraph 1 of the order would be extended from March 24, 2008 to April 23, 2008 (assuming the Court decides to hold a hearing).

You'll note that at paragraph 4, the court notes: "From the information before the Court it appears that Plaintiffs have already served Defendants a copy of the Complaint, TRO, and exhibits thereto."

The above-quoted language shows the Court's briefing schedule is based on the Court's belief that the CDE was served as represented. The proof of service, however, shows that your agent served Diane Hasey who is an employee of the San Diego County Office of Education at its offices which are located at the San Diego address that appears on the proof of service.

As I said over the phone, the CDE was not served until Monday, February 25th.

In the interest of full disclosure, I must advise you that if we fail to reach an agreement on

the dates I will ask the court for additional time on the grounds that the proof of service misrepresented the date upon which we were actually served. I'm fairly certain the Court would grant us at least an extra two or three weeks, if not more.

You seemed to be inclined toward agreeing to an extension of time, but "in return" you asked that I agree not to object to other parties filing amicus curiae briefs and to agree that other individuals would be allowed to file declarations in support of your case. I can't agree for a number of reasons, but most importantly, your request is too vague. I may or may not be agreeable, depending on what party attempts to file a brief. As to declarations, I don't quite understand who wants to file a declaration, for what purpose, what it would say, and whether or not I have had the opportunity to speak with a declarant. So, at the risk of seeming to be uncooperative, I must decline your requested "quid pro quo."

Finally, under the circumstances, I invite you to consider whether it make more sense to proceed directly to a hearing on a request for a preliminary injunction, rather than a request for a TRO? It's food for thought.

Once again, I thank you for your time, your courtesy and your professionalism.


Gabriel C. Vivas
Deputy General Counsel
California Department of Education
1430 N Street, Suite 5319
Sacramento, CA. 95814
Office: (916) 319-0860
FAX:   (916) 319-0155

---

Internal Virus Database is out-of-date.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.20.8/1287 - Release Date: 2/19/2008 10:55 AM

## PROOF OF SERVICE

*C.S. v. California Department of Education*
**USDC Southern**
**Case No. 08 CV0226 W (AJB)**

I, the undersigned, state that I am a citizen of the United States, over the age of 18 years, a resident of the State of California, and not a party to the within action. All documents were printed or copied on recycled paper. My business address is 1430 N Street, Room 5319, Sacramento, California 95814.

On March 5, 2008, I served the within documents:

- **DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSE TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER**
- **DECLARATION OF GABRIEL C. VIVAS IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSE TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER**

on the parties in said action, by electronic case filing at Sacramento, California addressed as follows:

| | |
|---|---|
| Ellen Jean Dowd<br>Law Offices of Ellen J. Dowd<br>2658 Del Mar Heights Road<br>Suite 228<br>Del Mar, CA 92104<br><br>Tele: 858-342-8360<br>Fax: 858-755-6348 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of March 2008, at Sacramento, California.

*Anna Coleman*
Anna Coleman

---

Case No. 08-CV-0226 W (AJB)   1   Proof of Service