Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California  92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S.**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency, <br> Defendant. | CASE NO.:  08 CV 0226 W (AJB) <br><br> DECLARATION OF ELLEN DOWD, ESQ. IN OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSE TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER <br><br> Date:   March 24, 2008 <br> Time:   TBD <br> Judge: Hon. Thomas J. Whelan |

I, Ellen Dowd, declare as follows:

1.    I am an attorney admitted and in good standing in all of the state and federal Courts in the State of California, including this honorable court.

2.    I am attorney of record for Plaintiff herein, and make this declaration on behalf of Plaintiff, and all others similarly situated, meanings disabled students and their parents who have, through a special education due process hearing before OAH's ALJs, obtained less than complete relief sought, in opposition to

Defendant's, "CDE's" Application for an Extension of Time to File Defendant's Response to Plaintiff's Application For Temporary restraining Order.

3.    I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto.

4.    First, I did not knowingly misrepresent the date of service of the Summons and Complaint. The Proof of Service (Exhibit "A" hereto) indicates service on a person authorized to accept service on behalf of a state agency, namely CDE.

5.    On February 8, 2008, I instructed my attorney service to serve the Summons and Complaint on CDE at 6401 Linda Vista Road, San Diego, California 92111, based upon reasonable inquiry by me on CDE's website, "http://www.cde.ca.gov" on November 26, 2007, February 3, 2008 and February 8, 2008, in which the Linda Vista Road address was published under the heading "(CA Dept of Education)". True copies of the CDE web pages are attached hereto as Exhibit "B".

6.    On February 8, 2008 I called Greg Roussev, Esq. at CDE. The receptionist advised me that he would be out of the office until Wednesday, February 13, 2008. I then asked to speak to Marsha Bedwell, Esq. or Amy Holloway, Esq. and was advised that they also were out of the office until Wednesday February 13, 2008.

7.    I explained to the receptionist that this was a courtesy call to let CDE's counsel know that the Summons and Complaint in the instant case were going to be served in at the San Diego office that day. I further advised her of the case number and requested that she access it on PACER. The receptionist took the information, as well as my telephone number. About 30 minutes later the receptionist called me back to confirm the case number and indicated she was having trouble accessing it on PACER. No one else called me back.

8.    My name, address, phone number and e-mail address are on the Complaint. No one from the County Office of Education called me to dispute the service, nor did they return the Summons and Complaint to me.

9.    FRCP Rule 4(j)(2) states that service on a State or Local Government may be accomplished by either, (A) delivering a copy of the summons and complaint to its chief executive officer; or, (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

10.    California Code of Civil Procedure § 416.50 states, "(a) A summons may be served on a public entity by delivering a copy of the summons and complaint to the clerk, secretary, president, presiding officer, or other head of its governing body; (b) As used in this section, 'public entity" includes the state and any office, department, division, bureau, board, commission or agency of the state, the Regents of the University of California, a county, city, district, public agency, and any other political subdivision or public corporation in this state."

11.    California Code of Civil Procedure § 416.90 states, "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and complaint to such person or to a person authorized by him to receive service of process." CDE's claim that service was not proper is not supported by any declaration of the person actually served, Diane Hasey, stating that she was not authorized to accept service. Moreover, CDE was notified of the impending service, the case number and my telephone number on February 8, 2008, and did not, at that time, request service of process in any specified manner.

12.    The import of this is not the dispute about service as much as the need for expeditious action in this case. As indicated in Exhibit "4" of CDE's Application, on behalf of my client, I was willing to extend time to respond to the TRO, as long as the status quo (i.e., CDE doesn't award the Interagency Agreement to OAH, and doesn't burden my client with discovery) was maintained

in the interim.  Not only did CDE not agree to this, CDE indicated that even a stipulation to have amicus briefs filed was unreasonable. (Exhibit "3" to CDE's Application§.

13.    I am still authorized to grant an extension in accordance with the conditions stated in Exhibit "4" to the Application.  However, a significant change in circumstances has occurred since the filing of the Application For TRO, and the issuance of the Order Setting Briefing Schedule; to wit: On February 28, 2008, Gabriel Vivas stated to me, that there's "no way on God's green earth that we [CDE] are not going to contract with then [OAH] on July 1, 2008."  I confirmed that in my e-mail, Exhibit "4" to CDE's Application, which was not refuted.  There is no longer anything vague about CDE's intentions.

14.    Additionally, Exhibit "4" also indicated my displeasure that CDE would stipulate to OAH intervening, which appears collusive.  In fact, Mr. Viva's two e-mails to me, Exhibits "3" and "4" are copied to Susan Leach, the attorney representing OAH.

15.    CDE's Application is disingenuous when it states, "CDE expects it will need to consult with the Office of Administrative Hearings [OAH] on many of the allegations."  First, CDE is already talking to OAH, and second, most of the allegations are based upon Exhibits taken from CDE's own website.  Is CDE admitting that it wasn't even reading the very data it was publishing?

16.    There is another, more egregious matter concerning CDE's solicitous behavior with regard to OAH.  Exhibit "C" hereto are Rules proposed by CDE in January, 2007, which on page 4 shows the contact person is Gabriel Vivas.  These 2007 Proposed Rules (Rules pages 1-16 of exhibit "C") specified that training for Mediators should be 20 hours (Exhibit "C"  Rules page 11).  There is no indication of required amount of training for Hearing Officers.

17.    These Proposed Rules apparently were not enacted.  However, on January 25, 2008 CDE resubmitted a Proposed Rulemaking File concerning

Special Education Hearing Officers. Exhibit "D" hereto, page 4 indicates that the contact person for these Proposed Rules is Gabriel Vivas. This Rulemaking File (Rule pages 1-16 of Exhibit "D"), propose that effective March 11, 2008, a Special Education Hearing Officer's initial training and annual training be changed from 80 hours, as required in the Interagency Agreement, and by law, to 20 hours of initial training and 20 hours of annual training. (Exhibit "D", section 3082.1, Rules pages 3-6).

18.    Gabriel Vivas, Esq. did not reveal this pending Rulemaking File to me during our telephone conversation on February 28, 2008. In fact, I only became aware of it from CDE's website on February 29, 2008. I notified my colleagues Tania Whiteleather, Esq. and Dayon Higgins of the proposed "dumbing down" of the requirements for Special Education Hearing Officers.

19.    Tania Whiteleather, Esq. sent an e-mail to Shane Berli at CDE (Exhibit "E" hereto) in response to this Proposed Rulemaking file.

20.    Only when CDE gets caught violating the law, does any remediation take place. On February 29, 2008, CDE withdrew the Proposed Rulemaking File (Exhibit "F" hereto, page 2).

21.    CDE's Application for Extension should be denied. Alternatively, any extension should be conditioned upon refraining from awarding the Interagency Agreement to OAH, and refraining from conducting discovery until after the hearing on the TRO.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 6th day of March, 2008 at San Diego, California.

Ellen Dowd

# EXHIBIT "A"

**SPECIAL EDUCATION LEGAL CENTER**
**2658 DEL MAR HEIGHTS ROAD  228**
**DEL MAR, CA 92014**
**(858) 342-8360**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | CASE NUMBER:<br>**08CV0226WAJB** |
|---|---|
| ONSERVATOR, MARY STRUBLE, ON BEHALF OF HIMSELF AND ALL OTHER SIMILARY SITUATED | |
| v. | **PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |
| CALIFORNIA DEPARTMENT OF EDUCATION, A STATE AGENCY | |

1. At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents):*

   a. ☒ summons    ☒ complaint    ☐ alias summons    ☐ first ammended complaint
      ☐ second amended complaint
      ☐ third amended complaint

   ☐ other *(specify):*

2. **Person served:**

   a. ☒ Defendant *(name:)* **CALIFORNIA DEPARTMENT OF EDUCATION, A STATE AGENCY**
   b. ☒ Other *(specify name and title or relationship to the party/business named):*
      **DIANE HASEY [45,FEMALE,5'7",125,WHITE] - AUTHORIZED TO ACCEPT**
   c. ☒ Address where the papers were served: **6401 LINDA VISTA, #503**
                                                **SAN DIEGO, CA 92111**

3. **Manner of Service** in compliance with *(the appropriate box* **must** *be checked):*

   a. ☒ Federal Rules of Civil Procedure

   b. ☐ California Code of Civil Procedure

4. **I served** the person named in Item 2:

   a. ☒ **By Personal Service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1. ☒ **Papers were served on** *(date):* **02/08/2008** at *(time):* **02:50 pm**

   b. ☐ **By Substituted Service.** By leaving copies:

      1. ☐ **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

      2. ☐ **(business)** or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

      3. ☐ **Papers were served on** *(date):* at *(time):*

      4. ☐ **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

      5. ☐ **papers were mailed on** (date):

      6. ☐ **due diligence.** I made at least three (3) attempts to personally serve the defendant.

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

CV-1 (04/01)

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h))** **(C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** **(C.C.P. 415.20 only)** By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service.)**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil proceccs clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service: *(date):*         at *(time):*

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States  at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number):*

**Kenneth Robert Maskil, Jr.**
**Janney & Janney Attorney Service, Inc.**
**4891 Pacific Highway. Ste. 102**
**San Diego, CA 92110**
**(213) 628-6338**

a. Fee for service: **$ 95.00**

b. ☐ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☒ Registered California process server
Registration # :**1097**

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: **February 11, 2008** _____ **Kenneth Robert Maskil, Jr.** _____          _____
*Type or Print Server's Name*                              *(Signature)*

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

EXHIBIT "B"

Change Text Siz

# California School Directory

## District: San Diego County Office of Education

| | |
|---|---|
| **County** | San Diego |
| **District** | San Diego County Office of Education |
| **CDS Code** | 37 10371 0000000 |
| **Low Grade** | P |
| **High Grade** | 12 |
| **Web site** | www.sdcoe.net |
| **Phone Number** | (858) 292-3500 |
| **Fax Number** | (858) 292-3653 |
| **Charter** | No |
| **District Address** | 6401 Linda Vista Rd.<br>San Diego, CA 92111-7319<br>Yahoo Map |
| **Mailing Address** | 6401 Linda Vista Rd.<br>San Diego, CA 92111-7319 |
| **Superintendent** | Randolph E. Ward, Superintendent |
| **Superintendent Phone** | |
| **Superintendent Email** | randolph.ward@sdcoe.net |
| **Status** | Active |
| **Effective Date** | 5/14/2007 |
| **District Type** | County Office of Education (COE) |
| **Statistical Info** | Quick Link to DataQuest Reports |

[ Back ]    [ New Search ]

To notify us of **public school** updates, please send the 14-digit CDS Code and pertinent information using our e-mail form.

Additional state, county, district, and public school demographics are available on the DataQuest Web site .

Printed and electronic copies of the California Public School Directory can be obtained from CDE Press .

See the County Offices of Education (COE) page for links to all COE Web sites.

Page generated: 2/8/2008 7:43:25 AM

Case 3.08-cv-00226-W-AJB    Document 6-10    Filed 02/06/2008    Page 11 of 57

Change Text S


California Department of
EDUCATION

*DataQ*

# San Diego County Office Of Education - Reports

6401 Linda Vista Road
San Diego, CA 92111-7319
(858) 292-3500
Additional Details

## DataQuest Reports

DataQuest is an online data reporting system developed and maintained by the California Department of Education. DataQuest provides data from many different sources in a single location; making it easier for parents, teachers, administrators, and other interested individuals to get demographic and performance information about particular schools and school districts, or California education in general.

- Academic Performance Index
- Adequate Yearly Progress Reports
- Course Enrollments
- District Summary Data
- Dropouts
- English Language Dev. Test (CELDT)
- English Learners
- Enrollment
- Expulsion, suspension, and truancy data
- Graduates
- High School Exit Exam Results
- Physical Fitness Test
- High School SAT/ACT/AP Scores
- Projected Teacher Hires
- Staffing
- STAR Test Results
- Special Education
- Title III Accountability

**Frequently Asked Qu**

What is the Academic Per
Index (API)?

What kind of course inforr
available?

How are dropouts counter
formula is used to calcula
dropout rates?

What kind of information i
about district/school staff?

What does SAT/ACT/AP

What summary data is av

Where can I find more inf
about STAR testing and r

## Education Data (Ed-Data) Partnership Reports

Ed-Data (Outside Source) offers educators, policy makers, the legislature, parents, and the public quick access to timely and comprehensive data about K-12 education in California.

- District Profile Report
- District Financial Report
- Compare Districts

**Questions: DataQuest Management Team | S**

California Department of Education
1430 N Street

DataQuest Help | For Parents

Change Text Size

Home » Resources » School Directory » Search Results

# California School District Directory

1 - 2  of  2 districts (click on the County Name or District Name heading links to re-sort the results)

| CDS Code | County Name | District Name | Status | Zip Code |
|---|---|---|---|---|
| 37103710000000 | San Diego | San Diego County Office of Education | Active | 92111-7319 |
| 37745260000000 | San Diego | San Diego County ROP | Active | 92111 |

New Search

To notify us of **public school** updates, please send the 14-digit CDS Code and pertinent information using our e-mail form.

Additional state, county, district, and **public** school demographics are available on the DataQuest Web site .

Printed and electronic copies of the California Public School Directory can be obtained from CDE Press .

See the County Offices of Education (COE) page for links to all COE Web sites.

Page generated: 11/26/2007 7:37:24 AM

California Department of Education
1430 N Street
Sacramento, CA 95814

Contact Us | FAQ | Web Policy

# EXHIBIT "C"



California **Department of**
# EDUCATION

Change Text Si

Search [        ]

Advanced | Site Ma

Curriculum & Instruction

Testing & Accountability

Professional Developn

Finance & Grants

Data & Statistics

Learning Support

Specialized Pi

Printer-f



CALIFORNIA
DEPARTMENT OF
EDUCATION

1430 N STREET
SACRAMENTO, CA
95814-5901

**JACK O'CONNELL**
State Superintendent of
Public Instruction
PHONE: (916) 319-0800

### INOTICE OF PROPOSED RULEMAKING

### AMENDMENT TO CALIFORNIA CODE OF REGULATIONS, TITLE 5, REGARDING SPECIAL EDUCATION – PROCEDURAL SAFEGUARDS – HEARING OFFICERS

[Notice published January 26, 2007]

**NOTICE IS HEREBY GIVEN** that the Superintendent of Public Instruction (SSPI) proposes to adopt the regulations described below after considering all comments, objections, or recommendations regarding the proposed action.

### TWO PUBLIC HEARINGS

California Department of Education (CDE) staff, on behalf of the SSPI, will hold two public hearings. The first public hearing will be held in Southern California on **March 19, 2007**, at **10:00 a.m.**, East San Gabriel Valley SELPA, 1400 Ranger Drive, Covina, California, 91722-2055. The second public hearing will be held in Northern California on **March 22, 2007**, at **9:00 a.m.**, Sacramento County Office of Education, 10474 Mather Boulevard, Board Room, Sacramento, California, 95626. The rooms are wheelchair accessible. At either hearing, any person may present statements or arguments, orally or in writing, relevant to the proposed action described in the Informative Digest. The SSPI requests that any person desiring to present statements or arguments orally notify the Regulations Coordinator of such intent. The SSPI requests, but does not require, that persons who make oral comments at the public hearing also submit a written summary of their statements. No oral statements will be accepted subsequent to this public hearing.

### WRITTEN COMMENT PERIOD

Any interested person, or his or her authorized representative, may submit written comments relevant to the proposed regulatory action to:

Debra Strain, Regulations Coordinator
LEGAL DIVISION
California Department of Education
1430 N Street, Room 5319

Sacramento, CA 95814

Comments may also be submitted by facsimile (FAX) at 916-319-0155 or by e-mail to regcomments@cde.ca.gov. Comments must be received by the Regulations Coordinator prior to **5:00 p.m. on March 22, 2007.**

## AVAILABILITY OF CHANGED OR MODIFIED TEXT

Following the public hearing and considering all timely and relevant comments received, the SSPI may adopt the proposed regulations substantially as described in this Notice or may modify the proposed regulations if the modifications are sufficiently related to the original text. With the exception of technical or grammatical changes the full text of any modified regulation will be available for 15 days prior to its adoption from the Regulations Coordinator and will be mailed to those persons who submit written comments related to this regulation, or who provide oral testimony at the public hearing, or who have requested notification of any changes to the proposed regulations.

## AUTHORITY AND REFERENCE

Authority: Section 56505, Education Code.

References: Sections 56500.1, 56501, 56502, 56504.5, 56505, 56505.1, 56505.2, and 56507, Education Code; 20 USC Sections 1400, et seq.

## INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW

The Individuals with Disabilities Education Act (IDEA) guarantees all children with special needs a "free appropriate public education" (FAPE) that emphasizes special education and related services designed to meet each child's unique needs. (20 U.S.C. §1400 (D)(1)(A).) The IDEA contains numerous procedural safeguards. Most relevant for purposes of the proposed regulations, the Local Educational Agency (LEA) must give parents an opportunity to present complaints regarding any matter related to the education or placement of the child, or the provision of a FAPE to the child. (20 U.S.C. § 1415(b)(6).) Upon occurrence of certain conditions, and upon the presentation of such a complaint, the parent or guardian is entitled to a due process hearing before an impartial hearing officer. (20 U.S.C. § 1415(f)(1).)

Education Code section 56505(a) requires the CDE to "enter into an interagency agreement with another state agency or contract with a nonprofit organization or entity to conduct mediation conferences and due process hearings in accordance with Sections 300.506 and 300.508 of Title 34 of the Code of Federal Regulations." Education Code section 56504.5(c) requires that the SSPI "adopt regulations that establish standards for all of the following components of an interagency agreement or contract entered into pursuant to subdivision (a)." The proposed regulations are aimed at satisfying the statutory mandate.

## DISCLOSURES REGARDING THE PROPOSED ACTION

*The SSPI has made the following initial determinations:*

Mandate on local agencies and school districts: None

Cost or savings to any state agency: Costs to a state agency that contracts to provide mediation and/or due process hearings will be reimbursable through an interagency agreement with the department.

Costs to any local agencies or school districts for which reimbursement would be required pursuant to Part 7 (commencing with section 17500) of division 4 of the Government Code: None

Other non-discretionary costs or savings imposed on local educational agencies: Savings, if any, will be to the department if the cost of an interagency agreement is less that the cost or contracting with a non-profit organization.

Costs or savings in federal funding to the state: None

Significant, statewide adverse economic impact directly affecting business including the ability of California

businesses to compete with businesses in other states: None

Cost impacts on a representative private person or businesses: The Superintendent is not aware of any cost impacts that a representative private person or business would necessarily incur in reasonable compliance with the proposed action.

Adoption of these regulations will not 1) create or eliminate jobs within California; 2) create new businesses or eliminate existing businesses within California; or 3) affect the expansion of businesses currently doing business within California.

Effect on housing costs: None

Effect on small businesses: The proposed amendments to the regulations do not affect small businesses because the regulations apply only to school districts and not to business practices.

## CONSIDERATION OF ALTERNATIVES

The SSPI must determine that no reasonable alternative it considered or that has otherwise been identified and brought to the attention of the SSPI, would be more effective in carrying out the purpose for which the action is proposed, or would be as effective and less burdensome to affected private persons than the proposed action. The SSPI invites interested persons to present statements or arguments with respect to alternatives to the proposed regulations at the scheduled hearing or during the written comment period.

## CONTACT PERSONS

Inquiries concerning the content of this regulation should be directed to:

Gabriel C. Vivas, Deputy General Counsel
Legal and Audits Branch, Legal Office
1430 N Street, 5th Floor
Sacramento, CA 95814
Telephone: 916-319-0860
E-mail: gvivas@cde.ca.gov

Inquiries concerning the regulatory process may be directed to the Regulations Coordinator or Connie Diaz, Regulations Analyst, at 916-319-0860.

## INITIAL STATEMENT OF REASONS AND INFORMATION

The SSPI has prepared an Initial Statement of Reasons for the proposed regulation and has available all the information upon which the proposal is based.

## TEXT OF PROPOSED REGULATION AND CORRESPONDING DOCUMENTS

Copies of the exact language of the proposed regulation, the Initial Statement of Reasons, and all of the information upon which the proposal is based, may be obtained upon request from the Regulations Coordinator These documents may also be viewed and downloaded from the CDE's web site at http://www.cde.ca.gov/re/lr/rr/.

## AVAILABILITY AND LOCATION OF THE FINAL STATEMENT OF REASONS AND RULEMAKING FILE

All the information upon which the proposed regulations are based is contained in the rulemaking file which is available for public inspection by contacting the Regulations Coordinator.

You may obtain a copy of the Final Statement of Reasons once it has been prepared, by making a written request to the Regulations Coordinator.

## REASONABLE ACCOMMODATION FOR ANY INDIVIDUAL WITH A DISABILITY

Pursuant to the *Rehabilitation Act of 1973*, the *Americans with Disabilities Act of 1990*, and the *Unruh Civil Rights Act*, any individual with a disability who requires reasonable accommodation to attend or participate in a public hearing on proposed regulations, may request assistance by contacting Gabriel Vivas, Legal Office, 1430 N Street, 5th Floor, Sacramento, CA, 95814; telephone, 916-319-0860. It is recommended that assistance be requested at least two weeks prior to the hearing.

**Download I**

California Department of Education
1430 N Street
Sacramento, CA 95814

Contact Us | Web Policy | Feedback

Last Modified: Friday, January 26, 2007

1    **Title 5. EDUCATION**

2    **Division 1. California Department of Education**

3    **Chapter 3. Handicapped Children**

4    **Subchapter 1. Special Education**

5    **Article 7. Procedural Safeguards**

6

7    **§ 3082. Due Process Hearing Procedures.**

8    (a) A parent or public education agency may initiate a hearing pursuant to

9    Education Code Ssections 56500 through 56507 and Title 34, Code of Federal

10   Regulations, Sections 300.56 through 300.514 on any of the matters described in

11   Education Code Ssection 56501. The hearing shall be conducted by a hearing officer

12   knowledgeable in administrative hearings an under contract with the S̶t̶a̶t̶e̶

13   D̶department o̶f̶ ̶E̶d̶u̶c̶a̶t̶i̶o̶n̶ as provided in section 3082.1 of these regulations.

14   (b) The hearings conducted pursuant to this section shall not be conducted

15   according to the technical rules of evidence and those related to witnesses. Any

16   relevant evidence shall be admitted if is the sort of evidence or which responsible

17   persons are accustomed to rely in the conduct of serious affairs, regardless of the

18   existence of any common law or statutory rule which might make improper the

19   admission of such evidence over objection in civil actions. Hearsay evidence may be

20   used for the purpose of supplementing or explaining other evidence but shall not be

21   sufficient in itself to support a finding unless it would be admissible over objection civil

22   actions. All testimony shall be under oath or affirmation which the hearing officer is

23   empowered to administer.  A hearing officer is authorized to conduct a pre-hearing

24   conference, a settlement conference, grant continuances, and bifurcate issues.

25   (c) In addition to the rights afforded to parties to a due process hearing held

26   pursuant to Education Code Ssections 56500-56507 and Title 34, Code of Federal

27   Regulations, Section 300.514, the parties shall also have the following rights:

28   (1) To call witnesses, including adverse witnesses, and to cross examine witnesses

29   for the other party;

30   (2) To compel the attendance of witnesses. The hearing officer shall have the right

31   to issue Subpoenas (order to appear and give testimony) and Subpoenas Duces

32   Tecum (order to produce document(s) or paper(s) upon a showing of reasonable

33   necessity by a party)̶. pursuant to article 11 of the Administrative Procedure Act relating

1  to subpoenas and subpoenas duces tecum (Government Code sections 11450.05

2  through 11450.50);

3    (3) Absent compelling circumstances to the contrary, and upon motion to the

4  hearing officer to have witnesses excluded from the hearing.

5    (d) Hearings and mediations shall be conducted in the English language; when the

6  primary language of a party or a witness to a hearing is other than English, or other

7  mode of communication, an interpreter shall be provided who is competent as

8  determined by the hearing officer. Cost for an interpreter shall be borne by the ~~State~~

9  ~~D~~department ~~of Education~~. Interpreters shall take an oath to interpret fully and

10  accurately.

11    (1) Where a parent or a witness's primary language is one designated under

12  Government Code section 11435.40(a), the interpreter shall be certified by the State

13  Personnel Board in accordance with Government Code section 11435.30.

14    (2) Where a certified interpreter is unavailable, a hearing officer may appoint a non-

15  certified interpreter provisionally. Before appointing a non-certified interpreter, the

16  hearing officer shall follow the good cause and qualification procedures and guidelines

17  adopted by the Judicial Council. A person under the age of 18 may not be appointed or

18  allowed to serve as an interpreter.

19    (3) Where the primary language of a parent or witness is one not designated under

20  Government Code section 11435.40(a), the interpreter shall be qualified by the hearing

21  officer under the qualification procedures and guidelines adopted by the Judicial

22  Council.

23    (4) Where in the course of a hearing both a witness and a party need an interpreter,

24  the hearing officer shall appoint an interpreter for a witness other than the interpreter

25  appointed to assist a party. In no event shall a parent who requires an interpreter be

26  required to proceed without an interpreter.

27    (5) The contractor shall prepare commonly used forms, description of procedures,

28  and brochures for special education proceedings in languages other than English and

29  disseminate them to local educational agencies and to parents of students with

30  disabilities, particularly those who file for due process hearings.

31    (6) The contractor shall prepare and disseminate all public forms, procedures, and

32  brochures in English and, at minimum, the five foreign languages most commonly

33  spoken in California schools: Spanish, Vietnamese, Hmong, Cantonese, and Tagalog.

1  education disputes, which may include practical, clinical, or simulated training, and
2  which shall include, but not be limited to, the subjects set forth in the immediately
3  preceding subdivision (e)(1).
4  NOTE: Authority cited: Sections 56504.5(c)(1) and 56505, Education Code.
5  Reference: Sections 56500.1, 56501, 56502, 56504.5, 56505, 56505.1, 56505.2, and
6  56507, Education Code; 20 U.S.C. Sections 1400, et seq.
7
8  **§ 3082.2.  Hearing Officers: Conflicts of Interest.**
9    (a) Any involvement by a hearing officer with the subject matter of the dispute or
10  any relationship between a hearing officer with any party, whether past or present,
11  personal or professional, that reasonably raises a question of the hearing officer's
12  impartiality shall be disclosed to the parties as soon as practicable after the hearing
13  officer becomes aware of such circumstance.
14    (b) A hearing officer assigned to a hearing is subject to disqualification for bias,
15  prejudice, or conflict of interest in the proceeding or for receipt of an ex parte
16  communication in violation of the provisions contained in section 3084 of these
17  regulations.
18    (c) It is not alone or in itself grounds for disqualification, without further evidence of
19  bias, prejudice, or interest, that the hearing officer:
20    (1) Is or is not a member of a racial, ethnic, religious, sexual, or similar group and
21  the proceeding involves the rights of that group;
22    (2) Has experience, technical competence, or specialized knowledge of, or has in
23  any capacity expressed a view on, a legal, factual, or policy issue presented in the
24  proceeding; or
25    (3) Has, as a lawyer or public official, participated in the drafting of laws or
26  regulations or in the effort to pass or defeat laws or regulations, the meaning, effect, or
27  application of which is in issue in the proceeding.
28    (d) The contractor shall provide notice to the parties of the identity of the hearing
29  officer at least three days in advance of the due process hearing so that any motions
30  regarding a conflict of interest may be timely made and heard.
31    (e) A party to a special education due process proceeding is entitled to one
32  peremptory challenge (disqualification without cause) of a hearing officer assigned to
33  the due process hearing. Peremptory challenges, however, are not allowed in

1   proceedings involving temporary or interim relief and in no event shall one be made

2   after a due process hearing has commenced.

3   NOTE: Authority cited: Sections 56504.5(c) and 56505, Education Code. Reference:

4   Sections 56501, 56505(c)(1), Education Code; 20 U.S.C. section1415(f); 34 C.F.R.

5   sections 300.500, 300.511(c).

6

7   **§ 3082.3. Supervision of Hearing Officers and Mediators.**

8       (a) There shall be a supervisor of hearing officers who shall have at least seven

9   years of experience in the practice of law in civil or criminal trial courts, appellate

10  courts, or quasi-judicial administrative proceedings, including significant experience in

11  special education matters. The supervisor of hearing officers shall:

12      (1) Decide when a hearing officer meets the foregoing standards for hearing

13  officers;

14      (2) Approve hearing officers who meet the foregoing standards for inclusion on the

15  public list of qualified hearing officers maintained by the hearing office pursuant to 34

16  C.F.R. section 300.508(c) and Education Code section 56505(m);

17      (3) Supervise the work of all hearing officers;

18      (4) Review and approve the training and continuing education programs required

19  herein for hearing officers;

20      (5) Periodically evaluate hearing officers; and

21      (6) Review the decisions of hearing officers to ensure that they are clear, concise,

22  logical, well-reasoned, supported by appropriate legal authority, and addressed to all

23  issues required to be decided.

24      (b) There shall be a supervisor of mediators, who shall have at least five years of

25  experience in the mediation of disputes arising before, during, or independently of,

26  judicial or quasi-judicial administrative proceedings, including experience in special

27  education matters. The supervisor of mediators shall:

28      (1) Decide when a mediator meets the foregoing standards for mediators;

29      (2) Approve mediators who meet the foregoing standards for inclusion on the public

30  list of qualified mediators and their qualifications maintained by the hearing office

31  pursuant to 20 U.S.C. section 1415(e)(2)(C) and 34 C.F.R. section 300.506(b)(3 2)(i);

32      (3) Supervise the work of all mediators;

33      (4) Review and approve the training and continuing education programs required

1    herein for mediators;

2        (5)  Periodically evaluate mediators; and

3        (6)  Review mediation results, to the extent practicable consistent with the need for

4    confidentiality, to ensure that mediators perform competently in light of the standards

5    and expectations set forth herein.

6    NOTE: Authority cited: Sections 56504.5(c) and 56505, Education Code. Reference:

7    Sections 56501, 56505(c)(1), Education Code; 20 U.S.C. section 1415(f); 34 C.F.R.

8    sections 300.500, 300.511(c).

9

10    **§ 3083.  Service Notice.**

11        Notwithstanding Government Code section 11440.20 of the Administrative

12    Procedures Act, service of notice, motions, or other writing pertaining to special

13    education due process hearing procedures to the ~~Special Education Hearing~~ contractor

14    and any other person or entity are subject to the following provisions:

15        (a) The notice, motion, or writing shall be delivered personally or sent by mail or

16    other means to the ~~Hearing Office~~ contractor, person or entity at their last known

17    address and, if the person or entity is a party with an attorney or other authorized

18    representative of record in the proceeding, to the party's attorney or other authorized

19    representative.

20        (b) Unless a provision specifies the form of mail, service or notice by mail may be by

21    first-class mail, registered mail, or certified mail, by mail delivery service, by facsimile

22    transmission if complete and without error, or by other electronic means as provided by

23    regulation, in the discretion of the sender.

24        (c) Service must be made by a method that ensures receipt by all parties and the

25    ~~Hearing Office~~ contractor in a comparable and timely manner.

26    NOTE: Authority cited: Sections 56100~~(a) and (j)~~ and 56505, Education Code.

27    Reference: Sections 56500 – 56507, Education Code; Section 11440.20, Government

28    Code; 20 U.S.C. Sections 1415(b)(2) and (c)~~, U.S. Code, Title 20;~~ and 34 C.F.R.

29    Sections 300.506 – 300.513, ~~Code of Federal Regulations, Title 34~~.

30

31    **§ 3084.  Ex Parte Communications.**

32        (a) Notwithstanding Government Code sections 11425.10(a)(8), 11430.20, and

33    11430.30 of the California Administrative Procedure Act, while special education due

8

1    process hearing proceedings are pending, there shall be no communication, direct or

2    indirect, regarding any issue in the proceeding, to a hearing officer from an employee

3    or representative of a party or from an interested person unless the communication is

4    made on the record at the hearing.

5       (b) A proceeding is pending from the date of receipt by the ~~California Special~~

6    ~~Education Hearing Office~~ contractor of the request for hearing.

7       (c) If a hearing officer receives a communication in violation of this section, the

8    hearing officer shall disclose the content of the communication on the record and give

9    the parties an opportunity to address the matter if so requested within 10 days of

10   receipt of notification of the communication.

11      (1) The hearing officer has discretion to allow the party to present evidence

12   concerning the subject of the communication.

13      (2) The hearing officer has discretion to reopen a hearing that has been concluded.

14      (d) If a hearing officer receives a communication in violation of this section, the

15   hearing officer shall make all of the following a part of the record in the proceeding:

16      (1) If the communication is written, the writing and any written response of the

17   hearing officer.

18      (2) If the communication is oral, a memorandum stating the substance of the

19   communication, any response made by the hearing officer, and the identity of each

20   person from whom the hearing officer received the communication.

21      (e) The hearing officer shall notify all parties that the communication has been made

22   a part of the record.

23      (f) Receipt by the hearing officer of a communication in violation of this section may

24   be grounds for disqualification of the hearing officer. If the hearing officer is disqualified,

25   the portion of the record pertaining to the ex parte communication may be sealed by

26   order of the disqualified hearing officer.

27      <u>(g) Once mediation is requested, a party or anyone acting on behalf of a party shall</u>

28   <u>not communicate with the mediator outside of the mediation process. A mediator may</u>

29   <u>communicate with any of the parties outside the presence of the opposing party, but</u>

30   <u>such communications shall be limited to those necessary to arrange for the mediation</u>

31   <u>or make any changes in the mediation procedures. Any communication received by the</u>

32   <u>mediator in violation of this rule shall be communicated as soon as possible to the other</u>

33   <u>party or parties. The "mediation process" shall include those times in the course of</u>

1    mediation during which the mediator meets separately with the parties which is a part

2    of the resolution process ordinarily involved in mediation.

3    NOTE: Authority cited: Sections 56504.5(c), 56100(a) and (j) and 56505, Education

4    Code. Reference: Sections 56500 – 56507, Education Code; Section 11425.10,

5    11430.10-11430.30, 11430.50 and 11430.60, Government Code; 20 U.S.C. Sections

6    1415(f)(b)(2) and (c), U.S. Code, Title 20; and 34 C.F.R. Sections 300.506-300.513,

7    Code of Federal Regulations, Title 34.

8

9    **§ 3086. Mediation.**

10    (a) Government Code section 11420.10 of the Administrative Procedure Act does

11    not apply to special education due process hearing procedures because Education

12    Code sections 56500-56507 provide for mediation.

13    (a)  Process for conducting mediations in due process proceedings:

14    (1)  Any party to a special education dispute under Education Code Part 30

15    (sections 56000 et seq.) may, before or after filing a request for a due process hearing,

16    request mediation by filing a written request with the hearing office and at the same

17    time serving it on all parties to the dispute.

18    (2)  Mediation is voluntary. No party will be required to request or participate in

19    mediation, and mediation is not a prerequisite to a hearing. Mediation shall not be used

20    to deny or delay a parent's right to a due process hearing, or to deny any other rights

21    afforded by the Individuals with Disabilities Education Improvement Act and its

22    implementing regulations (20 U.S.C. sections 1400 et seq.; 34 C.F.R. sections 300.1 et

23    seq.); California Education Code Part 30 (sections 56000 et seq.); or these regulations.

24    (3) The department shall bear the cost of the mediation process.

25    (4) The contractor, in compliance with 20 U.S.C. section 1415(e)(2)(C) and 34

26    C.F.R. section 300.506(b)(2)(i), shall maintain a public list of mediators who are trained,

27    qualified, and supervised in compliance with section [X] of these regulations. The list

28    shall include the qualifications of each mediator.

29    NOTE: Authority cited: Sections 56504.5(c), 56100(a) and (j) and 56505, Education

30    Code. Reference: Sections 56500 – 56507, Education Code; Section 11420.10,

31    Government Code, 20 U.S.C. Sections 1415(e)(b)(2) and (c), U.S. Code, Title 20; and

32    34 C.F.R. Sections 300.506-300.513, Code of Federal Regulations, Title 34.

33

10

1    **§ 3086.1. Confidentiality of Mediations.**

2    The contractor shall maintain procedures to ensure that mediators of special

3    education disputes under Education Code Part 30 (sections 56000 et seq.) maintain

4    the confidentiality of all information obtained by the mediator in the course of mediating

5    a special education due process proceeding, unless expressly authorized by the parties

6    or required by law.

7    NOTE: Authority cited: Sections 56504.5(c), 56100 and 56505, Education Code.

8    Reference: 20 U.S.C. Sections 1415 (e); 34 C.F.R. Section 300.506.

9

10    **§ 3086.2. Qualifications and Training of Mediators.**

11    The contractor shall meet the following standards on training, qualifications, and

12    supervision of mediators:

13    (a)  A mediator of a special education dispute under Education Code Part 30

14    (sections 56000 et seq.) shall be knowledgeable in laws and regulations relating to the

15    provision of special education and related services, and in the process of reconciling

16    differences in a nonadversarial manner.

17    (b)  A mediator shall hold a minimum of a bachelor of arts or bachelor of science

18    degree from an accredited college or university and shall have completed the minimum

19    training as provided in this regulation before acting as a mediator.

20    (c)  A mediator shall have completed at least 20 hours of approved training in

21    mediation theory, techniques, and practices, which may include practical, clinical, or

22    simulated training, and shall include, but not be limited to, the following subjects:

23    (1)  Mediation purposes;

24    (2)  Evaluating cases for mediation;

25    (3)  Mediation and mediator's ethics;

26    (4)  Confidentiality in and after mediation;

27    (5)  Negotiation theory;

28    (6)  Approaches to conflict resolution;

29    (7)  Preparation for mediation;

30    (8)  Mediator's opening;

31    (9)  Stages of mediation;

32    (10)  Identification and narrowing of issues;

33    (11)  Communications skills;

11

1    (12) Use of caucuses;

2    (13) Strategies for dealing with recurring mediation problems;

3    (14) Recognizing opportunities in mediation;

4    (15) Recognizing and dealing with impasse and closure;

5    (16) Multi-party mediation;

6    (17) Post-mediation issues; and

7    (18) Resources for mediators.

8    (d) A mediator shall have completed at least 20 hours of approved training in

9    special education disputes, which may include practical, clinical, or simulated training,

10    and which shall include, but not be limited to, the following subjects:

11    (1) The substantive and procedural laws relating to the Individuals with Disabilities

12    Education Improvement Act of 2004 (IDEIA)(20 U.S.C. sections 1400 et seq.),

13    including, but not limited to, the federal regulations implementing IDEIA (34 C.F.R.

14    sections 300.1 et seq.); Education Code sections 56000 et seq. and the regulations

15    implementing those sections (Cal. Code Regs., tit. 5 sections 3000 et seq.); related

16    federal and state statutes and regulations; and court and administrative rulings

17    interpreting or implementing all of the above;

18    (2) Common disabilities and their impact on human functioning;

19    (3) The impact of common disabilities on students in an educational environment;

20    (4) Disability awareness;

21    (5) Options for the accommodation of disabilities in education and elsewhere;

22    (6) Services and supports available to students with exceptional needs;

23    (7) Adaptation of general techniques to special education disputes;

24    (8) Participation of children with exceptional needs in special education disputes;

25    and

26    (9) Participation of parents, guardians, and representatives of children with

27    exceptional needs in special education disputes.

28    (e) A mediator shall annually complete at least 20 hours of approved continuing

29    education in mediation and the mediation of special education disputes, which may

30    include practical, clinical, or simulated training, and which shall include, but not be

31    limited to, further study of, and developments in, the subjects set forth in the

32    immediately preceding subdivisions (3) and (4).

33    NOTE: Authority cited: Sections 56504.5(c), 56100 and 56505, Education Code.

1    Reference: 20 U.S.C. Sections 1415(e); 34 C.F.R. Section 300.506.

2

3    **§ 3086.3. Mediators: Conflicts of Interest.**

4        (a) The contractor shall require mediators to prevent conflicts of interest. A mediator

5    shall disclose all actual and potential conflicts of interest reasonably known to the

6    mediator. After disclosure, the mediator shall decline to mediate unless all parties

7    choose to retain the mediator. The need to protect against conflicts of interest also

8    governs conduct that occurs during and after the mediation.

9        (b)  A conflict of interest is a dealing or relationship that might create an impression

10    of possible bias. The basic approach to questions of conflict of interest is consistent

11    with the concept of self-determination. The mediator has a responsibility to disclose all

12    actual and potential conflicts that are reasonably known to the mediator and could

13    reasonably be seen as raising a question about impartiality.

14    NOTE: Authority cited: Sections 56504.5(c), 56100 and 56505, Education Code.

15    Reference: 20 U.S.C. Sections 1415(e); 34 C.F.R. Section 300.506.

16

17    **§ 3089. Partial Non-Applicability of Certain Sections of the Administrative**

18    **Procedure Act to Special Education Due Process Hearing Procedures.**

19        Special education due process hearing procedures shall not be subject to the

20    following provisions of the Administrative Procedure Act: Government Code sections

21    11415.60 (Decision by settlement); 11420.10 and 11420.30 (Referral of proceedings);

22    11425.10 (Governing procedures); 11440.10 (Authority of agency head following

23    decision); 11440.20 (Service notice); 11440.30(b) (Conduct of hearing by electronic

24    means); 11445.10-11445.60 (Informal hearing); ~~11450.05-11450.30 (Subpoenas);~~

25    11460.10-11460.70 (Emergency decision); 11465.10-11465.60 (Declaratory decisions);

26    11470.10-11470.50 (Conversion of proceeding).

27    NOTE: Authority cited: Sections 56100~~(a) and (j)~~ and 56505, Education Code.

28    Reference: Sections 56500 – 56507, Education Code; Sections 11415.60, 11420.10,

29    11420.30, 11425.10, 11440.10-11440.30, 11445.10-11445.60, 11450.05-11450.30,

30    11460.10-11460.70, 11465.10-11465.60 and 11470.10-11470.50, Government Code;

31    20 U.S.C. Sections 1415(b)(2) and (c)~~, U.S. Code, Title 20~~; and 34 C.F.R. Sections

32    300.506-300.513~~, Code of Federal Regulations, Title 34~~.

33

1  **§ 3090.  Procedures Manual.**

2       The contractor shall maintain a manual that describes the procedures of mediation

3  and due process hearings. Said manual shall provide detailed guidance for parents as

4  follows:

5       (a) How to file a due process complaint, including suggestions on filing a complaint;

6       (b) Describes mediation, how to prepare for mediation and participate in mediation;

7       (c) Properly communicate with the hearing office and other parties;

8       (d) How to compel attendance of witnesses and compel production of documents;

9       (e) How to prepare for a due process hearing;

10      (f) Proper presentation of evidence; and,

11      (g) All applicable statutes and regulations.

12  NOTE: Authority cited: Section 56504.5(c), Education Code. Reference: 20 U.S.C.

13  1414(a)(15)(c).

14

15  **§ 3090.1. Quarterly Reports.**

16       The contractor shall report to the department, on at least a quarterly basis, with the

17  following information:

18      (a) Mediations:

19      (1) The number of mediation requests;

20      (2) The number of mediations not related to hearing requests;

21      (3) The number of mediations related to hearing requests;

22      (4) The number of mediation agreements not related to hearing requests;

23      (5) The number of mediation agreements related to hearing requests; and

24      (6) The number of mediations pending.

25      (b) Due process hearings:

26      (1) The number of hearing requests;

27      (2) The number of settlement agreements;

28      (3) The number of hearings held (fully adjudicated);

29      (4) The number of decisions within the timelines provided by law;

30      (5) The number of decisions within extended timeline;

31      (6) The number of decisions issued after timelines and extension expired;

32      (7) The number of hearings pending;

33      (8) The number of expedited hearings; and

1    (9) The number of hearing request cases resolved without a hearing.

2    (c) Expedited hearing requests (related to disciplinary decision):

3    (1) The number of expedited hearing requests;

4    (2) The number of settlement agreements;

5    (3) The number of expedited hearings (fully adjudicated); and

6    (4) The number of changes of placement ordered.

7    NOTE: Authority cited: Section 56504.5(c), Education Code. Reference: 20 U.S.C.

8    1414(a)(15)(c).

9

10    **§ 3091.  Committee to Advise Contractor.**

11    The contractor shall maintain an Advisory Committee composed of attorneys,

12    advocates, parents, and school employees and shall schedule meetings with the

13    committee, one in northern California and one in southern California, in the first half of

14    the year, and one in northern California and one in southern California in the second

15    half of the year, for a total of four meetings each year. The contractor shall conduct this

16    committee in accordance with federal and state laws and regulations. This committee is

17    responsible for advising on the conducting of mediations and due process hearings.

18    The committee's recommendations shall not be binding upon the contractor.

19    NOTE: Authority cited: Section 56504.5(c), Education Code. Reference: 20 U.S.C.

20    1414(a)(19).

21

22    **§ 3092. Monitoring, Tracking, and Management of Cases.**

23    (a) The contractor shall permit the department to audit, review, and inspect the

24    contractor's activities, books, documents, papers, and records during the progress of

25    the work and for five years following final payment. All documents associated with

26    mediations and hearings will be retained for the same time period. The contractor shall

27    allow department staff to monitor ongoing work being performed under this agreement

28    including, but not limited to, training being provided to hearing officers, administrative,

29    supervisory, information technology, and support staff operating the mediation and

30    hearing program.

31    (b) The contractor shall archive all case-related records by year at the State

32    Records Center in circumstances that ensure their confidentiality. The contractor shall

33    maintain a seven-year retention schedule for these files and shall cooperate and

1   facilitate transfer authority over these records to the department upon completion or
2   termination of this agreement.
3      (c) The contractor shall maintain accounting records and other evidence pertaining
4   to costs incurred and shall make them available to the department during the period of
5   the interagency agreement and for five years after final payment on the agreement.
6      (d) The contractor shall submit quarterly reports to the contract monitor. These
7   reports shall address activities conducted and planned as well as concerns or
8   obstacles. These reports shall also include the data reported in quarterly data reports.
9      (e) The contractor shall make all data collected available for placement on the
10   department's Web site.
11      (f) The contractor shall gather, analyze, and report to the department statistical data
12   on productivity of hearing officers and mediators using measurements for quantifying
13   the productivity as determined by the department.
14      (g) In accordance with Education Code section 56504.5, each report shall contain
15   data to provide the department with information needed to comply with federal and
16   state laws and regulations for monitoring local programs. Specifically, these reports
17   shall provide data as requested by the federal Office of Special Education Programs
18   and any state laws imposing a requirement upon the department of reporting of data
19   related to the above.
20   NOTE: Authority cited: Sections 56504.5(c), Education Code. Reference: 20 U.S.C.
21   1414(a)(15)(c).
22
23
24
25
26
27
28
29
30
31
32
33   10-12-06 [California Department of Education]

16

# EXHIBIT "D"



Change Text Size: A A A

Search [          ]

Advanced | Site Map | A-Z Index

Curriculum & Instruction          Testing & Accountability          Professional Development

Finance & Grants          Data & Statistics          Learning Support          Specialized Programs

Home » Resources » Laws & Regulations » Proposed Rulemaking & Regulations          **Printer-friendly version**

## Special Education Hearing Officer

Requires the CDE to enter into an interagency agreement with another state agency or contract with a nonprofit organization or entity to conduct mediation conferences and due process hearings.

Notice of Proposed Rulemaking and Comment Period (Notice Published 26-Jan-2007)
45-Day Public Comment Period Begins on 27-Jan-2007 and Ends on 22-Mar-2007

Proposed Regulations (DOC; 91KB; 16pp.)
Initial Statement of Reasons (DOC; 69KB; 9pp.)
15-Day Notice and Comment Period (Notice Published 19-Dec-2007; DOC; 67KB; 1p.)
15-Day Public Comment Period Begins on 20-Dec-2007 and Ends on 03-Jan-2008

. 15-Day Notice Regulations (DOC; 73 KB; 12pp.)
Rulemaking File Resubmitted to OAL on 25-Jan-2008
Review of Rulemaking File by OAL To Be Completed On/Before 11-Mar-2008

**Questions: Regulations Coordinator | regcomments@cde.ca.gov | 916-319-0860**
**Download Free Readers**

California Department of Education
1430 N Street
Sacramento, CA 95814

Contact Us | FAQ | Web Policy

Last Reviewed: Wednesday, February 06, 2008



California Department of
**EDUCATION**

Change Text Size: A A A

Search [        ]

Advanced | Site Map | A-Z Index

Curriculum & Instruction          Testing & Accountability          Professional Development

Finance & Grants          Data & Statistics          Learning Support          Specialized Programs

Home » Resources » Laws & Regulations » Proposed Rulemaking & Regulations          **Printer-friendly version**



CALIFORNIA
DEPARTMENT OF
EDUCATION
_____
1430 N STREET
SACRAMENTO, CA
95814-5901

**JACK O'CONNELL**
State Superintendent of
Public Instruction
PHONE: (916) 319-0800

## INOTICE OF PROPOSED RULEMAKING

### AMENDMENT TO CALIFORNIA CODE OF REGULATIONS, TITLE 5, REGARDING SPECIAL EDUCATION – PROCEDURAL SAFEGUARDS – HEARING OFFICERS

[Notice published January 26, 2007]

**NOTICE IS HEREBY GIVEN** that the Superintendent of Public Instruction (SSPI) proposes to adopt the regulations described below after considering all comments, objections, or recommendations regarding the proposed action.

### TWO PUBLIC HEARINGS

California Department of Education (CDE) staff, on behalf of the SSPI, will hold two public hearings. The first public hearing will be held in Southern California on **March 19, 2007**, at **10:00 a.m.**, East San Gabriel Valley SELPA, 1400 Ranger Drive, Covina, California, 91722-2055. The second public hearing will be held in Northern California on **March 22, 2007**, at **9:00 a.m.**, Sacramento County Office of Education, 10474 Mather Boulevard, Board Room, Sacramento, California, 95626. The rooms are wheelchair accessible. At either hearing, any person may present statements or arguments, orally or in writing, relevant to the proposed action described in the Informative Digest. The SSPI requests that any person desiring to present statements or arguments orally notify the Regulations Coordinator of such intent. The SSPI requests, but does not require, that persons who make oral comments at the public hearing also submit a written summary of their statements. No oral statements will be accepted subsequent to this public hearing.

### WRITTEN COMMENT PERIOD

Any interested person, or his or her authorized representative, may submit written comments relevant to the proposed regulatory action to:

Debra Strain, Regulations Coordinator
LEGAL DIVISION
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814

Comments may also be submitted by facsimile (FAX) at 916-319-0155 or by e-mail to
regcomments@cde.ca.gov. Comments must be received by the Regulations Coordinator prior to **5:00 p.m. on March 22, 2007**.

## AVAILABILITY OF CHANGED OR MODIFIED TEXT

Following the public hearing and considering all timely and relevant comments received, the SSPI may adopt the proposed regulations substantially as described in this Notice or may modify the proposed regulations if the modifications are sufficiently related to the original text. With the exception of technical or grammatical changes, the full text of any modified regulation will be available for 15 days prior to its adoption from the Regulations Coordinator and will be mailed to those persons who submit written comments related to this regulation, or who provide oral testimony at the public hearing, or who have requested notification of any changes to the proposed regulations.

## AUTHORITY AND REFERENCE

Authority: Section 56505, Education Code.

References: Sections 56500.1, 56501, 56502, 56504.5, 56505, 56505.1, 56505.2, and 56507, Education Code; 20 USC Sections 1400, et seq.

## INFORMATIVE DIGEST/POLICY STATEMENT OVERVIEW

The Individuals with Disabilities Education Act (IDEA) guarantees all children with special needs a "free appropriate public education" (FAPE) that emphasizes special education and related services designed to meet each child's unique needs. (20 U.S.C. §1400 (D)(1)(A).) The IDEA contains numerous procedural safeguards. Most relevant for purposes of the proposed regulations, the Local Educational Agency (LEA) must give parents an opportunity to present complaints regarding any matter related to the education or placement of the child, or the provision of a FAPE to the child. (20 U.S.C. § 1415(b)(6).) Upon occurrence of certain conditions, and upon the presentation of such a complaint, the parent or guardian is entitled to a due process hearing before an impartial hearing officer. (20 U.S.C. § 1415(f)(1).)

Education Code section 56505(a) requires the CDE to "enter into an interagency agreement with another state agency or contract with a nonprofit organization or entity to conduct mediation conferences and due process hearings in accordance with Sections 300.506 and 300.508 of Title 34 of the Code of Federal Regulations." Education Code section 56504.5(c) requires that the SSPI "adopt regulations that establish standards for all of the following components of an interagency agreement or contract entered into pursuant to subdivision (a)." The proposed regulations are aimed at satisfying the statutory mandate.

## DISCLOSURES REGARDING THE PROPOSED ACTION

*The SSPI has made the following initial determinations:*

Mandate on local agencies and school districts: None

Cost or savings to any state agency: Costs to a state agency that contracts to provide mediation and/or due process hearings will be reimbursable through an interagency agreement with the department.

Costs to any local agencies or school districts for which reimbursement would be required pursuant to Part 7 (commencing with section 17500) of division 4 of the Government Code: None

Other non-discretionary costs or savings imposed on local educational agencies: Savings, if any, will be to the department if the cost of an interagency agreement is less that the cost or contracting with a non-profit organization.

Costs or savings in federal funding to the state: None

Significant, statewide adverse economic impact directly affecting business including the ability of California businesses to compete with businesses in other states: None

Cost impacts on a representative private person or businesses: The Superintendent is not aware of any cost impacts that a representative private person or business would necessarily incur in reasonable compliance with the proposed action.

Adoption of these regulations will not 1) create or eliminate jobs within California; 2) create new businesses or eliminate existing businesses within California; or 3) affect the expansion of businesses currently doing business within California.

Effect on housing costs: None

Effect on small businesses: The proposed amendments to the regulations do not affect small businesses because the regulations apply only to school districts and not to business practices.

## CONSIDERATION OF ALTERNATIVES

The SSPI must determine that no reasonable alternative it considered or that has otherwise been identified and brought to the attention of the SSPI, would be more effective in carrying out the purpose for which the action is proposed, or would be as effective and less burdensome to affected private persons than the proposed action. The SSPI invites interested persons to present statements or arguments with respect to alternatives to the proposed regulations at the scheduled hearing or during the written comment period.

## CONTACT PERSONS

Inquiries concerning the content of this regulation should be directed to:

Gabriel C. Vivas, Deputy General Counsel
Legal and Audits Branch, Legal Office
1430 N Street, 5th Floor
Sacramento, CA 95814
Telephone: 916-319-0860
E-mail: gvivas@cde.ca.gov

Inquiries concerning the regulatory process may be directed to the Regulations Coordinator or Connie Diaz, Regulations Analyst, at 916-319-0860.

## INITIAL STATEMENT OF REASONS AND INFORMATION

The SSPI has prepared an Initial Statement of Reasons for the proposed regulation and has available all the information upon which the proposal is based.

## TEXT OF PROPOSED REGULATION AND CORRESPONDING DOCUMENTS

Copies of the exact language of the proposed regulation, the Initial Statement of Reasons, and all of the information upon which the proposal is based, may be obtained upon request from the Regulations Coordinator. These documents may also be viewed and downloaded from the CDE's web site at http://www.cde.ca.gov/re/lr/rr/.

## AVAILABILITY AND LOCATION OF THE FINAL STATEMENT OF REASONS AND RULEMAKING FILE

All the information upon which the proposed regulations are based is contained in the rulemaking file which is available for public inspection by contacting the Regulations Coordinator.

You may obtain a copy of the Final Statement of Reasons once it has been prepared, by making a written request to the Regulations Coordinator.

## REASONABLE ACCOMMODATION FOR ANY INDIVIDUAL WITH A DISABILITY

Pursuant to the *Rehabilitation Act of 1973*, the *Americans with Disabilities Act of 1990*, and the *Unruh Civil Rights Act*, any individual with a disability who requires reasonable accommodation to attend or participate in a public hearing on proposed regulations, may request assistance by contacting Gabriel Vivas, Legal Office, 1430 N Street, 5th Floor, Sacramento, CA, 95814; telephone, 916-319-0860. It is recommended that assistance be requested at least two weeks prior to the hearing.

**Download Free Readers**

California Department of Education
1430 N Street
Sacramento, CA 95814

Contact Us | FAQ | Web Policy

Last Reviewed: Friday, January 26, 2007

1        **Title 5. EDUCATION**

2        **Division 1. California Department of Education**

3        **Chapter 3. Handicapped Children**

4        **Subchapter 1. Special Education**

5        **Article 7. Procedural Safeguards**

6

7        **§ 3082. Due Process Hearing Procedures.**

8        (a) A parent or public education agency may initiate a hearing pursuant to

9        Education Code Ssections 56500 through 56507 and Title 34, Code of Federal

10        Regulations, Sections 300.56 through 300.514 on any of the matters described in

11        Education Code Ssection 56501. The hearing shall be conducted by a hearing officer

12        knowledgeable in administrative hearings an under contract with the State

13        Ddepartment of Education as provided in section 3082.1 of these regulations.

14        (b) The hearings conducted pursuant to this section shall not be conducted

15        according to the technical rules of evidence and those related to witnesses. Any

16        relevant evidence shall be admitted if is the sort of evidence or which responsible

17        persons are accustomed to rely in the conduct of serious affairs, regardless of the

18        existence of any common law or statutory rule which might make improper the

19        admission of such evidence over objection in civil actions. Hearsay evidence may be

20        used for the purpose of supplementing or explaining other evidence but shall not be

21        sufficient in itself to support a finding unless it would be admissible over objection civil

22        actions. All testimony shall be under oath or affirmation which the hearing officer is

23        empowered to administer. A hearing officer is authorized to conduct a pre-hearing

24        conference, a settlement conference, grant continuances, and bifurcate issues.

25        (c) In addition to the rights afforded to parties to a due process hearing held

26        pursuant to Education Code Ssections 56500-56507 and Title 34, Code of Federal

27        Regulations, Section 300.514, the parties shall also have the following rights:

28        (1) To call witnesses, including adverse witnesses, and to cross examine witnesses

29        for the other party;

30        (2) To compel the attendance of witnesses. The hearing officer shall have the right

31        to issue Subpoenas (order to appear and give testimony) and Subpoenas Duces

32        Tecum (order to produce document(s) or paper(s) upon a showing of reasonable

33        necessity by a party). pursuant to article 11 of the Administrative Procedure Act relating

1    to subpoenas and subpoenas duces tecum (Government Code sections 11450.05

2    through 11450.50);

3        (3) Absent compelling circumstances to the contrary, and upon motion to the

4    hearing officer to have witnesses excluded from the hearing.

5        (d) Hearings and mediations shall be conducted in the English language; when the

6    primary language of a party or a witness to a hearing is other than English, or other

7    mode of communication, an interpreter shall be provided who is competent as

8    determined by the hearing officer. Cost for an interpreter shall be borne by the State

9    Ddepartment of Education. Interpreters shall take an oath to interpret fully and

10   accurately.

11       (1) Where a parent or a witness's primary language is one designated under

12   Government Code section 11435.40(a), the interpreter shall be certified by the State

13   Personnel Board in accordance with Government Code section 11435.30.

14       (2) Where a certified interpreter is unavailable, a hearing officer may appoint a non-

15   certified interpreter provisionally. Before appointing a non-certified interpreter, the

16   hearing officer shall follow the good cause and qualification procedures and guidelines

17   adopted by the Judicial Council. A person under the age of 18 may not be appointed or

18   allowed to serve as an interpreter.

19       (3) Where the primary language of a parent or witness is one not designated under

20   Government Code section 11435.40(a), the interpreter shall be qualified by the hearing

21   officer under the qualification procedures and guidelines adopted by the Judicial

22   Council.

23       (4) Where in the course of a hearing both a witness and a party need an interpreter,

24   the hearing officer shall appoint an interpreter for a witness other than the interpreter

25   appointed to assist a party. In no event shall a parent who requires an interpreter be

26   required to proceed without an interpreter.

27       (5) The contractor shall prepare commonly used forms, description of procedures,

28   and brochures for special education proceedings in languages other than English and

29   disseminate them to local educational agencies and to parents of students with

30   disabilities, particularly those who file for due process hearings.

31       (6) The contractor shall prepare and disseminate all public forms, procedures, and

32   brochures in English and, at minimum, the five foreign languages most commonly

33   spoken in California schools: Spanish, Vietnamese, Hmong, Cantonese, and Tagalog.

1    Translated procedural forms shall include, but not be limited to, a notice of procedural

2    safeguards, a description of mediation, a notice of mediation only, a notice of due

3    process hearing and mediation, a notice of expedited hearing, and a request for

4    continuance.

5         (e) If either the school district or the parents have an attorney present as an

6    observer, the attorney may watch the proceedings to advise his party at a later date,

7    but the attorney may not present oral argument, written argument or evidence, or

8    consult any manner in or out of the room, during the process hearing.

9         (f) Notwithstanding Government Code section 11425.10(a)(3) of the Administrative

10   Procedure Act, special education due process hearings are open or closed to the public

11   at the discretion of the parent.

12        (g) Notwithstanding Government Code section 11440.30 of the Administrative

13   Procedure Act, the hearing officer may conduct all or part of a hearing by telephone,

14   television, or other electronic means if each participant in the hearing has an

15   opportunity to participate in and to hear the entire proceeding while it is taking place

16   and to observe exhibits.

17        (h) The contractor shall maintain a public list of hearing officers who are trained,

18   qualified, and supervised in compliance with sections 3082.1, 3086.1 and 3086.2 of

19   these regulations. The list shall include a summary of the qualifications of each hearing

20   officer and mediator.

21   NOTE: Authority cited: Sections 56504.5(c), 56100(a) and (j) and 56505, Education

22   Code. Reference: Sections 56500 – 56507, Education Code; Sections 11425.10 and

23   11440.30, Government Code; 20 U.S.C. Sections 1415(b)(2) and (c), U.S. Code, Title

24   20; 34 C.F.R. and Sections 300.500, 300.506 – 300.513, Code of Federal Regulations,

25   Title 34.

26

27   **§ 3082.1.  Qualifications and Training of Hearing Officers.**

28        (a) The hearing shall be conducted by a hearing officer knowledgeable in

29   administrative hearings who satisfies the requirements set forth herein and who is

30   employed by, or under contract with, a state agency or nonprofit organization that has

31   entered into an agreement with the department to conduct due process hearings.

32        (b) Hearing officers shall be attorneys licensed to practice law in California for at

33   least five years immediately preceding his or her appointment, of which at least two

3

1  years shall have involved contested cases in a trial court or the conduct of formal

2  hearings or inquiries, and shall have involved experience in the presentation of

3  evidence and examination of witnesses before trial courts or quasi-judicial

4  administrative bodies.  Experience acquired as a hearing officer in formal quasi-judicial

5  administrative proceedings may be substituted year for year for the required two years

6  of experience.

7       (c) In addition to the "Minimum Qualifications" as set forth in subdivision (b), no

8  hearing officer may assume his or her duties unless a presiding officer of the body

9  responsible for conducting due process hearings determines he or she:

10      (1) Possess knowledge of the provisions of 20 U.S.C. sections 1400 et seq., federal

11  and state regulations pertaining to that title, and legal interpretations of that title by

12  federal and state courts;

13      (2) Possess knowledge of the provisions of Education Code sections 56000 et seq.

14  and related state statutes and implementing regulations, and legal interpretations of

15  those statutes and regulations by federal and state courts;

16      (3) Possess the knowledge and ability to conduct hearings in accordance with

17  appropriate, standard legal practice; and

18      (4) Possess the knowledge and ability to render and write decisions in accordance

19  with appropriate, standard legal practice.

20      (d) The contractor responsible for conducting due process hearings shall ensure

21  every hearing officer has completed at least 80 hours of training before conducting a

22  due process hearing.

23      (e) Hearings officers shall be trained in the adjudication of administrative matters,

24  which shall include, but not be limited to, the following subjects:

25      (1) Due process and the role of the hearing officer;

26      (2) Ethical requirements for hearing officers;

27      (3) Creating and maintaining a bias-free proceeding;

28      (4) Case management;

29      (5) Motions and other pre-hearing practice and procedure;

30      (6) Settlement practice;

31      (7) Hearing preparation;

32      (8) Making, completing, supplementing, and preserving a record;

33      (9) Opening and closing a hearing;

4

1    (10) Hearing room control and demeanor;

2    (11) Strategies for handling unrepresented parties;

3    (12) Dealing with a party's default;

4    (13) Handling and preserving documents and exhibits;

5    (14) Credibility of witnesses;

6    (15) Evaluating expert witnesses;

7    (16) Common evidentiary issues in administrative proceedings;

8    (17) Closing briefs and arguments and submission;

9    (18) Writing decisions; and

10    (20) Resources for hearing officers.

11    (f) A hearing officer's initial training shall include at least 20 hours of approved

12    training in the adjudication of special education disputes, which may include practical,

13    clinical, or simulated training, and which shall include, but not be limited to, the

14    following subjects:

15    (1) The substantive and procedural laws relating to the Individuals with Disabilities

16    Education Improvement Act of 2004 (IDEIA)(20 U.S.C. sections 1400 et seq.), including

17    the federal regulations implementing IDEIA (34 C.F.R. sections 300.1 et seq.);

18    Education Code sections 56000 et seq. and the regulations implementing those

19    sections (Cal. Code Regs., tit. 5, sections 3000 et seq.);  related federal and state

20    statutes and regulations; and court and administrative rulings interpreting or

21    implementing all of the above;

22    (2) Common disabilities and their impact on human functioning;

23    (3) The impact of common disabilities on students in an educational environment;

24    (4) Disability awareness;

25    (5) Options for the accommodation of disabilities in education and elsewhere;

26    (6) Services and supports available to students with exceptional needs;

27    (7) Adaptation of general techniques to special education disputes;

28    (8) Participation of children with exceptional needs in special education disputes;

29    and

30    (9) Participation of parents, guardians, and representatives of children with

31    exceptional needs in special education disputes.

32    (g)  A hearing officer annually shall complete at least 20 hours of approved

33    continuing education in the adjudication of administrative disputes and special

5

1    education disputes, which may include practical, clinical, or simulated training, and
2    which shall include, but not be limited to, the subjects set forth in the immediately
3    preceding subdivision (e)(1).
4    NOTE: Authority cited: Sections 56504.5(c)(1) and 56505, Education Code.
5    Reference: Sections 56500.1, 56501, 56502, 56504.5, 56505, 56505.1, 56505.2, and
6    56507, Education Code; 20 U.S.C. Sections 1400, et seq.
7
8    **§ 3082.2.  Hearing Officers: Conflicts of Interest.**
9       (a) Any involvement by a hearing officer with the subject matter of the dispute or
10    any relationship between a hearing officer with any party, whether past or present,
11    personal or professional, that reasonably raises a question of the hearing officer's
12    impartiality shall be disclosed to the parties as soon as practicable after the hearing
13    officer becomes aware of such circumstance.
14       (b) A hearing officer assigned to a hearing is subject to disqualification for bias,
15    prejudice, or conflict of interest in the proceeding or for receipt of an ex parte
16    communication in violation of the provisions contained in section 3084 of these
17    regulations.
18       (c) It is not alone or in itself grounds for disqualification, without further evidence of
19    bias, prejudice, or interest, that the hearing officer:
20       (1) Is or is not a member of a racial, ethnic, religious, sexual, or similar group and
21    the proceeding involves the rights of that group;
22       (2) Has experience, technical competence, or specialized knowledge of, or has in
23    any capacity expressed a view on, a legal, factual, or policy issue presented in the
24    proceeding; or
25       (3) Has, as a lawyer or public official, participated in the drafting of laws or
26    regulations or in the effort to pass or defeat laws or regulations, the meaning, effect, or
27    application of which is in issue in the proceeding.
28       (d) The contractor shall provide notice to the parties of the identity of the hearing
29    officer at least three days in advance of the due process hearing so that any motions
30    regarding a conflict of interest may be timely made and heard.
31       (e) A party to a special education due process proceeding is entitled to one
32    peremptory challenge (disqualification without cause) of a hearing officer assigned to
33    the due process hearing. Peremptory challenges, however, are not allowed in

6

1  proceedings involving temporary or interim relief and in no event shall one be made

2  after a due process hearing has commenced.

3  NOTE: Authority cited: Sections 56504.5(c) and 56505, Education Code. Reference:

4  Sections 56501, 56505(c)(1), Education Code; 20 U.S.C. section1415(f); 34 C.F.R.

5  sections 300.500, 300.511(c).

6

7  **§ 3082.3. Supervision of Hearing Officers and Mediators.**

8      (a) There shall be a supervisor of hearing officers who shall have at least seven

9  years of experience in the practice of law in civil or criminal trial courts, appellate

10  courts, or quasi-judicial administrative proceedings, including significant experience in

11  special education matters. The supervisor of hearing officers shall:

12      (1) Decide when a hearing officer meets the foregoing standards for hearing

13  officers;

14      (2) Approve hearing officers who meet the foregoing standards for inclusion on the

15  public list of qualified hearing officers maintained by the hearing office pursuant to 34

16  C.F.R. section 300.508(c) and Education Code section 56505(m);

17      (3) Supervise the work of all hearing officers;

18      (4) Review and approve the training and continuing education programs required

19  herein for hearing officers;

20      (5) Periodically evaluate hearing officers; and

21      (6) Review the decisions of hearing officers to ensure that they are clear, concise,

22  logical, well-reasoned, supported by appropriate legal authority, and addressed to all

23  issues required to be decided.

24      (b) There shall be a supervisor of mediators, who shall have at least five years of

25  experience in the mediation of disputes arising before, during, or independently of,

26  judicial or quasi-judicial administrative proceedings, including experience in special

27  education matters. The supervisor of mediators shall:

28      (1) Decide when a mediator meets the foregoing standards for mediators;

29      (2) Approve mediators who meet the foregoing standards for inclusion on the public

30  list of qualified mediators and their qualifications maintained by the hearing office

31  pursuant to 20 U.S.C. section 1415(e)(2)(C) and 34 C.F.R. section 300.506(b)(3 2)(i);

32      (3) Supervise the work of all mediators;

33      (4) Review and approve the training and continuing education programs required

7

1  herein for mediators;

2      (5)  Periodically evaluate mediators; and

3      (6)  Review mediation results, to the extent practicable consistent with the need for

4  confidentiality, to ensure that mediators perform competently in light of the standards

5  and expectations set forth herein.

6  NOTE: Authority cited: Sections 56504.5(c) and 56505, Education Code. Reference:

7  Sections 56501, 56505(c)(1), Education Code; 20 U.S.C. section 1415(f); 34 C.F.R.

8  sections 300.500, 300.511(c).

9

10  **§ 3083.  Service Notice.**

11      Notwithstanding Government Code section 11440.20 of the Administrative

12  Procedures Act, service of notice, motions, or other writing pertaining to special

13  education due process hearing procedures to the ~~Special Education Hearing~~ contractor

14  and any other person or entity are subject to the following provisions:

15      (a) The notice, motion, or writing shall be delivered personally or sent by mail or

16  other means to the ~~Hearing Office~~ contractor, person or entity at their last known

17  address and, if the person or entity is a party with an attorney or other authorized

18  representative of record in the proceeding, to the party's attorney or other authorized

19  representative.

20      (b) Unless a provision specifies the form of mail, service or notice by mail may be by

21  first-class mail, registered mail, or certified mail, by mail delivery service, by facsimile

22  transmission if complete and without error, or by other electronic means as provided by

23  regulation, in the discretion of the sender.

24      (c) Service must be made by a method that ensures receipt by all parties and the

25  ~~Hearing Office~~ contractor in a comparable and timely manner.

26  NOTE: Authority cited: Sections 56100~~(a) and (j)~~ and 56505, Education Code.

27  Reference: Sections 56500 – 56507, Education Code; Section 11440.20, Government

28  Code; 20 U.S.C. Sections 1415(b)(2) and (c)~~, U.S. Code, Title 20~~; ~~and~~ 34 C.F.R.

29  Sections 300.506 – 300.513, ~~Code of Federal Regulations, Title 34~~.

30

31  **§ 3084.  Ex Parte Communications.**

32      (a) Notwithstanding Government Code sections 11425.10(a)(8), 11430.20, and

33  11430.30 of the California Administrative Procedure Act, while special education due

8

1   process hearing proceedings are pending, there shall be no communication, direct or

2   indirect, regarding any issue in the proceeding, to a hearing officer from an employee

3   or representative of a party or from an interested person unless the communication is

4   made on the record at the hearing.

5       (b) A proceeding is pending from the date of receipt by the ~~California Special~~

6   ~~Education Hearing Office~~ contractor of the request for hearing.

7       (c) If a hearing officer receives a communication in violation of this section, the

8   hearing officer shall disclose the content of the communication on the record and give

9   the parties an opportunity to address the matter if so requested within 10 days of

10  receipt of notification of the communication.

11      (1) The hearing officer has discretion to allow the party to present evidence

12  concerning the subject of the communication.

13      (2) The hearing officer has discretion to reopen a hearing that has been concluded.

14      (d) If a hearing officer receives a communication in violation of this section, the

15  hearing officer shall make all of the following a part of the record in the proceeding:

16      (1) If the communication is written, the writing and any written response of the

17  hearing officer.

18      (2) If the communication is oral, a memorandum stating the substance of the

19  communication, any response made by the hearing officer, and the identity of each

20  person from whom the hearing officer received the communication.

21      (e) The hearing officer shall notify all parties that the communication has been made

22  a part of the record.

23      (f) Receipt by the hearing officer of a communication in violation of this section may

24  be grounds for disqualification of the hearing officer. If the hearing officer is disqualified,

25  the portion of the record pertaining to the ex parte communication may be sealed by

26  order of the disqualified hearing officer.

27      (g) Once mediation is requested, a party or anyone acting on behalf of a party shall

28  not communicate with the mediator outside of the mediation process. A mediator may

29  communicate with any of the parties outside the presence of the opposing party, but

30  such communications shall be limited to those necessary to arrange for the mediation

31  or make any changes in the mediation procedures. Any communication received by the

32  mediator in violation of this rule shall be communicated as soon as possible to the other

33  party or parties. The "mediation process" shall include those times in the course of

9

1   mediation during which the mediator meets separately with the parties which is a part
2   of the resolution process ordinarily involved in mediation.
3   NOTE: Authority cited: Sections 56504.5(c), 56100(a) and (j) and 56505, Education
4   Code. Reference: Sections 56500 – 56507, Education Code; Section 11425.10,
5   11430.10-11430.30, 11430.50 and 11430.60, Government Code; 20 U.S.C. Sections
6   1415(f)(b)(2) and (c), U.S. Code, Title 20; and 34 C.F.R. Sections 300.506-300.513,
7   Code of Federal Regulations, Title 34.
8
9   **§ 3086. Mediation.**
10      (a) Government Code section 11420.10 of the Administrative Procedure Act does
11   not apply to special education due process hearing procedures because Education
12   Code sections 56500-56507 provide for mediation.
13      (a)  Process for conducting mediations in due process proceedings:
14      (1)  Any party to a special education dispute under Education Code Part 30
15   (sections 56000 et seq.) may, before or after filing a request for a due process hearing,
16   request mediation by filing a written request with the hearing office and at the same
17   time serving it on all parties to the dispute.
18      (2)  Mediation is voluntary. No party will be required to request or participate in
19   mediation, and mediation is not a prerequisite to a hearing. Mediation shall not be used
20   to deny or delay a parent's right to a due process hearing, or to deny any other rights
21   afforded by the Individuals with Disabilities Education Improvement Act and its
22   implementing regulations (20 U.S.C. sections 1400 et seq.; 34 C.F.R. sections 300.1 et
23   seq.); California Education Code Part 30 (sections 56000 et seq.); or these regulations.
24      (3) The department shall bear the cost of the mediation process.
25      (4) The contractor, in compliance with 20 U.S.C. section 1415(e)(2)(C) and 34
26   C.F.R. section 300.506(b)(2)(i), shall maintain a public list of mediators who are trained,
27   qualified, and supervised in compliance with section [X] of these regulations. The list
28   shall include the qualifications of each mediator.
29   NOTE: Authority cited: Sections 56504.5(c), 56100(a) and (j) and 56505, Education
30   Code. Reference: Sections 56500 – 56507, Education Code; Section 11420.10,
31   Government Code, 20 U.S.C. Sections 1415(e)(b)(2) and (c), U.S. Code, Title 20; and
32   34 C.F.R. Sections 300.506-300.513, Code of Federal Regulations, Title 34.
33

10

1    **§ 3086.1. Confidentiality of Mediations.**

2        The contractor shall maintain procedures to ensure that mediators of special

3    education disputes under Education Code Part 30 (sections 56000 et seq.) maintain

4    the confidentiality of all information obtained by the mediator in the course of mediating

5    a special education due process proceeding, unless expressly authorized by the parties

6    or required by law.

7    NOTE: Authority cited: Sections 56504.5(c), 56100 and 56505, Education Code.

8    Reference: 20 U.S.C. Sections 1415 (e); 34 C.F.R. Section 300.506.

9

10   **§ 3086.2. Qualifications and Training of Mediators.**

11       The contractor shall meet the following standards on training, qualifications, and

12   supervision of mediators:

13       (a)  A mediator of a special education dispute under Education Code Part 30

14   (sections 56000 et seq.) shall be knowledgeable in laws and regulations relating to the

15   provision of special education and related services, and in the process of reconciling

16   differences in a nonadversarial manner.

17       (b)  A mediator shall hold a minimum of a bachelor of arts or bachelor of science

18   degree from an accredited college or university and shall have completed the minimum

19   training as provided in this regulation before acting as a mediator.

20       (c)  A mediator shall have completed at least 20 hours of approved training in

21   mediation theory, techniques, and practices, which may include practical, clinical, or

22   simulated training, and shall include, but not be limited to, the following subjects:

23       (1)  Mediation purposes;

24       (2)  Evaluating cases for mediation;

25       (3)  Mediation and mediator's ethics;

26       (4)  Confidentiality in and after mediation;

27       (5)  Negotiation theory;

28       (6)  Approaches to conflict resolution;

29       (7)  Preparation for mediation;

30       (8)  Mediator's opening;

31       (9)  Stages of mediation;

32       (10)  Identification and narrowing of issues;

33       (11)  Communications skills;

11

1    (12)  Use of caucuses;

2    (13)  Strategies for dealing with recurring mediation problems;

3    (14)  Recognizing opportunities in mediation;

4    (15)  Recognizing and dealing with impasse and closure;

5    (16)  Multi-party mediation;

6    (17)  Post-mediation issues; and

7    (18)  Resources for mediators.

8    (d) A mediator shall have completed at least 20 hours of approved training in

9    special education disputes, which may include practical, clinical, or simulated training,

10    and which shall include, but not be limited to, the following subjects:

11    (1) The substantive and procedural laws relating to the Individuals with Disabilities

12    Education Improvement Act of 2004 (IDEIA)(20 U.S.C. sections 1400 et seq.),

13    including, but not limited to, the federal regulations implementing IDEIA (34 C.F.R.

14    sections 300.1 et seq.);  Education Code sections 56000 et seq. and the regulations

15    implementing those sections (Cal. Code Regs., tit. 5 sections 3000 et seq.);  related

16    federal and state statutes and regulations; and court and administrative rulings

17    interpreting or implementing all of the above;

18    (2) Common disabilities and their impact on human functioning;

19    (3) The impact of common disabilities on students in an educational environment;

20    (4) Disability awareness;

21    (5) Options for the accommodation of disabilities in education and elsewhere;

22    (6) Services and supports available to students with exceptional needs;

23    (7) Adaptation of general techniques to special education disputes;

24    (8) Participation of children with exceptional needs in special education disputes;

25    and

26    (9) Participation of parents, guardians, and representatives of children with

27    exceptional needs in special education disputes.

28    (e) A mediator shall annually complete at least 20 hours of approved continuing

29    education in mediation and the mediation of special education disputes, which may

30    include practical, clinical, or simulated training, and which shall include, but not be

31    limited to, further study of, and developments in, the subjects set forth in the

32    immediately preceding subdivisions (3) and (4).

33    NOTE: Authority cited: Sections 56504.5(c), 56100 and 56505, Education Code.

1    Reference: 20 U.S.C. Sections 1415(e); 34 C.F.R. Section 300.506.

2

3    **§ 3086.3. Mediators: Conflicts of Interest.**

4    (a) The contractor shall require mediators to prevent conflicts of interest. A mediator

5    shall disclose all actual and potential conflicts of interest reasonably known to the

6    mediator. After disclosure, the mediator shall decline to mediate unless all parties

7    choose to retain the mediator. The need to protect against conflicts of interest also

8    governs conduct that occurs during and after the mediation.

9    (b) A conflict of interest is a dealing or relationship that might create an impression

10    of possible bias. The basic approach to questions of conflict of interest is consistent

11    with the concept of self-determination. The mediator has a responsibility to disclose all

12    actual and potential conflicts that are reasonably known to the mediator and could

13    reasonably be seen as raising a question about impartiality.

14    NOTE: Authority cited: Sections 56504.5(c), 56100 and 56505, Education Code.

15    Reference: 20 U.S.C. Sections 1415(e); 34 C.F.R. Section 300.506.

16

17    **§ 3089. Partial Non-Applicability of Certain Sections of the Administrative**

18    **Procedure Act to Special Education Due Process Hearing Procedures.**

19    Special education due process hearing procedures shall not be subject to the

20    following provisions of the Administrative Procedure Act: Government Code sections

21    11415.60 (Decision by settlement); 11420.10 and 11420.30 (Referral of proceedings);

22    11425.10 (Governing procedures); 11440.10 (Authority of agency head following

23    decision); 11440.20 (Service notice); 11440.30(b) (Conduct of hearing by electronic

24    means); 11445.10-11445.60 (Informal hearing); 11450.05-11450.30 (Subpoenas);

25    11460.10-11460.70 (Emergency decision); 11465.10-11465.60 (Declaratory decisions);

26    11470.10-11470.50 (Conversion of proceeding).

27    NOTE: Authority cited: Sections 56100(a) and (j) and 56505, Education Code.

28    Reference: Sections 56500 – 56507, Education Code; Sections 11415.60, 11420.10,

29    11420.30, 11425.10, 11440.10-11440.30, 11445.10-11445.60, 11450.05-11450.30,

30    11460.10-11460.70, 11465.10-11465.60 and 11470.10-11470.50, Government Code;

31    20 U.S.C. Sections 1415(b)(2) and (c), U.S. Code, Title 20; and 34 C.F.R. Sections

32    300.506-300.513, Code of Federal Regulations, Title 34.

33

1   **§ 3090.  Procedures Manual.**

2       The contractor shall maintain a manual that describes the procedures of mediation

3   and due process hearings. Said manual shall provide detailed guidance for parents as

4   follows:

5       (a) How to file a due process complaint, including suggestions on filing a complaint;

6       (b) Describes mediation, how to prepare for mediation and participate in mediation;

7       (c) Properly communicate with the hearing office and other parties;

8       (d) How to compel attendance of witnesses and compel production of documents;

9       (e) How to prepare for a due process hearing;

10       (f) Proper presentation of evidence; and,

11       (g) All applicable statutes and regulations.

12   NOTE: Authority cited: Section 56504.5(c), Education Code. Reference: 20 U.S.C.

13   1414(a)(15)(c).

14

15   **§ 3090.1. Quarterly Reports.**

16       The contractor shall report to the department, on at least a quarterly basis, with the

17   following information:

18       (a) Mediations:

19       (1) The number of mediation requests;

20       (2) The number of mediations not related to hearing requests;

21       (3) The number of mediations related to hearing requests;

22       (4) The number of mediation agreements not related to hearing requests;

23       (5) The number of mediation agreements related to hearing requests; and

24       (6) The number of mediations pending.

25       (b) Due process hearings:

26       (1) The number of hearing requests;

27       (2) The number of settlement agreements;

28       (3) The number of hearings held (fully adjudicated);

29       (4) The number of decisions within the timelines provided by law;

30       (5) The number of decisions within extended timeline;

31       (6) The number of decisions issued after timelines and extension expired;

32       (7) The number of hearings pending;

33       (8) The number of expedited hearings; and

1     (9) The number of hearing request cases resolved without a hearing.

2     (c) Expedited hearing requests (related to disciplinary decision):

3     (1) The number of expedited hearing requests;

4     (2) The number of settlement agreements;

5     (3) The number of expedited hearings (fully adjudicated); and

6     (4) The number of changes of placement ordered.

7 NOTE: Authority cited: Section 56504.5(c), Education Code. Reference: 20 U.S.C.

8 1414(a)(15)(c).

9

10 **§ 3091.  Committee to Advise Contractor.**

11     The contractor shall maintain an Advisory Committee composed of attorneys,

12 advocates, parents, and school employees and shall schedule meetings with the

13 committee, one in northern California and one in southern California, in the first half of

14 the year, and one in northern California and one in southern California in the second

15 half of the year, for a total of four meetings each year. The contractor shall conduct this

16 committee in accordance with federal and state laws and regulations. This committee is

17 responsible for advising on the conducting of mediations and due process hearings.

18 The committee's recommendations shall not be binding upon the contractor.

19 NOTE: Authority cited: Section 56504.5(c), Education Code. Reference: 20 U.S.C.

20 1414(a)(19).

21

22 **§ 3092. Monitoring, Tracking, and Management of Cases.**

23     (a) The contractor shall permit the department to audit, review, and inspect the

24 contractor's activities, books, documents, papers, and records during the progress of

25 the work and for five years following final payment. All documents associated with

26 mediations and hearings will be retained for the same time period. The contractor shall

27 allow department staff to monitor ongoing work being performed under this agreement

28 including, but not limited to, training being provided to hearing officers, administrative,

29 supervisory, information technology, and support staff operating the mediation and

30 hearing program.

31     (b) The contractor shall archive all case-related records by year at the State

32 Records Center in circumstances that ensure their confidentiality. The contractor shall

33 maintain a seven-year retention schedule for these files and shall cooperate and

1  facilitate transfer authority over these records to the department upon completion or
2  termination of this agreement.
3     (c) The contractor shall maintain accounting records and other evidence pertaining
4  to costs incurred and shall make them available to the department during the period of
5  the interagency agreement and for five years after final payment on the agreement.
6     (d) The contractor shall submit quarterly reports to the contract monitor. These
7  reports shall address activities conducted and planned as well as concerns or
8  obstacles. These reports shall also include the data reported in quarterly data reports.
9     (e) The contractor shall make all data collected available for placement on the
10  department's Web site.
11     (f) The contractor shall gather, analyze, and report to the department statistical data
12  on productivity of hearing officers and mediators using measurements for quantifying
13  the productivity as determined by the department.
14     (g) In accordance with Education Code section 56504.5, each report shall contain
15  data to provide the department with information needed to comply with federal and
16  state laws and regulations for monitoring local programs. Specifically, these reports
17  shall provide data as requested by the federal Office of Special Education Programs
18  and any state laws imposing a requirement upon the department of reporting of data
19  related to the above.
20  NOTE: Authority cited: Sections 56504.5(c), Education Code. Reference: 20 U.S.C.
21  1414(a)(15)(c).
22
23
24
25
26
27
28
29
30
31
32
33  10-12-06 [California Department of Education]

16

# EXHIBIT "E"

**ellendowd@sbcglobal.net**

| | |
|---|---|
| **From:** | <tlwhiteleather@juno.com> |
| **To:** | <ellendowd@sbcglobal.net>; <dayon@sdhiggins.com> |
| **Sent:** | Friday, February 29, 2008 9:43 AM |
| **Subject:** | OAH and new regulations |

Dear Mr. Berli:

After spending much time on September 11, 2007 to inform CDE of the many problems with OAH, I was disappointed that CDE has stalled and delayed any action concerning the pending contract for due process services. Parents and students continued to be denied due process and, as a result, FAPE, as CDE stands by. You and your agency are aware of the failures of OAH, including the mis-spending of funds destined for special education, yet you and CDE have taken no appreciable action to correct these contract breaches, mis-spendings, and denials of due process. CDE continues to receive federal funding for special education and for special education hearings.

Further, in September, we (Ellen Dowd, John Nolte, Dayon Higgins and I) told you, Mr. Belotti, and Mr. Rousseve of the continued failure of OAH to train its administrative judges pursuant to the agreement it entered into with CDE. Mr. Belloti insisted that only initial training was 80 hours, but did not realize that the contract terms specified 80 hours "annual" training. He was surprised at what the contract stated and that OAH had failed to comply with that contract term.

Now, instead of addressing OAH's failure to comply with that contract, CDE is proposing regulations that simply do a short and mindless fix for OAH's failure to comply with the contract. . . CDE has proposed changing the training requirements! Instead of 80 hours of annual training for individuals working in this specialized field of law, CDE proposes requiring only 20 hours annually, a minimal and insufficient amount of hours to even keep up with changes in special education, case law, and recent decisions or agency rulings.

I had hoped that CDE would take some reasonable action to address OAH's failures, as well as CDE's failure to ensure that OAH did what it promised under the contract, including training its administrative judges and providing parents with lists of low-or no-
cost attorneys. That has yet to be provided to parents, despite OAH's having the contract for almost three years.

You and CDE have notice and knowledge of the continued failures of OAH to comply with state and federal law, to comply with contract terms, and to provide a fair due process system to students and their parents for special education matters. Please tell me what, if anything, is going to be done to address these continuing and serious problems so that disabled students have some avenue for fair hearing in California.

Tania L. Whiteleather
Law Offices of Tania L. Whiteleather
5445 E. Del Amo Blvd. Ste 207
Lakewood, CA 90712
(562) 866-8755
(562) 866-6875

---

Create the home of your dreams! Click now to choose from thousands of house plans!
http://thirdpartyoffers.juno.com/TGL2121/fc/loyw6i3m1Y4kPoAt8tvNXtkimlvzakpTGiGIo2dO0lGWW

2/29/2008

--
Internal Virus Database is out-of-date.
Checked by AVG Free Edition.
Version: 7.5.516 / Virus Database: 269.20.8/1287 - Release Date: 2/19/2008 10:55 AM

# EXHIBIT "F"



California **Department of**
# EDUCATION

Change Text Si

Search

Advanced | Site Ma

Curriculum & Instruction

Testing & Accountability

Professional Developm

Finance & Grants

Data & Statistics

Learning Support

Specialized Pi

Home » Resources » Laws & Regulations » Proposed Rulemaking & Regulations

Printer-frie

# Special Education Hearing Officer

Requires the CDE to enter into an interagency agreement with another state agency or contract with a nonprof
organization or entity to conduct mediation conferences and due process hearings.

- Notice of Proposed Rulemaking and Comment Period (Notice Published 26-Jan-2007)
  - 45-Day Public Comment Period Begins on 27-Jan-2007 and Ends on 22-Mar-2007
- Proposed Regulations (DOC; 91KB; 16pp.)
- Initial Statement of Reasons (DOC; 69KB; 9pp.)
- 15-Day Notice and Comment Period (Notice Published 19-Dec-2007; DOC; 67KB; 1p.)
  - 15-Day Public Comment Period Begins on 20-Dec-2007 and Ends on 03-Jan-2008
- 15-Day Notice Regulations (DOC; 73 KB; 12pp.)
- Rulemaking File Resubmitted to OAL on 25-Jan-2008
- Review of Rulemaking File by OAL To Be Completed On/Before 11-Mar-2008

**Questions: Regulations Coordinator | regcomments@cde.ca.gov | 9:**
**Download I**

California Department of Education
1430 N Street
Sacramento, CA 95814

Contact Us | FAQ | Web Policy

Last Reviewed: Wednesday, February 06, 2008



California **Department of**
# EDUCATION

Change Text Si

Search

**Advanced | Site Ma**

Curriculum & Instruction

Testing & Accountability

Professional Developm

Finance & Grants

Data & Statistics

Learning Support

Specialized P

Home » Resources » Laws & Regulations » Proposed Rulemaking & Regulations

Printer-frie

# Special Education Hearing Officer

Requires the CDE to enter into an interagency agreement with another state agency or contract with a nonprofit organization or entity to conduct mediation conferences and due process hearings.

- Notice of Proposed Rulemaking and Comment Period (Notice Published 26-Jan-2007)
  - 45-Day Public Comment Period Begins on 27-Jan-2007 and Ends on 22-Mar-2007
- Proposed Regulations (DOC; 91KB; 16pp.)
- Initial Statement of Reasons (DOC; 69KB; 9pp.)
- 15-Day Notice and Comment Period (Notice Published 19-Dec-2007; DOC; 67KB; 1p.)
  - 15-Day Public Comment Period Begins on 20-Dec-2007 and Ends on 03-Jan-2008
- 15-Day Notice Regulations (DOC; 73 KB; 12pp.)
- Rulemaking File Resubmitted to OAL on 25-Jan-2008
- Review of Rulemaking File by OAL To Be Completed On/Before 11-Mar-2008
- Rulemaking File Withdrawn on 29-Feb-2008

**Questions: Regulations Coordinator | regcomments@cde.ca.gov | 9:**
**Download I**

California Department of Education
1430 N Street
Sacramento, CA 95814

Contact Us | FAQ | Web Policy

Last Reviewed: Monday, March 03, 2008