EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
SUSAN K. LEACH, State Bar No. 231575
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-2105
 Fax: (213) 897-1071
 Email: Susan.Leach@doj.ca.gov

Attorneys for Ron Diedrich, in his official capacity as
Director and Chief Administrative Law Judge of the
State of California Office of Administrative Hearings

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br><br>Defendant. | Case No. 08 CV0226 W AJB<br><br>MOTION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, TO INTERVENE AS DEFENDANT [No Oral Argument Pursuant to Local Rule]<br><br>Judge: The Honorable Thomas J. Whelan |

INTRODUCTION

Ron Diedrich, in his official capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings ("OAH") moves this Court for leave to intervene as a defendant in the above-captioned matter so that he may defend OAH against the allegations in the Complaint. This case is a class action complaint seeking injunctive relief against the California Department of Education ("CDE") for alleged violations of the federal

MOTION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMIN. LAW JUDGE OF THE STATE OF
CALIFORNIA OFFICE OF ADMIN. HEARINGS TO INTERVENE AS DEFENDANT          Case No. 08 CV0226 W AJB

1

Individuals with Disabilities Education Act ("IDEA"), the United States Constitution Supremacy Clause (Article VI, Section 2) and the Equal Protection Clause of the 14th Amendment. CDE is not, however, the only, or even the primary, state agency challenged by the allegations. The crux of the alleged violations is a contract between OAH and CDE by which OAH provides administrative due process hearings to students with disabilities who request a hearing pursuant to the IDEA. Plaintiff's allegations are that OAH, in performing the administrative due process hearings, has violated the IDEA and has harmed plaintiff and an undetermined class of additional plaintiffs.

OAH has violated no state or federal laws in performing the administrative due process hearings and seeks to intervene to protect its contractual rights with CDE and to defend itself against the allegations specified in the complaint.[1]

### FACTS

Plaintiff, C.S. by and through his Conservator, Mary Struble ("Plaintiff") brought this action as a class action complaint against defendant CDE. Complaint at p. 1. Plaintiff asserted jurisdiction pursuant to 28 U.S.C. § 1331 because it arises under the IDEA and related regulations. *Id.* at ¶¶ 1-2. The action is brought as a class action on behalf of all special education students and their parents who had administrative due process hearings heard by OAH between July 1, 2005 and the present (the "Class Period") and who, plaintiff alleges, received less than complete relief as afforded under IDEA. *Id.* at ¶¶ 3-4.

During the Class Period, CDE and OAH entered into and were bound by an Interagency Agreement ("Contract"), and OAH agreed pursuant to that Contract, to conduct the due process hearings in accordance with federal law. *See* Complaint, Exhibit 1 ("Contract"). Plaintiff alleges that the administrative law judges conducting special education hearings for OAH failed to obtain the training required by the Contract, failed to meet the qualifications specified in the Contract and did not perform the hearings pursuant to applicable law. Complaint at ¶¶ 7-9, 30,

---

1. This motion to intervene is timely as the complaint in this matter was filed on February 5, 2008, and served on defendant the California Department of Education on February 25, 2008.

MOTION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS TO INTERVENE AS DEFENDANT    Case No. 08 CV0226 W AJB

2

34, 45-53. Additionally, plaintiff alleges that OAH has misrepresented data provided to CDE with respect to the administration of mediations and due process hearings conducted by OAH. *Id.* at ¶¶ 54-68. Plaintiff also alleges that administrative law judges employed by OAH violated the Contract by presiding over non-special education cases, failing to provide proper educational records to students and parents when requested, unlawfully delegating the decision regarding compensatory education to the school district, allowing unauthorized discovery in the due process proceedings and mishandling conflict of law analysis. Complaint at ¶¶ 69-95.

Plaintiff also alleges that defendant CDE initially did not want to award the Contract to OAH, but did so in order not to lose federal funding. Complaint at ¶¶ 96-105.

Currently CDE and OAH are negotiating a contract that would be effective July 1, 2008. Complaint at ¶¶ 3, 37 and p. 36 at ¶ 1.

Plaintiff seeks a temporary restraining order and preliminary and permanent injunctions enjoining defendant CDE from renewing or otherwise awarding the Contract to OAH effective July 1, 2008. Complaint at p. 36, ¶ 1.

Plaintiff served this complaint on defendant California Department of Education on February 25, 2008. *See* Susan K. Leach Declaration, filed herewith, ("Leach Declaration") at ¶ 2. Plaintiff filed a motion for a temporary restraining order on February 19, 2008 and served it on defendant California Department of Education on February 25, 2008. Leach Declaration at ¶ 3.

Defendant CDE is willing to stipulate to the requested intervention. Plaintiff's counsel has not responded to OAH's inquiry as to an agreement to the intervention, and it is presently unknown whether plaintiff will oppose this motion. Leach Declaration at ¶¶ 5-6.

## ARGUMENT

### I. OAH IS AUTHORIZED TO INTERVENE IN THIS ACTION BY RIGHT PURSUANT TO RULE 24(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the applicant's interest; and

MOTION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS TO INTERVENE AS DEFENDANT          Case No. 08 CV0226 W AJB

(4) the applicant's interest must not be adequately represented by existing parties. Fed. R. Civ. P. 24(a); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts liberally construe Rule 24 of the Federal Rules of Civil Procedure in favor of applicants for intervention. *Arakaki*, 324 F.3d at 1083; *Unites States of America v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Westlands Water Dist. v. United States of America*, 700 F.2d 561, 563 (9th Cir. 1983). Courts are guided primarily by practical and equitable considerations. *Arakaki*, 324 F.3d at 1083. Here, applicant OAH meets all four requirements, well within the guiding considerations.

First, this motion is timely. Courts look at three factors when determining timeliness: (1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Oregon,* 745 F.2d 550, 552 (9th Cir. 1984) (litigation begun in 1982, motion to intervene timely filed in September 1983). Here, the complaint was filed about four weeks ago, and there has been no delay in filing this motion for intervention. At this stage, no answer has been filed, and no party will be prejudiced by the intervention of OAH. In fact, to the contrary as described below, OAH's intervention will assist in providing a full factual presentation to the Court.

Second, OAH has a significantly protectable interest in this action – namely the renewal of the Contract with CDE. An applicant has a "'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly*, 159 F.3d at 409 (internal citations omitted). In an intervention context, "[c]ontract rights are traditionally protectable interests." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Moreover, here there is a direct relationship between OAH's protectable contract interest and plaintiff's claims.

The entire crux of plaintiff's complaint is the alleged deficiencies of OAH in performing pursuant to the Contract with CDE. Most of the allegations are about and against OAH and the administrative law judges at OAH. Plaintiff alleges that OAH's failure to obtain the training required by the Contract, failure to meet the qualifications specified in the Contract and failure to

1  perform the hearings pursuant to applicable law caused CDE to violate the law. Complaint at ¶¶
2  7-9, 30, 34, 45-53. Additionally, plaintiff alleges that OAH has misrepresented data provided to
3  CDE with respect to the administration of mediations and due process hearings conducted by
4  OAH. *Id.* at ¶¶ 54-68. Plaintiff also alleges that administrative law judges employed by OAH
5  violated the Contract by presiding over non-special education cases, failing to provide proper
6  educational records to students and parents when requested, unlawfully delegating the decision
7  regarding compensatory education to the school district, allowing unauthorized discovery in the
8  due process proceedings and mishandling conflict of law analysis. Finally, plaintiff seeks
9  injunctive relief enjoining CDE from renewing or otherwise awarding the new Contract which
10 would be effective July 1, 2008 to OAH. Complaint at p. 36. All of these allegations are focused
11 on conduct by OAH and administrative law judges employed by OAH, and granting the relief
12 sought would eliminate OAH's ability to contract with CDE. There is a relationship between the
13 legally protected interest, OAH's right to contract with CDE, and plaintiff's claims. OAH has a
14 significantly protectable contractual interest at stake in this action and OAH should be allowed to
15 intervene.

16      Third, there can be no dispute that disposition of this action in favor of plaintiff would
17 impact or impede OAH's protectable contractual interest. As described above, although plaintiff
18 has fashioned this complaint as one against CDE, the outcome plaintiffs seek, injunctive relief
19 preventing defendant from renewing or otherwise awarding the Contract to OAH, would impair
20 OAH's rights as a party to that Contract. The resolution of this matter would affect the moving
21 party, OAH, in that the relief that plaintiff seeks would prevent OAH from contracting with CDE
22 if the relief is granted.

23      Finally, OAH's interest would not be adequately represented by the existing parties and
24 thus, OAH's intervention by right is required. OAH is a party to the Contract at issue. The
25 plaintiff has requested that the Contract not be renewed effective July 1, 2008. Although CDE is
26 a party to the Contract and presumably has *some* interest in maintaining its ability to contract
27 with OAH, plaintiff has alleged that CDE, in fact, did *not* want to contract with OAH in 2005.
28 *See* Complaint at ¶¶ 96-105. Thus, accepting plaintiff's allegation as true for the purpose of this

1  motion,[2] neither plaintiff nor defendant CDE would adequately represent OAH's interest
2  because, according to the complaint, neither CDE nor plaintiff wants OAH to be able to contract
3  with CDE. Of course, even assuming plaintiff's allegation is wrong and CDE does in fact want
4  to maintain its ability to contract with OAH, the allegation nonetheless serves to highlight the
5  different interest of CDE and OAH as parties contracting for and providing services, respectively.
6  Therefore, OAH needs to be a party in this case to adequately represent its own interests.

7  OAH meets all the requirements for intervention by right, and this application should be
8  granted to allow OAH to properly defend its contractual rights with CDE, including defending its
9  rights by opposing the temporary restraining order motion that is pending. Plaintiffs took three
10 weeks to serve the complaint on defendant CDE, and the motion for temporary restraining order
11 was not served on CDE until February 25, 2008. There clearly is no emergency that cannot await
12 OAH's participation. Additionally, Courts have held that Rule 24 of the Federal Rules of Civil
13 Procedure should be liberally construed in favor of applicants for intervention. OAH has
14 violated no state or federal laws in performing the administrative due process hearings, and
15 allowing OAH to intervene would allow OAH to protect its contractual rights with CDE and
16 defend itself against the allegations specified in the complaint.

17 For all these reasons, OAH respectfully requests that the Court allow OAH to intervene in
18 this action.

**II. IN THE ALTERNATIVE, OAH SHOULD BE ALLOWED TO INTERVENE BY PERMISSION PURSUANT TO RULE 24(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

21 A party seeking to intervene by permission must show the following: (1) it shares a
22 common question of law or defense with the main action and (2) its motion is timely. The Court
23 must consider whether intervention will unduly delay the main action or will unfairly prejudice
24 the existing parties. Fed. R. Civ. P. 24(b); *see also Donnelly v. Glickman*, 159 F.3d at 411.

25 Here, the core of plaintiff's claims are the allegations that OAH has not performed under the

---

2. *Cf. Southwest Center for Biological Diversity*, 268 F.3d at 820 (accepting allegations and evidence submitted in support of motion to intervene as true for purposes of intervention motion when intervention must be determined before discovery).

Contract with CDE. CDE's defense of these claims will require the same factual information and discovery required by OAH to defend these claims. Additionally, OAH is not adding additional claims or issues to the complaint, but rather will be defending the claims already raised in the complaint. Most importantly, not only does OAH's intervention not unfairly prejudice the existing parties, but because most of the allegations regard the competency and training of administrative law judges at OAH – adding OAH as a party may quicken the pace of litigation. Fairness and judicial economy weigh heavily in favor of allowing OAH to intervene in this action.

## CONCLUSION

For all the reasons stated above, OAH respectfully requests that this Court allow it to intervene in this matter.

Dated: March 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

DOUGLAS J. WOODS
Supervising Deputy Attorney General


\s\ Susan K. Leach
SUSAN K. LEACH
Deputy Attorney General
Attorneys for Ron Diedrich, in his official capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings

60282183.wpd
SA2008300685

## DECLARATION OF SERVICE BY FACSIMILE AND OVERNIGHT MAIL

Case Name:   **C.S., by and through his Conservator, Mary Struble v. California Department of Education**

Case No.:    **08 CV0226 W AJB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business. My facsimile machine telephone number is (213) 897-1071.

On March 7, 2008 at 1:38 PM., I served the attached **MOTION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, TO INTERVENE AS DEFENDANT** by transmitting a true copy by facsimile machine, pursuant to California Rules of Court, rule 2.306. The facsimile machine I used complied with Rule 2.306, and no error was reported by the machine. Pursuant to rule 2.306(g)(4), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration. In addition, I enclosed in a sealed envelope with the **California Overnight Courier Service**, addressed as followed:

Ellen Dowd
658 Del Mar Heights Road #228
Del Mar, California 92014
**(858) 755-6348**

Gabriel C. Vivas, Deputy General Counsel
Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
**(916) 319-0155**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 7, 2008, at Los Angeles, California.

|                        |                      |
|------------------------|----------------------|
| Angela Artiga          | *[signature]*        |
| Declarant              | Signature            |

50233226.wpd

```
*************** -COMM. JOURNAL- ******************** DATE MAR-07-2008 ***** TIME 14:36 ********

        MODE = MEMORY TRANSMISSION            START=MAR-07 14:26    END=MAR-07 14:36

            FILE NO.=587
STN    COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.      PAGES      DURATION
NO.

001    OK         ☎918587556348                                 009/009    00:03:22


                                                        -DEPARTMENT OF JUSTICE   -
***** UF-8000 v2 ******************* -LOS ANGELES     - ***** -    213 897 1071- *********
```

EDMUND G. BROWN JR.
Attorney General

State of California
DEPARTMENT OF JUSTICE



## FAX TRANSMISSION COVER SHEET

> IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: March 7, 2008        TIME: 2:11 PM        NO. OF PAGES: 9
                                                (Including Fax Cover Sheet)

TO:
  NAME:     Ellen Dowd, Esq.
  OFFICE:
  LOCATION: Del Mar
  FAX NO.:  (858) 755-6348        PHONE NO.: (858) 342-8360

FROM:
  NAME:     Susan K. Leach, Deputy Attorney General
  OFFICE:   Government Law Section
  LOCATION: Los Angeles
  FAX NO.:  (213) 897-1071        PHONE NO.: (213) 897-2105

### MESSAGE/INSTRUCTIONS

Re: C.S., by and through his Conservator, Mary Struble v. California Department of Education
    United State District Court - Southern District of California, Case No. 08CV0226 W AJB

**Motion by Ron Diedrich, in His Official Capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings' to Intervene as Defendant**

50233243.wpd

**PLEASE DELIVER AS SOON AS POSSIBLE**
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER

```
*************** -COMM. JOURNAL- ******************* DATE MAR-07-2008 ***** TIME 14:28 ********

       MODE = MEMORY TRANSMISSION           START=MAR-07 14:26    END=MAR-07 14:28

          FILE NO.=588

 STN   COMM.      STATION NAME/EMAIL ADDRESS/TELEPHONE NO.   PAGES     DURATION
 NO.

 001   OK         ☎919163190155                              009/009   00:01:21


                                            -DEPARTMENT OF JUSTICE    -
 ***** UF-8000 v2 ******************* -LOS ANGELES    - ***** -    213 897 1071- *********
```



EDMUND G. BROWN JR.  
Attorney General

State of California  
DEPARTMENT OF JUSTICE

# FAX TRANSMISSION COVER SHEET

> IMPORTANT/CONFIDENTIAL: This communication is intended only for the use of the individual or entity to which it is addressed. This message contains information from the State of California, Attorney General's Office, which may be privileged, confidential, and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

DATE: March 7, 2008         TIME: 2:03 PM         NO. OF PAGES: __9__
(Including Fax Cover Sheet)

**TO:**
- NAME: Gabriel C. Vivas, Deputy General Counsel
- OFFICE: Department of Education
- LOCATION: Sacramento
- FAX NO.: (916) 319-0155         PHONE NO.: (916) 319-0860

**FROM:**
- NAME: Susan K. Leach, Deputy Attorney General
- OFFICE: Government Law Section
- LOCATION: Los Angeles
- FAX NO.: (213) 897-1071         PHONE NO.: (213) 897-2105

### MESSAGE/INSTRUCTIONS

Re: C.S., by and through his Conservator, Mary Struble v. California Department of Education  
United State District Court - Southern District of California, Case No. 08CV0226 W AJB

Motion by Ron Diedrich, in His Official Capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings', to Intervene as Defendant

50233243.wpd

**PLEASE DELIVER AS SOON AS POSSIBLE**  
FOR ASSISTANCE WITH THIS FAX, PLEASE CALL THE SENDER