Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>        Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO INTERVENE AND EX PARTE MOTION TO SHORTEN TIME THEREFOR<br><br>Date: To Be Set<br>Time: To Be Set<br>Judge: Hon. Thomas J. Whelan |

0

08 CV 0226 W (AJB)
Plaintiff's Memorandum of Points
and Authorities in Opposition to
Motion to Intervene

# I.

# INTRODUCTION

On March 7. 2008, the Court granted Defendant, California Department of Education, "CDE"'s Motion to Extend time on the TRO applied for by Plaintiff. The Court maintains in both the original briefing schedule and the Order Extending Time that irreparable harm, if any, would not occur until July 1, 2008, and, even then, the Court has the inherent power to undo anything that CDE may do to inflict the irreparable harm on Plaintiff and others similarly situated.

Immediately following the issuance of the Order Extending Time, California Office of Administrative Hearings "OAH", through its Chief Administrative Law Judge, Ron Diedrich, filed a Notice of Intervention and an Ex Parte Application Shortening Time on the Intervention Motion.

Plaintiff hereby first opposes the shortening of time, as this would not allow Plaintiff adequate time to oppose the intervention, and also raises serious concerns about the propriety of any intervention by OAH under FRCP 24(a) or 24(b).

# II.

# FACTS

On May 25, 2005, CDE awarded Interagency Agreement No. 4427 (Ex. 1 to Complaint) to OAH effective July 1, 2005-June 30, 2008. The Interagency Agreement required every Administrative Law Judge (ALJ) hired by OAH to hear special education due process hearings, have 80 hours of training prior to presiding over special education due process hearings. (Ex. 1 to the Complaint). CDE's 10/12/06 proposed additions to regulations, Title 5 California Code of Regulations §3082, states, "The proposed regulations contemplate a training component to be provided to each hearing officer _prior_ to his or her assumption of duties. Training for each hearing officer should be such that every hearing officer possesses familiarity with precepts central to special education, including services and

1

08 CV 0226 W (AJB)
Plaintiff's Memorandum of Points
and Authorities in Opposition to
Motion to Intervene

and supports available to pupil's with exceptional needs and a demonstrated ability to write clear and concise decisions." (Ex. A to the Complaint, p. 5).

This is in conformity with the IDEA mandate provided in Pursuant to 20 U.S.C. § 1415(f)(3)(A)(ii) and (iii), that a due process hearing must be:

> [H]eard by a hearing officer who possesses knowledge of, and the ability to understand, the provisions of the IDEA, federal and state regulations pertaining to the IDEA, the legal interpretations of the IDEA by federal and state courts, ... possesses the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice...and possesses the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice. (See, also California Education Code § 56505(c)(1)).

At issue in the Complaint in this action is whether CDE allocated federal funds to OAH to properly conduct Special Education Due Process Hearings, and whether, due to the deficiencies of OAH, CDE should be enjoined from allocating further federal funds, due on or about July 1, 2008, to OAH?

### III.
### **ARGUMENT**
#### 1. **Legal Standard Intervention of Right**

Intervention shall be permitted when: (1) a federal statute confers the unconditional right to intervene in the action; or (2) the applicant claims an interest which, as a practical matter, may be impaired or impeded by disposition of the pending action and <u>that interest is not adequately represented by existing parties</u>. FRCP 24(a)(emphasis added).

OAH does not cite any statute, and none exists giving it the unconditional right to intervene. OAH claims an interest an the Interagency Agreement starting on July 1, 2008, which currently is not written, and is not in evidence.

2

08 CV 0226 W (AJB)
Plaintiff's Memorandum of Points
and Authorities in Opposition to
Motion to Intervene

If OAH is seeking intervention under 24(a), it must prove that its interests cannot be adequately represented by an original party, namely, CDE. As shown in the exhibits to the declaration of Gabriel Vivas to CDE's Motion To Extend Time, Mr. Vivas, on behalf of CDE admitted on February 28, 2008, "there's no way on God's green earth that we [CDE] are not going to contract with then [OAH] on July 1, 2008."

Mr. Vivas also copied OAH's attorney, Susan Leach with e-mails sent to Plaintiff's counsel. CDE claimed that it did not have adequate notice of the content of the Complaint to oppose the TRO, however, it appears that the non-party, OAH has adequate information about the Complaint to file for Intervention.

As of right now, it appears from all of the pleadings and motions in this case, that OAH's interests are more than adequately represented by CDE. For this reason, the application to shorten time should be denied, and Plaintiff should have a full and fair opportunity to oppose the Intervention based upon adequate investigation and research, on grounds including, but not limited to: adequacy of CDE's representation, presumption of adequate representation, standing, federal subject matter jurisdication[1], and constitutionality.

As seen in the accompanying Declaration of Ellen Dowd, Esq., Plaintiff has attempted to obtain documents from OAH through a Public Records Act Request, to determine the dealings between CDE and OAH concerning the upcoming Interagency Agreement, which have been denied on the grounds of "attorney client privilege." OAH's request to intervene may very well be negated by these withheld documents.

**2.    Irreparable Harm/Equitable Considerations.**

---

[1] Intervenor needs to show independent federal subject matter jurisdiction. Here, the Interagency Agreement is entered into between two state agencies. If OAH has any claims against CDE concerning the upcoming Interagency Agreement, this would be a matter for state court, not federal court.

3                    08 CV 0226 W (AJB)
Plaintiff's Memorandum of Points
and Authorities in Opposition to
Motion to Intervene

The federal government allocated 29 million dollars to CDE for the provision of Due Process Hearings under IDEA throughout the State of California. CDE does not want to conduct these hearings, and, therefore is responsible for contracting with another agency or entity. Public funds are currently being used by CDE in opposing this action. Why does another public agency have to deplete additional public funds at this stage of the action, when it presumptively appears that CDE and adequately represent OAH's interests?

The important equitable question is, where are the public funds coming from that are being used in defense of Plaintiff's case? Not from the State of California. Attached hereto as Exhibit "A" is the California Department of Education Budget Act 0f 2007-08 concerning "Special Education & Related Budget Items." On page 7 of Exhibit "A" the provision of the contract for mediation and hearings is derived from the Federal Trust Fund. There is no budget item under state funding which addresses this.

$29 million has already been spent, and fewer than 10% of special education students throughout the state have been provided justice, meaning, a FAPE under IDEA, through this process. Rather then OAH intervening, the United States Department of Education, which has a constitution right to intervene, should do so, or, should pull its funding from CDE if the Interagency Agreement is with OAH.

As seen in the accompanying Declaration, the U.S. Department of Education is aware of Plaintiff's claims, and is aware of this lawsuit. The federal government should be given an opportunity to intervene, or otherwise act, prior to the Court allowing duplicative public funds from being used in OAH's intervention.

## IV.
## CONCLUSION

4

08 CV 0226 W (AJB)
Plaintiff's Memorandum of Points
and Authorities in Opposition to
Motion to Intervene

Based upon the foregoing, OAH's Ex Parte Application to Shorten Time should be denied, and a noticed motion under standard timelines be scheduled to allow plaintiff time to adequately address the application for intervention.

Dated: March 10, 2008

Respectfully submitted,

Ellen Dowd, Attorney for Plaintiff, C.S.

# EXHIBIT "A"

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

Senate Bill 77 (Chapter 171, Statutes of 2007)
Approved by the Governor on August 24, 2007
As Amended by Senate Bill 78 (Chapter 172, Statutes of 2007)

> The 2007-08 budget provides $3,158,993,000 from the General Fund and $1,161,356,000 from federal funds for special education programs for individuals with exceptional needs. The budget includes $150,857,000 to fund a cost-of-living adjustment (COLA) at 4.53 percent on the state-funded portion of the special education program.

## STATE PROPOSITION 98 FUNDS FOR SPECIAL EDUCATION

6110-161-0001--For local assistance, Department of Education (Proposition 98), Program 10.60-Special Education Programs for Exceptional Children................................................................ $3,158,993,000

Schedule:
(1) 10.60.050.003-Special education instruction........................... $3,088,902,000
(2) 10.60.050.080-Early Education Program for Individuals with Exceptional Needs................................................................ $ 84,486,000
(3) Reimbursements for Early Education Program, Part C.............. $ -14,395,000

Provisions:
1. Funds appropriated by this item are for transfer by the Controller to Section A of the State School Fund, in lieu of the amount that otherwise would be appropriated for transfer from the General Fund in the State Treasury to Section A of the State School Fund for the 2007-08 fiscal year pursuant to Sections 14002 and 41301 of the *Education Code*, for apportionment pursuant to Part 30 (commencing with Section 56000) of the *Education Code*, superseding all prior law.
2. Of the funds appropriated in Schedule (1) of this item, $12,688,000, plus any COLA, shall be available for the purchase, repair, and inventory maintenance of specialized books, materials, and equipment for pupils with low-incidence disabilities, as defined in Section 56026.5 of the *Education Code*.
3. Of the funds appropriated in Schedule (1), $9,684,000, plus any COLA, shall be available for the purposes of vocational training and job placement for special education pupils through Project Workability I pursuant to Article 3 (commencing with Section 56470) of Chapter 4.5 of Part 30 of the *Education Code*. As a condition of receiving these funds, each local educational agency shall certify that the amount of nonfederal resources, exclusive of funds received pursuant to this provision, devoted to the provision of vocational education for special education pupils shall be maintained at or above the level provided in the 1984-85 fiscal year. The Superintendent of Public Instruction may waive this requirement for local educational agencies that demonstrate that the requirement would impose a severe hardship.
4. Of the funds appropriated in Schedule (1), $5,051,000, plus any COLA, shall be available for regional occupational centers and programs that serve pupils having disabilities, and $85,078,000, plus any COLA, shall be available for regionalized

001

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

program specialist services, $2,420,000, plus any COLA, for small special education local plan areas (SELPAs) pursuant to Section 56836.24 of the *Education Code*.

5. Of the funds appropriated in Schedule (1), $3,000,000 is provided for extraordinary costs associated with single placements in nonpublic, nonsectarian schools, pursuant to Section 56836.21 of the *Education Code*. Pursuant to legislation, these funds shall also provide reimbursement for costs associated with pupils residing in licensed children's institutes.

6. Of the funds appropriated in Schedule (1), a total of $196,137,000, plus any COLA, is available to fund the costs of children placed in licensed children's institutions who attend nonpublic schools based on the funding formula authorized in Chapter 914 of the Statutes of 2004.

7. Funds available for infant units shall be allocated with the following average number of pupils per unit:
   (a) For special classes and centers--16.
   (b) For resource specialist programs--24.
   (c) For designated instructional services--16.

8. Notwithstanding any other provision of law, early education programs for infants and toddlers shall be offered for 200 days. Funds appropriated in Schedule (2) shall be allocated by the State Department of Education for the 2007-08 fiscal year to those programs receiving allocations for instructional units pursuant to Section 56432 of the *Education Code* for the Early Education Program for Individuals with Exceptional Needs operated pursuant to Chapter 4.4 (commencing with Section 56425) of Part 30 of the *Education Code*, based on computing 200-day entitlements. Notwithstanding any other provision of law, funds in Schedule (2) shall be used only for the purposes specified in Provisions 10 and 11.

9. Notwithstanding any other provision of law, state funds appropriated in Schedule (2) in excess of the amount necessary to fund the deficited entitlements pursuant to Section 56432 of the *Education Code* and Provision 10 shall be available for allocation by the State Department of Education to local educational agencies for the operation of programs serving solely low-incidence infants and toddlers pursuant to Title 14 (commencing with Section 95000) of the *Government Code*. These funds shall be allocated to each local educational agency for each solely low-incidence child through age two in excess of the number of solely low-incidence children through age two served by the local educational agency during the 1992-93 fiscal year and reported on the April 1993 pupil count. These funds shall only be allocated if the amount of reimbursement received from the State Department of Developmental Services is insufficient to fully fund the costs of operating the Early Intervention Program, as authorized by Title 14 (commencing with Section 95000) of the *Government Code*.

10. The State Department of Education, through coordination with the SELPAs, shall ensure local interagency coordination and collaboration in the provision of early intervention services, including local training activities, child-find activities, public awareness, and the family resource center activities.

11. Funds appropriated in this item, unless otherwise specified, are available for the sole purpose of funding 2007-08 special education program costs and shall not be used to fund any prior year adjustments, claims or costs.

002

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

12. Of the amount provided in Schedule (1), $179,000, plus any COLA, shall be available to fully fund the declining enrollment of necessary small SELPAs pursuant to Chapter 551 of the Statutes of 2001.
13. Pursuant to Section 56427 of the *Education Code*, of the funds appropriated in Schedule (1) of this item, up to $2,324,000 may be used to provide funding for infant programs, and may be used for those programs that do not qualify for funding pursuant to Section 56432 of the *Education Code*.
14. Of the funds appropriated in Schedule (1) of this item, $29,478,000 shall be allocated to local educational agencies for the purposes of Project Workability I.
15. Of the funds appropriated in Schedule (1) of this item, $1,700,000 shall be used to provide specialized services to pupils with low-incidence disabilities, as defined in Section 56026.5 of the *Education Code*.
16. Of the funds appropriated in Schedule (1), up to $1,117,000 shall be used for a personnel development program. This program shall include state-sponsored staff development for special education personnel to have the necessary content knowledge and skills to serve children with disabilities. This funding may include training and services targeting special education teachers and related service personnel that teach core academic or multiple subjects to meet the applicable special education requirements of the Individuals with Disabilities Education Improvement Act of 2004.
17. Of the funds appropriated in Schedule (1) of this item, up to $200,000 shall be used for research and training in cross-cultural assessments.
18. Of the amount specified in Schedule (1) of this item, $31,000,000 shall be used to provide mental health services required by an individual education plan pursuant to the federal Individuals with Disabilities Education Act of 2004 (20 U.S.C. Sec. 1400 et seq.) and pursuant to Chapter 493 of the Statutes of 2004.
19. Of the amount provided in Schedule (1), $150,857,000 is provided for a COLA at a rate of 4.53 percent.
20. Of the amount provided in Schedule (2), $3,699,000 is provided for a COLA at a rate of 4.53 percent.
21. Of the amount appropriated in this item, $1,480,000 is available for the state's share of costs in the settlement of Emma C. v. Delaine Eastin, et al. (N.D. Cal. No. C96-4179TEH). The State Department of Education shall report by January 1, 2008, to the fiscal committees of both houses of the Legislature, the Department of Finance, and the Legislative Analyst's Office on the planned use of the additional special education funds provided to the Ravenswood Elementary School District pursuant to this settlement. The report shall also provide the State Department of Education's best estimate of when this supplemental funding will no longer be required by the court. The State Department of Education shall comply with the requirements of Section 948 of the *Government Code* in any further request for funds to satisfy this settlement.
22. Of the funds appropriated in this item, $2,500,000 shall be allocated directly to special education local plan areas for a personnel development program that meets the highly qualified teacher requirements and ensures that all personnel necessary to carry out this part are appropriately and adequately prepared, subject to the requirements of paragraph (14) of subdivision (a) of Section 612 of the Individuals with Disabilities Education Act of 2004 (20 U.S.C. Sec. 1400 et seq.), and Section 2122 of the

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

Elementary and Secondary Education Act of 1965 (20 U.S.C. Sec. 6301 et seq.). The local in-service programs shall include a parent training component and may include a staff training component, and may include a special education teacher component for special education service personnel and paraprofessionals, consistent with state certification and licensing requirements. Use of these funds shall be described in the local plans. These funds may be used to provide training in alternative dispute resolution and the local mediation of disputes. All programs are to include evaluation components.

23. Notwithstanding any other provision of law, state funds appropriated in Schedule (1) in excess of the amount necessary to fund the defined entitlement shall be to fulfill other shortages in entitlements budgeted in this schedule by the State Department of Education, upon Department of Finance approval, to any program funded under Schedule (1).
24. The funds appropriated in this item reflect a reduction to the base funding of 0.48 percent for a statewide decline in average daily attendance.
25. Of the funds appropriated in Schedule (1), the amount resulting from increases in federal funds reflected in the calculation performed in paragraph (1) of subdivision (c) of Section 56836.08 of the *Education Code* shall be allocated based on an equal amount per average daily attendance and added to each special education local plan area's base funding, consistent with paragraphs (1) to (4), inclusive, of subdivision (b) of Section 56836.158 of the *Education Code*. This amount may be up to $19,000,000 less adjustment for state operations and preschool. When the final amount is determined, the State Department of Education shall provide this information to the Department of Finance and the legislative budget committees of each house.

### FEDERAL FUNDS FOR SPECIAL EDUCATION

6110-161-0890--For local assistance, Department of Education, payable from the Federal Trust Fund, Program 10.60--Special Education Programs for Exceptional Children ............................. $1,161,356,000

Schedule:
| | |
|---|---:|
| (1) 10.60.050.012-Local Agency Entitlements, IDEA Special Education | $982,606,000 |
| (2) 10.60.050.013-State Agency Entitlements, IDEA Special Education | $1,827,000 |
| (3) 10.60.050.015-IDEA, Local Entitlements, Preschool Program | $62,653,000 |
| (4) 10.60.050.021-IDEA, State Level Activities | $70,720,000 |
| (5) 10.60.050.030-PL 99-457, Preschool Grant Program | $38,677,000 |
| (6) 10.60.050.031-IDEA, State Improvement Grant, Special Education | $2,079,000 |
| (7) 10.60.050.032-IDEA, Family Empowerment Centers | $2,794,000 |

Provisions:
1. If the funds for Part B of the federal Individuals with Disabilities Education Act that are actually received by the state exceed $1,150,176,000, at least 95 percent of the funds received in excess of that amount shall be allocated for local entitlements and to state agencies with approved local plans. Up to 5 percent of the amount received in excess of $1,150,176,000 may be used for state administrative expenses upon approval of the Department of Finance. If the funds for Part B of the federal

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

Individuals with Disabilities Education Act that are actually received by the state are less than $1,150,176,000, the reduction shall be taken in other state level activities.

2. The funds appropriated in Schedule (2) shall be distributed to state-operated programs serving disabled children from 3 to 21 years of age, inclusive. In accordance with federal law, the funds appropriated in Schedules (1) and (2) shall be distributed to local and state agencies on the basis of the federal Individuals with Disabilities Education Act permanent formula.
4. Of the funds appropriated in Schedule (4) of this item, up to $300,000 shall be used to develop and test procedures, materials, and training for alternative dispute resolution in special education.
5. Of the funds appropriated by Schedule (5) for the Preschool Grant Program, $1,228,000 shall be used for in-service training and shall include a parent training component and may, in addition, include a staff training program. These funds may be used to provide training in alternative dispute resolution and the local mediation of disputes. This program shall include state-sponsored and local components.
6. Of the funds appropriated in this item, $1,420,000 is available for local assistance grants for the Quality Assurance and Focused Monitoring Pilot Program to monitor local educational agency compliance with state and federal laws and regulations governing special education. This funding level is to be used to continue the facilitated reviews and, to the extent consistent with the key performance indicators developed by the State Department of Education, these activities focus on local educational agencies identified by the United States Department of Education's Office of Special Education Programs.
7. The funds appropriated in Schedule (7) shall be used for the purposes of Family Empowerment Centers on Disabilities pursuant to Chapter 690, of the Statutes of 2001.
8. Notwithstanding the notification requirements listed in subdivision (d) of Section 26.00, the Department of Finance is authorized to approve intraschedule transfers of funds within this item submitted by the State Department of Education for the purposes of ensuring that special education funding provided in this item is appropriated in accordance with the statutory funding formula required by federal Individuals with Disabilities Education Act and the special education funding formula required pursuant to Chapter 7.2 (commencing with Section 56836) of Part 30 of the *Education Code*, without waiting 30 days, but shall provide a notice to the Legislature each time a transfer occurs.
9. Of the funds appropriated in Schedule (4), $69,000,000 shall be used exclusively to support mental health services that are provided during the 2007-08 fiscal year by county mental health agencies pursuant to Chapter 26.5 (commencing with Section 7570) of Division 7 of the *Government Code* and that are included within an individualized education program pursuant to the federal Individuals with Disabilities Education Act. Each county office of education receiving these funds shall contract, on behalf of special education local planning areas in their county, with the county mental health agency to provide specified mental health services. This funding shall be considered offsetting revenues within the meaning of subdivision (e) of Section 17556 of the *Government Code* for any reimbursable mandated cost claim for provision of the mental health services provided in 2007-08. Amounts allocated to

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

each county office of education shall reflect the share of the $69,000,000 in federal special education funds provided to that county in 2004-05 for mental health services provided pursuant to Chapter 26.5 (commencing with Section 7570) of Division 7 of the *Government Code.*

**STATE SPECIAL SCHOOLS**

| | |
|---|---:|
| 6110-005-0001--For support of Department of Education, as allocated by the Department of Education to the State Special Schools, Program 10.60.040 | $37,174,000 |
| Schedule: | |
| (1) 10.60.040 – Instruction | $37,548,000 |
|   (a) 10.60.040.001 - School for the Blind, Fremont | $ 5,398,000 |
|   (b) 10.60.040.002 - School for the Deaf, Fremont | $17,240,000 |
|   (c) 10.60.040.003 - School for the Deaf, Riverside | $14,910,000 |
| (2) Reimbursements | $ -374,000 |

Provisions:
1. The State Special Schools for the Deaf in Fremont and Riverside and the State Special School for the Blind in Fremont shall provide a four-week extended session.
2. Of the funds appropriated in paragraph (c) of Schedule (1), $420,000 is for increased utility costs at the California School for the Deaf, Riverside.

**STATE PROPOSITION 98 FUNDS FOR STATE SPECIAL SCHOOLS AND CENTERS**

| | |
|---|---:|
| 6110-006-0001--For support of Department of Education (Proposition 98), as allocated by the Department of Education to the State Special Schools | $44,253,000 |
| Schedule: | |
| (1) 10.60.040 - Instruction, State Special Schools | $49,928,000 |
|   (a) 10.60.040.001 - School for the Blind, Fremont | $ 6,386,000 |
|   (b) 10.60.040.002 - School for the Deaf, Fremont | $17,147,000 |
|   (c) 10.60.040.003 - School for the Deaf, Riverside | $14,837,000 |
|   (d) 10.60.040.007 - Diagnostic Centers | $11,558,000 |
| (2) Reimbursements | $ -5,675,000 |

Provisions:
1. On or before September 15 of each year, the superintendent of each State Special School shall report to each school district the number of pupils from that district who are attending a State Special School and the estimated payment due on behalf of the district for those pupils pursuant to Section 59300 of the *Education Code.* The Controller shall withhold from the State School Fund in the first principal apportionment of that fiscal year the amount due from each school district, as reported to the Controller by the Superintendent of Public Instruction. The amount withheld shall be transferred from the State School Fund to this item. The Superintendent of Public Instruction is authorized to adjust the estimated payments required after the close of the fiscal year by reporting to the Controller the information needed to make



# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

the adjustment. The payments by the Controller that result from this yearend adjustment shall be applied to the current year.
2. The State Special Schools for the Deaf in Fremont and Riverside and the State Special School for the Blind in Fremont shall provide a four-week extended session.
3. Of the funds appropriated in Schedule (1)(a) of this item, $88,000 is provided for 1.0 Adapted Physical Education Teaching position.

**STATE SPECIAL SCHOOLS TRANSPORTATION**

6110-008-0001--For support of Department of Education, as allocated by the Department of Education to the State Special Schools for student transportation allowances .............................. $ 2,503,000
Schedule:
(1) 10.60.040-Instruction—State Special Schools ................ $2,503,000

Provisions:
1. Funds appropriated in this item are in lieu of funds that otherwise would be transferred from the General Fund to Section A of the State School Fund in accordance with Sections 14007 and 41301.5 of the *Education Code*.

**STATE OPERATIONS - FEDERAL TRUST FUND**

6110-001-0890--For support of Department of Education, for payment to Item 6110-001-0001, payable from the Federal Trust Fund ....... $158,337,000
(SPECIAL EDUCATION & RELATED ITEMS ONLY)
(The operations of the Department's Special Education Division are also funded from this item.)

Provisions:
2. Of the funds appropriated by this item, $96,000 is available to the Advisory Commission on Special Education for the in-state travel expenses of the commissioners and the secretary to the commission.
4. Of the funds appropriated by this item, up to $364,000 shall be used to provide in-service training for special and regular educators and related persons, including, but not limited to, parents, administrators, and organizations serving severely disabled children. These funds are also to provide up to 4.0 positions for this purpose.
5. Of the funds appropriated by this item, $318,000 shall be used to provide training in culturally nonbiased assessment and specialized language skills to special education teachers.
9. Of the funds appropriated by this item, $9,206,000 is for dispute resolution services, including mediation and fair hearing services, provided through contract for the Special Education Program. The State Department of Education shall ensure the quarterly reports that the contractor submits on the results of its dispute resolution services and include the same information as required by Provision 9 of Item 6110-001-0890 of Chapters 47 and 48 of the Statutes of 2006 and Section 56504.5 of the *Education Code* and shall reflect year-to-date data and final yearend data.



007

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

10. Of the amount provided in this item, $881,000 is provided for staff for the Special Education Focused Monitoring Pilot Program to be established by the State Department of Education for the purpose of monitoring local educational agency compliance with state and federal laws and regulations governing special education.
11. Of the funds appropriated in this item, $125,000 shall be allocated for increased travel costs associated with program reviews conducted by the Special Education Division Focused Monitoring and Technical Assistance units. Expenditure of these funds is subject to Department of Finance approval of an expenditure plan. The expenditure plan shall include the proposed travel costs associated with focused monitoring and technical assistance provided by the State Department of Education. It shall also include the estimated type and number of reviews to be conducted, and shall provide an estimated average cost per type of review. Annual renewal of this funding is subject to Department of Finance approval of an annual focused monitoring final expenditure report. The report shall be submitted on or before September 30, 2007. It shall provide the total number of reviews conducted each fiscal year, the amount of staff and personnel days and hours associated with each category of review, the travel costs associated with the type and number of reviews conducted, and an average cost per type of review.
20. Of the amount appropriated in this item, $832,000 ($600,000 reimbursements and $232,000 federal special education funds) shall be used to fund 6.0 positions and implement the provisions of Chapter 914 of the Statutes of 2004 for increased monitoring of nonpublic, nonsectarian schools.
21. Of the funds appropriated in this item, $443,000 is for 3.0 positions within the SDE for increased monitoring associated with mental health services required by an individualized education plan pursuant to Chapter 493 of the Statutes of 2004.
24. Of the funds appropriated in this item, $288,000 shall be used to fund 3.0 limited-term information technology positions to meet critical federal special education reporting requirements.
39. Of the funds appropriated in this item, $450,000 is made available on a one-time basis for the special education dispute resolution contract. The State Department of Education, in coordination with the Office of Administrative Hearings, shall provide quarterly caseload and expenditure data to the appropriate budget committees of the Legislature, the Department of Finance, and the Legislative Analyst's Office by March 1, 2008. The information shall also include updated budget detail and payment provisions, as shown in Exhibit B of the interagency agreement.

### STATE SUPPORT OF DEPARTMENT OF EDUCATION

6110-001-0001—For support of Department of Education…………….. $47,127,000
(SPECIAL EDUCATION RELATED ITEM ONLY)

Provisions:
6. Of the funds appropriated in this item, $206,000 shall be available as matching funds for the Department of Rehabilitation to provide coordinated services to disabled pupils. Expenditure of the funds shall be identified in the memorandum of understanding or other written agreement with the Department of Rehabilitation to ensure an

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

appropriate match to federal vocational rehabilitation funds.

24. Of the funds appropriated in this item, $934,000 is for dispute resolution services, including mediation and fair hearing services, provided through contract for the Special Education Program.

009

# BUDGET ACT OF 2007-08
## Special Education & Related Budget Items

**READING FIRST PROGRAM**

6110-126-0890—For local assistance, Department of Education, Program 20.60.290-Instructional Support, Title I, Part B of the federal Elementary and Secondary Education Act (Reading First Program) payable from the Federal Trust Fund ......................... $170,474,000
(SPECIAL EDUCATION RELATED ITEMS ONLY)

3. By May 1, 2008, the State Department of Education shall provide the Legislature with all of the following: (a) the number of school districts receiving grants, (b) the number of K-3 teachers funded, (c) the number of K-12 special education teachers serviced, and (d) the average per-teacher grant amount.
4. By May 1, 2008, the State Department of Education shall provide the Legislature with the following: (a) the number and percentage of all K-12 special education teachers in Reading First schools receiving Reading First professional development for each year, 2001-02 through 2005-06, and (b) the number and percentage of all K-12 special education classes in Reading First schools that have appropriate reading materials purchased using the state's instructional materials program as set forth in Article 3 (commencing with Section 60240) of Chapter 2 of Part 33 of the *Education Code*.

**CAPITAL OUTLAY - DEPARTMENT OF EDUCATION**

6110-301-0660—For capital outlay, Department of Education, payable from the Public Buildings Construction Fund.................................. $16,570,000
Schedule:
California School for the Deaf, Riverside:
(1) 80.80.030-Multipurpose/Activity Center — Working drawings, construction, and equipment...................................................... $ 2,342,000
(2) 80.80.050-Career and Technical Education Complex and Service Yard — Working drawings and construction................................... $ 3,845,000
(3) Preliminary plans, working drawings, construction, and equipment.. $10,383,000

(SEE PROVISIONS 1-4 REGARDING STATE PUBLIC WORKS BOARD AND OTHER STIPULATIONS REGARDING THIS BUDGET ITEM.)