Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S.**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency, <br> Defendant. | CASE NO.: 08 CV 0226 W (AJB) <br><br> DECLARATION OF ELLEN DOWD, ESQ. IN OPPOSITION TO MOTION TO INTERVENE AND EX PARTE MOTION TO SHORTEN TIME THEREFOR <br><br> Date:  To Be Set <br> Time:  To Be Set <br> Judge: Hon. Thomas J. Whelan |

I, Ellen Dowd, declare as follows:

1.    I am an attorney admitted and in good standing in all of the state and federal Courts in the State of California, including this honorable court.

2.    I am attorney of record for Plaintiff herein, and make this declaration on behalf of Plaintiff, and all others similarly situated, meanings disabled students and their parents who have, through a special education due process hearing before OAH's ALJs, obtained less than complete relief sought, in opposition to OAH's application for intervention and ex parte motion to shorten time.

3.      I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto.

4.      On August 1, 2007 I spoke to Perry Williams at the U.S. Department of Education about my concerns about the conduct of Special Education Due Process Hearings by OAH, ad the lack of oversight by CDE.  Mr. Williams told me at that time that the federal government does not have the financial resources to audit CDE.

5.      On January 26, 2008, I made a Public Records Act Request to OAH seeking, among other things, "Request #2:

(1)      Copies of any and all writings consisting of Board Decisions, memorandum of understanding, request for bid/proposal, Interagency Agreement, General Terms and Conditions, Duty Statements, solicitations, applications, employment contracts received by OAH from CDE regarding the renewal of the Interagency Agreement (currently number 4427) upon the expiration of the Interagency Agreement on June 30, 2008.

(2)      Copies of any and all writings consisting of letters, memorandum, proposals, solicitations,  requests, bids, proposals, applications, resumes, duty statements, employment contracts sent by OAH to CDE regarding the renewal of the Interagency Agreement (currently number 4427) upon the expiration of the Interagency Agreement on June 30, 2008.

(3)      Copies of any and all writings consisting of any internal memorandum, correspondence, meeting notes, meeting agendas, sign in sheets, proposals, recommendations, amendments, agreements, requests, communications generated by OAH to OAH or anyone regarding the renewal of the Interagency Agreement (currently number 4427) upon the expiration of the Interagency Agreement on June 30, 2008."  (Exhibit "1" hereto).

6.      On February 21, 2008 OAH refused to provide documents responsive to Request #2, on the grounds of attorney-client privilege, and "the public interest

served by not disclosing the records clearly outweighs the public interest served by disclosure of the records." (Exhibit "2" hereto).

7.     OAH filed a motion to Intervene on March 7, 2008. Its interest in this action is directly related to the documents withheld, and the withholding of these documents impedes Plaintiff's and the Court's understanding of the current relationship between CDE and OAH.

8.     The Public Records Act is liberally construed in favor of disclosure. However, since OAH is not a party to this action, and is not subject to discovery, Plaintiff would be required to enforce its right to these public records in State Court.

9.     It is apparent from all of the records and Exhibits in this case, that OAH's and CDE's interests thus far are identical; to wit: enter into the next Interagency Agreement with OAH, at any and all costs, including defending this lawsuit, and unlawfully depriving special education students of their federal rights.

10.     Plaintiff's counsel in October, 2006 sued CDE and OAH in connection with a Due Process Hearing Decision that wasn't correct, USDC, SDCA Case No. 06 CV 2357 BEN (RBB). The docket of this case shows aggressive motions to dismiss on grounds including 11th Amendment Immunity, lack of third party beneficiary status and failure to exhaust remedies. Plaintiff fully expects CDE to be equally aggressive in this action, and Plaintiff is therefore seeking intervention, and or other action by the U.S. Department of Education.

11.     Plaintiff respectfully requests that before any intervention by CDE is permitted, Plaintiff have a full and fair opportunity to investigate and determine whether, as it appears, CDE can adequately represent OAH's interest in the upcoming Interagency Agreement. It makes no sense to waste additional public funds if CDE, as an original party, can represent OAH.

08 CV 0226 W (AJB)
Declaration of Ellen Dowd, Esq.
In Opposition to Intervention and Ex
Parte Shortening of Time

1       I declare under penalty of perjury under the laws of the United States of

2  America and the State of California that the foregoing is true and correct.

3       Executed this 10th day of March, 2008 at San Diego, California.

Ellen Dowd

4

# EXHIBIT "1"

**Ellen Dowd**
**Attorney At Law**
**State Bar # 141206**
**Special Education Legal Center**
**2658 Del Mar Heights Road #228**
**Del Mar, California 92014**
**(Tel) 858-342-8360  (Fax) 858-755-6348**

January 26, 2008

Phoenix R. Vigil
Public Records Review Officer
Office of Administrative Hearings
2349 Gateway Oaks Drive
Suite 200                                    VIA Fax # 916-263-0890
Sacramento, California 92833-4321              And U.S. Mail

Dear Ms. Vigil:

In accordance with Public Records Act, California Government Code §6250 et seq.
please provide me with the following documents:

Request # 1:

(1)     Copies of any and all rosters or lists or any written record of the names of the Special
Education Division ALJs who were employed by OAH assigned to Southern California between
January 1, 2007- March 31, 2007.

(2)     Copies of any and all rosters or lists or any written record of the names of the Special
Education Division ALJs who were employed by OAH assigned to Southern California between
April 1, 2007- June 30, 2007.

(3)     Copies of any and all rosters or lists or any written record of the names of the Special
Education Division ALJs who were employed by OAH assigned to Southern California between
July 1, 2007- September 30, 2007.

(4)     Copies of any and all rosters or lists or any written record of the names of the Special
Education Division ALJs who were employed by OAH assigned to Southern California between
October 1, 2007- December 31, 2007.

(5)     Copies of any and all rosters or lists or any written record of the names of the Special
Education Division ALJs who were employed by OAH assigned to Southern California between
January 1, 2008- March 31, 2008.

Request # 2:

(1)     Copies of any and all writings consisting of Board Decisions, memorandum of
understanding, request for bid/proposal, Interagency Agreement, General Terms and Conditions,
Duty Statements, solicitations, applications, employment contracts received by OAH from CDE

regarding the renewal of the Interagency Agreement (currently number 4427) upon the expiration of the Interagency Agreement on June 30, 2008.

(2)    Copies of any and all writings consisting of letters, memorandum, proposals, solicitations, requests, bids, proposals, applications, resumes, duty statements, employment contracts sent by OAH to CDE regarding the renewal of the Interagency Agreement (currently number 4427) upon the expiration of the Interagency Agreement on June 30, 2008.

(3)    Copies of any and all writings consisting of any internal memorandum, correspondence, meeting notes, meeting agendas, sign in sheets, proposals, recommendations, amendments, agreements, requests, communications generated by OAH to OAH or anyone regarding the renewal of the Interagency Agreement (currently number 4427) upon the expiration of the Interagency Agreement on June 30, 2008.

Request # 3:

(1)    Copies of any and all writings consisting of price quotes for ALJ training for between January 1, 2008-June 30, 2008.

(2)    Copies of any and all writings consisting of evidence of ALJ training from January 1, 2007-December 31, 2007, including sign in sheets, dates/times/duration of training sessions, training session topics, identities of the trainers, trainer resumes, agendas, printed training materials, bids, contracts, invoices for the trainings, and any post-training testing, quizzes, surveys or comments.

I have enclosed a check in the amount of $30.00 to cover the cost of photocopying and mailing these documents. If the cost is more than $30.00, I agree to be responsible for all additional charges.

Please send these to me within the statutory period. Thank for your anticipated cooperation.

Very truly yours,



Ellen Dowd

Encl.

2

# EXHIBIT "2"



OFFICE OF ADMINISTRATIVE HEARINGS

State of California

2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833-4231
General Jurisdiction – (916) 263-0550 phone / (916) 263-0554 fax
Special Education – (916) 263-0880 phone / (916) 263-0890 fax
www.oah.dgs.ca.gov

Department of General Services

February 21, 2008

*Via facsimile transmission and U.S. Mail*

Ellen Dowd
Special Education Legal Center
2658 Del Mark Heights Road, #228
Del Mar, CA 92014
Fax: 858-755-6348

Re: Public Records Act Request – 08-004

Dear Ms. Dowd:

Following up on our February 7, 2008, correspondence, with regard to your Request #1, the Office of Administrative Hearings (OAH) has identified two pages of records that appear to be responsive to this request.

With regard to your Request #2, OAH has identified documents that appear to be responsive to this request. However, we are exempting those records pursuant to the attorney-client privilege contained in Evidence Code section 954 and Government Code section 6254(k). In addition, these records are preliminary drafts not ordinarily retained in our ordinary course of business (Government Code section 6254(a)), and, pursuant to Government Code section 6255, the public interest served by not disclosing the records clearly outweighs the public interest served by disclosure of the records. Release of records relating to an agency's deliberative process during the negotiation process would have a chilling effect on what should be open and free dialogue without public scrutiny or judgment and will significantly impede or impact an agency's deliberative process and ability to effectively negotiate. It would inhibit the free and candid exchange of ideas necessary to the decision-making process.

With regard to your Request #3, OAH has identified 470 pages of records which appear to be responsive to this request; subject to the exemptions listed on our February 7, 2008 letter.

We will release a copy of these records to you upon payment of our copy charge in the amount of $47.20 (472 pages x $0.10); less your prepaid check for $30.00, this leaves a balance owing of $17.20. Please make your check payable to the Office of Administrative Hearings.

---
**Regional Offices**

| Los Angeles | Oakland | San Diego | Laguna Hills | Van Nuys |
|---|---|---|---|---|
| 320 West Fourth Street | 1515 Clay Street | 1350 Front Street. | 23046 Avenida De La Carlota | 15350 Sherman Way |
| Suite 630 | Suite 206 | Suite 6022 | Suite 750 | Suite 300 |
| Los Angeles, CA 90013 | Oakland, CA 94612 | San Diego, CA 92101 | Laguna Hills, CA 92653 | Van Nuys, CA 91406 |
| (213) 576-7200 | (510) 622-2722 | (619) 525-4475 | (949) 598-5850 | (818) 904-2383 |
| Fax (213) 576-7244 | Fax (510) 622-2743 | Fax (619) 525-4419 | Fax (949) 598-5860 | Fax (818) 904-2360 |

Ellen Dowd
February 21, 2008
Page 2

Release of public records is subject to case-by-case analysis.  Release of these particular records in response to your request shall not be deemed a waiver of the State's right to assert any appropriate exemptions on similar categories of documents under other circumstances.

Sincerely,

PHOENIX R. VIGIL
Public Records Review Officer
Office of Administrative Hearings