Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE WHY DEFENDANT CALIFORNIA DEPARTMENT OF EDUCATION SHOULD NOT BE ORDERED TO FILE AN ANSWER TO COMPLAINT<br><br>Date: To Be Set<br>Time: To Be Set<br>Judge: Hon. Thomas J. Whelan |

Plaintiff, C.S. ("Plaintiff"), through his attorney of record, hereby applies for the Court to issue an Order To Show Cause to Defendant, California Department of Education ("CDE") as to why Defendant should no be order to file an answer in response to the Complaint served on CDE on February 25, 2008.

Such failure to answer or respond to the Complaint has impeded Plaintiff's ability to oppose the pending Motion For Intervention, and, as seen in the Exhibits A and B of Plaintiff's Opposition To Motion For Intervention (Document 21 in this action), Plaintiff's counsel's inquiry as to CDE's failure to respond to the Complaint on March 17, 2008 yielded CDE's counsel's reference to some implied extension of time to answer, although CDE had never requested an extension of time to respond to the Complaint until after the time to respond had expired.

Not wanting to test the Court's tolerance for technical defects resulting in default, Plaintiff's counsel has refrained from filing needless default requests. However, CDE's justification for not timely filing a response to the Complaint defies the procedural status of this case, as well as defies logic.

In response to Plaintiff's counsel's inquiry about whether CDE believed that the Court's Order Extending Briefing Schedule also extended CDE's time to respond to the Complaint, (Ex. A, e-mail 1 to Opposition To Motion For Intervention), CDE's counsel stated, "I agree with you that the court's order did not explicitly extend the time. My interpretation, however, was that the extension of time was implicit. I'm certain the court anticipated we'd be filing a 12(b)(6) motion. I think the court's order was his way of avoiding potential procedural issues that would arise in the context of a 12(b)(6) and which would interfere with the resolution of the main issues raised in your complaint." "Of course, I may be wrong and perhaps the court would prefer a response to the complaint which, in this case, would mean we might get snarled in questions surrounding the sufficiency of the complaint."

CDE apparently wants the Court to decide on the Motion For Intervention and the TRO <u>before</u> CDE is required to respond. CDE's current position with regard to this case is currently at issue, and should be joined for the convenience of the Plaintiff, Intervenor and the Court.

Plaintiff respectfully requests that the Court issue an Order To Show Cause to Defendant, CDE, as to why CDE should not be ordered to file an answer.

Dated: March 24, 2008

Respectfully submitted,

Ellen Dowd, Attorney for Plaintiff, C.S.