MARSHA A. BEDWELL, State Bar No. 094860
General Counsel
AMY BISSON HOLLOWAY, State Bar No. 163731
Assistant General Counsel
GREGORY J. ROUSSEVE, State Bar No. 084262
Deputy General Counsel
GABRIEL C. VIVAS, State Bar No. 092434
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
Telephone: (916) 319-0860
Facsimile: (916) 319-0155
gvivas@cde.ca.gov

Attorneys for Defendant California Department of Education

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, et al.,<br><br>            Plaintiff,<br>   v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>            Defendant. | Case No. 08-CV-0226 W (AJB)<br><br>**ANSWER OF DEFENDANT CALIFORNIA DEPARTMENT OF EDUCATION** |

Comes now defendant California Department of Education (CDE) by and through its attorneys, and answers Plaintiffs' Complaint as follows:

**I.**

**JURSIDICTION AND VENUE**

1. In response to Paragraph 1 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, on that basis, denies each and every allegation contained therein.

2. In response to Paragraph 2 of the Complaint, defendant admits the first sentence with

respect to venue. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and, on that basis, denies each and every allegation contained therein.

## II.

## NATURE OF ACTION

3.      In response to paragraph 3 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences in Paragraph 3 of the Complaint and, on that basis, denies each and every allegation contained therein. Defendant denies the allegations made in the third sentence of paragraph 3 to the effect that the Office of Administrative Hearings has violated the Individuals with Disabilities Act (IDEA) and that plaintiffs have been harmed because of defendant's lack of oversight.

4.      In response to Paragraph 4 of the Complaint, defendant admits that California has received funds from the United States Department of Education. Defendant affirmatively alleges that it entered into an Interagency Agreement (IA) with the Office of Administrative Hearings (OAH) an independent state agency, that became effective on June 1, 2005. Except as expressly admitted, defendant denies the remainder of paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, defendant admits that California has received funds from the United States Department of Education. Defendant affirmatively alleges that it entered into an Interagency Agreement (IA) with the Office of Administrative Hearings (OAH) an independent state agency, that became effective on June 1, 2005. Except as expressly admitted, defendant denies the remainder of paragraph 5 of the Complaint.

6.      Paragraph 6 paraphrases and claims to quote part of the IA. Defendant asserts that the IA speaks for itself.

7.      The first sentence of Paragraph 7 paraphrases parts of the IA. Defendant asserts that the IA speaks for itself. Based on information and belief, defendant denies the remaining allegations made in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations made in Paragraph 8 of the Complaint, including those made in subparagraphs (a) through (d). Defendant further asserts that Title 5 of the California Code of

Regulations does not contain a section 3082.1.

9. Paragraph 9 paraphrases part of the IA. Defendant asserts that the IA speaks for itself.

## III.

## THE PARTIES

10. To the extent Plaintiff intends to paraphrase relevant federal statutes, defendant asserts that the statutes speak for themselves. Defendant denies any and all remaining allegations, including any interpretations and characterizations of statutes and any reported cases that have interpreted them.

11. In response to paragraph 11 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies each and every allegation contained therein.

12. Defendant denies the allegations made in paragraph 12.

13. Defendant denies the allegations made in paragraph 13.

14. In response to paragraph 14 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies each and every allegation contained therein.

15. Defendant denies the allegations made in paragraph 15.

16. In response to paragraph 16 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, on that basis, denies each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, defendant was not a party to the due process hearing referenced in Paragraph 17 and did not participate in the proceedings. Consequently, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, on that basis, denies each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, defendant is without knowledge or information as to plaintiff's objectives during the due process hearing sufficient to form a belief as to the truth of the allegations contained in the first and second sentences in Paragraph 18 of the Complaint and, on that basis, denies each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and, on that basis, denies each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, defendant admits that ALJ Ruff issued a decision on November 20, 2007. Defendant asserts that the decision speaks for itself and on that basis cannot admit or deny the allegations contained in Paragraph 20.

21. In response to paragraph 21 of the Complaint, defendant asserts that the decision speaks for itself and on that basis cannot admit or deny the allegations contained in Paragraph 21.

22. In response to paragraph 22 of the Complaint, defendant asserts that the decision speaks for itself and on that basis cannot admit or deny the allegations contained in Paragraph 22.

23. In response to paragraph 23 of the Complaint, defendant asserts that the ALJ's decision, as well as the statutes and cases interpreting the I.D.E.A., speak for themselves and on that basis is incapable of being admitted or denied. Defendant further denies of each and every factual allegation and legal conclusion contained in Paragraph 23.

24. In response to Paragraph 24, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff and also lacks information as to plaintiff's intentions on filing an appeal and, on that basis, denies plaintiff's allegations concerning plaintiff and his intentions. As to plaintiff's averments concerning the ALJ's decision, defendant asserts that the ALJ's decision, as well as the statutes and cases interpreting the I.D.E.A., speak for themselves and consist of legal argument and as such are incapable of being admitted or denied.

25. Defendant admits it is a state agency with its offices located in Sacramento and that it is conducts oversight over the provision of special education services in California. Defendant further admits it receives funds from the United States Department of Education (USDOE) and that it entered into an interagency agreement with the Office of Administrative Hearings, effective June 1, 2005, to conduct mediations and due process hearings involving special education. Except as herein specifically admitted, defendant denies each and every allegation in Paragraph 25.

26. In response to paragraph 26, defendant admits it receives funds from the USDOE. Except as herein specifically admitted, defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27.

## IV.

## CLASS ACTION ALLEGATIONS

28. In response to paragraph 28 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, on that basis, denies each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies each and every allegation contained therein.

30. Defendant denies each and every allegation in Paragraph 30.

31. In response to paragraph 31 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, on that basis, denies each and every allegation contained therein.

32. Defendant denies each and every allegation in Paragraph 32.

33. Defendant denies each and every allegation in Paragraph 33..

34. Defendant denies each and every allegation in Paragraph 34.

35. Defendant denies each and every allegation in Paragraph 35.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

## V.

## SUBSTANTIVE ALLEGATIONS

**A.        The IDEA**

38. In response to paragraph 38 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the factual allegation and legal conclusion contained in Paragraph 38.

39. In response to paragraph 39 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the factual allegations and legal conclusions in Paragraph 39.

40. In response to paragraph 40 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the factual allegations and legal conclusions contained in Paragraph 40.

41. In response to paragraph 41 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the factual allegations and legal conclusions contained in Paragraph 41.

42. In response to paragraph 42 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the factual allegations and legal conclusions contained in Paragraph 42.

43. In response to paragraph 43 of the Complaint, defendant asserts that 20 U.S.C. § 1415 speaks for itself and on that basis defendant cannot admit or deny the factual allegations and legal conclusions contained in the first sentence of Paragraph 43.  Defendant asserts that unresolved disputes between parents and school districts concerning a student may be resolved by resolution sessions, mediation, or by an impartial due process hearing, which in California is conducted by the Office of Administrative Hearings pursuant to authority granted under the terms of the IA that became effective on June 1, 2005.

44. Defendant asserts that 20 U.S.C. § 1415(f)(3)(A)(ii) and (iii) and section 56505(c)(1) of the California Education Code speak for themselves and on that basis denies of each and every factual allegation and legal conclusion contained in Paragraph 44.

**B. Comparison of Due Process Hearing Data Under OAH and Under its Predecessor, Special Education Hearing Office "SEHO".**

45. Defendant admits that prior to June 1, 2005, the Special Education Hearing Office (SEHO), which was affiliated with the University of the Pacific, Mc George School of Law, conducted due process hearings and mediations.  SEHO, however, was not an "agency" in that it was not a governmental entity.  Except as specifically admitted herein, defendant denies the allegations in Paragraph 45.

46. In response to paragraph 46 of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, on that basis, denies each and every allegation contained therein.

47. Paragraph 47 consists of argument and as such cannot be admitted or denied.

48. Defendant denies each and every allegation contained in Paragraph 48.

49. In response to Paragraph 49 of the Complaint, defendant asserts that the operative Interagency Agreement (IA) speaks for itself and, on that basis defendant cannot admit or deny the allegations contained in Paragraph 49.

50. In response to paragraph 50 of the Complaint, defendant admits that OAH maintains a website. Defendant asserts that the website speaks for itself, and on that basis defendant cannot admit nor deny the remaining allegations contained in Paragraph 50.

51. In response to paragraph 51 of the Complaint, defendant admits that OAH maintains a website. Defendant asserts that the contents of the website speak for themselves, and on that basis defendant cannot admit nor deny the allegations contained in Paragraph 51. Additionally, defendant is unaware what Plaintiffs mean when referring to "a few" or "any recent training sessions."

52. In response to Paragraph 52 of the Complaint, defendant admits that statistical reports are available on a website controlled by OAH. Defendant denies each and every other allegation in Paragraph 52.

53. Defendant denies each and every allegation in Paragraph 53.

**C.    Defendant's Alleged Misrepresentations During the Class Period**

54. In response to Paragraph 54, defendant incorporates by reference each of the responses to Paragraphs 1 through 53 as set forth above.

55. In response to Paragraph 55, defendant asserts that the IDEA and all reports published on the CDE and OAH websites speak for themselves and on that basis defendant neither admits nor denies the factual allegations, characterizations and legal conclusions contained in Paragraph 55.

56. In response to Paragraph 56, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other factual and legal allegation in Paragraph 56.

57. In response to Paragraph 57, defendant asserts that the contents of quarterly reports speak for themselves and, on that basis, denies each and every other characterization, factual and legal allegation in Paragraph 57.

///

58. In response to Paragraph 58, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other characterization, factual and legal allegation in Paragraph 58.

59. In response to Paragraph 59, defendant asserts that the IDEA and all reports published on the CDE and OAH websites speak for themselves and defendant denies each and every factual allegation, characterization and legal conclusion that is based on said reports. Defendant further asserts that Paragraph 59 consists of legal argument and as such can neither be admitted nor denied.

60. In response to Paragraph 60, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other characterization, factual allegation and legal conclusion contained in Paragraph 60. Defendant further asserts that Paragraph 60 consists of legal argument and as such can neither be admitted nor denied.

61. In response to Paragraph 61, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other characterization, factual allegation and legal conclusion contained in Paragraph 61. Defendant further asserts that Paragraph 61 consists of legal argument and as such can neither be admitted nor denied.

62. In response to Paragraph 62, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other characterization, factual allegation and legal conclusion contained in Paragraph 62. Defendant further asserts that Paragraph 62 consists of legal argument and as such can neither be admitted nor denied.

63. In response to Paragraph 63, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other characterization, factual allegation and legal conclusion contained in Paragraph 63. Defendant further asserts that Paragraph 63 consists of legal argument and as such can neither be admitted nor denied.

64. In response to Paragraph 64, defendant asserts that the contents of quarterly reports speak for themselves and denies each and every other characterization, factual allegation and legal conclusion contained in Paragraph 64.

65. In response to Paragraph 65, defendant asserts that the contents of any letters and particularly the letter referenced in Paragraph 65 speaks for itself and on that basis defendant cannot

admit nor deny the allegations contained in Paragraph 65.

66. In response to Paragraph 66, defendant asserts that the contents of any letters and particularly the letter referenced in Paragraph 66 speaks for itself and on that basis defendant cannot admit nor deny the allegations contained in Paragraph 66.

67. In response to Paragraph 67, defendant asserts that the contents of any data and particularly the data referenced in Paragraph 67 speaks for itself and on that basis defendant cannot admit nor deny the allegations contained in Paragraph 67.

68. In response to Paragraph 68, defendant asserts that the contents of any communication from OSEP to CDE and particularly the quoted sections referenced in Paragraph 68 speaks for itself and on that basis defendant cannot admit nor deny the allegations contained in Paragraph 68.

**D.   CDE's Alleged Violations During the Class Period Allegedly Not Published in Quarterly Reports.**

69. In response to Paragraph 69, defendant incorporates by reference each of the responses to Paragraphs 1 through 68 as set forth above.

### (i)   Allegations of ALJs Presiding Over Non-Special Education Cases

70. In response to Paragraph 70, defendant asserts that the IA speaks for itself and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 70.

71. In response to Paragraph 71, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and, on that basis, denies each and every allegation contained therein.

### (ii)   Alleged Failure to Provide Educational Records

72. In response to paragraph 72 of the Complaint, defendant asserts that statutes that form the IDEA and cases interpreting the I.D.E.A., as well as all related state and federal regulations and state statutes, speak for themselves and on that basis denies of each and every allegation and legal conclusion contained in Paragraph 72 wherein plaintiff avers a legal conclusions or characterizes legal authorities. Defendant further denies each and every remaining averment in Paragraph 72 on the basis that defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73. In response to allegations in Paragraph 73, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, on that basis, denies each and every allegation contained therein.

74. In response to allegations in Paragraph 74, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and, on that basis, denies each and every allegation contained therein.

75. In response to allegations in Paragraph 75, defendant asserts that the Judge Kpec's decision speaks for itself and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 75.

76. In response to allegations in Paragraph 72[1], defendant asserts that any judicial or regulatory opinions interpreting any part of the IDEA speak for themselves and on that basis defendant cannot admit nor deny the allegations contained in contained in Paragraph 72 at pages 24-25.

77. In response to paragraph 73 (at p. 25) of the Complaint, defendant asserts that statutes that form the IDEA and cases interpreting the I.D.E.A., as well as all related state and federal regulations and state statutes, speak for themselves and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 73.

78. In response to paragraph 74 (at p. 25) of the Complaint, defendant asserts that the ALJ's decision referenced in Paragraph 74 speaks for itself and, on that basis defendant cannot admit nor deny the allegations contained in contained in Paragraph 74.

79. In response to allegations in Paragraph 75 (at p. 25) of the Complaint, defendant asserts that it consists of legal argument and cannot be admitted or denied.

80. In response to allegations in Paragraph 76 (at pp. 25-26) of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies each and every allegation contained therein.

///

///

---

[1] It appears that Plaintiff erroneously numbered paragraphs incorrectly and, as a result, what should be Paragraph 76 is numbered as Paragraph 72 (there is a preceding Paragraph 72 at page 23 of the Complaint.).

81. In response to allegations in Paragraph 77 (at p. 26) of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and, on that basis, denies each and every allegation contained therein.

### (iv) Allegations that OAH Allows Unauthorized Discovery in Due Process Matters

82. In response to allegations in Paragraph 78 (at p. 26) of the Complaint, all of the allegations are legal conclusions and, on that basis, defendant cannot deny or admit the allegations contained therein.

83. In response to allegations in Paragraph 79 (at p. 26) of the Complaint, all of the allegations are legal conclusions and, on that basis defendant cannot deny or admit the allegations contained therein.

84. In response to allegations in Paragraph 80 (at p. 26) of the Complaint, all of the allegations are legal conclusions and, on that basis defendant cannot deny or admit the allegations contained therein.

85. In response to allegations in Paragraph 81(at pp. 26-27) of the Complaint, all of the allegations are legal argument and, on that basis defendant cannot deny or admit the allegations contained therein.

86. In response to allegations in Paragraph 82 (at p. 27) of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, denies each and every allegation contained therein.

87. In response to allegations in Paragraph 83 (at p. 27) of the Complaint, defendant asserts that 5 C.C.R. §3089 speaks for itself and, on that basis defendant cannot admit nor deny the allegations made in Paragraph 83.

88. In response to allegations in Paragraph 84 (at p. 27) of the Complaint, defendant asserts that 5 C.C.R. §3082(c)(2) speaks for itself and, on that basis defendant cannot admit nor deny the allegations made in Paragraph 84.

89. In response to allegations in Paragraph 85 (at p. 27) of the Complaint, defendant asserts that these are legal arguments, and cannot be admitted or denied.

///

90. In response to allegations in Paragraph 86 (at pp. 27-28) of the Complaint, defendant asserts that these are legal arguments, and cannot be admitted or denied.

91. In response to allegations in Paragraph 87 (at p. 28) of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, denies each and every allegation contained therein.

92. In response to allegations in Paragraph 88 (at p. 28) of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, denies each and every allegation contained therein.

**(v)   Alleged Mishandling of Conflict of Law Analysis Regarding Statute of Limitations.**

93. In response to paragraph 89 (at p. 29) of the Complaint, defendant asserts that statutes that form the IDEA and cases interpreting the I.D.E.A., as well as all related state and federal regulations and state statutes, speak for themselves and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 89.

94. In response to paragraph 90 (at p. 29) of the Complaint, defendant asserts that statutes that form the IDEA and cases interpreting the I.D.E.A., as well as all related state and federal regulations and state statutes, speak for themselves and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 90.

95. In response to paragraph 91 (at p. 29) of the Complaint, defendant asserts that statutes that form the IDEA and cases interpreting the I.D.E.A., as well as all related state and federal regulations and state statutes, speak for themselves and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 91.

96. In response to allegations in Paragraph 92 (at p. 29) of the Complaint, defendant asserts that §56505 of the California Education Code speaks for itself and, on that basis defendant cannot admit nor deny the allegations contained in Paragraph 92.

97. In response to allegations in Paragraph 93 (at p. 29) of the Complaint, defendant is without knowledge or information sufficient to form a belief as to the motives for students who filed due process complaints or what caused school districts to take any actions in due process hearings. As a

result, defendant is unable to discern the truth of the allegations in Paragraph 93 and, on that basis, denies each and every allegation contained therein.

98.   In response to allegations in Paragraph 94 (at p. 30) of the Complaint, defendant assets that this consists of legal argument and cannot be admitted or denied.

99.   In response to allegations in Paragraph 95 (at p. 30) of the Complaint, defendant asserts that this consists of legal argument and cannot be admitted or denied.

**E.   Allegations that Defendant Did Not Want to Award the IA to OAH in July, 2005.**

100.   In response to Paragraph 96, defendant incorporates by reference each of the responses to Paragraphs 1 through 100 as set forth above.

101.   In response to Paragraph 97 (page 30) of the Complaint, defendant denies that it issued the Board Decision referenced (Exh. 23) and that the decision was contested by OAH.  Defendant admits that the decision was in reference to a contract between defendant and SEHO for the time period alleged in Paragraph 97.

102.   In response to allegations in Paragraph 98 (at p. 30) of the Complaint, defendant asserts that State Personnel Board's Decision PSC No. 03-04 speaks for itself and that the decision was not issued by defendant, and, on that basis defendant cannot admit or deny the remaining allegations made in Paragraph 98.

103.   In response to Paragraph 99, defendant denies each and every allegation contained therein.

104.   In response to allegations in Paragraph 100 of the Complaint, defendant asserts that State Personnel Board's Decision PSC No. 04-05 speaks for itself and that the decision was not issued by defendant, and, on that basis defendant cannot admit or deny the remaining allegations made in Paragraph 100.

105.   In response to allegations in Paragraph 101 of the Complaint, defendant denies any and all characterizations of its statements or expressed positions and further asserts that State Personnel Board's Decision PSC No. 04-05 speaks for itself and that the decision was not issued by defendant, and, on that basis defendant denies the remaining allegations made in Paragraph 101.

///

106. In response to allegations in Paragraph 102 of the Complaint, defendant denies any and all characterizations of its statements or expressed positions and further asserts that State Personnel Board's Decision PSC No. 04-05 speaks for itself and that the decision was not issued by defendant, and, on that basis, defendant denies the remaining allegations made in Paragraph 102.

107. In response to Paragraph 103, defendant asserts that it entered into an Interagency Agreement with OAH that became effective on June 1, 2005 and denies each and every other allegation made in Paragraph 103.

108. In response to Paragraph 104, defendant asserts that the decision speaks for itself, and otherwise denies plaintiffs' characterization of the decision.

109. Defendant denies each and every allegation made in Paragraph 105.

## VII

## FIRST CAUSE OF ACTION

110. In response to Paragraph 106 of the Complaint, defendant incorporates its responses to paragraphs 1 through 109 hereinabove.

111. In response to paragraph 107 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the remaining allegations made in Paragraph 107.

112. In response to paragraph 108 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the remaining allegations made in Paragraph 108.

113. Defendant denies generally and specifically the allegations contained in paragraph 109.

114. Defendant denies generally and specifically the allegations contained in paragraph 110.

115. Defendant denies generally and specifically the allegations contained in paragraph 111.

116. Defendant denies generally and specifically the allegations contained in paragraph 112

117. In response to Paragraph 113 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the remaining allegations made in Paragraph 113.

///

118. In response to Paragraph 114 of the Complaint, defendant denies that plaintiff is entitled to injunctive relief.

## VII

## **SECOND CAUSE OF ACTION**

119. In response to Paragraph 115 of the Complaint, defendant incorporates its responses to Paragraphs 1 through 118 hereinabove.

120. In response to Paragraph 116 of the Complaint, defendant admits that Article VI, Section 2, of the United States Constitution does so state.

121. In response to Paragraph 117 of the Complaint, defendant asserts that statutes and cases interpreting the Supremacy Clause speak for themselves and on that basis defendant cannot admit or deny the allegations made in Paragraph 117.

122. In response to Paragraph 118 of the Complaint, defendant asserts that the statutes concerning allocation of federal IDEA funds speak for themselves and on that basis defendant cannot admit or deny the allegations made in Paragraph 118.

123. Defendant denies the allegations contained in Paragraph 119.

124. Defendant denies the allegations contained in Paragraph 120.

125. Defendant denies the allegations contained in Paragraph 121.

126. Defendant lacks sufficient information or knowledge to answer the allegations in paragraph 122 as it is unclear what is meant by "allowed OAH's ALJs to substitute provisions of state law, when federal law is governing," and on that basis defendant denies the allegations in Paragraph 122.

127. In response to Paragraph 123 of the Complaint, defendant denies that plaintiff is entitled to injunctive relief.

## VIII

## **THIRD CAUSE OF ACTION**

128. In response to Paragraph 124 of the Complaint, defendant incorporates its responses to Paragraphs 1 through 127 hereinabove.

129. Paragraph 125 consists of legal argument and requires no response from this answering defendant.

130. In response to Paragraph 126 of the Complaint, defendant asserts that statutes and cases interpreting the I.D.E.A. speak for themselves and on that basis defendant cannot admit or deny the remaining allegations made in Paragraph 126.

131. Paragraph 127 consists of legal argument and requires no response from this answering defendant.

132. Defendant denies the allegations contained in Paragraph 128.

133. Defendant denies the allegations contained in Paragraph 129.

134. Defendant denies the allegation contained in Paragraph 130.

135. In response to Paragraph 131 of the Complaint, defendant denies that plaintiff is entitled to injunctive relief.

## AFFIRMATIVE DEFENSES

And, as affirmative defenses, defendants further allege as follows:

### FIRST AFFIRMATIVE DEFENSE

136. The Class Action Complaint and Complaint for Injunctive Relief fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

137. Plaintiff has failed to meet the legal requirements to establish a class under Rule 23.

### THIRD AFFIRMATIVE DEFENSE

138. The Class Action Complaint and Complaint for Injunctive Relief is barred by plaintiff's failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

139. At all times relevant to this action, defendant acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

140. At all times relevant to this action, defendant exercised due care and acted only in the execution and enforcement of the law.

///

### SEVENTH AFFIRMATIVE DEFENSE

141. Because the Class Action Complaint and Complaint for Injunctive Relief is couched in conclusory terms, defendant cannot fully anticipate all affirmative defenses that may be applicable in this action. Accordingly, defendant reserves the right to assert additional defenses as the factual bases for plaintiff's purported claims become known.

### PRAYER FOR RELIEF

Wherefore, defendants pray for relief as follows:

142. That the Class Action Complaint and Complaint for Injunctive Relief be dismissed with prejudice and plaintiffs take nothing thereby;

143. That judgment be entered in favor of defendant and against plaintiff on every cause of action contained in the Complaint;

144. That defendant recover costs; and

145. For such other and further relief as the Court deems just and proper

Dated: March 21, 2008                                          Respectfully submitted,

MARSHA A. BEDWELL  
General Counsel  
AMY BISSON HOLLOWAY  
Assistant General Counsel  
GREGORY J. ROUSSEVE  
Deputy General Counsel  

By:   /s/ Gabriel C. Vivas  
GABRIEL C. VIVAS  
Deputy General Counsel  
Attorneys for Defendant