```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  CHRISTOPHER E. KRUEGER
    Senior Assistant Attorney General
 3  DOUGLAS J. WOODS
    Supervising Deputy Attorney General
 4  SUSAN K. LEACH, State Bar No. 231575
    Deputy Attorney General
 5   300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
 6   Telephone: (213) 897-2105
     Fax: (213) 897-1071
 7   Email: Susan.Leach@doj.ca.gov

 8  Attorneys for Ron Diedrich, in his official capacity as
    Director and Chief Administrative Law Judge of the
 9  State of California Office of Administrative Hearings
```

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, **MARY STRUBLE**, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF EDUCATION**, a State Agency,<br><br>                              Defendant. | Case No.: 08 CV0226 W AJB<br><br>**REPLY BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS, IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT**<br>[No Oral Argument Pursuant to Local Rule]<br><br>Hearing: April 6, 2008<br>Judge: The Honorable Thomas J. Whelan |

## INTRODUCTION

Ron Diedrich, in his official capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings ("OAH"), submits this reply in further support of his motion to this Court for leave to intervene as a defendant in the above-captioned matter so that he may defend OAH against the allegations in the complaint. This case is a class action complaint seeking injunctive relief against the California Department of Education

REPLY BY RON DIEDRICH, CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS IN
SUPPORT OF MOTION TO INTERVENE AS DEFENDANT                                      Case No. 08 CV0226 W AJB

1

("CDE") for alleged violations of the federal Individuals with Disabilities Education Improvement Act ("IDEIA"), the United States Constitution's Supremacy Clause (Article VI, Section 2) and the Equal Protection Clause of the Fourteenth Amendment. Additionally, plaintiff seeks relief that includes a permanent injunction barring CDE from renewing or otherwise awarding a contract to OAH. The contract at issue is between OAH and CDE by which OAH provides administrative due process hearings to students with disabilities who request a hearing pursuant to the IDEIA. Plaintiff's allegations are that OAH, in performing the administrative due process hearings, has violated the IDEIA and has harmed plaintiff and an undetermined class of additional plaintiffs.

Plaintiff's opposition to the motion to intervention raises specious claims and proposes a "conditional intervention," but does not dispute that OAH meets the elements for intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure. Because OAH meets the elements for intervention, OAH should be allowed to intervene and defend and protect its contractual rights.[1]

### ARGUMENT

### I. PLAINTIFF DOES NOT DISPUTE THAT OAH MEETS THE ELEMENTS FOR INTERVENTION PURSUANT TO RULE 24(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE MOTION SHOULD BE GRANTED.

OAH's motion to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure should be granted because plaintiff does not dispute that the relevant elements have been met. Plaintiff argues that because CDE allegedly may award the contract to OAH that "CDE is obviously acting in concert with OAH to benefit OAH as much as possible." *See* Plaintiff's Memorandum of Points and Authorities in Opposition Motion to Intervene ("Opp. Br.") at p.5:23-24. Additionally, plaintiff argues that because CDE is paying for its defense with public funds, there is "no need for OAH to spend public funds in a duplicative defense." Opp. Br. at p.

---

1. OAH incorporates the facts recited in the opening memorandum of points and authorities as fully stated herein. *See* Motion by Ron Diedrich, in his Official Capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings, To Intervene Defendant ("OAH Br.") at pp. 2-3.

REPLY BY RON DIEDRICH, CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS IN
SUPPORT OF MOTION TO INTERVENE AS DEFENDANT                                                   Case No. 08 CV0226 W AJB

5:28. Neither of these arguments has anything do to with the elements of intervention as of right.

A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the applicant's interest; and (4) the applicant's interest must not be adequately represented by existing parties. Fed. R. Civ. P. 24(a); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts liberally construe Rule 24 of the Federal Rules of Civil Procedure in favor of applicants for intervention. *Arakaki*, 324 F.3d at 1083; *United States of America v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984); *Westlands Water Dist. v. United States of America*, 700 F.2d 561, 563 (9th Cir. 1983). Courts are guided primarily by practical and equitable considerations. *Arakaki*, 324 F.3d at 1083. *See also* OAH Br. at pp. 4-6.

Plaintiff does not address these elements except to allege that CDE may be acting in concert with OAH. To further this allegation, plaintiff improperly submitted e-mails attached to its opposition to intervention without a declaration or affidavit and in violation of the federal rules. But, assuming for the sake of argument that the e-mails were submitted properly, they show nothing except exchanges between attorneys in this litigation. The e-mails do not represent facts or evidence. Moreover, the e-mails do not show that OAH and CDE are acting in concert.

Additionally, plaintiff does not argue that OAH's motion for intervention was untimely, but rather asserts that the motion is not "ripe." Plaintiff's circular argument seems to assert that OAH's motion to intervene is hinged on "CDE's manner of response, and timeliness thereof" to Plaintiff's complaint. Opp. Br. at 5:1-2. CDE's response to the complaint has no bearing on OAH's intervention.[2] As pointed out in OAH's opening brief, OAH's interest would not be adequately represented by the existing parties, including CDE. *See* OAH Br. at p. 4. The fact that CDE is a party to the contract does not mean that OAH and CDE have identical interests. Plaintiff acknowledged this in the complaint when it alleged that CDE did *not* want to contract

---

2. CDE subsequently filed an answer to the complaint on March 25, 2008.

with OAH in 2005. *See* Complaint ¶¶ 96-105. However, even assuming that plaintiff's allegation was wrong, CDE and OAH have different interests as parties contracting for and providing services, respectively. Thus, OAH needs to be a party in this case to adequately represent its own interests.

Moreover, most of the allegations in the Complaint are allegations against OAH or administrative judges working for OAH. *See* Complaint ¶¶7-9, 30, 34, 45-53, 54-68, 69-95, 96-105 (alleging that OAH failed to obtain the training required by the Contract, failed to meet the qualifications specified in the Contract and did not perform the hearings pursuant to applicable law; that OAH has misrepresented data provided to CDE with respect to the administration of mediations and due process hearings conducted by OAH; that administrative law judges employed by OAH violated the Contract by presiding over non-special education cases, failing to provide proper educational records to students and parents when requested, unlawfully delegating the decision regarding compensatory education to the school district, allowing unauthorized discovery in the due process proceedings and mishandling conflict of law analysis). OAH's interest in defending itself against these allegations are not identical to CDE's interests. These allegations are focused on conduct by OAH and administrative law judges employed by OAH, and granting the relief that plaintiff seeks would eliminate OAH's ability to contract with CDE. Thus, there is a relationship between the legally protected interest, OAH's right to contract with CDE, and plaintiff's claims. OAH has a significantly protectable contractual interest at stake in this action, and OAH should be allowed to intervene.[3]

//

//

---

3. Plaintiff proposes a "conditional" intervention whereby OAH would be allowed to intervene, but OAH would have to waive any defense of exhaustion of administrative remedies for any client represented by plaintiff's counsel (which could include completely unrelated actions against OAH) and would allow "Plaintiff's counsel [to] bring any IDEA actions during the pendency of this action in Federal Court, without exhausting through OAH, and the Court appoint the Magistrate Judge as Special Master to oversee the scope of discovery." Opp. Br. at p. 6:18-28. There is absolutely no basis in law or fact, and plaintiff cites none, for this "conditional" intervention and OAH cannot agree to such conditions in this case and unrelated matters.

REPLY BY RON DIEDRICH, CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS IN
SUPPORT OF MOTION TO INTERVENE AS DEFENDANT                                              Case No. 08 CV0226 W AJB

4

## II. IN THE ALTERNATIVE, OAH SHOULD BE ALLOWED TO INTERVENE BY PERMISSION PURSUANT TO RULE 24(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

OAH filed a motion to intervene as a *defendant* and not a plaintiff in this matter. *See* OAH Br. at 1. OAH seeks intervention to defend its contractual rights, the same rights which plaintiff seeks to enjoin. Plaintiff asserts a right to enjoin those contractual rights pursuant to alleged violations of IDEIA and the federal Constitution and the asserted basis of jurisdiction is pursuant to 28 U.S.C. § 1331. Complaint at ¶ 1. Plaintiff's argument that OAH must establish "independent grounds for federal subject matter jurisdiction" is based on an erroneous reading of *Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir. 1977). Opp. Br. at p. 6:3-16. In *Blake*, the party moving to intervene sought to do so as a plaintiff and the claims that party asserted were state law claims only. *Id.* at 951. The Court held that where the intervenor also seeks to add his own causes of action, jurisdictional grounds must be established for permissive intervention. *Id.* As OAH has not proposed adding claims as this point, and seeks to intervene as a defendant, this is an invalid argument.

For all the reasons stated in OAH's opening brief, fairness and judicial economy weigh heavily in favor of allowing OAH to intervene in this action.

//
//
//
//
//
//
//
//
//
//
//
//
//

REPLY BY RON DIEDRICH, CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT                Case No. 08 CV0226 W AJB

REPLY BY RON DIEDRICH, CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT                Case No. 08 CV0226 W AJB

## CONCLUSION

For all the reasons stated above and in OAH's opening brief, OAH respectfully requests that this Court allow it to intervene in this matter.

Dated: March 28, 2008

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        CHRISTOPHER E. KRUEGER
        Senior Assistant Attorney General

        DOUGLAS J. WOODS
        Supervising Deputy Attorney General

        \s\ Susan K. Leach
        SUSAN K. LEACH
        Deputy Attorney General
        Attorneys for Ron Diedrich, in his official capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings

50241070.wpd
SA2008300685

REPLY BY RON DIEDRICH, CHIEF ADMIN. LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMIN. HEARINGS IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT   Case No. 08 CV0226 W AJB

6