Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO OAH'S MOTION FOR INTERVENTION<br><br>Date: April 7, 2008<br>Judge: Hon. Thomas J. Whelan |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, Plaintiff, C.S. ("Plaintiff"), through his attorney of record, hereby applies *ex parte* for the Court to permit Plaintiff to file a Sur-Reply in Opposition to OAH's Motion For Intervention. The basis for this application is that Plaintiff did not have the benefit of Defendant, California Department of Education's ("CDE") Answer to the Complaint at the time Plaintiff's Opposition to Motion For Intervention was due.

## INTRODUCTION

CDE was aware that its Answer was due on March 17, 2008. CDE was also aware that in accordance with the Court's Order Extending Briefing Schedule, Plaintiff's Opposition to OAH's Motion For Intervention was due on March 24, 2008. CDE granted itself an extension of time to Answer in violation of Local Rule 12.1, and filed its Answer on March 25, 2008. Therefore, at the time Plaintiff filed its Opposition to OAH's Motion For Intervention, Plaintiff was unaware of the position of CDE with regard to the various allegations in the Complaint concerning the lack of expertise, training and compliance with IDEA of OAH's ALJ's. Plaintiff seeks to re-cast its Opposition in a Sur-Reply in order to highlight the obvious alignment of interest and defenses between OAH and CDE, as well as to correct some inaccuracies in OAH's Reply.

## ARGUMENT

1. **THERE IS GOOD CAUSE TO GRANT THIS EX PARTE APPLICAITON**

Ex parte relief is justified where a party can show that "[its] cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis...or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 493 (C.D. Cal. 1995).

   A. Plaintiff Will Be Irreparably Prejudiced If Not Able To Correct OAH's Mischaracterizations Regarding Its Relationship With CDE.

Plaintiff was not at fault in the late filing of CDE's Answer, and would be prejudiced if Plaintiff is not permitted to address OAH's Reply to Opposition To Motion For Intervention, which was prepared and filed after the filing of CDE's Answer, yet still characterizes CDE's Answer to the Complaint as "having no bearing on OAH's intervention." (Reply, p. 3, lines 22-23 and footnote 2).

Moreover, OAH continues to allege that CDE did not want to contract with OAH in 2005 (Reply, pp. 3-4, lines 26-1). However, in its Answer in paragraphs 105 and 106, CDE expressly denies that it did not want to contract with OAH in 2005. Additionally, CDE's recent e-mails and statements clearly show that, "as things stand right now, there's no way on God's green earth that we are not going to contract with them [OAH] on July 1, 2008." (Exhibits A and B to Plaintiff's Opposition to Motion For Intervention).

OAH in its Reply failed to consider CDE's Answer, which clearly reflects CDE's united interest with OAH. Plaintiff should be allowed to file a Sur-Reply.

B.   Plaintiff is Without Fault In Creating this Situation.

Plaintiff did nothing to contribute to the late filing of CDE's Answer. In fact, but for Plaintiff's prompting, CDE may have taken even longer to file its Answer. CDE's Answer joins issue and presents its theories of the case. As such, it is relevant to whether OAH should be allowed to intervene in the action at this time. In order for the Court to decide whether intervention is necessary, it must review the status of the case as it then stands, and the Court must look at all relevant circumstances in the particular case. *United States v. Yonkers Board of Education,* 801 F. 2d 593, 595 (2d Cir. 1986).

As seen in the accompanying Declaration of Ellen Dowd, Esq. in Support of Ex Parte Application For Leave To File Sur-Reply, CDE's responses and defenses clearly show its adequacy to represent OAH's interests in this action.

CONCLUSION

Based upon the foregoing, Plaintiff respectfully request leave to file a Sur-

1 | Reply forthwith.
2 | Dated: April 1, 2008

Respectfully submitted,

*Ellen Dowd*

Ellen Dowd, Attorney for
Plaintiff, C.S.