Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S.**

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>              Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>DECLARATION OF ELLEN DOWD, ESQ. IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO OAH'S MOTION FOR INTERVENTION<br><br>Date:  April 7, 2008<br>Judge: Hon. Thomas J. Whelan |

I, Ellen Dowd, declare as follows:

1.    I am an attorney admitted and in good standing in all of the state and federal Courts in the State of California, including this honorable court.

2.    I am attorney of record for Plaintiff herein, and make this declaration on behalf of Plaintiff, and all others similarly situated, meanings disabled students and their parents who have, through a special education due process hearing before OAH's ALJs, obtained less than complete relief sought.

3.     I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto. I make this declaration in support of Plaintiff's Ex Parte Application For Leave To File Sur-Reply in Support of Plaintiff's Opposition to OAH's Motion For Intervention.

4.     On March 18, 2008 I e-mailed Gabriel Vivas, Esq. attorney representing Defendant, CDE inquiring about CDE's overdue Answer.

5.     While, over the course of several e-mails, it appeared that CDE was going to file a motion to dismiss, or, alternatively move for an extension of time to Answer the Complaint (Exhibits A and B to Plaintiff's Opposition to Motion For Intervention), on March 25, 2008, CDE filed and served its Answer to Complaint.

6.     On March 24, 2008, pursuant to an Order of the Court, Plaintiff filed its Opposition to OAH's Motion For Intervention.  However, without having the benefit of CDE's Answer prior to filing its Opposition, Plaintiff's was without up-to-date information about CDE's ability to adequately represent OAH's interests in this case.

7.     On March 28, 2008, OAH filed an served its Reply to Plaintiff's Opposition to Motion For Intervention.  In its Reply, OAH incorrectly states that "CDE's response to the complaint has no bearing on OAH's intervention." (Reply p. 3 lines 22-23 and footnote 2).  OAH also incorrectly states that "CDE and OAH have different interests..." (Reply page 4 line 2).

8.     Clearly, OAH did not read and consider CDE's allegations in its Answer before filing its Reply.

9.     In paragraph 3 of its Answer, CDE denies that OAH has violated IDEA.  This defends OAH.

10.     In paragraph 15 of its Answer, CDE denies that the 45-day timeline imposed by 20 U.S.C. § 1315(g)(2) was enacted to protect the rights of disabled students.

08 CV 0226 W (AJB)
Declaration of Ellen Dowd, Esq.
In Support of Ex Parte Application
For Leave To File Sur-Reply

11.    Similarly, in paragraph 59 of its Answer, CDE denies that the 45-day rule was enacted to promote speedy exhaustion of remedies.

12.    Among the many responses by CDE to the allegations in the Complaint that "the contents of the quarterly reports [published on CDE's website] speak for themselves," in paragraph 58 of its Answer, CDE denies the characterization of the quarterly reports as not accurately reflecting the correct number of Decision rendered within the statutory 45-day timeline, as alleged in Complaint, paragraph 58. This defends OAH.

13.    In paragraph 26 of its Answer, CDE admits that CDE receives federal funds, but denies that these funds are specified to provide Mediation and Due Process Hearings for special education students by qualified Hearing Officers.

14.    Many of CDE's responses to the Complaint cite "CDE and OAH websites speak for themselves...", when the websites are actually linked, as are CDE and OAH's interests in this litigation. CDE and OAH jointly publish the data in the quarterly reports. CDE's alignment of interest with OAH is explicit in its Answer.

15.    Whether the responses in CDE's Answer, and denials appurtenant thereto are made in good faith is not a question for this Ex Parte Application. The question is whether, based upon all relevant pleadings and information, CDE can adequately represent OAH's interests at this time.

16.    From the four corners of its Answer, CDE is defending both itself and OAH. Without additional proof that OAH's interests are not adequately represented by Defendant, CDE, intervention by OAH should not be permitted.

17.    Plaintiff respectfully requests that before any intervention by OAH is permitted, Plaintiff be allowed leave to file a Sur-Reply.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

//

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Executed this 1st day of April, 2008 at San Diego, California.

_____

Ellen Dowd

08 CV 0226 W (AJB)
Declaration of Ellen Dowd, Esq.
In Support of Ex Parte Application
For Leave To File Sur-Reply