Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>　　　　　Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>PLAINTIFF'S SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION MOTION TO INTERVENE<br><br>Date:　April 7, 2008<br>Time:　To Be Set<br>Judge: Hon. Thomas J. Whelan |

0

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

# I.

# **INTRODUCTION**

On February 5, 2008 Plaintiff filed the instant action against Defendant, California Department of Education ("CDE") seeking a Permanent Injunction enjoining CDE from dispensing tens of millions of dollars of federal funds to the award of an Interagency Agreement with California Office of Administrative Hearings ("OAH") for the provision of Special Education Mediations and Due Process Hearings for disabled students under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et seq.

On February 20, 2008, Plaintiff filed an Application for a TRO, for which a Briefing Schedule was set by Court Order on that date.

On February 25, 2005 service of process of the Summons and Complaint was effective on CDE. On March 5, 2008, CDE file an Ex Parte Application For an Extension Of Time To File Defendant's Response To Plaintiff's Application For Temporary Restraining Order. No extension of time to answer or otherwise respond to the Complaint was sought.

On March 7, 2008, the Court granted CDE's Motion For Extension of the Briefing Schedule.

On March 7, 2008, OAH filed a Motion for Intervention, and an Ex Parte Application To Shorten Time on The Intervention Motion.

On March 11, 2008 the Court Partially granted the Ex Parte Application of OAH Shortening Time on its Motion for Intervention. This Order specified that Plaintiff's Opposition to OAH's Intervention shall be filed and served by March 24, 2008, and OAH's Reply shall be filed by March 31, 2008.

Plaintiff timely filed his Opposition to Motion For Intervention on March 24, 2008. CDE's response to Plaintiff's Complaint was due on March 17, 2008. It was not filed and served on that date. After prompting by Plaintiff on March 18, 2008, CDE filed its Answer on March 25, 2008. Plaintiff did not have the benefit

1

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

of CDE's admissions, denials, responses and defenses at the time Plaintiff filed his Opposition to Motion for Intervention.

OAH timely filed its Reply to Opposition to Intervention on March 28, 2008. While OAH acknowledges in a footnote that CDE filed its Answer To Complaint on March 25, 2008, OAH did not allege anything new in its Reply based upon CDE's responses in its Answer. Rather than correcting or updating the information presented by OAH in its Reply, OAH's Reply contains inaccuracies in both fact and law. For example, OAH alleges in its Reply that Plaintiff all but admits that OAH meets the elements for Intervention under 24(a) (OAH Reply page 2, lines 18-19). Plaintiff clearly indicated in its Opposition that if OAH seeks intervention under 24(a) this fails because at this time, CDE can adequately represent OAH's interests. This is confirmed in CDE's allegation in its Answer.

Additionally, in its Reply, OAH implies that *Blake v. Pallan*, is inapplicable to OAH's request for permissive intervention under 24(B), because the intervenor's claims in *Blake v. Pallan* involved state law claims, as opposed to federal claims. (OAH's Reply page 5). As seen below, any claim, or any anticipatory claim, that OAH may have to the Interagency Agreement between it and CDE, which are both state agencies, and to which the United States Department of Education ("USDOE") is not a party, would be a state law claim for state court.

On April 1, 2008 Plaintiff applied for and was granted leave to file this Sur-Reply. In considering all pleadings filed to date, it is obvious that OAH does not qualify for intervention at this time, either of right or permissively.

## II.
## ARGUMENT

A.   <u>The Presumption That CDE Can Adequately Protect OAH's Interests At This Time Defeats OAH's Claim For Intervention of Right Under FRCP 24(a).</u>

2

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

Intervention shall be permitted when: (1) a federal statute confers the unconditional right to intervene in the action; or (2) the applicant claims an interest which, as a practical matter, may be impaired or impeded by disposition of the pending action and <u>that interest is not adequately represented by existing parties</u>. FRCP 24(a) (emphasis added). "The applicant [potential intervenor] bears the burden of demonstrating that its interests are not adequately represented By the existing parties." *Sagebrush Rebellion, Inc. v. Watt*, 717 F. 2d 525, 528 (9th Cir. 1983).

The pleadings, motions and declarations in this case show that CDE and OAH have identical interests; to wit: CDE granting OAH the Interagency Agreement on July 1, 2008. In its Motion For Intervention, OAH cites that it "seeks to intervene to protect its contractual rights with CDE and to defend itself against the allegations specified in the complaint." (OAH Motion To Intervene page 2, lines 10-11).

In various e-mails attached to declarations of both Gabriel Vivas, Esq., in-house counsel for CDE, and of Ellen Dowd, Esq., attorney for Plaintiff, Mr. Vivas' quote on February 28, 2008 that, "As things stand right now there's no way on God's green earth that we are not going to contract with them on July 1, 2008."[1]

CDE's Answer not only reiterated its favoritism to OAH, CDE has surpassed OAH's arguments in its own defense. In the Complaint, pages 24-26, paragraphs (erroneously numbered) 72-77, allege that ALJ Susan Ruff, in a Decision, violated IDEA by delegating the award of compensatory education to an IEP Team in violation of 20 U.S.C. § 1415(f)(3). The allegations include that Ronald Diedrich, the Chief Presiding Administrative Law Judge for OAH was also

---

[1] What Plaintiff's counsel heard was only, "there's no way on God's green earth that we are not going to contract with them on July 1, 2008." On March 11, 2008, Mr. Vivas notified Plaintiff's counsel that she had omitted the first part of the February 28, 2008 quote "As things stand right now." Since that time, Mr. Vivas has not indicated any change in CDE's intentions with regard to the Interagency Agreement.

3

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

contacted about this violation, and was requested, along with ALJ Ruff to modify the Decision. As seen in Exhibit 1 to the accompanying Declaration of Ellen Dowd, Esq. in Sur-Reply, Mr. Diedrich, the purported intervenor herein, responded to Plaintiff's counsel's request for Modification of ALJ Ruff's Decision by stating, "I know of no legal authority, nor was any cited, which allows me to reconsider or modify a decision that has been issued by an administrative law judge. Accordingly, the request is denied. In denying this request I am making no determination as to the merit of the substantive allegations, or the propriety of Judge Ruff either granting or denying a request to reconsider her decision in this matter." Here Mr. Diedrich chose not to defend the actions of ALJ Ruff.

By contrast, in its Answer to these very allegations, in paragraphs 80 and 81 of the Answer, despite attaching the Decision in question, and the requests and responses for the modification as exhibits, CDE denies the allegations on the basis of insufficient knowledge or information. CDE is denying more than OAH did. This appears to adequately defend OAH's interests.

The Ninth Circuit has denied intervention as of right where it was clear that existing parties would make all of the arguments that the applicants for intervention would make. *SEC v. Navin*, 166 F.R.D. 435, 441 (N.D. Cal. 1995), citing, *State of California v. Tahoe Regional Planning Agency*, 792 F. 3d 775, 779 (9th Cir. 1988).

The most important factor for determining the adequacy of representation is how the interest compares with the interests of existing parties. 7C Wright, Miller & Kane, Federal Practice and Procedure: § 1909, at 318 (1986). When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. *League of United Latin Am. Citizens v. Wilson*, 131 F. 3d 1297, 1305 (9th Cir. 1997).

4

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

There is also a presumption of adequacy when the government and the applicant are on the same side. *United States v. City of Los Angeles*, 288 F. 3d 391, 410-402 (9th Cir, 2002). In the absence of a "very compelling showing to the contrary," it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. 7C Wright, Miller & Kane § 1919 at 332. Where the parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention. *United States v. City of Los Angeles*, 288 F. 3d at 402.

Here, OAH in its Reply fails to address or overcome the presumption that CDE is adequately representing its interests. OAH merely reiterates the allegations in the Complaint that, CDE in a Board Decision (Exhibit 23 to Complaint) stated misgivings about awarding the Interagency Agreement to OAH in March, 2005, and CDE didn't want to contract with OAH at that time. In Paragraphs 106 and 107 of the Answer CDE denies these allegations. OAH did not mention this in its Reply. Additionally, in its Reply, OAH states, "...OAH has not proposed adding claims at this point..."

OAH has not demonstrated one single difference between its interests and CDE's. Therefore, all claims alleged are being adequately represented by CDE, and OAH's Motion To Intervene of Right must be denied at this time.

B.  <u>OAH Lacks Independent Federal Jurisdiction For Permissive Intervention Under FRCP24 (b).</u>

In neither its Motion For Intervention, nor its Reply does OAH identify an independent basis of federal jurisdiction, and none exists.

Permissive intervention may be granted where the applicant demonstrates (1) an independent grounds for jurisdiction, (2) timeliness, and (3) a common question of law or fact between the applicant's claim or defense and the main

5

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

action. *Venegas v. Skaggs,* 867 F. 2d 527, 529 (9th Cir. 1989). Even if the applicant satisfies these criteria, the court has discretion to deny the motion. *Donnelly v. Glickman,* 159 F. 3d 405, 412 ((9h Cir. 1998).

In its Reply, OAH claims its interests in defending itself are not identical to CDE's interests (Reply page 4, lines 14-15), citing that "plaintiff seeks to eliminate OAH's ability to contract with CDE." (*Id.* at line 17). OAH, a state agency, and CDE, another state agency's rights with regard to one another are clearly the grounds for state court proceedings. OAH has stated no independent basis for federal jurisdiction.

To accomplish this, OAH would have to establish that it has a direct nexus to the USDOE, and, that somehow it had recourse against USDOE. This is not alleged, and does not exist. In fact, Exhibit "2" to the accompanying declaration of Ellen Dowd, Esq. in Sur-Reply, shows that on July 24, 2007, Plaintiff's counsel requested public records from OAH consisting of "Copies of any correspondence between OAH, Special Education Division and the U.S. Department of Education, either by facsimile or United States mail, concerning the Interagency Agreement No. 4427, between CDE and OAH dated May 25, 2005, from 6/1/05 to present."

Exhibit "3" to the accompanying declaration of Ellen Dowd, Esq. in Sur-Reply is OAH's response to the public records request that, "I am in receipt of your Public Records Act Request dated July 24, 2007, for copies of 'any correspondence between OAH, Special Education Division and the U.S. Department of Education, either by facsimile or United States mail, concerning the Interagency Agreement, No. 4427, between CDE and OAH dated May 25, 2005, from 6/1/05 to Present.' After a thorough and diligent search, the Office of Administrative Hearings has found no documents responsive to your request."

There is no right of contract between OAH and USDOE. And there are no

6

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene

grounds for federal subject matter jurisdiction. OAH my have benefited greatly by the first $29 million in federal funds awarded to it by CDE, but OAH is not a third-party beneficiary to federal funds earmarked for disabled students. OAH cannot bootstrap its state contract into a federal entitlement.

"Furthermore, even [assuming *arguendo*] if there were an independent basis for jurisdiction, the court would deny permissive intervention because, as set forth above, the interests of the [intervenor] are already adequately represented by existing defendants." *John Doe v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 8501, (E.D. Cal. January 18, 2007).

## IV.
## CONCLUSION

Based upon the foregoing, OAH should not be allowed to intervene at this time. CDE is more than adequately representing OAH's interests, and can clearly do so in the impending Application for TRO.

Dated: April 4, 2008

Respectfully submitted,

Ellen Dowd, Attorney for
Plaintiff, C.S.

7

08 CV 0226 W (AJB)
Plaintiff's Sur-Reply
Memorandum of Points and
Authorities in Opposition to
Motion to Intervene