1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  C.S., et. al.,                              CASE NO. 08-CV-0226 W (AJB)

12                             Plaintiffs,      **ORDER GRANTING MOTION
                                                FOR INTERVENTION BY RON**
13        vs.                                   **DIEDRICH, IN HIS OFFICIAL
                                                CAPACITY AS DIRECTOR OF**
14                                              **CHIEF ADMINISTRATIVE
                                                LAW JUDGE OF THE STATE**
15  CALIFORNIA DEPARTMENT OF                    **OF CALIFORNIA OFFICE OF**
    EDUCATION,                                  **ADMINISTRATIVE HEARINGS**
16                             Defendant.       **(Doc. No. 14)**

17

18        On February 5, 2008 Plaintiff C.S., by and through his Conservator, Mary Struble

19  ("Plaintiff"), filed this class action complaint against Defendant California Department

20  of Education ("Defendant" or "CDE") alleging Individuals with Education Disabilities

21  Act ("IDEA"), Supremacy Clause, and Equal Protection violations and seeking

22  injunctive relief. (Doc. No. 1.) On February 19, 2008 Plaintiff moved for a temporary

23  restraining order ("TRO") to restrain Defendant CDE from contracting with the Office

24  of Administrative Hearings ("Intervenor" or "OAH"). (Doc. No. 4.) On March 7,

25  2008 OAH moved to intervene as a separate defendant in this action. (Doc. No. 14.)

26  The Court takes the matter under submission and without oral argument. See S.D. Cal.

27  Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** OAH's motion to

28  intervene in this lawsuit. (Doc. No. 14.)

08cv0226W

1    I.    BACKGROUND

2        The following is a summary of arguments and allegations made in Plaintiff's

3    complaint and the parties' moving papers.  Unless otherwise noted, nothing shall be

4    taken as a finding of fact by this Court.

5        Plaintiff C.S. is an eighteen year-old, conserved student who qualifies for special

6    education under the Autism eligibility category.  (*Compl.* ¶ 16.)  Plaintiff alleges that he

7    participated as a party in an administrative due process hearing, which was conducted

8    in such a way as to deny him certain federal and constitutional rights.  (*Id.* ¶ 10.)

9    Plaintiff brings this action on behalf of himself and all others similarly situated.

10        Defendant California Department of Education ("CDE") is a California agency

11   tasked to administer the California education system.  (*Id.* ¶ 25.)  By receiving federal

12   funds, federal law mandates that CDE provide disabled students' parents with impartial

13   administrative due process hearings.  (*Id.*)  Defendant CDE contracts with Intervenor

14   Office of Administrative Hearings ("OAH") to conduct these hearings.  (*Id.* ¶ 26.)

15   Under the contract, OAH must provide Administrative Law Judges ("ALJs")

16   knowledgeable and trained in special education law.  (*Id.* ¶ 10.)  CDE is also required

17   to oversee the ALJ training and implementation of special education law.  (*Id.*)

18        On February 5, 2008 Plaintiff filed suit against Defendant CDE, alleging that

19   CDE failed to adequately supervise OAH's administrative hearing process.  (Doc. No.

20   1.)  The gist of Plaintiff's complaint is that CDE's contractual relationship with OAH

21   is unlawful because the ALJs are neither appropriately trained nor following or

22   implimenting relevant federal law.  (*Id.* ¶ 3.)  Plaintiff alleges that he, and all others

23   similarly situated, have been denied due process as a result of poor ALJ performance.

24   (*Id.* ¶ 17.)

25        On February 19, 2008 Plaintiff moved for a temporary restraining order, arguing

26   that CDE should be enjoined from renewing the current contract with OAH, which

27   expires on July 1, 2008.  (Doc. No. 4.)  After two continuances, the Court is set to hear

28   the TRO on April 28, 2008, and Defendant's response in opposition is due on April 14,

1   2008.  (Doc. No. 12.)

2   On March 7, 2008 Intervenor Ron Diedich, in his official capacity as Director

3   and Chief Administrative Law Judge of the State of California Office of Administrative

4   Hearings ("OAH"), moved for an order permitting OAH to intervene as a defendant

5   in this action.  (Doc. No. 14.)  Per OAH's request, the Court established a briefing

6   schedule with the goal of granting or denying the intervenor motion before Defendant's

7   TRO opposition is due.  (Doc. No. 18.)  Among other things, the Court ordered that

8   Plaintiff oppose the OAH's motion by March 24, 2008, an amount of time consistent

9   with the time allotted to oppose a noticed motion under the Local Rules.  See S.D. Cal.

10  Civ. R. 7.1(e)(1), (2).

11  On March 24, 2008 Plaintiff opposed OAH's motion to intervene. (Doc. No. 21.)

12  The same day, Plaintiff moved *ex parte* for an Order to Show Cause why Defendant

13  should not be ordered to file an answer to Plaintiff's complaint.  (Doc. No. 24.)  The

14  Court dismissed Plaintiff's motion as moot when CDE filed an answer the next day, on

15  March 25, 2008. (Doc. No. 26.)

16  On March 28, 2008 OAH filed its reply.  (Doc. No. 28.)  On April 1, 2008

17  Plaintiff moved for leave to file a sur-reply, arguing that he was prejudiced in preparing

18  his opposition because Defendant CDE had not yet filed an answer.  (Doc. No. 29.)

19  The same day, the Court granted Plaintiff's motion and Plaintiff filed his sur-reply on

20  April 4, 2008.  (Doc. Nos. 32, 33.)  The Court notes that Defendant CDE has not

21  opposed OAH's motion, and OAH alleges that CDE is willing to stipulate to the

22  requested intervention.  (*OAH Mot.* 3.)

23

24  **II.   LEGAL STANDARD**

25      **A.   Rule 24(a)(2)—Intervention As A Matter of Right**

26  Rule 24(a)(2) permits anyone to intervene who is "so situated that disposing of

27  the action may as a practical matter impair or impede the movant's ability to protect its

28  interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P.

24(a)(2).  The Ninth Circuit applies a four-prong test when weighing a Rule 24(a)(2) intervention motion:

> (1) the application for intervention must be timely; (2) the applicant must have a 'significant protectable' interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 817-18 (9th Cir. 2001). In applying this standard, the court should broadly construe the rule in the proposed intervenors' favor.  U.S. v. City of Los Angeles, 288 F.3d 391, 397-98 (9th Cir. 2002).


**B.    Rule 24(b)—Permissive Intervention**

A party seeking permissive intervention under Rule 24(b) must establish three threshold requirements: (1) a common question of law or fact with the main action, (2) timeliness and (3) an independent jurisdictional basis over the applicant's claims.  See League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1308 (9th Cir. 1997); see also Fed. R. Civ. P. 24(b).

To justify permissive intervention, intervenors must first establish a legal or factual question in common with the present litigation. Next, the court considers whether intervenors filed their motion in a timely manner.   In reaching this determination, the Court should consider "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."  Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995).

Finally, the intervenors must demonstrate the court's jurisdiction over their claims.  Permissive intervenor claims ordinarily require an independent jurisdictional basis.  See Beckman, 966 F.2d at 473.  This jurisdictional requirement is premised on the potential intervenors' desire to litigate the claims' merits.  Id.

1   **III.   DISCUSSION**

2       OAH's moving papers argue that it meets the requirements for both intervention

3   as a matter of right and permissive intervention.   (*OAH Mot.* 2–7.)   Plaintiff's

4   Opposition argues that OAH's motion is not ripe, and that OAH fails to meet the

5   requirements for intervention of right and permissive intervention.[1]   (*Pl.'s Opp'n* 3–6.)

6   The Court agrees with OAH that it is entitled to intervene, both as a matter of right

7   and permissively.

8

9       **A.     OAH Is Entitled To Intervene as a Matter of Right**

10

11          ***i.     OAH's Application To Intervene is Timely***

12       OAH argues that its motion to intervene is timely because it moved to intervene

13  about four weeks after Plaintiff filed his complaint.   (*OAH Mot.* 4.)   Plaintiff either

14  concedes this element or characterizes it as a "ripeness" determination.   (*Pl.'s Opp'n*

15  3–5.)

16       As cited above, the Court should consider (1) the stage of the proceeding at

17  which intervention is sought; (2) prejudice; and (3) the reason for and length of the

18  delay.   Empire Blue Cross & Blue Shield v., 62 F.3d at 1219.   In this case, OAH has

19  moved promptly to intervene to protects its interests, before any significant discovery

20  or dispositive litigation.   Defendant CDE has conceded to OAH's intervention, and

21  Plaintiff will not be prejudiced by the entry of an additional defendant into the case

22

23          [1]Plaintiff's "ripeness" argument really seems to be a argument against the "timeliness"
    of OAH's intervenor motion, better framed in opposing intervention as a matter of right.   In
24  any event, Plaintiff's ripeness argument proceeds on several speculative procedural
    contingencies, none of which have any bearing under an analysis of whether OAH timely
    moved for intervention as a matter of right.
25          Plaintiff's Opposition also complains about Defendant CDE's then-lack of an answer in
    the action, arguing that CDE's answer is crucial in opposing OAH's motion for intervention.
26  (*Pl.'s Opp'n* 4.)   The Court accepted this argument, to a limited extent, in granting Plaintiff
    leave to file his sur-reply.   (See *April 1, 2008 Order Granting Pl. Leave to File Sur-Reply* 1–2.)
27  Plaintiff's sur-reply, however, simply re-argues the law of intervention, and Plaintiff's only use
    of CDE's answer is in a very limited reference to a denial "on the basis of insufficient
28  knowledge or information."   (*Pl.'s Sur-Reply* 4.)   Henceforth, Plaintiff shall not have "two bites
    at the apple" in which to formulate legal arguments to oppose adversarial motions.

08cv0226W

1   whom is not pressing any counterclaims.  Because OAH has moved to intervene
2   without delay, the Court finds that OAH's motion is timely.

3

4                  ii.      *OAH Has a Significantly Protectable Interest*

5          OAH argues that under Ninth Circuit precedent, its interest in contracting with
6   Defendant CDE constitutes a protectable interest, and any Court remedy enjoining a
7   CDE-OAH contract would destroy this interest.  (*OAH Mot.* 4–5.)  Plaintiff apparently
8   concedes that OAH has such an interest, arguing instead that the interest is adequately
9   represented by CDE.  (*Pl.'s Opp'n* 5; *Pl.'s Sur-Reply* 3–5.)

10         An applicant has a "significant protectable interest" in an action if (1) it asserts
11  an interest that is protected under some law, and (2) there is a relationship between its
12  legally protected interest and the plaintiff's claims.  Donnelly v. Glickman, 159 F.3d 405,
13  409 (9th Cir. 1998).  The "interest" test is not a clear cut or bright line rule, because no
14  specific legal or equitable interest need be established.  United States v. City of Los
15  Angeles, 288 F.3d 391, 398 (9th Cir. 2002) (finding protectable interest in the terms of
16  a particular injunctive remedy).  In an intervention context, courts have found that
17  contract rights are traditionally protectable interests.  Southwest Center for Biological
18  Diversity, 268 F.3d at 820.

19         In this case, it is clear that OAH has an interest in the right to renew its contract
20  with Defendant CDE.  Moreover, there is a direct relationship between OAH's contract
21  right and Plaintiff's claims and allegations.  According to Plaintiff's Complaint, nearly
22  all of Defendant CDE's supervising liability is derivative of OAH's missteps: to wit,
23  OAH failed to adequately train and supervise judges, (*Compl.* ¶ 7); OAH ALJs rendered
24  faulty and unlawful Decisions, (*Compl.* ¶ 30); OAH judges failed to render decisions in
25  accordance with federal timelines, (*Compl.* ¶ 52.); etc.  Because Plaintiff premises CDE's
26  liability nearly entirely on OAH's acts and omissions under the OAH-CDE agreement,
27  the Court finds that OAH has a legally protectable interest sufficiently related to
28  Plaintiff's claims to entitle OAH to intervene as a matter of right.

1      **iii.    OAH Is So Situated That Disposing Of This Action Would Impact**
2                **or Impede OAH's Ability to Protect Its Contract Interest**

3      OAH argues that resolving this action without its participation would impact
4 OAH's ability to protect its interest in renewing its contract with CDE. (*OAH Mot.* 5.)
5 Plaintiff apparently concedes this point, only arguing that CDE already adequately
6 represents OAH's interest. (*Pl.'s Opp'n* 5; *Pl.'s Sur-Reply* 3–5.)

7      While Plaintiff prays for attorney's fees and costs, the thrust of Plaintiff's action
8 seeks a Court order enjoining any new contract between CDE and OAH. (*Compl.,*
9 *Prayer for Relief.*)  Should Plaintiff prevail, OAH would be prevented, by court order,
10 from renewing its contract with CDE.  Clearly, the resolution of this action may directly
11 impair or impede OAH's ability to renew its rights under contract.  See also City of Los
12 Angeles, 288 F.3d at 399 (finding intervenor-organization had a protectable interest
13 because plaintiff's complaint sought injunctive relief which depended on resolving
14 factual allegations that organization's members committed unlawful acts).  Additionally,
15 given the nature of proving CDE's liability, any factual determinations may effect
16 OAH's future interests or contract rights.

17

18      **iv.    Plaintiff and CDE Do Not Adequately Represent OAH's Interests**
19      OAH argues that neither Plaintiff nor CDE adequately protects its contract
20 interest because Plaintiff alleges that CDE did not want to contract with OAH in the
21 first place, and thus may not have an equal incentive to renew the deal. (*OAH Mot.*
22 5–6.)  Plaintiff contends that OAH and CDE are "obviously acting in concert to benefit
23 OAH as much as possible." (*Pl.'s Opp'n* 5.)

24      With respect to the fourth element – adequate representation – the court should
25 consider several factors.  Specifically, an applicant is adequately represented if "(1) the
26 interests of a present party to the suit are such that it will undoubtedly make all of the
27 intervenor's arguments; (2) the present party is capable of and willing to make such
28 arguments; and (3) the intervenor would not offer any necessary element to the

1  proceedings that the other parties would neglect." <u>County of Fresno v. Andrus</u>, 622

2  F.2d 436, 438-39 (9th Cir. 1980) (<u>citing</u> <u>Blake v. Pallan</u>, 554 F.2d 947, 954-55 (9th Cir.

3  1977)); <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 398 (9th Cir. 2002).

4       Here, the Court cannot say, at this stage of the litigation, that CDE will

5  undoubtedly make all of OAH's arguments.  This is because the interests of CDE and

6  the interests of OAH are not identical.  Whereas CDE may contract with *any* IDEA-

7  qualified agency to retain its federal funding, OAH's primary interest is in renewing the

8  CDE contract.[2]  Furthermore, Plaintiff's Complaint even alleges that CDE initially

9  resisted to contracting with OAH.  (*Id.*)  All this supports an inference that OAH has

10  a much higher incentive to oppose any remedy that specifically enjoins a renewed CDE-

11  OAH agreement.  Because CDE can potentially find another qualified public or private

12  agency to contract with, (see *Compl.* ¶¶ 98–105,) OAH cannot be assured that CDE is

13  willing to make every argument on OAH's behalf.[3]

14       Moreover, OAH may contest Plaintiff's allegations in a way that CDE might

15

16       [2]This fact is enough to overcome Plaintiff's argument that "[w]hen an applicant for

17  intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."  (*Pl.'s Sur-Reply* 4, citing <u>League of United Latin Am.

18  Citizens v. Wilson</u>, 131 F.3d 1297, 1305 (9th Cir. 1997).)  Unlike <u>Wilson</u>, where the defendant-government and intervenor-citizens group both wanted a California Proposition to

19  be held constitutional, the relationship between the parties in this case is more complicated. Although OAH and CDE may both have the "ultimate objective" in renewing their contract,

20  the very nature of contract rights suggests that each party feels they are getting more than they are giving up.  Thus, each has a different calculus in how far it will go in defending the existing

21  agreement.  As explained above, OAH may have a greater interest in defending the allegations against itself and renewing the CDE contract.

22       Additionally, Plaintiff misplaces reliance on the proposition that "a state adequately represents its citizens when the applicant shares the same interest."  (*Pl.'s Sur-Reply* 5, citing

23  7C Wright, Miller & Kane § 1919 at 332.)  This is not the situation where a citizen is seeking to intervene because he thinks he can represent his interests better than the state; in this case

24  the state agencies are looking to protect their contract rights, not each other.  <u>See also</u> <u>City of Los Angeles</u>, 288 F.3d at 401 (dismissing similar presumption where government was acting

25  as an employer, and not on behalf of a constituency).

26       [3]As an additional argument equating the interests of OAH with CDE, Plaintiff's papers refer to a series of emails in which a CDE representative purportedly states "As things stand

27  right now there's no way on God's green earth that we are not going to contract with [OAH] on July 1, 2008."  (*Pl.'s Opp'n* 4; *Pl.'s Sur-Reply* 3.)  There are several problems with Plaintiff's

28  argument.  First, Plaintiff fails to lay a proper foundation for these emails, making them improper for this Court to consider.  Even if the Court could consider them, CDE's quip is in no way an aphorism that CDE can and will adequately represent OAH's interest in this particular lawsuit.

neglect.  The gist of Plaintiff's complaint is that OAH failed to adequately train ALJs and rendered unlawful due process hearings.  CDE is derivatively liable for failing to adequately supervise or manage OAH.  Clearly, OAH possesses the primary evidence and interest in self-defense to contest Plaintiff's allegations that the training was inadequate and the hearings were unlawful.

Because OAH has timely moved to intervene, has demonstrated a protectable interest that could be impaired through this litigation, and is not adequately represented by CDE, the Court hereby finds that OAH is permitted to intervene in this action as a matter of right.  Accordingly, the Court **GRANTS** Intervenor OAH's motion.

### B.    OAH Is Allowed to Permissively Intervene In This Action

OAH argues that even if OAH does not enjoy the right to intervene, the Court should allow permissive intervention under Federal Rule of Civil Procedure 24(b). Plaintiff disagrees, only contending that OAH lacks an independent base of federal subject matter jurisdiction.  (*Pl.'s Opp'n* 6; *Pl.'s Sur-Reply* 5–7.)

In this case, OAH clearly demonstrates common issues of law or fact with the main action—Plaintiff's Complaint alleges that OAH deficiently trained ALJs and mishandled due process hearings, charges OAH wishes to defend itself against. Although courts more strictly analyze the "timeliness" element in permissive intervention, Wilson, 133 F.3d at 1308, the Court still finds that its above analysis controls.

Plaintiff argues that OAH has not demonstrated any federal claim between OAH and CDE to independently support jurisdiction, but OAH need not do so because it is intervening only as a defendant in this action.  See Bridgeport Guardians v. Delmonte, 227 F.R.D. 32, 35 (D. Conn. 2005) (allowing litigant to permissively intervene as a defendant without analyzing whether litigant had independent federal jurisdiction). Thus, all causes of action in this lawsuit are already properly supported by federal subject matter jursidiction.  (See *Compl.* ¶ 1.)  Should OAH eventually assert its own claims, it would of course need an independent basis for federal jurisdiction.  For the time being,

however, nothing suggests that OAH is collusively intervening as a mere pretext for federal jurisdiction. Accordingly, the Court finds that OAH may permissibly intervene as a defendant and **GRANTS** OAH's motion.[4]

IV.   CONCLUSION

For the above reasons, the Court finds that OAH may intervene as a matter of right, and also permissively.  Accordingly, the Court **GRANTS** OAH's motion to intervene and the Clerk of Court is hereby instructed to add OAH as a named defendant in this action.

**IT IS SO ORDERED.**

DATED:  April 7, 2008

_____
Hon. Thomas J. Whelan
United States District Judge

---

[4]Because the Court finds that OAH may intervene under Rule 24(a) and Rule 24(b), the Court does not reach Plaintiff's "conditional intervention" argument. (*Pl.'s Opp'n* 6.)  Nor does the Court find relevant any of Plaintiff's arguments that OAH not be allowed to intervene because it would just be spending more "public funds on a duplicative defense..." (*Id.* 5.)