1　EDMUND G. BROWN JR.
　　Attorney General of the State of California
2　CHRISTOPHER E. KRUEGER
　　Senior Assistant Attorney General
3　DOUGLAS J. WOODS
　　Supervising Deputy Attorney General
4　SUSAN K. LEACH, State Bar No. 231575
　　Deputy Attorney General
5　　300 South Spring Street, Suite 1702
　　　Los Angeles, CA　90013
6　　Telephone: (213) 897-2105
　　　Fax:　(213) 897-1071
7　　Email:　Susan.Leach@doj.ca.gov

8　Attorneys for Ron Diedrich, in his official capacity as
　　Director and Chief Administrative Law Judge of the
9　State of California Office of Administrative Hearings

10

11　　　　　　IN THE UNITED STATES DISTRICT COURT

12　　　　　FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14　**C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,** | Case No.: 08 CV0226 W AJB |
| 16　　　　　　　　　　　　　　Plaintiff, | **DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| 17　　　　v. | |
| 18　**CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,** | |
| 19 | |
| 20　　　　　　　　　　　　Defendant. | |
| 21 | Hearing:　April 28, 2008 |
| 22 | Judge:　The Honorable Thomas J. Whelan |

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2
Page

3  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6       I.    Plaintiff Fails to Meet His Burden of Proving an Actual or Even Possible
             Irreparable Injury. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7
         II.   Plaintiff Fails Even to Assert that He Would Succeed on the Merits, and There is
8              No Likelihood of Success on the Merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9
        III.   The Public Interest in Protecting and Serving Special Education Students and
10             School Districts is Compelling. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11      IV.    The Balancing of Hardships Weighs Overwhelmingly Against the Requested
             Preliminary Injunction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
12

13  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant  Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order        Case No. 08 CV0226 W AJB

i

1

**TABLE OF AUTHORITIES**

2

**Page**

**Cases**

3

*Assoc. General Contractors of California, Inc. v. Coalition for Economic Equity,*
4    950 F.2d 1401 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5 *Bd. of Trustees of the University of Ala. v. Garrett,*
     531 U.S. 356 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
6
*Caribbean Marine Services Co., Inc. v. Baldridge,*
7    844 F.2d 668 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 16

8 *Cleburne v. Cleburne Living Center, Inc.,*
     473 U.S. 432 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14
9
*Dep't of Parks and Recreation for the State of Cal. v. Bazaar Del Mundo Inc.,*
10    448 F.3d 1118 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11 *Doe v. Arizona Dep't of Education,*
     111 F.3d 678 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
12
*Forest City Daly Housing, Inc. v. Town of North Hempstead,*
13    175 F.3d 144 (2nd Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14 *Goldie's Bookstore, Inc. v. Sup. Ct.,*
     739 F.2d 466 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10
15
*Heller v. Doe,*
16    509 U.S. 312 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

17 *Hoeft v. Tucson Unified School Dist.,*
     967 F.2d 1298 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
18
*In re Lara,*
19    731 F.2d 1455 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

20 *Kadmas v. Dickinson Public School,*
     487 U.S. 450 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
21
*Larry P. v. Riles,*
22    502 F.2d 963 (9th Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

23 *Martin v. International Olympic Committee,*
     740 F.2d 670 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
24
*Mass. Bd. of Retirement v. Murgia,*
25    427 U.S. 307 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

26 *Milner v. Apfel,*
     148 F.3d 812 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
27

28

## TABLE OF AUTHORITIES  (continued)

Page

NAACP v. Town of East Haven,
    70 F.3d 219 (2nd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

Nordlinger v. Han,
    505 U.S. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Plyler v. Doe,
    457 U.S. 202 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Sampson v. Murray,
    415 U.S. 61 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Schaffer v. Weast,
    546 U.S. 49 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Simula, Inc. v. Autoliv, Inc.,
    175 F.3d 716 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Stanley v. University of Southern California,
    13 F.3d 1313 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Thomas v. County of Los Angeles,
    978 F.2d 504 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15

Van Duyn ex rel. Van Duyn v. Baker School Dist. 5J,
    502 F.3d 811 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 15

Vance v. Bradley,
    440 U.S. 93 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Williamson v. Lee Optical,
    348 U.S. 483 (1955) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


**Federal Statues**

    20 U.S.C. § 1400 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 11, 12
    20 U.S.C. § 1414 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    20 U.S.C. § 1415 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 12
    28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Defendant  Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order          Case No. 08 CV0226 W AJB

iii

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  DOUGLAS J. WOODS
   Supervising Deputy Attorney General
4  SUSAN K. LEACH, State Bar No. 231575
   Deputy Attorney General
5    300 South Spring Street, Suite 1702
     Los Angeles, CA  90013
6    Telephone:  (213) 897-2105
     Fax:  (213) 897-1071
7    Email:  Susan.Leach@doj.ca.gov

8  Attorneys for Ron Diedrich, in his official capacity as
   Director and Chief Administrative Law Judge of the
9  State of California Office of Administrative Hearings

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  **C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,** | Case No.: 08 CV0226 W AJB |
| 16                                          Plaintiff, | **DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |
| 17                      v. | |
| 18  **CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,** | |
| 19                                          Defendant. | |
| 21 | Hearing:  April 28, 2008 |
| 22 | Judge:  The Honorable Thomas J. Whelan |

24       Defendant Ron Diedrich, in his official capacity as Director and Chief Administrative Law

25  Judge of the State of California Office of Administrative Hearings ("OAH") respectfully submits

26  the following memorandum in opposition to plaintiff's motion for a temporary restraining order.

27                              **INTRODUCTION**

28       Plaintiff's motion for a temporary restraining order enjoining the California Department of

1   Education ("CDE") from contracting with OAH fails in every aspect to meet the required

2   standards for a temporary restraining order or preliminary injunction.[1] Plaintiff seeks to obtain

3   an order to prevent CDE from renewing a contract with OAH by which OAH provides

4   administrative due process hearings and mediation to students with disabilities or school districts

5   who request such dispute resolutions.  CDE is required by federal law to provide the due process

6   hearings to parties, both students and school districts, who request them to resolve special

7   education disputes pursuant to the federal Individuals with Disabilities Education Improvement

8   Act ("IDEIA").[2]   OAH provides the administrative law judges who oversee the hearings and the

9   mediations.  Contrary to plaintiff's allegations, the judges are dedicated, well-trained, highly

10  experienced legal professionals who have more experience and training than required by federal

11  law.

12       Plaintiff has no likelihood of eventual success on the merits and indeed failed to argue that

13  he does.  Fundamentally, plaintiff has shown no irreparable harm as he has a separate pending

14  appeal of his due process hearing decision in a separate federal court.  Moreover, plaintiff

15  presented no evidence to demonstrate that he has a valid claim pursuant to IDEIA or the Equal

16  Protection Clause of the Fourteenth Amendment, much less that he would likely succeed on these

17  claims.

18       Importantly, granting plaintiff's request would severely impair the public interest by

---

21  1.  We understand the Court to be treating this motion for a temporary restraining order as a preliminary injunction.  Because of the "complex and important nature of the issues," the Court ordered that the temporary restraining order proceed as a noticed motion.  February 20, 2008 Order at p. 2.  Additionally, the Court noted that the noticed motion procedure would expedite appellate review.  *Id.* (citing *Sampson v. Murray*, 415 U.S. 61, 87-88 (1974)).  Of course, if this motion was considered under a temporary restraining order standard, it would be an even steeper hurdle for plaintiff to surmount.  Under either standard, no basis for provisional relief is warranted.

25  2.  Originally enacted as the "Education for all Handicapped Children Act of 1975," Pub. L. No. 91-142, 89 Stat. 773 (1975), this legislation was, in 1997, significantly amended to its current form and renamed the Individuals with Disabilities Education Act ("IDEA"), Pub. L. No. 105-17, 111 Stat. 37 (1997), 20 U.S.C. § 1400 et seq.  The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), Pub. L. No. 108-446, 118 Stat. 2647 (2004).

Defendant  Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order          Case No. 08 CV0226 W AJB

2

1  impeding a vast majority of parties who seek dispute resolution in the special education context

2  from obtaining relief.  On the other hand, plaintiff presented no credible evidence that he faces

3  irreparable harm if this injunction is not granted, as his own appeal of his due process hearing

4  decision is pending in another court.  Thus, plaintiff has nothing at stake in this litigation that

5  suggests he would be irreparably harmed if the injunction is denied.

6        The hardships in this litigation weigh heavily in favor of protecting the public interest by

7  maintaining the status quo of OAH performing special education due process hearings and

8  mediations pending the ultimate outcome of this litigation.  OAH respectfully requests that this

9  Court deny plaintiff's request for a preliminary injunction.

10

11                        **STATEMENT OF FACTS**

12  Procedural History

13        Plaintiff commenced this action against CDE on February 5, 2008, and on February 19,

14  2008, plaintiff moved for a temporary restraining order.  By order of the Court, the hearing for

15  the temporary restraining order was set for April 28, 2008.  *See* March 7, 2008 Order.

16  Additionally, the Court granted OAH's motion to intervene as a defendant on April 7, 2008.  *See*

17  April 7, 2008 Order.

18        Plaintiff C.S. by and through his Conservator, Mary Struble ("Plaintiff") brought this action

19  as a class action complaint against defendant CDE.  Complaint at p. 1.  Plaintiff asserted

20  jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the IDEIA and related

21  regulations.  *Id.* at ¶¶ 1-2.  The action is brought as a class action on behalf of all special

22  education students and their parents who had administrative due process hearings heard by OAH

23  between July 1, 2005 and the present (the "Class Period") and who, plaintiff alleges, received

24  less than complete relief as afforded under IDEIA.  *Id.* at ¶¶ 3-4.

25  Provisions of IDEIA

26        IDEIA was enacted to "ensure that all children with disabilities have available to them a free

27  appropriate public education. . . designed to meet their unique needs and prepare them for further

28  educational, employment, and independent living." *Van Duyn ex rel. Van Duyn v. Baker School*

Defendant  Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order        Case No. 08 CV0226 W AJB

1  *Dist. 5J*, 502 F.3d 811, 817-18 (9th Cir. 2007); *see* U.S.C. § 1400(d)(1)(A), (B).  One of the

2  mechanisms for achieving these goals is the formulation and implementation of Individual

3  Educational Placements ("IEP").  *Id.*  "Under § 1414(d), every disabled child must have an IEP

4  drafted and put into effect by the local educational authority.  The IEP is to be formulated by a

5  team that includes the child's parents, regular and special education teachers, a district

6  representative and other individuals with relevant expertise."  *Id.*  The child's parents are entitled

7  to participate in meetings regarding the IEP and must receive written notice of any proposed

8  changes to the IEP.  § 1415(b).  Either the child's parents or the local educational authority may

9  bring a complaint to the state educational agency about any matter relating to the IEP or the

10  child's free appropriate public education.  § 1415(b)(6), (7).

11      If the complaint is not resolved, a due process hearing may be requested and held to

12  determine "whether the child received a free appropriate public education."  § 1415(f)(3)(E)(i).

13  IDEIA requires that the hearing be conducted "by the State education agency or by the local

14  education agency, as determined by State law or by the State educational agency" and requires

15  that the "person conducting the [due process] hearing. . . shall, at a minimum:"

16          (i) not be –
              (I) an employee of the State educational agency or the local education
17          agency involved in the education or care of the child; or
              (II) a person having a personal or professional interest that conflicts with
18          the person's objectivity in the hearing;
              (ii) possess knowledge of, and the ability to understand, the provisions of this title
19          [20 USCS §§ 1400 et seq.], Federal and State regulations pertaining to this title
              [20 USCS §§ 1400 et seq.], and legal interpretations of this title [20 USCS §§
20          1400 et seq.] by Federal and State courts;
              (iii) possess the knowledge and ability to conduct hearings in accordance with
21          appropriate, standard legal practice; and
              (iv) possess the knowledge and ability to render and write decisions in accordance
22          with appropriate, standard legal practice.
    IDEIA § 1415(f)(3)(A).

23

24      After going through the due process hearing and any other available administrative

25  remedies available to the party, an aggrieved party may file a civil action in state or federal

    district court to appeal the decision.  § 1415(i)(2)(A).
26
    IDEIA Due Process Hearings
27
        Federal and state law provide that parties (either a parent and student or a school district)
28

1  have the right to request a due process hearing challenging a student's individual education

2  placement. § 1415(f)(3)(E)(i). The law also provides the parties the opportunity to attempt to

3  resolve their dispute through a mediation process. Traditionally, in California, every request for

4  due process hearing is also considered a request for mediation, and a mediation date is scheduled

5  in response to hearing requests. Laba Dec. ¶ 10. The mediation process remains voluntary, but

6  the vast majority of parties elect to participate in mediation. Laba Dec. ¶ 10. Because the

7  majority of cases are successfully mediated, settled or dismissed about 3 to 5 percent of requests

8  for due process hearings ultimately result in a hearing and the issuance of a decision from OAH.

9  Laba Dec. ¶ 11.

10  <u>OAH and CDE Contract Requirements</u>

11  During the Class Period, CDE and OAH entered into and were bound by an Interagency

12  Agreement ("Contract"). The operative contract was approved June 8, 2005 and amended on

13  March 1, 2007 and June 28, 2007. Laba Dec. ¶ 5 (attached as Exhibits 2, 3 and 4, respectively).

14  Pursuant to the Contract, OAH agreed to provide hearing and mediation services, pursuant

15  to state and federal law with respect to requests made for dispute resolution under IDEIA. Laba

16  Dec. ¶ 5, Ex. 2. OAH agreed to maintain or provide administrative, supervisory, information

17  technology and other support staff to operate the mediation and hearing process. *Id.* The term of

18  the Contract is June 1, 2005 through June 30, 2008. *Id.* at 1.

19  <u>Training and Experience of Administrative Law Judges</u>

20  In particular, the Contract requires that administrative law judges performing due process

21  hearings pursuant to IDEIA receive eighty (80) hours of training in the first year the judge is

22  performing hearings and a minimum of twenty (20) hours every year thereafter. Laba Dec. ¶ 6.

23  Pursuant to these terms of the Contract, every administrative law judge employed by OAH

24  for at least one year in the special education division has completed the requisite 80 hours of

25  training in areas related to special education and the administrative process in the first year of

26  employment. Additionally, every administrative law judge employed by OAH in this division

27  longer than one year has completed a minimum of 20 hours of training each subsequent fiscal

28  year. Laba Dec. ¶ 9.

---

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order    Case No. 08 CV0226 W AJB

5

1    The administrative law judges employed by OAH in the special education division are all

2  lawyers, have more than five years of experience in the practice of law prior to working for OAH

3  and are members of the California bar. Laba Dec. ¶ 9. Three of the administrative law judges

4  employed by OAH in the special education division are former administrative law judges from

5  the Special Education Hearing Office located at McGeorge School of Law ("SEHO"), who

6  performed similar services under a previous CDE contract. Laba Dec. ¶ 9.

7  Plaintiff's Allegations

8    Plaintiff alleges that the administrative law judges conducting special education hearings for

9  OAH failed to obtain the training required by the Contract, failed to meet the qualifications

10  specified in the Contract and did not conduct the hearings pursuant to applicable law. Complaint

11  at ¶¶ 7-9, 30, 34, 45-53; Plaintiff's Memorandum of Points and Authorities in Support of

12  Temporary Restraining Order ("TRO Br.") at pp. 2-4, 7:26-28. Additionally, plaintiff alleges

13  that OAH has misrepresented data provided to CDE with respect to the administration of

14  mediations and due process hearings conducted by OAH. Complaint at ¶¶ 54-68. Plaintiff also

15  alleges that administrative law judges employed by OAH violated the Contract by presiding over

16  non-special education cases, failing to provide proper educational records to students and parents

17  when requested, unlawfully delegating the decision regarding compensatory education to the

18  school district, allowing unauthorized discovery in the due process proceedings and mishandling

19  conflict of law analysis. Complaint at ¶¶ 69-95.

20    Plaintiff also alleges that defendant CDE initially did not want to award the Contract to

21  OAH, but did so in order not to lose federal funding. Complaint at ¶¶ 96-105. Currently CDE

22  and OAH are negotiating a contract that would be effective July 1, 2008. Complaint at ¶¶ 3, 37

23  and p. 36 at ¶ 1.

24    Plaintiff does not seek to challenge the decision in his own due process hearing as that is the

25  subject of separate litigation in federal district court. *See* TRO Br. at 10:8-12.

26    Plaintiff seeks a temporary restraining order and preliminary and permanent injunctions

27  enjoining defendant CDE from renewing or otherwise awarding the Contract to OAH effective

28  July 1, 2008. Complaint at p. 36, ¶ 1.

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order          Case No. 08 CV0226 W AJB

6

# ARGUMENT

Plaintiff failed to meet the stringent standard required to obtain preliminary injunctive relief. A plaintiff seeking a preliminary injunction must show the following:

> (1) the [moving party] will suffer irreparable injury if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than the [moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

> Alternatively, a court may issue a preliminary injunction if the moving party demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor. Under this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.

*Stanley v. University of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994) (quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 674-75 (9th Cir. 1984)), *cert. denied*, 528 U.S. 1022 (1999). "Under either test, however, the district court must consider the public interest as a factor in balancing the hardships when the public interest may be affected." *Caribbean Marine Services Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Plaintiff failed to show that he meets either of these tests.

Plaintiff's evidentiary burden in seeking provisional relief in advance of trial is even more rigorous when the plaintiff seeks to enjoin governmental action taken in the public interest pursuant to statutory provisions. *NAACP v. Town of East Haven*, 70 F.3d 219, 223 (2nd Cir. 1995); *see also Thomas v. County of Los Angeles*, 978 F.2d 504, 508 (9th Cir. 1992). Additionally, where a party seeks mandatory preliminary relief that goes beyond maintaining the status quo, courts should be extremely cautious about issuing a preliminary injunction. *Stanley*, 13 F.3d at 1319.

Any showing of likelihood of success must be "clear" or "substantial" where the requested preliminary injunction "will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at trial on the merits." *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 150 (2nd Cir. 1999); *see also Larry P. v. Riles*, 502 F.2d 963, 965 (9th Cir. 1974). Plaintiff seeks a temporary restraining order to enjoin

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order    Case No. 08 CV0226 W AJB

7

1  CDE from contracting with OAH for the Contract for the fiscal year starting July 1, 2008, which

2  would effectively obtain the ultimate relief sought by plaintiff and could not be undone even after

3  defendants ultimately prevail in this matter. The severe damage to the public interest is that there

4  would be no contract in place with CDE to insure that mediations and due process hearings are

5  performed for students and school districts who seek such relief from the State.

6      Under any standard and particularly under the rigorous standards disfavoring preliminary

7  injunctions applicable here, plaintiff's motion for a preliminary injunction must be denied.

8                                              **I.**

9  **Plaintiff Fails to Meet His Burden of Proving an Actual or Even Possible Irreparable
                                              Injury.**

10      Plaintiff's allegations, unsupported speculation and innuendo fail to demonstrate any

11  irreparable injury. Even leaving aside that there has been no violation of IDEIA or the Equal

12  Protection Clause of the United States Constitution, plaintiff has failed to establish any such

13  hypothetical violation which would represent an irreparable injury in the present circumstances.

14      "A preliminary injunction may only be granted when the moving party has demonstrated a

15  significant threat of irreparable injury, irrespective of the magnitude of the injury." *Simula, Inc.*

16  *v. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999) (affirming the district court's denial of

17  preliminary injunctive relief). Here, there is no viable argument that irreparable injury has or will

18  occur. Plaintiff acknowledges that he does not seek to challenge the decision in his own due

19  process hearing, as that is the subject of separate litigation in federal district court. Thus, his own

20  immediate educational opportunities are not at issue here. *See* TRO Br. at 10:8-12.

21      Plaintiff presents no evidence, much less a showing of a "significant threat," of the alleged

22  harm which he describes only in terms of abstract speculation. *Simula, Inc.*, 175 F.3d at 725.

23  Speculative injury is not enough to support a claim of "irreparable" injury. *Goldie's Bookstore,*

24  *Inc. v. Sup. Ct.*, 739 F.2d 466, 472 (9th Cir. 1988). Plaintiff argues irreparable harm has occurred

25  based on the alleged conduct of OAH administrative law judges, including finding for students

26  "only 10% of the time" (at p. 9-10 TRO); and "students have been sitting at home, deprived of

27  any education based upon the unlawful conduct of the school district and the inability to obtain

28

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order        Case No. 08 CV0226 W AJB

8

appropriate relief from OAH." TRO at p. 10.  To begin with, it is pure speculation to suggest that any supposed past percentage would hold in the future.

In any event, this argument is simply not indicative or probative as to any irreparable harm. Statistics of "win-loss" records, of course, are not a valid measure of judicial competence, accuracy or fairness and plaintiff's citations to such statistics only belittles the entire due process hearing process.  Many factors weigh into whether a student or the school district will prevail in any given dispute, including who requests the hearing, the substantive complaints and the merits of those complaints and the burden of proof.  *See Schaffer v. Weast*, 546 U.S. 49 (2005) (holding that burden of proof is placed on party requesting the due process hearing).   Even if this statistic were a proper basis for evaluation, plaintiff's 10% claim is not supported by the evidence. Plaintiff cites exhibits 3 through 10 to the Complaint for support, but these exhibits do not support his claim.[3]  Plaintiff's assertions regarding students being deprived of education because of the inability to receive appropriate relief from OAH is not supported by *any* factual evidence. *See* TRO Br. at p. 10:25-27.   Plaintiff concludes that the "court must find that the harm, *per se*, is immediate, irreparable and an ongoing threat to Plaintiff. . . and to other Class Members.[4] TRO Br. at p. 11:26-27.  However, plaintiff failed completely to offer evidence that shows that there is an immediate threat of irreparable harm.

---

3.  Exhibit 3 shows that in July through December 2005, students prevailed 19% of the time and 31% of the decisions were split decisions, providing relief to both the student and school district. Ex. 3 at p. 3.  Exhibit 4 shows that in the first quarter of 2006, students prevailed 10% of the time and received a split decision in 27% of the cases.  Ex. 4 at p. 6.  Exhibit 5 shows that in the second quarter of 2006, 4 % were decided in favor of students and 29% were split decisions.  Ex. 5 at p. 7. Similar statistics exist in Exhibits 6 though 10.  See Ex. 6 at p. 5; Ex. 7 at p. 5; Ex. 8 at p. 5; Ex. 9 at p. 5; Ex. 10 at p. 8. Split decisions are exactly that – some of the issues are decided in favor of students and some in favor of school districts – and cannot be seen as a "loss" for students.

4.  Plaintiff adds certain arguments about his specific case and substantive arguments regarding that appeal, but this lawsuit is not the proper forum for these arguments. TRO at pp. 10 - 11.  As plaintiff specified for the Court, the substantive appeal of plaintiff's due process hearing pursuant to the IDEIA is pending in another matter in the United States District Court, Southern District of California, Case No. 07 CV 2328. There is no call for this Court to be forced to adjudicate the issues of that appeal at all, let alone without the entire administrative record of the appeal before it.

Defendant  Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order          Case No. 08 CV0226 W AJB

9

1    Additionally, plaintiff does not argue (nor could he) that his constitutional claim constitutes

2    irreparable harm, as there is no basis for his Equal Protection claim. A tenuous claim of

3    constitutional infringement is not enough to constitute irreparable harm. *Goldie's Bookstore,*

4    *Inc. v. Sup. Ct.*, 739 F.2d at p. 472 (stating that the equal protection claim was too tenuous to

5    constitute irreparable harm); *see also Assoc. General Contractors of California, Inc. v. Coalition*

6    *for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991) (organization failed to demonstrate a

7    sufficient likelihood of success on the merits of its constitutional claims to warrant the grant of a

8    preliminary injunction). As discussed, *infra* at Point II, plaintiff failed to show any likelihood of

9    success on the merits with respect to his Equal Protection claim.

10    Finally, the separate action not yet being adjudicated, plaintiff essentially failed to

11    exhaust administrative remedies as they relate to this action. This is true as to his action and to

12    the hypothetical class action on behalf of other students. In a similar case, the Ninth Circuit held

13    that parents must exhaust administrative remedies when they mount a class action against the

14    school district and state educational entity challenging school district policies as violations of

15    IDEIA. *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1300 (9th Cir. 1992); *see also Doe*

16    *v. Arizona Dep't of Education*, 111 F.3d 678, 683-84 (9th Cir. 1997) (holding that juvenile inmate

17    who brought class action against state's department of education alleging violations of IDEIA

18    was required to exhaust administrative remedies first). Plaintiff has sought review of his due

19    process hearing decision in a separate court, but that court has not rendered a decision yet. The

20    outcome of that appeal will require a separate federal court to make findings of fact and decide

21    whether plaintiff's appeal has merit. Essentially plaintiff is asking this Court to make the same

22    decision about the merit of plaintiff's underlying dispute, but without the benefit of a full

23    administrative record. Moreover, there is no evidence that administrative proceedings took place

24    at all for the unsubstantiated claims asserted by plaintiff that "many students have been sitting at

25    home, deprived of any education. . ." *See* TRO Br. at 10:25-27.[5/] Thus, plaintiff's claim here is

26    _____

27    5. Additionally, no exception to the exhaustion doctrine applies in this case. In *Hoeft*, the

28    Court noted that an exception to the exhaustion doctrine would apply where "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law. . .." *Id.* at 1303-04.

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order    Case No. 08 CV0226 W AJB

1  premature and he has not shown how this premature claim may constitute irreparable harm.

2      Plaintiff's allegations and unsupported speculation fail to demonstrate *any* irreparable

3  injury, much less one showing a "significant threat" of harm.  Thus, plaintiff's request for a

4  preliminary injunction enjoining CDE from contracting with OAH should be denied.

5

6                                        **II.**

7  **Plaintiff Fails Even to Assert that He Would Succeed on the Merits, and There is No**
   **Likelihood of Success on the Merits.**

8

9      Nor would any hope for success on the merits support plaintiff's motion for a preliminary

10  injunction, even if the other elements were met.  Plaintiff failed to argue that he would succeed

11  on the merits of his claims.  Plaintiff's only statement in regard to this required element of

12  provisional relief is a bootstrap reference that alleged violations of the Constitution "add to the

13  likelihood of Plaintiff succeeding on the merits in this case."  TRO Br. at 13:7-8.  Plaintiff's

14  arguments seem to assert claims for violations of IDEIA and the Equal Protection Clause of the

15  Fourteenth Amendment, but there have been violations of neither here.

16      First, plaintiff claims that CDE has condoned OAH's violation of IDEIA.  IDEIA requires

17  that the "person conducting the [due process] hearing. . . shall, at a minimum:"

18          (i) not be –
                (I) an employee of the State educational agency or the local education
            agency involved in the education or care of the child; or
19              (II) a person having a personal or professional interest that conflicts with the
            person's objectivity in the hearing;
20          (ii) possess knowledge of, and the ability to understand, the provisions of this title
            [20 USCS §§ 1400 et seq.], Federal and State regulations pertaining to this title

21

22   The Court further specified that challenges to policies that were alleged to be "contrary to law"
23  exist when questions of law are involved and exhaustion may not be required because agency
    expertise and an administrative record are theoretically unnecessary to resolve the matter.  *Id.* at
24  1305.  Here, although the allegations are of widespread malfeasance by OAH, the underlying
    challenge is not to a specific law or policy that CDE or OAH maintains, but rather plaintiff
25  challenges the *results* of individual due process hearings and alleges that the results are skewed in
26  favor of school districts.  Plaintiff's allegations do not challenge a law or policy, but rather he
    challenges a perceived bias in the results of due process hearings.  This is not a question of law and
27  there is no way to examine these allegations without reviewing individual administrative records and
    decisions from the due process hearings.
28

[20 USCS §§ 1400 et seq.], and legal interpretations of this title [20 USCS §§ 1400 et seq.] by Federal and State courts;
(iii) possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice; and
(iv) possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice.

IDEIA § 1415(f)(3)(A).

Plaintiff argues that because OAH's administrative law judges do not have the minimum training requirements, are not knowledgeable and experienced in special education law, and do not write decisions in accordance with the letter and spirit of IDEIA, CDE and OAH have violated IDEIA. TRO Br. at pp. 13-14.[6] As a threshold barrier to plaintiff's success on the merits, IDEIA does not actually have minimum training requirements. The statute sets up the procedural safeguards for implementing IDEIA and, in order to receive federal funds, state educational agencies are obligated to meet those safeguards.

In any event, the State has met the safeguards specified in IDEIA and, in this case, exceeded them. For instance, although not required by federal law, every administrative law judge at OAH handling special education disputes is a lawyer and an active member of the California bar, has at least five years of experience in the practice of law and has received extensive training in special education, mediation and administrative matters. *See* Laba Dec. at ¶ 9. Although not required by IDEIA, pursuant to the requirements of the Contract between CDE and OAH, each administrative law judge has 80 hours of specialized training in areas of special education, mediation and the administrative process in the first year of employment and 20 hours in subsequent fiscal years.[7]  *See* Laba Dec. at ¶ 9. A majority of the training hours are related to special education. Laba Dec. at ¶¶ 7-8. Administrative law judges also receive training in mediation and the administrative process. Laba Dec. at ¶¶ 7-8. Thus, not only has OAH *not* violated IDEIA, but the administrative law judges who perform the duties specified pursuant to

---

6. Plaintiff denotes this "as a violation of the Supremacy Clause," but seems to be making the argument that CDE and OAH are violating IDEIA. TRO Br. at 13:23-28, 14:1-6.

7. Even if administrative law judges did not have the training required by the Contract, as plaintiff incorrectly asserts, this would be at most a breach of contract, and plaintiff would have no standing to assert this claim as plaintiff is not a party to the CDE and OAH contract.

1 | this statute have more training and experience than is required by federal law. Plaintiff failed to

2 | submit any evidence to the contrary and failed to demonstrate *any* likelihood of success on the

3 | merits on this claim.

4 |      Second, plaintiff failed to establish any likelihood of success on the merits of his Equal

5 | Protection claim. Plaintiff argues that "in allowing these ALJs to selectively enforce rights of

6 | disabled students, districts have been emboldened to eschew the settlement process of mediation,

7 | and to go to hearing in an attempt to mislead the ALJ into thinking that IDEA affords district's

8 | [sic] more rights than students, which has been endorsed by OAH and CDE to the extreme

9 | detriment of disabled students, who, at most are prevailing in due process hearings only 10% of

10 | the time." TRO Br. at 14-15. Plaintiff alleges that in interpreting IDEIA in a manner that favors

11 | school districts, OAH has violated the Equal Protection Clause. *Id.*

12 |      The Equal Protection Clause of the Fourteenth Amendment commands that all persons

13 | similarly situation should be treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). The general

14 | rule with respect to the Equal Protection Clause is "that legislation is presumed to be valid and

15 | will be sustained if the classification drawn by the statute is rationally related to a legitimate state

16 | interest." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985). The general rule

17 | only gives way when a statute classifies by race, alienage, or national origin or when state laws

18 | "impinge on personal rights protected by the Constitution." *Id.* at 440 (internal citations

19 | omitted).

20 |      Absent particular circumstances that would trigger "strict scrutiny," a state law challenged

21 | on Equal Protection grounds thus must be upheld if it has any plausible relationship to a

22 | legitimate government purpose. *Nordlinger v. Hahn*, 505 U.S. 1, 11 (1992); *Vance v. Bradley*,

23 | 440 U.S. 93, 97 (1979); *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 312-14 (1976). State

24 | policy makers are given wide latitude to promote policies and to work toward their goals in

25 | incremental steps. *Williamson v. Lee Optical*, 348 U.S. 483 (1955); *Kadmas v. Dickinson Public*

26 | *School*, 487 U.S. 450, 462 (1988); *see also Milner v. Apfel*, 148 F.3d 812 (7th Cir. 1998); *In re*

27 | *Lara*, 731 F.2d 1455, 1460 (9th Cir. 1984). Under the "rational basis" test, federal courts must

28 | presume the validity of the challenged state action, and government classifications will not be set

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order    Case No. 08 CV0226 W AJB

13

1   aside unless there is no conceivable ground to justify them. *Heller v. Doe*, 509 U.S. 312 (1993).

2       Here plaintiff identifies no ostensible classification at all, let alone any classification along

3   suspect lines. Individuals with disabilities, if that is a classification plaintiff intends, are not a

4   suspect class for Equal Protection purposes and thus any hypothetical unequal burdens for

5   students with disabilities will be upheld so long as they are rationally related to a legitimate

6   government purpose. *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (holding that

7   to withstand equal protection review, legislation that distinguishes between those with mental

8   retardation and those without must be rationally related to a legitimate governmental purpose);

9   *see also Bd. of Trustees of the University of Ala. v. Garrett*, 531 U.S. at 367-68 (stating "[T]he

10  result of *Cleburne* is that States are not required by the *Fourteenth Amendment* to make special

11  accommodations for the disabled, so long as the actions towards such individuals are rational.").

12  Here the IDEIA is for the benefit of disabled students; proceedings held pursuant to the IDEIA

13  can in no sense be understood to be setting a classification based on disability. Even assuming

14  somehow that it did, any policy or procedure followed by OAH must be upheld as long as it has a

15  plausible relationship to a legitimate government purpose.

16      There is no evidence in the record to show that CDE and OAH have acted in an irrational

17  manner in implementing IDEIA provisions. The evidence shows that there are legitimate

18  reasons for the procedures followed by CDE and OAH. Plaintiff submitted no evidence to

19  demonstrate that OAH is selectively enforcing rights of disabled students or that school districts

20  are eschewing mediation in favor of due process hearings. TRO Br. at 14-15. In fact, special

21  education disputes are settling or going to mediation in close to the same percentage now as they

22  were when SEHO handled the due process hearings. Laba Dec. ¶¶ 11-12. Additionally, the

23  claim that only 10% of the decisions are written in favor of students is incorrect. *See supra* note

24  3 and accompanying text. Plaintiff presented absolutely no evidence that OAH has violated the

25  Equal Protection Clause of the Fourteenth Amendment.

26      Plaintiff's arguments seems to assert claims for violations of IDEIA and the Equal

27  Protection Clause of the Fourteenth Amendment, but plaintiff failed to show that there was any

28  likelihood that he would be able to succeed on the merits with these claims.

## III.

### The Public Interest in Protecting and Serving Special Education Students and School Districts is Compelling.

Plaintiff's evidentiary burden in seeking provisional relief in advance of trial is more rigorous when the plaintiff seeks to enjoin governmental action taken in the public interest pursuant to statutory provisions. *Dep't of Parks and Recreation for the State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 11118, 1124 (9th Cir. 2006); *NAACP v. Town of East Haven*, 70 F.3d 219, 223 (2nd Cir. 1995); *see also Thomas v. County of Los Angeles*, 978 F.2d 504, 508 (9th Cir. 1992). Here, OAH acts pursuant to federal and state law that ensures that all children with disabilities have available to them a free appropriate public education. *See Van Duyn ex rel. Van Duyn v. Baker School Dist. 5J*, 502 F.3d at 817-18 .

Plaintiff's claims, unsupported by law or fact, focus on the alleged inadequacy of due process hearings provided by OAH. *See* Complaint ¶¶ 7-9, 30, 34, 45-53. Administrative law judges from OAH handle hundreds of special education disputes a year and less than five percent of those disputes result in a due process hearing and decision. Laba Dec. ¶ 11. As a procedural matter, the parties to a special education dispute (usually parents or school districts) may seek a resolution of their disagreement through mediation prior to having a due process hearing. Laba Dec. ¶ 10. They may also engage in informal, non adversarial means of resolution after a request for hearing has been filed, or even after a hearing has commenced. Parties may pursue mediation and/or participate in settlement conferences conducted by administrative law judge from OAH. Laba Dec. ¶ 10. The vast majority of cases, more than 90%, are resolved through informal processes which eliminates the need for a formal due process hearing. Laba ¶¶ 10-11. An injunction enjoining CDE from contracting with OAH would impede the ability to resolve special education disputes – a vast majority of which are resolved without a due process hearing. The public interest in resolving more than 90% of special education disputes weighs in favor of denying a preliminary injunction which would impede OAH from performing *all* services – not just the complained-of due process hearings. Additionally, leaving aside the practical point of whether an adequate amount of substitute hearing officers could be found and trained in time,

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order     Case No. 08 CV0226 W AJB

15

1 | CDE would lose the ability to contract with OAH which already provides well-qualified and

2 | trained administrative law judges to perform the due process hearings.

3 |     The public interest would be impaired by issuance of an injunction in this case because a

4 | vast majority of special education disputes, including those unrelated to ones that result in a due

5 | process hearing, would languish and not be resolved if OAH and CDE were enjoined from

6 | contracting. *See Caribbean Marine Services Co., Inc. v. Baldridge*, 844 F.2d 668 at 677 (finding

7 | that the government's and public's interest in ensuring equal employment opportunities for

8 | women and protecting marine mammals would be impaired by the issuance of a preliminary

9 | injunction and the balance of these interests outweighed male privacy rights on fishing vessels).

10 | Here, even if plaintiff's likelihood of success on the merits was great (which it is not), the

11 | injunction sought would work a severe hardship on the rights of the majority of parties whose

12 | special education disputes are resolved by OAH at and prior to a due process hearing.

### IV.

#### The Balancing of Hardships Weighs Overwhelmingly Against the Requested Preliminary Injunction.

16 |     The overriding public interest in maintaining a dispute resolution process for special

17 | education students and school districts weighs overwhelmingly against granting the requested

18 | preliminary injunction.

19 |     As described above, plaintiff has no evidence of any irreparable harm, and even the

20 | speculative harm alleged by plaintiff would not have immediate effect. Plaintiff is challenging

21 | his own due process hearing decision in a separate action and, thus, his own educational

22 | opportunities are not at issue here. In the unlikely event that plaintiff may ultimately prevail on

23 | the merits of his claim in this case, there is no argument that his interests require immediate

24 | judicial intervention.

25 |     Conversely, as indicated above, enjoining CDE and OAH from contracting would prevent

26 | the vast majority of students and school districts from having their disputes resolved prior to a

27 | due process hearing and unsettle the process in hearings that do go forward. This would result in

28 | irreparable harm to the majority of parties seeking special education dispute resolution and would

Defendant Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order     Case No. 08 CV0226 W AJB

1   be detrimental to the State of California.

2

3                                **CONCLUSION**

4        For the foregoing reasons, defendant OAH respectfully requests that plaintiff's motion for a

5   temporary restraining order and preliminary injunction be denied.

6

7        Dated:  April 14, 2008

8                             Respectfully submitted,

9                             EDMUND G. BROWN JR.
                              Attorney General of the State of California

10                            CHRISTOPHER E. KRUEGER
                              Senior Assistant Attorney General

11                            DOUGLAS J. WOODS
12                            Supervising Deputy Attorney General

13

14

15              \s\ Susan K. Leach
                SUSAN K. LEACH
16              Deputy Attorney General
                Attorneys for Ron Diedrich, in his official capacity as Director
17              and Chief Administrative Law Judge of the State of California
                Office of Administrative Hearings

18

19  Opposition to TRO.wpd
    SA2008300685
20

21

22

23

24

25

26

27

28

Defendant  Ron Diedrich, Chief Admin Law Judge of the State of California Office of Admin. Hearings' Memorandum
of P&A's in Opposition to Plaintiff's Motion for Temporary Restraining Order          Case No. 08 CV0226 W AJB