EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
SUSAN K. LEACH, State Bar No. 231575
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-2105
 Fax: (213) 897-1071
 Email: Susan.Leach@doj.ca.gov

Attorneys for Ron Diedrich, in his official capacity as
Director and Chief Administrative Law Judge of the
State of California Office of Administrative Hearings

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br><br>  Defendant. | Case No.: 08 CV0226 W AJB<br><br>DECLARATION OF SHERIANNE LABA IN SUPPORT OF OAH'S OPPOSITION TO PLAINTIFF'S TEMPORARY RESTRAINING ORDER<br><br><br>Hearing: April 28, 2008<br>Judge: The Honorable Thomas J. Whelan |

I, Sherianne Laba, declare:

1. I am the Presiding Administrative Law Judge (PALJ) for the Office of Administrative Hearings, Special Education Division, in Sacramento, California. The Office of Administrative Hearings (OAH) is a division of the Department of General Services of the State of California. Unless otherwise stated, I have personal knowledge of each fact stated in this declaration.

2. I have held this position since January 2, 2007. As PALJ for the Sacramento Office Special Division my duties include but are not limited to; direct supervision of Administrative Law Judges

Declaration of Sherianne Laba in Support of OAH'S Opposition to Plaintiff's Temporary Restraining Order
Case No. 08 CV0226 W AJB

1

1  (ALJs), direct supervision of judge pro tems, review of orders and decisions, statewide calendaring, maintenance of data records, case auditing, and preparation of data reports. I also serve as a member of the special education Advisory Committee and participate in CDE contract monitoring meetings. I report directly to Ron Diedrich, Director and Chief Administrative Law Judge of OAH.

3. I obtained my Juris Doctor degree in May 1999 from McGeorge School of Law in Sacramento, California. Prior to obtaining my law degree, I received a Bachelor of Science in Criminal Justice from California State University, Sacramento (CSUS) in May 1996. Since obtaining my law degree, I received a Master of Education in Special Education from CSUS in May 2007. I am also currently completing a certificate program entitled Leadership for the Government Executive at CSUS.

4. I have worked in the special education area of law in a variety of positions since 1997. Attached hereto as **EXHIBIT 1** is a true and correct copy of my current resume. As described more fully in Exhibit 1, I have worked for private law firms and other entities specializing in special education law.

5. Attached hereto as **EXHIBITS 2, 3, and 4** are true and correct copies of the contract between OAH and the California Department of Education ("CDE") ("Contract"). Exhibit 2 is the contract approved by the Department of General Services (DGS) on June 8, 2005. Exhibit 3 is first amended contract approved March 1, 2007. Exhibit 4 is the second amended contract approved by DGS on June 28, 2007.

6. Under the contract approved June 8, 2005, ALJs were required to receive 80 hours of specialized training annually. (Ex 2, Exhibit A, section C 3.) In the contract approved March 1, 2007, ALJs are required to received 80 hours during their first year of employment and a minimum of 20 hours thereafter (Ex. 3, Exhibit A, Section C3). This level of specialized training was maintained in the contract approved June 28, 2007 (Ex. 4, Exhibit A, Section C3).

7. In my capacity as the PALJ, I maintain the list for the trainings attended by the ALJs under my supervision in Sacramento. I have particular knowledge of these trainings because I personally planned and attended a majority of the trainings. Ann MacMurray, PALJ in Van Nuys, and Timothy Newlove, PALJ in Laguna Hills, maintain lists for the trainings attended by the ALJs under their

Declaration of Sherianne Laba in Support of OAH'S Opposition to Plaintiff's Temporary Restraining Order
Case No. 08 CV0226 W AJB

2

supervision. In my capacity as PALJ, I also maintain a master list for all the ALJs in the special education division. Attached hereto as **EXHIBIT 5** is a true and correct copy of the master training list that I have maintained regarding the trainings received by ALJs in the Special Education division since July 2005. The master training list gives the title of the training, the date, the names of the presenters, whether or not materials were provided and categorizes the training as special education ("SE"), mediation ("Med.") or administrative process ("ALJ") hours. The majority of trainings offered in the last three years have been in the area of special education.

8. Attached as **Exhibit 6** is a sample of training materials and presenter biographies (when available) for each of the three categories of training offered. Included in **Exhibit 6** are training materials for the following trainings:

- Special Education Discussion Panel, November 8, 2006 (3.75 SE hours)
- Dispute Resolution Principles and Techniques, August 9, 2007 (3 Med. Hours)
- Austism Programs, October 15, 2007 (2.5 SE hours)
- The Philosophy of Judging Through Literature, November 13, 2007 (2.5 ALJ hours)

9. Every ALJ employed by OAH in the Special Education Division for at least one year has completed at a minimum the requisite 80 hours of training in areas related to special education and the administrative process in the first year of employment. Also, each ALJ has completed a minimum of 20 hours of training each fiscal year.

Additionally, every ALJ hired by OAH is required to have at least five years experience in the practice of law and be an active member of the state bar. Lastly, four ALJs were hearing officers at the California Special Education Hearing Office located at McGeorge School of Law (SEHO) before being hired by OAH as ALJs and three of those ALJs work in the Special Education Division.

10. Under Federal and state law, both a school district and a parent have the right to request a due process hearing. In addition, the law provides the parties the opportunity to attempt to resolve their dispute through the mediation process. Traditionally, in California, every request for due process hearing is also considered a request for mediation. As such, when a request for due process hearing is received, OAH schedules a mediation date followed by a prehearing conference date and five hearing days. The mediation process remains voluntary, however, the vast majority if parties

Declaration of Sherianne Laba in Support of OAH'S Opposition to Plaintiff's Temporary Restraining Order
Case No. 08 CV0226 W AJB

3

1 | elect to participate in mediation or some type of dispute resolution process. As a result of mediation, settlement and dismissals, only approximately 3 to 5 percent of requests for due process hearing actually result in a due process hearing and the issuance of a decision from OAH.

11. Attached hereto as **EXHIBITS 7** through **15** are true and correct copies of the quarterly reports required under the contracts to be submitted to CDE and can be found at the following website address: www.oah.dgs.ca.gov. These reports indicate the number of due process requests that were resolved in a manner other than a written decision issued by OAH. For those reports that do not provide the percentage, I have calculated it by dividing the total number of decisions issued by OAH by the total number of closed cases.

- **Exhibit 7**: Office of Administrative Hearings, Special Education Division, July – December 2005 Report. According to this report, 97 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 7 at 2-3.)

- **Exhibit 8**: Special Education Division, Quarterly Report – Third Quarter 2005-06, January 1, 2006 – March 31, 2006. According to this report, 96 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 8 at 4, 7.)

- **Exhibit 9**: Special Education Division, Quarterly Report, Fourth Quarter 2005/2006, Fiscal Year, April 1, 2006 – June 30, 2006. According to this report, 94 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 9 at 5, 8.)

- **Exhibit 10**: Special Education Division, Quarterly Report, First Quarter 2006/2007, Fiscal Year, July 1, 2006 – September 30, 2006. According to this report, 94 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 10 at 3, 6.)

- **Exhibit 11**: Special Education Division, Quarterly Report, Second Quarter 2006/2007, Fiscal Year, October 1, 2006 – December 31, 2006. According to this report, 96 percent of due process hearing requests were resolved in some manner

    other than a written decision issued by OAH. (Ex. 11 at 3, 6.)

- **Exhibit 12**: Special Education Division, Quarterly Report, Third Quarter 2006/2007, Fiscal Year, January 1, 2007 – March 31, 2007. According to this report, 96 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 12 at 3, 6.)

- **Exhibit 13**: Special Education Division, Quarterly Report, Fourth Quarter 2006/2007, Fiscal Year, April 1, 2007 – June 30, 2007. According to this report, 95 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 13 at 4, 6.)

- **Exhibit 14**: Special Education Division, Quarterly Report, First Quarter 2007/2008, Fiscal Year, July 1, 2007 – September 30, 2007. According to this report, 97 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 14 at 6, 8.)

- **Exhibit 15**: Special Education Division, Quarterly Report, Amended First Quarter 2007/2008, Fiscal Year, July 1, 2007 – September 30, 2007, Second Quarter 2007/2008, Fiscal Year, October 1, 2007 – December 31, 2007 – September 30, 2007. According to this report, 95 percent of due process hearing requests were resolved in some manner other than a written decision issued by OAH. (Ex. 15 at 9, 11.)

12. Attached hereto as **EXHIBITS 16** through **19** are true and correct copies of the Quarterly reports issued by the SEHO for the last year SEHO held a contract with CDE to conduct special education hearings and mediations. The percentage of due process hearing requests that were resolved in some manner other than a written decision issued by SEHO can be calculated in the same manner as described in Paragraph 11.

- **Exhibit 16**: Special Education Hearing Office, Quarterly Report, July-September 2004, 1st Quarter Fiscal Year 2004/2005: According to this report, 96 percent of due process hearing requests were resolved in some manner other than a written decision issued by SEHO. (Ex. 16 at 13, 14.)

Declaration of Sherianne Laba in Support of OAH'S Opposition to Plaintiff's Temporary Restraining Order
Case No. 08 CV0226 W AJB

5

1. • **Exhibit 17**: Special Education Hearing Office, Quarterly Report, October – December 2004, 2nd Quarter Fiscal Year 2004/2005: According to this report, 96 percent of due process hearing requests were resolved in some manner other than a written decision issued by SEHO. (Ex. 17 at 15, 16.)

2. • **Exhibit 18**: Special Education Hearing Office, Quarterly Report, January – March 2005, 3rd Quarter Fiscal Year 2004/2005: According to this report, 95 percent of due process hearing requests were resolved in some manner other than a written decision issued by SEHO. (Ex. 18 at 18, 19.)

3. • **Exhibit 19**: Special Education Hearing Office, Quarterly Report, April – June 2005, 4th Quarter Fiscal Year 2004/2005: According to this report, 96 percent of due process hearing requests were resolved in some manner other than a written decision issued by SEHO. (Ex. 19 at 19, 20.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 14 day of April, year 2008 in Sacramento, California.

*/s/ Sherianne Laba*
SHERIANNE LABA