# EXHIBIT 1

SHERIANNE LABA

## EDUCATION

*CALIFORNIA STATE UNIVERSITY*, Sacramento, California
Degree:         Leadership for the Government Executive Certificate Program
Awarded:     Completion - June 2008

*CALIFORNIA STATE UNIVERSITY*, Sacramento, California
Degree:         Master of Arts - Education
Awarded:     May 2007
Honors:        Dean's Honor Roll

*UNIVERSITY OF THE PACIFIC, MC GEORGE SCHOOL OF LAW,* Sacramento, California
Degree:         Juris Doctorate
Awarded:     May 1999
Honors:        American Jurisprudence Award  - Professional Responsibility
                     Deans Honor List
Activities:     Managing Editor - California Initiative Review
                     Mock Trial Competition Finalist

*CALIFORNIA STATE UNIVERSITY*, Sacramento, California
Degree:         Bachelor of Science  - Criminal Justice
Awarded:     May 1996
Honors:        National Criminal Justice Honor Society
Activities:     Regional Director - National Criminal Justice Honor Society
                     Chapter Secretary – National Criminal Justice Honor Society

## ADMITTED COURTS AND PROFESSIONAL ORGANIZATIONS

California State Bar
Education Law Association - Member
Federal District Court - Admitted Eastern District of California
Federal District Court – Admitted Southern District of California
Federal District Court – Admitted Central District of California
Federal District Court – Admitted Northern District of California
National Association of Administrative Law Judges
Sacramento County Bar Association – Member

## PROFESSIONAL MANAGEMENT AND LEGAL EXPERIENCE

*OFFICE OF ADMINISTRATIVE HEARINGS, STATE OF CALIFORNIA*
Position:                      Presiding Administrative Law Judge
Employment Dates:     January 2006 to Current
Responsibilities:
           Originally retained as independent contractor to assist with development and implementation of
           new administrative law division.  Program design and implementation included development of
           decision writing guidelines, training materials, FAQs and databases. Developed and delivered
           training program on substantive and procedural aspects of relevant law for 25 newly hired
           administrative law judges.  Developed system for management and transfer of
           over 4500 existing cases from another state agency to the Office of Administrative Hearings.

           At the conclusion of the independent contractor period, hired as full time employee in the position
           of Presiding Administrative Law judge, reporting directly to the Director/Chief Administrative Law
           Judge, in January 2007. Direct management responsibility for statewide calendaring of over 2800
           cases filed annually.  Direct calendar management includes statewide calendaring, staff
           assignment, allocation of resources, management of prehearing law and motion, maintenance of
           case records, and staff supervision.

EX. 1
1

SHERIANNE LABA

Other administrative/management duties include reviewing of decisions and orders, training oversite, annual conference assembly, contract monitoring, and statewide data management. Responsible for supervision of 13 administrative law judges and 20 pro tem judges.

Computer data system management responsibilities include development, implementation, and training for new statewide case management system. Direct data reporting and management responsibilities include preparation and distribution of quarterly reports, fiscal reports, and specialty reports necessary for contract implementation. Other administrative duties include service on advisory committee, contract monitor meetings, and management team meetings.


**BETTER BUSINESS BUREAU**
Position:                    Arbitrator
Employment Dates:    December 2004 through January 2007
Responsibilities:
      Community service position as neutral arbiter conducting arbitrations and issuance of binding
      decisions for the Sacramento and Stockton branches of the Better Business Bureau. Included
      matters related to California Lemon Law, Contractor Disputes, and other small business disputes.


**ATKINSON, ANDELSON, LOYA, RUDD & ROMO**
Position:                    Associate
Employment Dates:    August 2004 through January 2006
Responsibilities:
      Responsible for management of Northern California special education division program including
      development and implementation. Served educational clients throughout the Northern California
      Region, Central Valley, and Southern California area. Management responsibilities included
      recruitment and retention of associates, client development, case management, and associate
      mentoring.

      Served as legal counsel and liaison to public school entities with an emphasis on special
      Education matters. Conducted multiple statewide in-service training sessions to public school
      districts, county offices of education, and SELPAs . Also served as  liaison and investigator for
      sexual harassment and other personnel complaints. )


**RIGGIO, MORDAUNT & KELLY**
Position:                    Associate
Employment Dates:    May 2003 through August 2004
Responsibilities:
      Associate in small insurance defense firm. Handled all aspects of case management related to
      defense of medical malpractice, general insurance, and employment defense cases including
      discovery, pretrial motions, trial preparation, expert witness preparation, depositions, and trial.

      Assisted with expansion of clientele to include local school districts and the county office of
      education. Served as independent counsel handling federal litigation for local
      school districts and the Special Education Hearing Office.


**INSTITUTE FOR ADMNISTRATIVE JUSTICE, MCGEORGE SCHOOL OF LAW**
Position:                    Hearing Officer
Employment Dates:    February 2002 through May 2003
Responsibilities:
      Served as hearing officer for all aspects of due process hearings related to primarily special
      education matters as well as city ordinance, dangerous building, dangerous animal, parking
      violations, and parole hearings. Assisted with statewide, federal, and international training of
      mediators and hearing officers.

EX. 1

2

SHERIANNE LABA

*CALIFORNIA DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL*
Position:                              Deputy Attorney General I
Employment Dates:          January 2001 through February 2002.
Responsibilities:
      Served as Deputy Attorney General in the Correctional Law Section for the Office of the Attorney
      General.  Responsible for defense of the State of California in matters involving inmate civil rights
      and habeas corpus actions.  General duties included all aspects of civil litigation including
      discovery and trial.


*GIRARD AND VINSON*
Position:                              Associate
Employment Dates:          January 2000 through January 2001
Responsibilities:
      Associate attorney representing public school districts and colleges in primarily special education,
      general as well as school law, and employment law matters throughout Northern California.
      Conducted multiple in-service trainings related to Section 504, IDEA, Title IV, and sexual
      harassment for school districts, special education local plan areas and county offices of education


*INSTITUTE FOR ADMINISTRATIVE JUSTICE*
*SPECIAL EDUCATION HEARING OFFICE, MCGEORGE SCHOOL OF LAW*
Position:                              Graduate Legal Assistant /Certified Student Attorney
Employment Dates:          May 1999 through January 2000
                          May 1997 through June 1998
Responsibilities:
      As a certified student attorney, worked in coordination with the California Department of Education
      to design, develop, and implement web based search engine for all decisions and orders issued
      by the Special Education Hearing Office.  Web and design management responsibilities included
      production review, coordination with public on web search needs, advisory committee liaison, and
      direct management of implementation of data collection and input.

      As a graduate legal assistant, designed and coordinated statewide system for filing and
      management of law and motion practice.  Drafted law and motion orders for review and adoption
      by a hearing officer. Managed and coordinated mediation schedule for Department of
      Developmental Services (Regional Centers) and California Department of Education cases.  Data
      management responsibilities included fiscal year end and quarterly report preparation.  Assisted
      with development of training manual for state, federal and international hearings officers.


*UNITED STATES ATTORNEY'S OFFICE – EASTERN DISTRICT OF CALIFORNIA*
Position:                              Chief Certified Student Attorney
Employment Dates:          June 1998 through May 1999
Responsibilities:
      Supervisory responsibilities included direct supervision of five law clerks.  Responsible for case
      assignment, review of pleading documents, training, and evaluation of law clerks.  Developed and
      managed program for identifying defendants with outstanding warrants and methods for clearing
      warrants.

      Handled full caseload of misdemeanor prosecutions for the federal government in United States
      Magistrate Court with a caseload that averaged 35 to 45 cases.  Drafted charging documents,
      responding motions, sentencing memoranda and appellate briefs. Conducted jury and bench
      misdemeanor trials.

SHERIANNE LABA

*GOVERNOR'S OFFICE OF CRIMINAL JUSTICE PLANNING*
Position:                  Student Attorney
Employment Dates:    March 1997 through June 1998
Responsibilities:
Advised victims of crimes on their statutory and constitutional rights, available civil remedies and availability of restitution.  Researched criminal justice issues for various governmental and non-profit organizations.

Management responsibilities included compiling research results for publication and dissemination to over 1500 organizations and agencies.  Created, implemented and managed organizational and statistical database system.

## PRESENTATIONS/SEMINARS

| | |
|---|---|
| November 2007 | *Role of the Administrative Law Judge and Current Issues in Special Education* EDS 119, California State University, Sacramento, California |
| October 2007 | *Role of the Administrative Law Judge and Current Issues in Special Education* EDS 297, California State University, Sacramento, California |
| May 2007 | *Role of the Administrative Law Judge,* EDS 119, California State University, Sacramento, California |
| April 2007 | *Role of the Administrative Law Judge,* EDS 297, California State University, Sacramento, California |
| March 2007 | *Role of the Administrative Law Judge,* EDS 297, California State University, Sacramento, California |
| November 2006 | *Role of the Administrative Law Judge,* EDS 119, California State Univerity, Sacramento, California. |
| November 2006 | *Current Issues In Special Education* – Panel Member, Office of Administrative Hearings, Administrative Law Judge Annual Training, San Diego, California. |
| October 2006 | *Cochlear Implants* – in coordination with Professor Susan English, California State University Sacramento, Office of Administrative Hearings, Administrative Law Judge Training, Sacramento, California. |
| September 2006 | *Functional Analysis Assessment and Behavior Intervention Plans,* Office of Administrative Hearings, Administrative Law Judge Training, Sacramento, California. |
| July 2006 | *Response to Intervention and SLD Eligibility,* Office of Administrative Hearings, Administrative Law Judge Training, Sacramento, California. |
| June 2006 | *Vision Therapy,* Office of Administrative Hearings, Administrative Law Judge Training, Sacramento, California. |
| November 2005 | *Student Discipline,* Office of Administrative Hearings, Administrative Law Judge Annual Training, San Francisco, California. |
| November 2005 | *Ushering in a New Era in Special Education –The IDEIA Amendments,* Education Law Conference, Cerritos, California, |
| November 2005 | *Ushering in a New Era in Special Education – The IDEIA Amendments,* Education Law Conference, Stockton, California. |

EX. 1
4

SHERIANNE LABA

| | |
|---|---|
| November 2005 | *It's the Law Now!* Education Law Conference, Cerritos, California. |
| November 2005 | *It's the Law Now!* Education Law Conference, Stockton, California. |
| October 2005 | *Student Discipline*, North Inland Special Education Region Consortium on Critical Issues in California, Palm Springs, California. |
| October 2005 | *2004 IDEA Amendments and Student Discipline*, Yuba City Unified School District, Yuba City, California. |
| October 2005 | *Making Sense of the New IDEIA and Special Education Due Process Hearing Procedures*, Santa Cruz SELPA, Santa Cruz, California. |
| September 2005 | *2004 IDEA Amendments Workshop*, Stanislaus SELPA, Modesto, California. |
| September 2005 | *Making Sense of the New Special Education Due Process Hearing Procedures*, Stanislaus SELPA, Modesto, California. |
| July 2005 | *Making Sense of the New Special Education Due Process Hearing Procedures*, Merced County Office of Education, Merced, California. |
| April 2005 | *How to Write a Legally Sufficient IEP*, Santa Cruz SELPA, Santa Cruz, California. |
| March 2005 | *2004 IDEA Amendments Workshop*, Madera-Mariposa SELPA, Madera, California. |
| January 2005 | *How to Write a Legally Sufficient IEP*, ACSA Conference, Monterey, California. |
| November 2004 | *Student Discipline Process*, Education Law Conference, Cerritos, California |
| November 2004 | *Developing Legally Sufficient IEPs*, Education Law Conference, Cerritos, California |
| November 2004 | *Special Education Law Update*, Education Law Conference, Cerritos, California |
| November 2004 | *Developing Legally Sufficient IEPs*, Education Law Conference, Sacramento, California. |
| November 2004 | *Student Discipline Process*, Education Law Conference, Sacramento, California |
| November 2004 | *Special Education Law Update*, Education Law Conference, Sacramento, California |
| October 2004 | *Developing Legally Sufficient IEPs*, North Inland Special Education Region Consortium on Critical Issues in California, Palm Springs, California. |
| January 2003 | *Pitfalls of Hearing Matters on the Road*, Institute for Administrative Hearings, Special Education Hearing Office, Hearing Officer Training, Sacramento, California. |
| January 2001 | *Current Issues in Special Education*, Special Education Seminar, Sacramento, California. |
| November 2000 | *Section 504 and Special Education*, Lake County Office of Education, California. |
| October 2000 | *Section 504 and Special Education*, Lorman Institute, San Francisco, California |

SHERIANNE LABA

| June 1999 | *Hearing Officer's Role* – Panel Member, Social Security Administration Hearing Officer Training, Sacramento, California. |
| June 1999 | *Hearing Officer's Role* – Panel Member, Japan Delegate for Administrative Hearing Officers, Sacramento, California |

## PROFESSIONAL DEVELOPMENT COURSES

| March 2008 | National Training for Special Education ALJs and Mediators, University of San Diego, California |
| March 2008 | Facilitation Skills, Performance Training Solutions, Sacramento, California |
| November 2007 | Skelly Officer Training, Department of General Services, State of California |
| August 2007 | Mediating the Litigated Case, Strauss Institute for Dispute Resolution, Pepperdine University, Malibu, California. |
| June 2007 | Presiding Administrative Law Judge Training, National Judicial College, Reno, Nevada |
| May 2007 | Statistical Analysis and Data Reporting for Government Executives, California State University, Sacramento |
| May 2007 | State Budgeting, Department of General Services, State of California |
| May 2007 | IDEA College, Seattle School of Law, Seattle, Washington |
| May 2007 | LRP National Institute on Special Education, San Diego, California |
| October 2005 | Preventing Workplace Harassment – Supervisors Edition |
| May 2005 | Preventing Workplace Harassment – Non-Supervisors Edition |
| January 2005 | ACSA Conference, Monterey California |
| June 2004 | Malpractice Case Evaluation, Stockton California |
| May 2004 | LRP National Institute on Special Education, Las Vegas, Nevada |
| March 2004 | Arbitrator Training, Sacramento, California |
| July 2003 | The Art and Science of Jury Voir Dire |
| May 2003 | LRP National Institute on Special Education, San Francisco, California |
| May 2002 | LRP National Institute on Special Education, Orlando, Florida |
| December 2000 | Masters Trial Notebook Seminar, Sacramento, California |
| November 2000 | Understanding Autism, Las Vegas, Nevada |
| February 2000 | School Attorney's Conference, Phoenix, Arizona |
| February 2000 | Mediation Training, Sacramento, California |

EX. 1

6

# EXHIBIT 2

STATE OF CALIFORNIA
**STANDARD AGREEMENT**
STD 213 (Rev 06/03)

| | |
|---|---|
| AGREEMENT NUMBER | 4427 |
| REGISTRATION NUMBER | |

1. This Agreement is entered into between the State Agency and the Contractor named below:

STATE AGENCY'S NAME

California Department of Education (CDE)

CONTRACTOR'S NAME

Department of General Services, Office of Administrative Hearings (DGS/OAH)

2. The term of this Agreement is:       June 1, 2005       through       June 30, 2008

3. The maximum amount of this Agreement is:       $ 29,068,955.25
Twenty-Nine Million, Sixty-Eight Thousand, Nine Hundred Fifty-Five Dollars & Twenty-Five Cents

4. The parties agree to comply with the terms and conditions of the following exhibits which are by this reference made a part of the Agreement.

| | |
|---|---|
| Exhibit A – Scope of Work | 5 page(s) |
| Exhibit B – Budget Detail and Payment Provisions | 10 page(s) |
| Exhibit C* – General Terms and Conditions | GIA 101 |
| Check mark one item below as Exhibit D: | |
| ☒ Exhibit - D Special Terms and Conditions (Attached hereto as part of this agreement) | 2 pages |
| ☐ Exhibit - D* Special Terms and Conditions | |
| Exhibit E – Additional Provisions | page(s) |

*Items shown with an Asterisk (\*), are hereby incorporated by reference and made part of this agreement as if attached hereto. These documents can be viewed at www.ols.dgs.ca.gov/Standard+Language*

**IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.**

| CONTRACTOR | California Department of General Services Use Only |
|---|---|
| CONTRACTOR'S NAME (if other than an individual, state whether a corporation, partnership, etc.) Department of General Services – Office of Administrative Hearings | |
| BY (Authorized Signature) *[signature]* | DATE SIGNED (Do not type) May 31, 2005 |
| PRINTED NAME AND TITLE OF PERSON SIGNING Ronald L. Diedrich, Director and Chief Administrative Law Judge | |
| ADDRESS 560 J Street, Suite 300 Sacramento, CA 95814 | |
| STATE OF CALIFORNIA | |
| AGENCY NAME California Department of Education | |
| BY (Authorized Signature) *[signature]* | DATE SIGNED (Do not type) 6/1/05 |
| PRINTED NAME AND TITLE OF PERSON SIGNING Gerald C. Shelton, Director, Fiscal and Administrative Services Division | ☐ Exempt per: |
| ADDRESS 1430 N Street, Suite 2213, Sacramento, CA 95814 | |

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 1 of 2

EXHIBIT B
BUDGET DETAIL

1.    INVOICING AND PAYMENT

A.    For services satisfactorily rendered, and upon receipt and approval of the invoice, the State agrees to compensate the Contractor for actual expenditures incurred in accordance with the rates specified herein, which is attached hereto and made part of this agreement.

B.    The invoice shall include the **Agreement # 4427** and shall be submitted at the end of the contract period in duplicate to:

**California Department of Education
Administrative Services Unit -- Special Education Division
1430 N Street, Suite 2401
Sacramento, CA 95814
Attention: Allison Smith**

2.    BUDGET CONTINGENCY CLAUSE

A.    It is mutually agreed that if the Budget Act of the current year and/or any subsequent years covered under this Agreement does not appropriate sufficient funds for the program, this Agreement shall be of no further force and effect. In this event, the State shall have no liability to pay any funds whatsoever to Contractor or to furnish any other considerations under this Agreement and Contractor shall not be obligated to perform any provisions of this Agreement.

B.    If funding for any fiscal year is reduced or deleted by the Budget Act for purposes of this program, the State shall have the option to either cancel this Agreement with no liability occurring to the State, or offer an agreement amendment to Contractor to reflect the reduced amount.

3.    PAYMENT

A.    Costs for this Agreement shall be computed in accordance with State Administrative Manual Sections 8752 and 8752.1.

B.    Nothing herein contained shall preclude advance payments pursuant to Article I, Chapter 3, Part 1, Division 3, Title 2 of the Government Code of the State of California.

C.    Costs shall be computed in accordance with Exhibit B.1 which is attached hereto and by this reference incorporated herein.

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 2 of 2

4.    CONTRACTS FUNDED BY THE FEDERAL GOVERNMENT

A.    It is mutually understood between the parties that this contract may have been written before ascertaining the availability of congressional appropriation of funds, for the mutual benefit of both parties, in order to avoid program and fiscal delays which would occur if the contract were executed after that determination was made.

This contract is valid and enforceable only if sufficient funds are made available to the State by the United States Government for Fiscal Years 05/06, 06/07 and 07/08, covered by this agreement for the purposes of this program. In addition, this contract is subject to any additional restrictions, limitations, or conditions enacted by the Congress or any statute enacted by the Congress, which may affect the provisions, terms, or funding of this contract in any manner.

It is mutually agreed that if Congress does not appropriate sufficient funds for the program, this contract shall be amended to reflect any reduction in funds.

The department has the option to void the contract under the 3-day cancellation clause or to amend the contract to reflect any reduction of funds.

The recipient shall comply with the Single Audit Act and the reporting requirements set forth in OMB Circular A-133.

EX. 2
9

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 1 of 1

## EXHIBIT C
## GENERAL TERMS AND CONDITIONS

1.  APPROVAL: This Agreement is not valid until signed by both parties and approved by the Department of General Services, if required.

2.  AUDIT: The agency performing work under this Agreement agrees that the awarding department, the Department of General Services, the Bureau of State Audits, or their designated representative shall have the right to review and to copy any records and supporting documentation pertaining to the performance of this Agreement if it exceeds $10,000. The agency performing work agrees to maintain such records for possible audit for a minimum of three (3) years after final payment, unless a longer period of record retention is stipulated.

3.  PAYMENT: Costs for this Agreement shall be computed in accordance with State Administrative Manual Section 8752 and 8752.1.

4.  AMENDMENT: No amendment or variation of the terms of this Agreement shall be valid unless made in writing, signed by the parties, and approved as required. No oral understanding or agreement not incorporated in the Agreement is binding on any of the parties.

5.  SUBCONTRACTING: All subcontracting must comply with the requirements of the State Contracting Manual, Section 3.06.

6.  ADVANCE PAYMENT: The parties to this interagency agreement may agree to the advancing of funds as provided in Government Code Sections 11257 through 11263.

7.  DISPUTES: The agency performing work under this Agreement shall continue with the responsibilities under this Agreement during any dispute.

8.  TIMELINESS: Time is of the essence in this Agreement.

9.  TERMINATION: Either agency reserves the right to terminate this agreement upon one-hundred and twenty (120) days written notice to the other. The agency providing the services shall be reimbursed for all reasonable expenses incurred up to the date of termination.

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 1 of 3

## EXHIBIT D
## SPECIAL TERMS AND CONDITIONS

1.  OAH will submit quarterly reports to the contract monitor. These reports will address activities conducted and planned as well as concerns or obstacles. These reports will also include the data reported in quarterly data reports.

2.  A monthly status report will be prepared and will accompany the monthly invoices.

3.  OAH will work closely with the contract monitor and other CDE staff assigned to the project.

4.  OAH will make all data collected available for placement on the CDE Web site.

5.  OAH will propose any suggested changes in the law through the contract monitor to CDE.

6.  OAH will ensure that all travel reimbursements will be consistent with the rates established by the state Department of Personnel Administration.

7.  OAH will work through the contract monitor to ensure that all eligible contractor staff and subcontractors will obtain state rates for travel to minimize the cost to the state.

8.  OAH will provide the contract monitor each January 15 with a projection of costs for the remainder of the fiscal year so that budget revisions and contract amendments can be initiated as necessary.

9.  OAH will inform the contract monitor when changing professional project personnel.

10. All material developed under the terms of this agreement will become the property of the California Department of Education.

11. OAH will maintain accounting records and other evidence pertaining to costs incurred and will make them available to CDE during the period of the interagency agreement and for five years after final payment on the agreement.

12. OAH will permit CDE to audit, review, and inspect OAH's activities, books, documents, papers, and records during the progress of the work and for five years following final payment. All documents associated with mediations and hearings will be retained for the same time period.

13. All equipment budgeted to be purchased by OAH for the Special Education Hearing Office will be owned by CDE. OAH will work with CDE through the contract monitor on the transfer and disposition of equipment no longer needed by the contractor.

EX. 2
11

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 2 of 3

14. If any equipment budgeted to be purchased by OAH is used on any other projects or contracts, an appropriate reimbursement schedule shall be established with the CDE contract monitor, or the initial costs shall be prorated. Equipment will be purchased through bidding, or documentation will be provided that the price paid for the equipment was the most reasonable price for such equipment.

15. By signing this interagency agreement, OAH swears under penalty of perjury that no more than one final unappealable finding of contempt of court by a federal courts has been issued against OAH within the immediately preceding two-year period because of OAH's failure to comply with an order of a federal court which orders the contractor to comply with an order of the National Labor Relations Board.

16. By signing this agreement, OAH agrees to cooperate, assist and comply with any reasonable requests for information necessary to accomplish transition to a new contract at the termination of this agreement.

17. For every case filed with OAH there will be a $66 case filing fee.  If OAH's rates increase, a proportionate amount of increase will be reflected in the case filing fee.

18. OAH's billable hourly rate is currently $169 per ALJ hour. If OAH's rates increase, a proportionate amount of increase will be reflected in the hourly rate.

19. Items that are a direct cost associated to meeting the requirements of the program are also billable.  Such items include, but are not limited to, the following:

a. Training that OAH's staff receives related to IDEA, the IDEA hearings, the IDEA mediations, etc. This would include training received by pro tems and retired annuitants, where appropriate. Training that OAH routinely gives to its ALJs, that is in not in some way related to IDEA or the requirements of the IA, will not be billed to CDE.

b. Reimbursement for the cost of translators.  OAH will absorb the cost of finding them, scheduling them and processing the payment of them.

c. Reimbursement for the cost of training materials, trainers and facilities (if necessary) to provide training to OAH's staff related to the special education dispute resolution program and/or IDEA.

d. Reimbursement for the cost of publications to which OAH would subscribe (written and/or electronic) which are related to IDEA and/or the special education dispute resolution program.

e. Reimbursement for costs of producing, printing, translating, disseminating, etc., forms, publications, notices, bulletins, and other similar material, required by IDEA and/or the operation of the special education dispute resolution program.

EX. 2
12

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 3 of 3

f.    The time scheduled for hearings and/or mediations which are cancelled or continued on such short notice that OAH can not re-schedule that time for the ALJ. It is anticipated that this will happen infrequently and that OAH will make every effort to find other billable activities in which the ALJ can engage.

g.    Reimbursement for the cost of transcripts, not to exceed the actual cost to OAH for this service.

h.    Electronic recording of hearing or proceedings will be reimbursed at the flat rate of $30.00 per day. This does not include the costs of transcript preparation.

EX. 2
13

EXHIBIT B.1
BUDGET

BUDGET SUMMARY

| | |
|---|---|
| June 1, 2005 — June 30, 2005 | $349,834.00 |
| July 1, 2005 — June 30, 2006 | 7,761,877.25 |
| July 1, 2006 — June 30, 2007 | 9,979,640.00 |
| July 1, 2007 — June 30, 2008 | 10,977,604.00 |
| TOTAL | $29,068,955.25 |

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 1 of 8

EX. 2/
14

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 2 of 8

**BUDGET DETAIL (FY 2004-2005)**
**BUDGET YEAR JUNE 1, 2005 – JUNE 30, 2005**

| | |
|---|---|
| **TOTAL SALARIES AND WAGES** | $272,334 |
| PRESIDING JUDGES (4) | $32,750 |
| ADMINISTRATIVE LAW JUDGES (20) | $155,917 |
| LEGAL SECRETARIES (17) | $55,833 |
| LEGAL SUPPORT SUPERVISORS (4) | $14,417 |
| STAFF SERVICES MANAGERS (2) | $10,500 |
| ACCOUNTANT | $2,917 |
| **TOTAL ALJ TRAINING INCLUDING PERDIEM AND TRAVEL** | $60,000 |
| PRINTING COSTS | $3,400 |
| POSTAGE | $3,400 |
| COMMUNICATIONS | $3,400 |
| GENERAL EXPENSES | $7,300 |
| **TOTAL TRANSITION COSTS** | $349,834 |

EX. 2
15

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 3 of 8

## BUDGET DETAIL (FY 2005-2006)
### BUDGET YEAR JULY 1, 2005 – JUNE 30, 2006
#### (as adjusted for contract transition)

| | Personnel Years | COST | Adjustment for Transition Svcs | Adjusted Budget |
|---|---|---|---|---|
| TOTAL SALARIES AND WAGES | 68.0 | $5,137,578.00 | | |
| SALARY SAVINGS (5 percent) | (3.4) | ($256,878.90) | | |
| NET TOTAL SALARIES AND WAGES | 64.6 | $4,880,699.10 | | |
| STAFF BENEFITS | | $1,450,420.59 | | |
| TOTAL PERSONAL SERVICES | 64.6 | $6,331,119.69 | -$1,308,642.44 | $5,022,477.25 |
| | | | | |
| OPERATING EXPENSES AND EQUIPMENT | | | | |
| GENERAL EXPENSE | | | | $88,000 |
| PRINTING | | | | $41,000 |
| COMMUNICATIONS | | | | $41,000 |
| POSTAGE | | | | $41,000 |
| TRAVEL | | | | $111,000 |
| TRAINING | | | | $550,000 |
| FACILITIES OPERATIONS | | | | $1,216,000 |
| DATA PROCESSING | | | | $109,000 |
| EXPENDABLE EQUIPMENT | | | | $88,000 |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | | | $2,285,000 |
| | | | | |
| TOTAL STATE OPERATIONS EXPENDITURES | | | | $7,307,477.25 |
| | | | | |
| FILING FEES ($66 per case) | | | | $257,400 |
| TRANSLATOR COSTS | | | | $197,000 |
| | | | | |
| TOTAL | | | | $7,761,877.25 |

EX. N
16

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 4 of 8

BUDGET YEAR JULY 1, 2006 – JUNE 30, 2007

| | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $6,966,300 |
| OPERATING EXPENSES AND EQUIPMENT | | |
| GENERAL EXPENSE | | $96,800 |
| PRINTING | | $45,100 |
| COMMUNICATIONS | | $45,100 |
| POSTAGE | | $122,100 |
| TRAVEL | | $605,000 |
| TRAINING | | $1,337,600 |
| FACILITIES OPERATIONS | | $119,900 |
| DATA PROCESSING | | $96,800 |
| EXPENDABLE EQUIPMENT | | |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | $2,513,500 |
| TOTAL STATE OPERATIONS EXPENDITURES | | $9,479,800 |
| FILING FEES ($66 per case) | | $283,140 |
| TRANSLATOR COSTS | | $216,700 |
| TOTAL | | $9,979,640 |

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 5 of 8

## BUDGET DETAIL (FY 2006-2007)

OAH assumed a ten percent workload increase when preparing the 2006-07 budget projection, and another ten percent increase for the 2007-08 budget projection. As noted above, the FY 2005-06 budget projection was based on 50,994 ALJ billable hours at $169/hour. For FY 2006-07, this is projected to increase by ten percent to roughly 56,093 billable hours.[1] Second year case filings would increase from 3,900 to 4,290. Assuming the OAH hourly rate remains constant at $169/hour, total ALJ and support staff costs for calendaring and holding the mediations and hearings, including travel, preparation, law and motion matters, research and writing time would approximate $9,479,800. Employee salaries were initially calculated at mid-range and salary step increases will approximate five percent each year. ALJs will receive an additional five percent increase upon completion of National Judicial College training per negotiated items contained in the memorandum of understanding governing that civil service job classification. Filing fees to cover case processing costs on 4,290 cases, assuming the fee remains at $66/case, would be $283,140. Translator costs would also rise ten percent. Total second year costs are $9,979,640.

## BUDGET SUMMARY FY 2006-2007

| | |
|---|---|
| $9,479,800 | Total ALJ and support costs based on 56,093 billable hours |
| 283,140 | Filing fees (4290 cases @ $66/case) |
| 216,700 | Translator costs |
| $9,979,640 | Total second year costs |

[1] The ten percent projections were applied to the FY 2005-06 ALJ and support staff costs. Thus, the FY 2006-07 figure of $9,479,800 represents a ten percent increase from the FY 2005-06 figure of $8,618,000. The actual number of billable hours corresponding to this figure is 56,093.49.

EX. 2
18

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 6 of 8

BUDGET DETAIL (FY 2007-2008)
BUDGET YEAR JULY 1, 2007 – JUNE 30, 2008

| | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $7,662,930 |
| | | |
| OPERATING EXPENSES AND EQUIPMENT | | |
| | | |
| GENERAL EXPENSE | | $106,480 |
| PRINTING | | $49,610 |
| COMMUNICATIONS | | $49,610 |
| POSTAGE | | $49,610 |
| TRAVEL | | $134,310 |
| TRAINING | | $665,500 |
| FACILITIES OPERATIONS | | $1,471,360 |
| DATA PROCESSING | | $131,890 |
| EXPENDABLE EQUIPMENT | | $106,480 |
| | | |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | $2,764,850 |
| | | |
| TOTAL STATE OPERATIONS EXPENDITURES | | $10,427,780 |
| | | |
| FILING FEES ($66 per case) | | $311,454 |
| TRANSLATOR COSTS | | $238,370 |
| | | |
| TOTAL | | $10,977,604 |

EX. 2
19

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 7 of 8

**BUDGET DETAIL (FY 2007-2008)**

The third year budget is based upon projections for another ten percent increase in workload. Case filings are expected to increase to 4,719 cases and billable hours are projected to increase to about 61,703 hours. Assuming that the OAH hourly rate and filing fees remain constant, third year total ALJ and support costs would approximate $10,427,780 and filing fees to cover case processing costs would increase to $311,454. Translator costs are projected to increase an additional ten percent to $238,370. Total third year costs are $10,977,604.

**BUDGET SUMMARY FY 2007-2008**

$10,427,780 Total ALJ and support costs based on 61,703 billable hours

311,454   Filing fees (4,719 cases @ $66/case)

238,370   Translator costs

$10,977,604 Total third year costs

EX. 21
20

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
May 25, 2005
Page 8 of 8

## DETAIL OF SALARY AND WAGES

| CLASSIFICATION | POSITIONS | SALARY RANGE | FULL YEAR COST | Adjustment for work retained by McGeorge (-20.57%) | Adjusted Budget 2005-06 |
|---|---|---|---|---|---|
| ALJ II (Supv) | 4.0 | $7,420 - $8,979 | 393,576.00 | | |
| ALJ | 40.0 | $7,071 - $8,551 | 3,749,280.00 | | |
| Legal Secretary | 17.0 | $2,339 - $3,623 | 658,124.00 | | |
| Legal Support Supervisor | 4.0 | $3,277 - $3,985 | 174,288.00 | | |
| Staff Services Manager I (Spec) | 2.0 | $4,745 - $5,726 | 125,664.00 | | |
| Accountant I (Spec) | 1.0 | $2,682 - $3,259 | 35,646.00 | | |
| TOTAL SALARIES AND WAGES | 68.0 | | $5,137,578.00 | | |
| SALARY SAVINGS (@ 5%) | -3.4 | | -256,878.90 | | |
| NET SALARIES AND WAGES | 64.6 | | $4,880,699.10 | -$1,008,840.50 | $3,871,858.60 |
| STAFF BENEFITS DETAIL | | | | | |
| OASDI | 7.650% | | 373,373.48 | | |
| HEALTH INSURANCE | | $4,367 /employee | 282,108.20 | | |
| RETIREMENT | 14.230% | | 694,523.48 | | |
| WORKERS COMPENSATION | 0.716% | | 34,652.96 | | |
| INDUSTRIAL DISABILITY LEAVE | 0.070% | | 3,416.49 | | |
| NON-INDUSTRIAL DISABILITY LEAVE | 0.100% | | 4,880.70 | | |
| UNEMPLOYMENT INSURANCE | 0.010% | | 488.07 | | |
| VISION/DENTAL | | $982 /employee | 56,977.20 | | |
| TOTAL BENEFITS | | | $1,450,420.58 | -$299,801.93 | $1,150,618.65 |
| TOTAL | | | $6,331,119.68 | -1,308,642.43 | $5,022,477.25 |

EX. 2
21

STATE OF CALIFORNIA
**STANDARD AGREEMENT AMENDMENT**
STD. 213 A (Rev 6/03)

☒ CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED ___1___ Pages

| AGREEMENT NUMBER | AMENDMENT NUMBER |
|---|---|
| 4427 | 1 |
| REGISTRATION NUMBER | |
| 6100070587745 | |

1. This Agreement is entered into between the State Agency and Contractor named below:

STATE AGENCY'S NAME
California Department of Education

CONTRACTOR'S NAME
Office of Administrative Hearings

2. The term of this
Agreement is          6/1/05          through          6/30/08

3. The maximum amount of this          $30,036,240.83
Agreement after this amendment is:     Thirty million, thirty-six thousand, two hundred forty dollars and eighty three cents.

4. The parties mutually agree to this amendment as follows. All actions noted below are by this reference made a part of the Agreement and incorporated herein:

THAT CERTAIN STATE OF CALIFORNIA STANDARD AGREEMENT designated as number 4427 dated May 25, 2005 shall be amended in the following particulars and no others:

This amendment adds $967,285.58 to the contract. The total amount of the contract shall not exceed $30,036,240.83.

Exhibit A shall be revised in accordance with Exhibit A.1 which is attached hereto and by this reference incorporated herein.

Exhibit B, Budget Detail, Article 1. Invoicing and Payment, B shall be amended by deleting reference to "at the end of the contract period" and inserting "not more frequently than monthly in arrears" in place thereof.

Exhibit B, Budget Detail, Article 4. shall be amended by deleting reference to "3-day cancellation" and inserting "30 day cancellation" in place thereof.

(CONTINUED)

IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.

| CONTRACTOR | CALIFORNIA Department of General Services Use Only |
|---|---|

CONTRACTOR'S NAME (If other than an individual, state whether a corporation, partnership, etc.)
Department of General Services - Office of Administrative Hearings

BY (Authorized Signature)          DATE SIGNED (Do not type)
✍ _[signature]_          02-20-2007

PRINTED NAME AND TITLE OF PERSON SIGNING
Ronald L. Diedrich, Director and Chief Administrative Law Judge

ADDRESS
560 J Street, Suite 300, Sacramento, CA 95814

APPROVED

MAR – 1 2007

DEPT OF GENERAL SERVICES

**STATE OF CALIFORNIA**

AGENCY NAME
California Department of Education

BY (Authorized Signature)          DATE SIGNED (Do not type)
✍ _[signature]_          2/22/01

PRINTED NAME AND TITLE OF PERSON SIGNING
Gerald C. Shelton, Director, Fiscal and Administrative Services

ADDRESS
1430 N Street, Suite 2213, Sacramento, CA 95814

☐ Exempt per:

EX. 2
22

Exhibit B, Article 3, Section C, shall be amended by adding reference to Exhibit B.2 which is attached hereto and by this reference incorporated herein.

Exhibit B, Budget Detail shall be further amended by incorporating the following new article:

## 5.  BUDGET ADJUSTMENTS:

Surplus funds from a given line item of the budget may be used to defray allowable direct costs under the budget line items up to ten percent (10%) with prior written approval of the Department of Education. Any change of more than ten percent (10%) requires a contract amendment and approval by the State Department of General Services. Budget adjustments shall not be allowed which increase the compensation rate for consultants.

Exhibit B.1, shall be deleted and replaced with Exhibit B.2 which is attached hereto and by this reference incorporated herein.

Exhibit D shall be revised in accordance with Exhibit D.1 which is attached hereto and by this reference incorporated herein.

EXCEPT AS AMENDED HEREIN all terms and conditions of the original agreement shall remain unchanged and in full force and effect.

EX. 2
23

**EXHIBIT A.1**
**SCOPE OF WORK**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #1**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 1 of 6

EXHIBIT A. I
SCOPE OF WORK

## A. GENERAL SCOPE

State and federal law provides that all children with disabilities are entitled to a free and appropriate public education under the Individuals with Disabilities Education Act (20 United States Code section 1400 et seq., as amended by Public Law No. 108-446) and Part 30 of the California Education Code, commencing with Education Code section 56000. Eligible pupils and their parents are entitled to procedural safeguards with respect to disagreements concerning decisions about assessment, eligibility program development, placement, and a free appropriate public education. A request for due process, including mediations and administrative hearings, may be made under 20 U.S.C. section 1415 et seq. and EC section 56500.1 et seq. Department of General Services, Office of Administrative Hearings ("OAH") agrees to provide such hearing and mediation services pursuant to and in accordance with the requirements of federal and state laws and regulations, including but not limited to services specifically detailed in this agreement.

## B. SUPPORT STAFF

OAH agrees to maintain or provide administrative, supervisory, information technology, and other support staff to operate the mediation and hearing process, including staff who will: (1) provide detailed information to callers, including information regarding hearing procedures; (2) receive, calendar, and monitor and report on the status of cases for mediation and hearing; (3) issue notices, including notice of hearing date, mediation date, calendar status, pre-hearing conference date, motion and related-filing deadlines, (4) arrange for interpreters or special accommodations; (5) arrange for transcription of hearing audiotapes and distribution; (6) prepare cases for storage and maintain closed file inventory system; (7) perform functions in connection with communication items identified. OAH will monitor, track, and manage cases in adherence with all federal and state laws and regulations. OAH will provide annual training to administrative, supervisory, information technology and other support staff in the above areas. The training will include but not be limited to confidentiality of students' and parents' identities.

## C. TRAINING

1. OAH agrees to provide special education unit ALJs specialized training regarding IDEA (including amendments made by Public Law 108-446), Education Code section 56000 et seq., and related regulations, as well as global skills training, as specified below. Trainings will be designed to ensure that all ALJs meet or exceed the minimum training standards and will be revised as needed to incorporate substantive changes in federal and state laws or regulations.

EX. 2
25

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 2 of 6

2. Presiding ALJs will determine when ALJs have a working knowledge of the laws and regulations governing services to students who qualify for services under the IDEA and related California laws and regulations, and the programmatic aspects of special education, services, and supports. Presiding ALJs will also determine when ALJs have a working knowledge of effective mediation techniques that provide the parties to special education disputes the opportunity to resolve their disputes through mediation. Only ALJs whom the Presiding ALJ has determined have the necessary working knowledge of the laws and regulations and working knowledge of effective mediation techniques along with the necessary level of expertise specified in proposed regulations will be assigned mediation and hearing duties. On an annual basis or earlier if deemed necessary by the Presiding ALJ, OAH will publish the names and locations of those ALJs whom the Presiding ALJ has determined are qualified to be assigned mediation and hearing duties. The names will be published on OAH's Web pages that are dedicated to special education due process hearings and mediations matters. OAH will allow CDE to create a link from CDE's Web site to OAH's Web pages pertaining to special education due process hearings and mediations.

3. OAH, with stakeholder input and in coordination with CDE, will provide 80 hours of specialized training in special education law and issues, mediation techniques, pre-hearing processes, and current pedagogical issues to all newly assigned ALJs during the ALJ's first year of employment with OAH's Special Education Division. Thereafter, OAH will provide a minimum of 20 hours of training each year to ALJs employed at the time such training is offered. Annual training will also address consistency in procedures and practices. ALJs will receive training that addresses the global competencies for all adjudicative proceedings. This global skills training will address such topics as the dynamics of mediation, listening and communication skills, interest-based mediation, techniques to avoid impasse, writing clear and complete mediation agreements. OAH will revise its mediation and hearing procedure trainings as needed to incorporate substantive changes in federal and state laws or regulations. These terms are subject to change and could be superceded by pending regulations.

D. MEDIATIONS/DUE PROCESS HEARINGS

1. OAH agrees to maintain a separate specialized unit of Administrative Law Judges (ALJs) who meet the minimum qualifications to function as officers and mediators. OAH agrees that the ALJs will work with the parties to resolve their disputes. ALJs will be assigned a mix of hearings and mediations, with each case typically being assigned a hearing-ALJ and a mediation-ALJ. In no case will OAH assign an ALJ who facilitates a mediation to preside over a hearing in the same case. OAH will conduct mediations and due process hearings in accordance with all federal and state laws and regulations.

2. OAH will adhere to all federal and state laws and regulations concerning the prevention of conflicts of interest for mediators and hearing officers or ALJs.

Department of General Services
 Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 3 of 6

3.  ALJs assigned as mediators to a particular case will be responsible for managing mediations through to impasse or resolution and for facilitating the process by which a written agreement can be prepared. A single case file will be maintained, but all materials related to the mediation will be sealed and not reviewed by or discussed with the hearing ALJ.

4.  OAH will conduct mediations and due process hearings at a location that is convenient to the parents. OAH will prepare, in consultation with CDE, a form entitled "Mediation" to advise the parties of procedure and their responsibilities, including materials each is required to bring to the mediation.

5.  OAH will adhere to all federal and state laws and regulations concerning the supervision of mediators and hearing officers or ALJs. OAH will also comply with all federal and state laws and regulations concerning maintaining the confidentiality of special education students and parents.

6.  OAH will assign the special education unit ALJs to regional offices throughout the State, and they will be supervised by a local Presiding ALJ. OAH will assign these Presiding ALJs on an exclusive and full-time basis to administer the hearing and alternative dispute resolution program in their assigned office. Presiding ALJs will supervise the special education ALJs in their respective offices; assure training and mentoring of ALJs and support staff; rule on continuance requests and other pre-hearing law and motion matters; oversee the technical operation of the program; evaluate ALJs; and review ALJ decisions for legal sufficiency, logic, and clarity.

7.  OAH agrees to use the "Request for Mediation and Due Process Hearing" form approved by CDE. The form may be used by a party to request a hearing and/or mediation. The form will be available on the Internet, filed electronically, or in written form. OAH calendar staff will process these requests, assign a case number, enter relevant information on OAH's computerized case management and tracking system.

8.  OAH agrees that it will ensure that the communication needs of non-English speaking parties and hearing-disabled parties are accommodated in hearings, pre-hearing conferences, mediations, and related proceedings. OAH will use interpreters who are certified by a court or government agency provided certification is available in the required language; the parties acknowledge that not all languages have a certification examination. Additionally ALJs may provisionally qualify an interpreter when necessary pursuant to Title 1, section 1032.

9.  OAH will communicate with parties to mediations and due process hearings according to federal and state laws and regulations.

EX. 2
27

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 4 of 6

10  OAH will ensure that a verbatim record of proceedings is made and that a transcript of these proceedings is made available to parents or guardians according to state and federal laws and regulations.

E.   **COMMUNICATIONS/INFORMATION SHARING**

1.  OAH will provide to the contract monitor information for updating the CDE Web site pages pertaining to the OAH Special Education Division as posted at http://www.cde.ca.gov/sp/se/ds/. OAH will continually update its own Web pages pertaining to the OAH Special Education Division and will allow CDE to create links to these pages. OAH will be given administrative rights to the Orders and Decisions database. OAH will provide CDE with a liaison for issues pertaining to the Web site.

2.  OAH will prepare consumer brochures for special education proceedings, which will be widely disseminated to LEAs and parents of students with disabilities. Prior to disseminating consumer brochures, OAH will obtain CDE's approval of the brochure. At a minimum, all public forms, procedures, and brochures shall be made available in English and the five foreign languages most commonly spoken in California schools: Spanish, Vietnamese, Hmong, Cantonese, and Tagalog.

3.  OAH will update the OAH Hearing Manual, adding chapters for special education mediations and hearings and their procedures, including information regarding special education legal and procedural issues and will revise the manual as needed to incorporate substantive changes in laws or regulations. OAH will work closely with the CDE to customize procedures as necessary.

4.  Upon completion of a hearing, OAH will submit hard copies of the decision to CDE. On a monthly basis, OAH will upload all redacted decisions to its Web site and provide a link to CDE's Special Education Web page.

5.  OAH will update the publication "Notice of Procedural Safeguards" and make copies available to parties and the public. Prior to making the publication available to parties and the public, CDE will review and approve the document.

6.  OAH will update and provide an attorney and advocate list to parties (as required by law) and the public.

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

## Page 5 of 6

7. OAH will maintain the Special Education Hearing Office Advisory Committee of attorneys, advocates, parents, and school employees and will schedule semiannual meetings with the committee, one in northern California and one in southern California in the first half of the year and one in northern California and one in southern California in the second half of the year for a total of four meetings each year. OAH will conduct this committee in accordance with federal and state laws and regulations. This committee is responsible for advising on the conducting of mediations and due process hearings.

## F.  DATA COLLECTION AND REPORTING

1. OAH will provide access to its case management system, subject to mutually agreeable security protocols, to designated CDE personnel, or, alternatively, OAH will make its physical files available for review by CDE staff, in order to enable CDE staff to determine if there is a due process hearing pending in matters in which a compliance complaint has been filed with CDE.

2. OAH will provide CDE, on at least a quarterly basis, with the following information:

   a. Mediations: 1) Number of mediation requests total; 2) number of mediations not related to hearing requests; 3) number of mediations related to hearing requests; 4) number of mediation agreements not related to hearing requests; 5) number of mediation agreements related to hearing requests; 6) number of mediations pending

   b. Due process hearings: 1) Number of hearing requests total; 2) number of settlement agreements; 3) number of hearings held (fully adjudicated); 4) Number of decisions within timeline; 5) number of decisions within extended timeline; 6) number of decisions issued after timelines and extension expired;7) number of hearings pending; 8) number of expedited hearings; 9) number of hearing request cases resolved without a hearing

   c. Expedited hearing requests (related to disciplinary decision): 1) Number of expedited hearing requests total; 2) number of settlement agreements; 3) number of expedited hearings (fully adjudicated); 4) number of change of placement ordered.

   d. In accordance with *Education Code* Section 56504.5 reports shall contain data to provide the state with information to comply with federal and state laws and regulations for monitoring local programs. Specifically, these reports will provide data as requested by the federal Office of Special Education Programs.

3. OAH will develop, submit to CDE for review and approval, and implement recommendations for system improvement.

EX. 2
29

Department of General Services
  Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #
June 30, 2005

## Page 6 of 6

4. By June 30, 2006, OAH will develop for CDE's approval an evaluation form that assesses OAH's timeliness and effectiveness. After obtaining CDE's approval, OAH will provide the form to the parties. The form shall be completed by parties who participate in mediations and/or hearings. OAH shall review and provide CDE a summary report of the evaluations on a quarterly basis.

5. OAH will gather, analyze, and report to CDE statistical data on productivity of hearing officers and mediators using measurements for quantifying the productivity as determined by CDE.

## G. TRANSITION

1. OAH agrees to hire staff and purchase and maintain Information Technology systems, including computers, network switches, and other equipment for the purpose of developing and expanding the current case management system and a calendaring system to accommodate a separate and complete special education system.

2. OAH agrees to lease office space for special education units and order and purchase office equipment and supplies for staff. The accounting and billing system, including provision for audit reports, will be expanded, and OAH agrees to have in place a parent and LEA notification plan. In consultation with CDE, OAH agrees to develop and finalize an initial training program for ALJs.

3. OAH will accept for filing and take all necessary and appropriate steps to resolve all special education due process matters as of July 1, 2005, and all special education due process and mediation matters as of January 1, 2006.

## H.    CONFIDENTIALITY

OAH agrees to implement and enforce any provision in the law concerning confidentiality of information and/or records relating special education hearings and mediations.

## I.    PROJECT REPRESENTATIVES

The CDE project representative during the term of this Agreement will be Allison Smith (916) 327-3932. The OAH project representative during the term of this Agreement will be Ronald L. Diedrich (916) 445-4926.

EX. 2
30

EXHIBIT B.2
BUDGET
INTERAGENCY AGREEMENT- # 4427, AMENDMENT #1
DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS

EX. 2
31

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 1
June 30, 2005
Page 1 of B

## AMENDED BUDGET

### BUDGET SUMMARY

| | |
|---|---|
| June 1, 2005 – June 30, 2005 | $   117,119.58 |
| July 1, 2005 – June 30, 2006 | 8,961,877.25 |
| July 1, 2006 – June 30, 2007 | 9,979,640.00 |
| July 1, 2007 – June 30, 2008 | 10,977,604.00 |
| **TOTAL** | **$30,036,240.83** |

EX. 2
32

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 1
June 30, 2005
Page 2 of 8

## BUDGET YEAR JUNE 1, 2005 – JUNE 30, 2005
### (FY 2004-2005)

During this month, OAH prepared to assume responsibility for the due process and mediations contract. These preparations included conducting hiring interviews, making employment offers, and training new staff. OAH also sought out new office space, developed new administrative protocols and forms, and acquired office equipment.

| | | |
|---|---|---|
| Billable Hours: | 562 billable hours @ $169.00 per hour: | $ 94,978.00 |
| Filing Fees: | 79 cases filed @ $66.00 per case: | $ 5,214.00 |
| ALJ Training Costs: | | $ 3,032.14 |
| Equipment Costs: | | $ 13,895.44 |
| Total Costs: | | $117,119.58 |

EX. 2
33

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 3 of 8**

## AMENDED BUDGET YEAR JULY 1, 2005 – JUNE 30, 2006
### (FY 2005-2006)

This amended budget reflects a $1.2 million increase in the cost of operating the special education dispute resolution program for fiscal year 2005-06. The increased costs are directly attributable to changes in the interagency agreement, which markedly changed the workload to be addressed in the fiscal year. Specifically, the changes require that the Office of Administrative Hearings (OAH) process significantly more cases (somewhere around 500 to 750 more cases) and process them months sooner (about 12 months for some hearings and about six months for mediations) than was provided for in the original interagency agreement. The changes in the interagency agreement will result in about a 15 percent increase in OAH's workload for this fiscal year. This amended budget also reflects both OAH's actual experience administering the program from July 1, 2005, thru February 28, 2006, and an increase in OAH's billable hourly rate for the 2005-06 fiscal year (from $169/hour to $176/hour).

| | | |
|---|---|---|
| ALJ Billable Hours: | 47,303 billable hours @ 176.00 per hour: | $8,325,328.00 |
| Staff Counsel Billable Hours: | 500 billable hours @ $102.00 per hour: | $    51,000.00 |
| Filing Fees: | 4,400 cases filed @ $66.00 per case: | $  290,400.00 |
| Electronic Recording: | 2,053 days of hearing @ $30.00 per day: | $    61,590.00 |
| Interpreter/Translator Charges: | | $    94,220.33 |
| ALJ Training Costs: | | $    12,360.00 |
| Transcript Charges: | | $    20,488.92 |

EX. 2
34

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 4 of 8**

Equipment Costs:

Other

Total Costs:

$  82,905.18

$   23,584.82

$8,961,877.25

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 1
June 30, 2005
Page 5 of 8

BUDGET YEAR JULY 1, 2006 – JUNE 30, 2007

| | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $6,966,300 |
| | | |
| **OPERATING EXPENSES AND EQUIPMENT** | | |
| | | |
| GENERAL EXPENSE | | $96,800 |
| PRINTING | | $45,100 |
| COMMUNICATIONS | | $45,100 |
| POSTAGE | | $122,100 |
| TRAVEL | | $605,000 |
| TRAINING | | $1,337,600 |
| FACILITIES OPERATIONS | | $119,900 |
| DATA PROCESSING | | $96,800 |
| EXPENDABLE EQUIPMENT | | |
| | | |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | $2,513,500 |
| | | |
| TOTAL STATE OPERATIONS EXPENDITURES | | $9,479,800 |
| | | |
| FILING FEES ($66 per case) | | $283,140 |
| TRANSLATOR COSTS | | $216,700 |
| | | |
| TOTAL | | $9,979,640 |

EX. 2
36

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 6 of 8**

## BUDGET DETAIL (FY 2006-2007)

OAH assumed a ten percent workload increase when preparing the 2006-07 budget projection, and another ten percent increase for the 2007-08 budget projection. As noted above, the FY 2005-06 budget projection was based on 50,994 ALJ billable hours at $169/hour. For FY 2006-07, this is projected to increase by ten percent to roughly 56,093 billable hours. Second year case filings would increase from 3,900 to 4,290. Assuming the OAH hourly rate remains constant at $169/hour, total ALJ and support staff costs for calendaring and holding the mediations and hearings, including travel, preparation, law and motion matters, research and writing time would approximate $9,479,800. Employee salaries were initially calculated at mid-range and salary step increases will approximate five percent each year. ALJs will receive an additional five percent increase upon completion of National Judicial College training per negotiated items contained in the memorandum of understanding governing that civil service job classification. Filing fees to cover case processing costs on 4,290 cases, assuming the fee remains at $66/case, would be $283,140. Translator costs would also rise ten percent to $216,000. Total second year costs are $9,979,640.

### BUDGET SUMMARY FY 2006-2007

| | |
|---|---|
| $9,479,800 | Total ALJ and support costs based on 56,093 billable hours |
| 283,140 | Filing fees (4290 cases @ $66/case) |
| 216,700 | Translator costs |
| $9,979,640 | Total second year costs |

EX. 2
37

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 1
June 30, 2005
Page 7 of 8

BUDGET DETAIL  (FY 2007-2008)
BUDGET YEAR JULY 1, 2007 – JUNE 30, 2008

|  | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $7,662,930 |
| **OPERATING EXPENSES AND EQUIPMENT** | | |
| GENERAL EXPENSE | | $106,480 |
| PRINTING | | $49,610 |
| COMMUNICATIONS | | $49,610 |
| POSTAGE | | $134,310 |
| TRAVEL | | $665,500 |
| TRAINING | | $1,471,360 |
| FACILITIES OPERATIONS | | $131,890 |
| DATA PROCESSING | | $106,480 |
| EXPENDABLE EQUIPMENT | | |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | **$2,764,850** |
| TOTAL STATE OPERATIONS EXPENDITURES | | **$10,427,780** |
| FILING FEES ($66 per case) | | $311,454 |
| TRANSLATOR COSTS | | $238,370 |
| TOTAL | | **$10,977,604** |

EX. 2
38

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 8 of 8**

## BUDGET DETAIL  (FY 2007-2008)

The third year budget is based upon projections for another ten percent increase in workload. Case filings are expected to increase to 4,719 cases and billable hours are projected to increase to about 61,703 hours. Assuming that the OAH hourly rate and filing fees remain constant, third year total ALJ and support costs would approximate $10,427,780 and filing fees to cover case processing costs would increase to $311,454. Translator costs are projected to increase an additional ten percent to $238,370. Total third year costs are $10,977,604.

### BUDGET SUMMARY FY 2007-2008

$10,427,780  Total ALJ and support costs based on 61,703 billable hours

311,454      Filing fees (4,719 cases @ $66/case)

238,370      Translator costs

$10,977,604  Total third year costs

EX. 2
39

# ENCUMBRANCE SHEET

## CALIFORNIA DEPARTMENT OF EDUCATION
(12/93)

| | CONTRACT NUMBER 4427 | AM. NO. 1 |
|---|---|---|

CONTRACTOR'S NAME

Department of General Services, Office of Administrative Hearings

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) OFFICE OF ADMINISTRATIVE | | | FUND TITLE FEDERAL |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) 01198-0663 (J423-14) PC#023 FC#84027011 | | | |
| ADJ. INCREASING ENCUMBRANCE | ITEM 6100-001-0890 | CHAPTER 208 | STATUTE 2004 | FISCAL YEAR 04/05 |
| ADJ. DECREASING EMCUMBRANCE $232,714.42 | OBJECT OF EXPENDITURE (CODE AND TITLE) 627-04 | | | |

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) OFFICE OF ADMINISTRATIVE | | | FUND TITLE FEDERAL |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) 01198-0663 (J423-14) PC#023 FC#84027011 | | | |
| ADJ. INCREASING ENCUMBRANCE $232,714.42 | ITEM 6100-001-0890 | CHAPTER 038 | STATUTE 2005 | FISCAL YEAR 05/06 |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) 627-04 | | | |

**Funds available**

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) OFFICE OF ADMINISTRATIVE | | | FUND TITLE FEDERAL |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) 01198-0663 (J423-14) PC# 023 FC# 84027011 | | | |
| ADJ. INCREASING ENCUMBRANCE $967,285.58 | ITEM 6100-001-0890 | CHAPTER 038 | STATUTE 2005 | FISCAL YEAR 05/06 |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) 627-04 | | | |

**Funds available**

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) | | | |
| ADJ. INCREASING ENCUMBRANCE | ITEM | CHAPTER | STATUTE | FISCAL YEAR |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) | | | |

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) | | | |
| ADJ. INCREASING ENCUMBRANCE | ITEM | CHAPTER | STATUTE | FISCAL YEAR |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) | | | |

| I hereby certify upon my own personal knowledge that budgeted funds are available for the period and purpose of the expenditure stated above. | T.B.A. NO. | B.R. NO. |
|---|---|---|
| SIGNATURE OF ACCOUNTING OFFICER ▷ *Angela Yoshida* | | DATE MAY 1 8 2006 |

EX. 2
40

STATE OF CALIFORNIA
**STANDARD AGREEMENT AMENDMENT**
STD. 213 A (Rev 6/03)

[x] CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED    21    Pages

| AGREEMENT NUMBER | AMENDMENT NUMBER |
|---|---|
| 4427 | 2 |
| REGISTRATION NUMBER | |

1. This Agreement is entered into between the State Agency and Contractor named below:

   STATE AGENCY'S NAME

   California Department of Education

   CONTRACTOR'S NAME

   Department of General Services, Office of Administrative Hearings (DGS/OAH)

2. The term of this
   Agreement is        June 1, 2005        through        June 30, 2008

3. The maximum amount of this        **$30,236,240.83**
   Agreement after this amendment is:    Thirty million, two hundred thirty six thousand, two hundred forty dollars and eighty three cents.

4. The parties mutually agree to this amendment as follows. All actions noted below are by this reference made a part of the Agreement and incorporated herein:

   THAT CERTAIN STATE OF CALIFORNIA STANDARD AGREEMENT designated as number 4427 and number 4427, amendment #1 shall be further amended in the following particulars and no others:

   This amendment adds $200,000.00 to the contract. The total amount of the contract shall not exceed $30,236,240.83.

   Exhibit A shall be revised in accordance with Exhibit A.2.

   Exhibit B, Article 1, Section A shall be amended by deleting reference to "upon receipt and approval of the invoice" and inserting "following the process described in Exhibit B, Article 1, Section C" in place thereof.

   Exhibit B, Article 1, Section B, shall be amended by deleting reference to Allison Smith and inserting Shane Berli in place thereof.

   (CONTINUED)

IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.

**CONTRACTOR**

CONTRACTOR'S NAME (if other than an individual, state whether a corporation, partnership, etc.)

Department of General Services, Office of Administrative Hearings

| BY (Authorized Signature) | DATE SIGNED (Do not type) |
|---|---|
| ✍ | |

PRINTED NAME AND TITLE OF PERSON SIGNING

ADDRESS
2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833

**STATE OF CALIFORNIA**

AGENCY NAME

California Department of Education

| BY (Authorized Signature) | DATE SIGNED (Do not type) |
|---|---|
| ✍ | |

PRINTED NAME AND TITLE OF PERSON SIGNING
Sharon Taylor, Director, Fiscal and Administrative Services Division

ADDRESS
1430 N Street, Suite 2213, Sacramento, CA 95814

CALIFORNIA
Department of General Services
Use Only

[ ] Exempt per:

EX. 2
41

Continued

Exhibit B shall be further amended by adding the following new section to Article 1:

C.    OAH will provide to CDE the prior months itemized billing detail and summary totals of specified line item totals to CDE by approximately the 10th of each month.

CDE will review and approve or dispute the billing detail and summarized totals by the 15th of the following month.

Unless a billing is disputed, CDE will provide email approval of the monthly billings by the 15th of the 2nd subsequent month.  Emails providing billing approval or describing disputes will be sent to Carlos.Trejo@dgs.ca.gov.  Each email should include a cc to Jan.Soto@dgs.ca.gov.

Upon receipt of the CDE approval of billings, OAH will process electronic transfers for the Special Education Dispute Resolution program two months in arrears.

In the event an email approval is not received by CDE on or before the 15th of the 2nd subsequent month, and in the absence of notification by CDE of a billing dispute, OAH will assume that the charges have been approved and will process the billing for electronic transfer.

Exhibit B.2 shall be deleted and replaced with Exhibit B.3.

EXCEPT AS AMENDED HEREIN all terms and conditions of the original agreement shall remain unchanged and in full force and effect.

**EXHIBIT A.2**
**SCOPE OF WORK**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #2**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 1 of 6

EXHIBIT A.2
SCOPE OF WORK

## A.    GENERAL SCOPE

State and federal law provides that all children with disabilities are entitled to a free and appropriate public education under the Individuals with Disabilities Education Act (20 United States Code section 1400 et seq., as amended by Public Law No. 108-446) and Part 30 of the California Education Code, commencing with Education Code section 56000. Eligible pupils and their parents are entitled to procedural safeguards with respect to disagreements concerning decisions about assessment, eligibility program development, placement, and a free appropriate public education. A request for due process, including mediations and administrative hearings, may be made under 20 U.S.C. section 1415 et seq. and EC section 56500.1 et seq. Department of General Services, Office of Administrative Hearings ("OAH") agrees to provide such hearing and mediation services pursuant to and in accordance with the requirements of federal and state laws and regulations, including but not limited to services specifically detailed in this agreement.

## B.    SUPPORT STAFF

OAH agrees to maintain or provide administrative, supervisory, information technology, and other support staff to operate the mediation and hearing process, including staff who will: (1) provide detailed information to callers, including information regarding hearing procedures; (2) receive, calendar, and monitor and report on the status of cases for mediation and hearing; (3) issue notices, including notice of hearing date, mediation date, calendar status, pre-hearing conference date, motion and related-filing deadlines, (4) arrange for interpreters or special accommodations; (5) arrange for transcription of hearing audiotapes and distribution; (6) prepare cases for storage and maintain closed file inventory system; (7) perform functions in connection with communication items identified. OAH will monitor, track, and manage cases in adherence with all federal and state laws and regulations. OAH will provide annual training to administrative, supervisory, information technology and other support staff in the above areas. The training will include but not be limited to confidentiality of students' and parents' identities.

## C.    TRAINING

1.    OAH agrees to provide special education unit Administrative Law Judges (ALJs) specialized training regarding IDEA (including amendments made by Public Law 108-446), Education Code section 56000 et seq., and related regulations, as well as global skills training, as specified below. Trainings will be designed to ensure that all ALJs meet or exceed the minimum training standards and will be revised as needed to incorporate substantive changes in federal and state laws or regulations.

2.    Presiding ALJs will determine when ALJs have a working knowledge of the laws and regulations governing services to students who qualify for services under the IDEA and related California laws and regulations, and the programmatic aspects of special education, services, and supports. Presiding ALJs will also determine when ALJs have a working knowledge of effective mediation techniques that provide the parties to special education disputes the

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 2 of 6

opportunity to resolve their disputes through mediation. Only ALJs whom the Presiding ALJ has determined have the necessary working knowledge of the laws and regulations and working knowledge of effective mediation techniques along with the necessary level of expertise specified in proposed regulations will be assigned mediation and hearing duties. On an annual basis or earlier if deemed necessary by the Presiding ALJ, OAH will publish the names and locations of those ALJs whom the Presiding ALJ has determined are qualified to be assigned mediation and hearing duties. The names will be published on OAH's Web pages that are dedicated to special education due process hearings and mediations matters. OAH will allow CDE to create a link from CDE's Web site to OAH's Web pages pertaining to special education due process hearings and mediations.

3. OAH, with stakeholder input and in coordination with CDE, will provide 80 hours of specialized training in special education law and issues, mediation techniques, pre-hearing processes, and current pedagogical issues to all newly assigned ALJs during the ALJ's first year of employment with OAH's Special Education Division. Thereafter, OAH will provide a minimum of 20 hours of training each year to ALJs employed at the time such training is offered. Annual training will also address consistency in procedures and practices. ALJs will receive training that addresses the global competencies for all adjudicative proceedings. This global skills training will address such topics as the dynamics of mediation, listening and communication skills, interest-based mediation, techniques to avoid impasse, writing clear and complete mediation agreements. OAH will revise its mediation and hearing procedure trainings as needed to incorporate substantive changes in federal and state laws or regulations. These terms are subject to change and could be superceded by pending regulations.

## D. MEDIATIONS/DUE PROCESS HEARINGS

1. OAH agrees to maintain a separate specialized unit of ALJs who meet the minimum qualifications to function as officers and mediators. OAH agrees that the ALJs will work with the parties to resolve their disputes. ALJs will be assigned a mix of hearings and mediations, with each case typically being assigned a hearing-ALJ and a mediation-ALJ. In no case will OAH assign an ALJ who facilitates a mediation to preside over a hearing in the same case. OAH will conduct mediations and due process hearings in accordance with all federal and state laws and regulations.

2. OAH will adhere to all federal and state laws and regulations concerning the prevention of conflicts of interest for mediators and hearing officers or ALJs.

3. ALJs assigned as mediators to a particular case will be responsible for managing mediations through to impasse or resolution and for facilitating the process by which a written agreement can be prepared. A single case file will be maintained, but all materials related to the mediation will be sealed and not reviewed by or discussed with the hearing ALJ.

4. OAH will conduct mediations and due process hearings at a location that is convenient to the parents. OAH will prepare, in consultation with CDE, a form entitled "Mediation" to advise the parties of procedure and their responsibilities, including materials each is required to bring to the mediation.

EX. 2
45

5. OAH will adhere to all federal and state laws and regulations concerning the supervision of mediators and hearing officers or ALJs. OAH will also comply with all federal and state laws and regulations concerning maintaining the confidentiality of special education students and parents.

6. OAH will assign the special education unit ALJs to regional offices throughout the State, and they will be supervised by a local Presiding ALJ. OAH will assign these Presiding ALJs on an exclusive and full-time basis to administer the hearing and alternative dispute resolution program in their assigned office. Presiding ALJs will supervise the special education ALJs in their respective offices; assure training and mentoring of ALJs and support staff; rule on continuance requests and other pre-hearing law and motion matters; oversee the technical operation of the program; evaluate ALJs; and review ALJ decisions for legal sufficiency, logic, and clarity.

7. OAH agrees to use the "Request for Mediation and Due Process Hearing" form approved by CDE. The form may be used by a party to request a hearing and/or mediation. The form will be available on the Internet, filed electronically, or in written form. OAH calendar staff will process these requests, assign a case number, and enter relevant information on OAH's computerized case management and tracking system.

8. OAH agrees that it will ensure that the communication needs of non-English speaking parties and hearing-disabled parties are accommodated in hearings, pre-hearing conferences, mediations, and related proceedings. OAH will use interpreters who are certified by a court or government agency provided certification is available in the required language; the parties acknowledge that not all languages have a certification examination. Additionally ALJs may provisionally qualify an interpreter when necessary pursuant to Title 1, section 1032.

9. OAH will communicate with parties to mediations and due process hearings according to federal and state laws and regulations.

10. OAH will ensure that a verbatim record of proceedings is made and that a transcript of these proceedings is made available to parents or guardians according to state and federal laws and regulations.

## E. COMMUNICATIONS/INFORMATION SHARING

1. OAH will provide to the contract monitor information for updating the CDE Web site pages pertaining to the OAH Special Education Division as posted at *http://www.cde.ca.gov/sp/se/ds/*. OAH will continually update its own Web pages pertaining to the OAH Special Education Division and will allow CDE to create links to these pages. OAH will be given administrative rights to the Orders and Decisions database. OAH will provide CDE with a liaison for issues pertaining to the Web site.

3. OAH will prepare consumer brochures for special education proceedings, which will be widely disseminated to LEAs and parents of students with disabilities. Prior to disseminating consumer brochures, OAH will obtain CDE's approval of the brochure. At a minimum, all public forms, procedures, and brochures shall be made available in English and the five foreign

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 4 of 6

languages most commonly spoken in California schools: Spanish, Vietnamese, Hmong, Cantonese, and Tagalog.

3.  OAH will update the OAH Hearing Manual, adding chapters for special education mediations and hearings and their procedures, including information regarding special education legal and procedural issues and will revise the manual as needed to incorporate substantive changes in laws or regulations. OAH will work closely with the CDE to customize procedures as necessary.

4.  Upon completion of a hearing, OAH will submit hard copies of the decision to CDE. On a monthly basis, OAH will upload all redacted decisions to its Web site and provide a link to CDE's Special Education Web page.

5.  OAH will update the publication "Notice of Procedural Safeguards" and make copies available to parties and the public. Prior to making the publication available to parties and the public, CDE will review and approve the document.

6.  OAH will update and provide an attorney and advocate list to parties (as required by law) and the public.

7.  OAH will maintain the Special Education Hearing Office Advisory Committee of attorneys, advocates, parents, and school employees and will schedule semiannual meetings with the committee, one in northern California and one in southern California in the first half of the year and one in northern California and one in southern California in the second half of the year for a total of four meetings each year. OAH will conduct this committee in accordance with federal and state laws and regulations. This committee is responsible for advising on the conducting of mediations and due process hearings.

## F.  DATA COLLECTION AND REPORTING

1.  OAH will provide access to its case management system, subject to mutually agreeable security protocols, to designated CDE personnel, or, alternatively, OAH will make its physical files available for review by CDE staff, in order to enable CDE staff to determine if there is a due process hearing pending in matters in which a compliance complaint has been filed with CDE.

2.  OAH will provide CDE, in electronic format and in writing on at least a quarterly basis, with the following information:

    a.  Mediations: 1) Number of mediation requests total; 2) number of mediations not related to hearing requests; 3) number of mediations related to hearing requests; 4) number of mediation agreements not related to hearing requests; 5) number of mediation agreements related to hearing requests; 6) number of mediations pending

    b.  Due process hearings: 1) Number of hearing requests total; 2) number of settlement agreements; 3) number of hearings held (fully adjudicated); 4) number of decisions within timeline; 5) number of decisions within extended timeline; 6) number of decisions issued

EX. 2

47

11

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 5 of 6

after timelines and extension expired; 7) number of hearings pending; 8) number of expedited hearings; 9) number of hearing request cases resolved without a hearing

c. Expedited hearing requests (related to disciplinary decision): 1) Number of expedited hearing requests total; 2) number of settlement agreements; 3) number of expedited hearings (fully adjudicated); 4) number of change of placement ordered.

d. Formal complaints: 1) number of complaints; 2) number of complaints with findings; 3) number of complaints with no findings; 4) number of complaints not investigated, withdrawn, or no jurisdiction; 5) number of complaints completed or addressed within timelines; and 6) number of complaints pending.

e. In accordance with *Education Code* Section 56504.5 reports shall contain data to provide the state with information to comply with federal and state laws and regulations for monitoring local programs. Specifically, these reports will provide data as requested by the federal Office of Special Education Programs.

f. In accordance with Education Code Section 56504.5(d)(3) quarterly reports provided by the contractor will include costs of hearings and mediations on both an aggregate and individual basis.

g. In addition, in accordance with Provision 9 and Provision 9.5 of Assembly Bill 1801, Chapter 47, 2006, OAH will provide CDE in its quarterly reports with the following information:

   (a)  The total number of cases won by each side.
   (b)  The number of issues decided in favor of each side in split decisions.
   (c)  How often schools and parents were represented by attorneys.
   (d)  How many prehearing motions were filed by each side.
   (e)  Which side won most of the prehearing motions.
   (f)  How many parent requests for due process were dismissed for insufficiency.
   (g)  How often pupils of color accessed the system.
   (h)  How often non-English-speaking people used the system.
   (i)  How long the hearings took.
   (j)  How much of each hearing, on average, was consumed by the parent's presentation of his or her case.
   (k)  How much of each hearing, on average, was consumed by the district's presentation of its case.
   (l)  How many of the hearing requests were from parents.
   (m)  How many of the hearing requests were from school districts.
   (n)  How many witnesses school districts called on average.
   (o)  How many witnesses parents called on average.
   (p)  From which districts parent requests for due process came.
   (q)  What issues, within special education, generated due process hearing requests during the quarter.
   (r)  What disabilities generated due process hearing requests during the quarter.

EX. 2
48

Case 3:08-cv-00226-W-AJB    Document 36-3    Filed 01/14/2008    Page 51 of 101

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 6 of 6

(s) What age groups (preschool, primary, junior high, high school) generated hearing requests during the quarter.
(t) How many hearing decisions were appealed to court during the quarter.
(u) How many cases were totally resolved in mediation by agreement.
(v) How many cases were totally resolved in the mandatory resolution session.

Quarterly reports required by Provision 9 and Section 56504.5 of the Education Code shall reflect year-to-date data and final year-end data.

3. OAH will develop, submit to CDE for review and approval, and implement recommendations for system improvement.

4. By June 30, 2006, OAH will develop for CDE's approval an evaluation form that assesses OAH's timeliness and effectiveness. After obtaining CDE's approval, OAH will provide the form to the parties. The form shall be completed by parties who participate in mediations and/or hearings. OAH shall review and provide CDE a summary report of the evaluations on a quarterly basis.

5. OAH will gather, analyze, and report to CDE statistical data on productivity of hearing officers and mediators using measurements for quantifying the productivity as determined by CDE.

G. TRANSITION

1. OAH agrees to hire staff and purchase and maintain Information Technology systems, including computers, network switches, and other equipment for the purpose of developing and expanding the current case management system and a calendaring system to accommodate a separate and complete special education system.

2. OAH agrees to lease office space for special education units and order and purchase office equipment and supplies for staff. The accounting and billing system, including provision for audit reports, will be expanded, and OAH agrees to have in place a parent and LEA notification plan. In consultation with CDE, OAH agrees to develop and finalize an initial training program for ALJs.

3. OAH will accept for filing and take all necessary and appropriate steps to resolve all special education due process matters as of July 1, 2005, and all special education due process and mediation matters as of January 1, 2006.

H. CONFIDENTIALITY

OAH agrees to implement and enforce any provision in the law concerning confidentiality of information and/or records relating special education hearings and mediations.

I. PROJECT REPRESENTATIVES

The CDE project representative during the term of this Agreement will be Shane Berli (916) 327-0844. The OAH project representative during the term of this Agreement will be Ronald L. Diedrich (916) 445-4926.

EX. 2
49

**EXHIBIT B.3**
**BUDGET DETAIL**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #2**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 2
May 25, 2007
Page 1 of 8

## AMENDED BUDGET

| BUDGET SUMMARY | Original | A1 | A2 |
|---|---|---|---|
| June 1, 2005 – June 30, 2005 | $ 349,834.00 | $ 117,119.58 | $ 117,119.58 |
| July 1, 2005 – June 30, 2006 | 7,761,877.25 | 8,961,877.25 | 9,161,877.25 |
| July 1, 2006 – June 30, 2007 | 9,979,640.00 | 9,979,640.00 | 9,979,640.00 |
| July 1, 2007 – June 30, 2008 | 10,977,604.00 | 10,977,604.00 | 10,977,604.00 |
| TOTAL | $29,068,955.25 | $30,036,240.83 | $30,236,240.83 |

EX. 2
51

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 2 of 8**

## BUDGET YEAR JUNE 1, 2005 – JUNE 30, 2005
### (FY 2004-2005)

During this month, OAH prepared to assume responsibility for the due process and mediations contract. These preparations included conducting hiring interviews, making employment offers, and training new staff. OAH also sought out new office space, developed new administrative protocols and forms, and acquired office equipment.

| | | |
|---|---|---|
| Billable Hours: | 562 billable hours @ $169.00 per hour: | $ 94,978.00 |
| Filing Fees: | 79 cases filed @ $66.00 per case: | $  5,214.00 |
| ALJ Training Costs: | | $  3,032.14 |
| Equipment Costs: | | $ 13,895.44 |
| **Total Costs:** | | **$117,119.58** |

EX. 2
52

2

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 3 of 8**

## AMENDED BUDGET YEAR JULY 1, 2005 – JUNE 30, 2006
### (FY 2005-2006)

This amended budget reflects a $1.4 million increase in the cost of operating the special education dispute resolution program for fiscal year 2005-06. The increased costs are directly attributable to changes in the interagency agreement, which markedly changed the workload to be addressed in the fiscal year. Specifically, the changes require that the Office of Administrative Hearings (OAH) process significantly more cases (somewhere around 500 to 750 more cases) and process them months sooner (about 12 months for some hearings and about six months for mediations) than was provided for in the original interagency agreement. The changes in the interagency agreement will result in about a 15 percent increase in OAH's workload for this fiscal year. This amended budget also reflects both OAH's actual experience administering the program from July 1, 2005, through June 30, 2006, and an increase in OAH's billable hourly rate for the 2005-06 fiscal year (from $169/hour to $176/hour).

| | | |
|---|---|---|
| ALJ Billable Hours: | 48,440 billable hours @ 176.00 per hour: | $8,525,440.00 |
| Staff Counsel Billable Hours: | 500 billable hours @ $102.00 per hour: | $ 51,000.00 |
| Filing Fees: | 4,400 cases filed @ $66.00 per case: | $ 290,400.00 |
| Electronic Recording: | 2,053 days of hearing @ $30.00 per day: | $ 61,590.00 |
| Interpreter/Translator Charges: | | $ 94,220.33 |
| ALJ Training Costs: | | $ 12,360.00 |
| Transcript Charges: | | $ 20,488.92 |

EX. 2
53

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 4 of 8**

Equipment Costs:          $   82,905.18

Other                     $   23,472.82

**Total Costs:**          **$9,161,877.25**

4

EX. 2
54

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 2
May 25, 2007
Page 5 of 8

BUDGET DETAIL (FY 2006-07)
BUDGET YEAR JULY 1, 2006 – JUNE 30, 2007

|  | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $6,966,300 |
| OPERATING EXPENSES AND EQUIPMENT |  |  |
| GENERAL EXPENSE |  | $96,800 |
| PRINTING |  | $45,100 |
| COMMUNICATIONS |  | $45,100 |
| POSTAGE |  | $122,100 |
| TRAVEL |  | $605,000 |
| TRAINING |  | $1,337,600 |
| FACILITIES OPERATIONS |  | $119,900 |
| DATA PROCESSING |  |  |
| EXPENDABLE EQUIPMENT |  | $96,800 |
| TOTAL OPERATING EXPENSES AND EQUIPMENT |  | $2,513,500 |
| TOTAL STATE OPERATIONS |  | $9,479,800 |
| FILING FEES ($66 per case) |  | $283,140 |
| TRANSLATOR COSTS |  | $216,700 |
| TOTAL |  | $9,979,640 |

EX. 2
55

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 2
May 25, 2007
Page 6 of 8

## BUDGET DETAIL (FY 2006-2007)

OAH assumed a ten percent workload increase when preparing the 2006-07 budget projection, and another ten percent increase for the 2007-08 budget projection. As noted above, the FY 2005-06 budget projection was based on 50, 994 ALJ billable hours at $169/hour. For FY 2006-07, this is projected to increase by ten percent thoroughly 56, 093 billable hours. Second year case filings would increase from 3,900 to 4,290. Assuming the OAH hourly rate remains constant at $169/hour, total ALJ and support staff costs for calendaring and holding the mediations and hearings, including travel, preparation, law and motion matters, research and writing time would approximate $9,479,800. Employee salaries were initially calculated at mid-range and salary step increases will approximate five percent each year. ALJs will receive an additional five percent increase upon completion of National Judicial College training per negotiated items contained in the memorandum of understanding governing that civil service job classification. Filing fees to cover case processing costs on 4,290 cases, assuming the fee remains at $66/case, would be $283,140. Translator costs would also rise ten percent to $216,000. Total second years costs are $9,979,640.

### BUDGET SUMMARY FY 2006-07

| | |
|---|---|
| $9,479,800 | Total ALJ and support costs based on 56,093 billable hours |
| 283,140 | Filing fees (4290 cases @ $66/case) |
| 216,700 | Translator costs |
| **$9,979,640** | **Total second years costs** |

EX. 2
56

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 2
May 25, 2007
Page 7 of 8

BUDGET DETAIL (FY 2007-08)
BUDGET YEAR JULY 1, 2007 – JUNE 30, 2008

| | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $7,662,930 |
| OPERATING EXPENSES AND EQUIPMENT | | |
| GENERAL EXPENSE | | $106,480 |
| PRINTING | | $49,610 |
| COMMUNICATIONS | | $49,610 |
| POSTAGE | | $134,310 |
| TRAVEL | | $665,500 |
| TRAINING | | $1,471,360 |
| FACILITIES OPERATIONS | | $131,890 |
| DATA PROCESSING | | $106,480 |
| EXPENDABLE EQUIPMENT | | |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | $2,764,850 |
| | | $10,427,780 |
| TOTAL STATE OPERATIONS | | |
| FILING FEES ($66 per case) | | $311,454 |
| TRANSLATOR COSTS | | $238,370 |
| TOTAL | | $10,977,604 |

EX. 2
57

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 8 of 8**

## BUDGET DETAIL (FY 2007-08)

The third year budget is based upon projections fro another ten percent increase in workload. Case filings are expected to increase to 4,719 cases and billable hours are projected to increase to about 61,703 hours. Assuming that the OAH hourly rate and filing fees remain constant, third year total ALJ and support costs would approximate $10,427,780 and filing fees to cover case processing costs would increase to $311,454. Translator costs are projected to increase an additional ten percent to $238,370. Total third years costs are $10,977,604.

### BUDGET SUMMARY FY 2007-2008

| | |
|---|---|
| $10,427,780 | Total ALJ and support costs based on 61,703 billable hours |
| 311,454 | Filing fees (4,719 cases @ $66/case) |
| 238,370 | Interpreter/Translator costs |
| **$10,977,604** | **Total third year costs** |

EX. 2
58

**EXHIBIT  3**

STATE OF CALIFORNIA
**STANDARD AGREEMENT AMENDMENT**
STD. 213 A (Rev 6/03)

☒ **CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED** ___1___ **Pages**

| AGREEMENT NUMBER | AMENDMENT NUMBER |
|---|---|
| **4427** | **1** |
| REGISTRATION NUMBER | |
| **6100070587745** | |

1. This Agreement is entered into between the State Agency and Contractor named below:

   STATE AGENCY'S NAME

   California Department of Education

   CONTRACTOR'S NAME

   Office of Administrative Hearings

2. The term of this

   Agreement is          6/1/05                    through              6/30/08

3. The maximum amount of this          $30,036,240.83

   Agreement after this amendment is:    Thirty million, thirty-six thousand, two hundred forty dollars and eighty three cents.

4. The parties mutually agree to this amendment as follows. All actions noted below are by this reference made a part of the Agreement and incorporated herein:

   THAT CERTAIN STATE OF CALIFORNIA STANDARD AGREEMENT designated as number 4427 dated May 25, 2005 shall be amended in the following particulars and no others:

   This amendment adds $967,285.58 to the contract. The total amount of the contract shall not exceed $30,036,240.83.

   Exhibit A shall be revised in accordance with Exhibit A.1 which is attached hereto and by this reference incorporated herein.

   Exhibit B, Budget Detail, Article 1. Invoicing and Payment, B shall be amended by deleting reference to "at the end of the contract period" and inserting "not more frequently than monthly in arrears" in place thereof.

   Exhibit B, Budget Detail, Article 4. shall be amended by deleting reference to "3-day cancellation" and inserting "30 day cancellation" in place thereof.

                                        (CONTINUED)

**IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.**

| CONTRACTOR | CALIFORNIA Department of General Services Use Only |
|---|---|
| CONTRACTOR'S NAME *(If other than an individual, state whether a corporation, partnership, etc.)*<br>Department of General Services – Office of Administrative Hearings | |
| BY *(Authorized Signature)*<br>☒ | DATE SIGNED *(Do not type)*<br>02-20-2007 |
| PRINTED NAME AND TITLE OF PERSON SIGNING<br>Ronald L. Diedrich, Director and Chief Administrative Law Judge | APPROVED<br><br>MAR - 1 2007<br><br>DEPT OF GENERAL SERVICES |
| ADDRESS<br>560 J Street, Suite 300, Sacramento, CA 95814 | |
| **STATE OF CALIFORNIA** | |
| AGENCY NAME<br>California Department of Education | |
| BY *(Authorized Signature)*<br>☒ | DATE SIGNED *(Do not type)*<br>2/22/07 |
| PRINTED NAME AND TITLE OF PERSON SIGNING<br>Gerald C. Shelton, Director, Fiscal and Administrative Services | ☐ Exempt per: |
| ADDRESS<br>1430 N Street, Suite 2213, Sacramento, CA 95814 | |

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement # 4427, Amendment #1**
**June 30, 2005**
**Page 2 of 2**

Exhibit B, Article 3, Section C, shall be amended by adding reference to Exhibit B.2 which is attached hereto and by this reference incorporated herein.

Exhibit B, Budget Detail shall be further amended by incorporating the following new article:

**5. BUDGET ADJUSTMENTS:**

Surplus funds from a given line item of the budget may be used to defray allowable direct costs under the budget line items up to ten percent (10%) with prior written approval of the Department of Education. Any change of more than ten percent (10%) requires a contract amendment and approval by the State Department of General Services. Budget adjustments shall not be allowed which increase the compensation rate for consultants.

Exhibit B.1, shall be deleted and replaced with Exhibit B.2 which is attached hereto and by this reference incorporated herein.

Exhibit D shall be revised in accordance with Exhibit D.1 which is attached hereto and by this reference incorporated herein.

EXCEPT AS AMENDED HEREIN all terms and conditions of the original agreement shall remain unchanged and in full force and effect.

EX. 3
60

**EXHIBIT A.1**
**SCOPE OF WORK**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #1**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 1 of 6

## EXHIBIT A. I
## SCOPE OF WORK

### A. GENERAL SCOPE

State and federal law provides that all children with disabilities are entitled to a free and appropriate public education under the Individuals with Disabilities Education Act (20 United States Code section 1400 et seq., as amended by Public Law No. 108-446) and Part 30 of the California Education Code, commencing with Education Code section 56000. Eligible pupils and their parents are entitled to procedural safeguards with respect to disagreements concerning decisions about assessment, eligibility program development, placement, and a free appropriate public education. A request for due process, including mediations and administrative hearings, may be made under 20 U.S.C. section 1415 et seq. and EC section 56500.1 et seq. Department of General Services, Office of Administrative Hearings ("OAH") agrees to provide such hearing and mediation services pursuant to and in accordance with the requirements of federal and state laws and regulations, including but not limited to services specifically detailed in this agreement.

### B. SUPPORT STAFF

OAH agrees to maintain or provide administrative, supervisory, information technology, and other support staff to operate the mediation and hearing process, including staff who will: (1) provide detailed information to callers, including information regarding hearing procedures; (2) receive, calendar, and monitor and report on the status of cases for mediation and hearing; (3) issue notices, including notice of hearing date, mediation date, calendar status, pre-hearing conference date, motion and related-filing deadlines, (4) arrange for interpreters or special accommodations; (5) arrange for transcription of hearing audiotapes and distribution; (6) prepare cases for storage and maintain closed file inventory system; (7) perform functions in connection with communication items identified. OAH will monitor, track, and manage cases in adherence with all federal and state laws and regulations. OAH will provide annual training to administrative, supervisory, information technology and other support staff in the above areas. The training will include but not be limited to confidentiality of students' and parents' identities.

### C. TRAINING

1. OAH agrees to provide special education unit ALJs specialized training regarding IDEA (including amendments made by Public Law 108-446), Education Code section 56000 et seq., and related regulations, as well as global skills training, as specified below. Trainings will be designed to ensure that all ALJs meet or exceed the minimum training standards and will be revised as needed to incorporate substantive changes in federal and state laws or regulations.

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 2 of 6

2. Presiding ALJs will determine when ALJs have a working knowledge of the laws and regulations governing services to students who qualify for services under the IDEA and related California laws and regulations, and the programmatic aspects of special education, services, and supports. Presiding ALJs will also determine when ALJs have a working knowledge of effective mediation techniques that provide the parties to special education disputes the opportunity to resolve their disputes through mediation. Only ALJs whom the Presiding ALJ has determined have the necessary working knowledge of the laws and regulations and working knowledge of effective mediation techniques along with the necessary level of expertise specified in proposed regulations will be assigned mediation and hearing duties. On an annual basis or earlier if deemed necessary by the Presiding ALJ, OAH will publish the names and locations of those ALJs whom the Presiding ALJ has determined are qualified to be assigned mediation and hearing duties. The names will be published on OAH's Web pages that are dedicated to special education due process hearings and mediations matters. OAH will allow CDE to create a link from CDE's Web site to OAH's Web pages pertaining to special education due process hearings and mediations.

3. OAH, with stakeholder input and in coordination with CDE, will provide 80 hours of specialized training in special education law and issues, mediation techniques, pre-hearing processes, and current pedagogical issues to all newly assigned ALJs during the ALJ's first year of employment with OAH's Special Education Division. Thereafter, OAH will provide a minimum of 20 hours of training each year to ALJs employed at the time such training is offered. Annual training will also address consistency in procedures and practices. ALJs will receive training that addresses the global competencies for all adjudicative proceedings. This global skills training will address such topics as the dynamics of mediation, listening and communication skills, interest-based mediation, techniques to avoid impasse, writing clear and complete mediation agreements. OAH will revise its mediation and hearing procedure trainings as needed to incorporate substantive changes in federal and state laws or regulations. These terms are subject to change and could be superceded by pending regulations.

## D. MEDIATIONS/DUE PROCESS HEARINGS

1. OAH agrees to maintain a separate specialized unit of Administrative Law Judges (ALJs) who meet the minimum qualifications to function as officers and mediators. OAH agrees that the ALJs will work with the parties to resolve their disputes. ALJs will be assigned a mix of hearings and mediations, with each case typically being assigned a hearing-ALJ and a mediation-ALJ. In no case will OAH assign an ALJ who facilitates a mediation to preside over a hearing in the same case. OAH will conduct mediations and due process hearings in accordance with all federal and state laws and regulations.

2. OAH will adhere to all federal and state laws and regulations concerning the prevention of conflicts of interest for mediators and hearing officers or ALJs.

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement # 4427, Amendment #1**
**June 30, 2005**

**Page 3 of 6**

3. ALJs assigned as mediators to a particular case will be responsible for managing mediations through to impasse or resolution and for facilitating the process by which a written agreement can be prepared. A single case file will be maintained, but all materials related to the mediation will be sealed and not reviewed by or discussed with the hearing ALJ.

4. OAH will conduct mediations and due process hearings at a location that is convenient to the parents. OAH will prepare, in consultation with CDE, a form entitled "Mediation" to advise the parties of procedure and their responsibilities, including materials each is required to bring to the mediation.

5. OAH will adhere to all federal and state laws and regulations concerning the supervision of mediators and hearing officers or ALJs. OAH will also comply with all federal and state laws and regulations concerning maintaining the confidentiality of special education students and parents.

6. OAH will assign the special education unit ALJs to regional offices throughout the State, and they will be supervised by a local Presiding ALJ. OAH will assign these Presiding ALJs on an exclusive and full-time basis to administer the hearing and alternative dispute resolution program in their assigned office. Presiding ALJs will supervise the special education ALJs in their respective offices; assure training and mentoring of ALJs and support staff; rule on continuance requests and other pre-hearing law and motion matters; oversee the technical operation of the program; evaluate ALJs; and review ALJ decisions for legal sufficiency, logic, and clarity.

7. OAH agrees to use the "Request for Mediation and Due Process Hearing" form approved by CDE. The form may be used by a party to request a hearing and/or mediation. The form will be available on the Internet, filed electronically, or in written form. OAH calendar staff will process these requests, assign a case number, enter relevant information on OAH's computerized case management and tracking system.

8. OAH agrees that it will ensure that the communication needs of non-English speaking parties and hearing-disabled parties are accommodated in hearings, pre-hearing conferences, mediations, and related proceedings. OAH will use interpreters who are certified by a court or government agency provided certification is available in the required language; the parties acknowledge that not all languages have a certification examination. Additionally ALJs may provisionally qualify an interpreter when necessary pursuant to Title 1, section 1032.

9. OAH will communicate with parties to mediations and due process hearings according to federal and state laws and regulations.

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 4 of 6

10  OAH will ensure that a verbatim record of proceedings is made and that a transcript of these proceedings is made available to parents or guardians according to state and federal laws and regulations.

## E.    COMMUNICATIONS/INFORMATION SHARING

1. OAH will provide to the contract monitor information for updating the CDE Web site pages pertaining to the OAH Special Education Division as posted at http://www.cde.ca.gov/sp/se/ds/. OAH will continually update its own Web pages pertaining to the OAH Special Education Division and will allow CDE to create links to these pages. OAH will be given administrative rights to the Orders and Decisions database. OAH will provide CDE with a liaison for issues pertaining to the Web site.

2. OAH will prepare consumer brochures for special education proceedings, which will be widely disseminated to LEAs and parents of students with disabilities. Prior to disseminating consumer brochures, OAH will obtain CDE's approval of the brochure. At a minimum, all public forms, procedures, and brochures shall be made available in English and the five foreign languages most commonly spoken in California schools: Spanish, Vietnamese, Hmong, Cantonese, and Tagalog.

3. OAH will update the OAH Hearing Manual, adding chapters for special education mediations and hearings and their procedures, including information regarding special education legal and procedural issues and will revise the manual as needed to incorporate substantive changes in laws or regulations. OAH will work closely with the CDE to customize procedures as necessary.

4. Upon completion of a hearing, OAH will submit hard copies of the decision to CDE. On a monthly basis, OAH will upload all redacted decisions to its Web site and provide a link to CDE's Special Education Web page.

5. OAH will update the publication "Notice of Procedural Safeguards" and make copies available to parties and the public. Prior to making the publication available to parties and the public, CDE will review and approve the document.

6. OAH will update and provide an attorney and advocate list to parties (as required by law) and the public.

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #1
June 30, 2005

Page 5 of 6

7. OAH will maintain the Special Education Hearing Office Advisory Committee of attorneys, advocates, parents, and school employees and will schedule semiannual meetings with the committee, one in northern California and one in southern California in the first half of the year and one in northern California and one in southern California in the second half of the year for a total of four meetings each year. OAH will conduct this committee in accordance with federal and state laws and regulations. This committee is responsible for advising on the conducting of mediations and due process hearings.

## F.  DATA COLLECTION AND REPORTING

1. OAH will provide access to its case management system, subject to mutually agreeable security protocols, to designated CDE personnel, or, alternatively, OAH will make its physical files available for review by CDE staff, in order to enable CDE staff to determine if there is a due process hearing pending in matters in which a compliance complaint has been filed with CDE.

2. OAH will provide CDE, on at least a quarterly basis, with the following information:

   a. Mediations: 1) Number of mediation requests total; 2) number of mediations not related to hearing requests; 3) number of mediations related to hearing requests; 4) number of mediation agreements not related to hearing requests; 5) number of mediation agreements related to hearing requests; 6) number of mediations pending

   b. Due process hearings: 1) Number of hearing requests total; 2) number of settlement agreements; 3) number of hearings held (fully adjudicated); 4) Number of decisions within timeline; 5) number of decisions within extended timeline; 6) number of decisions issued after timelines and extension expired;7) number of hearings pending; 8) number of expedited hearings; 9) number of hearing request cases resolved without a hearing

   c. Expedited hearing requests (related to disciplinary decision): 1) Number of expedited hearing requests total; 2) number of settlement agreements; 3) number of expedited hearings (fully adjudicated); 4) number of change of placement ordered.

   d. In accordance with *Education Code* Section 56504.5 reports shall contain data to provide the state with information to comply with federal and state laws and regulations for monitoring local programs. Specifically, these reports will provide data as requested by the federal Office of Special Education Programs.

3. OAH will develop, submit to CDE for review and approval, and implement recommendations for system improvement.

EX. 3
66

Department of General Services
Office of Administrative Hearings
Interagency Agreement # 4427, Amendment #
June 30, 2005

Page 6 of 6

4. By June 30, 2006, OAH will develop for CDE's approval an evaluation form that assesses OAH's timeliness and effectiveness. After obtaining CDE's approval, OAH will provide the form to the parties. The form shall be completed by parties who participate in mediations and/or hearings. OAH shall review and provide CDE a summary report of the evaluations on a quarterly basis.

5. OAH will gather, analyze, and report to CDE statistical data on productivity of hearing officers and mediators using measurements for quantifying the productivity as determined by CDE.

## G. TRANSITION

1. OAH agrees to hire staff and purchase and maintain Information Technology systems, including computers, network switches, and other equipment for the purpose of developing and expanding the current case management system and a calendaring system to accommodate a separate and complete special education system.

2. OAH agrees to lease office space for special education units and order and purchase office equipment and supplies for staff. The accounting and billing system, including provision for audit reports, will be expanded, and OAH agrees to have in place a parent and LEA notification plan. In consultation with CDE, OAH agrees to develop and finalize an initial training program for ALJs.

3. OAH will accept for filing and take all necessary and appropriate steps to resolve all special education due process matters as of July 1, 2005, and all special education due process and mediation matters as of January 1, 2006.

## H. CONFIDENTIALITY

OAH agrees to implement and enforce any provision in the law concerning confidentiality of information and/or records relating special education hearings and mediations.

## I. PROJECT REPRESENTATIVES

The CDE project representative during the term of this Agreement will be Allison Smith (916) 327-3932. The OAH project representative during the term of this Agreement will be Ronald L. Diedrich (916) 445-4926.

**EXHIBIT B.2**
**BUDGET**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #1**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

-Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 1
June 30, 2005
Page 1 of 8

## AMENDED BUDGET

### BUDGET SUMMARY

| | |
|---|---|
| June 1, 2005 – June 30, 2005 | $   117,119.58 |
| July 1, 2005 – June 30, 2006 | 8,961,877.25 |
| July 1, 2006 – June 30, 2007 | 9,979,640.00 |
| July 1, 2007 – June 30, 2008 | 10,977,604.00 |
| **TOTAL** | **$30,036,240.83** |

EX. 3
69

**BUDGET YEAR JUNE 1, 2005 – JUNE 30, 2005**
**(FY 2004-2005)**

During this month, OAH prepared to assume responsibility for the due process and mediations contract. These preparations included conducting hiring interviews, making employment offers, and training new staff. OAH also sought out new office space, developed new administrative protocols and forms, and acquired office equipment.

| | | |
|---|---|---|
| Billable Hours: | 562 billable hours @ $169.00 per hour: | $ 94,978.00 |
| Filing Fees: | 79 cases filed @ $66.00 per case: | $ 5,214.00 |
| ALJ Training Costs: | | $ 3,032.14 |
| Equipment Costs: | | $ 13,895.44 |
| Total Costs: | | **$117,119.58** |

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 3 of 8**

## AMENDED BUDGET YEAR JULY 1, 2005 – JUNE 30, 2006
### (FY 2005-2006)

This amended budget reflects a $1.2 million increase in the cost of operating the special education dispute resolution program for fiscal year 2005-06. The increased costs are directly attributable to changes in the interagency agreement, which markedly changed the workload to be addressed in the fiscal year. Specifically, the changes require that the Office of Administrative Hearings (OAH) process significantly more cases (somewhere around 500 to 750 more cases) and process them months sooner (about 12 months for some hearings and about six months for mediations) than was provided for in the original interagency agreement. The changes in the interagency agreement will result in about a 15 percent increase in OAH's workload for this fiscal year. This amended budget also reflects both OAH's actual experience administering the program from July 1, 2005, thru February 28, 2006, and an increase in OAH's billable hourly rate for the 2005-06 fiscal year (from $169/hour to $176/hour).

| | | |
|---|---|---|
| ALJ Billable Hours: | 47,303 billable hours @ 176.00 per hour: | $8,325,328.00 |
| Staff Counsel Billable Hours: | 500 billable hours @ $102.00 per hour: | $ 51,000.00 |
| Filing Fees: | 4,400 cases filed @ $66.00 per case: | $ 290,400.00 |
| Electronic Recording: | 2,053 days of hearing @ $30.00 per day: | $ 61,590.00 |
| Interpreter/Translator Charges: | | $ 94,220.33 |
| ALJ Training Costs: | | $ 12,360.00 |
| Transcript Charges: | | $ 20,488.92 |

EX. 3
71

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 4 of 8**

Equipment Costs:                $  82,905.18

Other                           $  23,584.82

Total Costs:                    **$8,961,877.25**

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 5 of 8**

## BUDGET YEAR JULY 1, 2006 – JUNE 30, 2007

|  | (Personnel Years) | COST |
|---|---|---|
| **TOTAL PERSONAL SERVICES** | 64.6 | $6,966,300 |
| **OPERATING EXPENSES AND EQUIPMENT** | | |
| GENERAL EXPENSE | | $96,800 |
| PRINTING | | $45,100 |
| COMMUNICATIONS | | $45,100 |
| POSTAGE | | $45,100 |
| TRAVEL | | $122,100 |
| TRAINING | | $605,000 |
| FACILITIES OPERATIONS | | $1,337,600 |
| DATA PROCESSING | | $119,900 |
| EXPENDABLE EQUIPMENT | | $96,800 |
| **TOTAL OPERATING EXPENSES AND EQUIPMENT** | | $2,513,500 |
| **TOTAL STATE OPERATIONS EXPENDITURES** | | $9,479,800 |
| FILING FEES ($66 per case) | | $283,140 |
| TRANSLATOR COSTS | | $216,700 |
| **TOTAL** | | $9,979,640 |

EX 3
73

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 6 of 8**

## BUDGET DETAIL (FY 2006-2007)

OAH assumed a ten percent workload increase when preparing the 2006-07 budget projection, and another ten percent increase for the 2007-08 budget projection. As noted above, the FY 2005-06 budget projection was based on 50,994 ALJ billable hours at $169/hour. For FY 2006-07, this is projected to increase by ten percent to roughly 56,093 billable hours. Second year case filings would increase from 3,900 to 4,290. Assuming the OAH hourly rate remains constant at $169/hour, total ALJ and support staff costs for calendaring and holding the mediations and hearings, including travel, preparation, law and motion matters, research and writing time would approximate $9,479,800. Employee salaries were initially calculated at mid-range and salary step increases will approximate five percent each year. ALJs will receive an additional five percent increase upon completion of National Judicial College training per negotiated items contained in the memorandum of understanding governing that civil service job classification. Filing fees to cover case processing costs on 4,290 cases, assuming the fee remains at $66/case, would be $283,140. Translator costs would also rise ten percent to $216,000. Total second year costs are $9,979,640.

## BUDGET SUMMARY FY 2006-2007

| | |
|---|---|
| $9,479,800 | Total ALJ and support costs based on 56,093 billable hours |
| 283,140 | Filing fees (4290 cases @ $66/case) |
| 216,700 | Translator costs |
| $9,979,640 | Total second year costs |

EX. 3
74

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 1
June 30, 2005
Page 7 of 8

BUDGET DETAIL  (FY 2007-2008)
BUDGET YEAR JULY 1, 2007 – JUNE 30, 2008

| | (Personnel Years) | COST |
|---|---|---|
| TOTAL PERSONAL SERVICES | 64.6 | $7,662,930 |
| OPERATING EXPENSES AND EQUIPMENT | | |
| GENERAL EXPENSE | | $106,480 |
| PRINTING | | $49,610 |
| COMMUNICATIONS | | $49,610 |
| POSTAGE | | $49,610 |
| TRAVEL | | $134,310 |
| TRAINING | | $665,500 |
| FACILITIES OPERATIONS | | $1,471,360 |
| DATA PROCESSING | | $131,890 |
| EXPENDABLE EQUIPMENT | | $106,480 |
| TOTAL OPERATING EXPENSES AND EQUIPMENT | | $2,764,850 |
| TOTAL STATE OPERATIONS EXPENDITURES | | $10,427,780 |
| FILING FEES ($66 per case) | | $311,454 |
| TRANSLATOR COSTS | | $238,370 |
| TOTAL | | $10,977,604 |

EX. 3
75

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 1**
**June 30, 2005**
**Page 8 of 8**

## BUDGET DETAIL  (FY 2007-2008)

The third year budget is based upon projections for another ten percent increase in workload. Case filings are expected to increase to 4,719 cases and billable hours are projected to increase to about 61,703 hours. Assuming that the OAH hourly rate and filing fees remain constant, third year total ALJ and support costs would approximate $10,427,780 and filing fees to cover case processing costs would increase to $311,454. Translator costs are projected to increase an additional ten percent to $238,370. Total third year costs are $10,977,604.

### BUDGET SUMMARY FY 2007-2008

$10,427,780  Total ALJ and support costs based on 61,703 billable hours

311,454      Filing fees (4,719 cases @ $66/case)

238,370   .  Translator costs

$10,977,604 Total third year costs

EX. 3
76

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 8 of 8**

## BUDGET DETAIL (FY 2007-08)

The third year budget is based upon projections fro another ten percent increase in workload. Case filings are expected to increase to 4,719 cases and billable hours are projected to increase to about 61,703 hours. Assuming that the OAH hourly rate and filing fees remain constant, third year total ALJ and support costs would approximate $10,427,780 and filing fees to cover case processing costs would increase to $311,454. Translator costs are projected to increase an additional ten percent to $238,370. Total third years costs are $10,977.604.

### BUDGET SUMMARY FY 2007-2008

| | |
|---|---|
| $10,427,780 | Total ALJ and support costs based on 61,703 billable hours |
| 311,454 | Filing fees (4,719 cases @ $66/case) |
| 238,370 | Interpreter/Translator costs |
| **$10,977,604** | **Total third year costs** |

EX. 3
77

# ENCUMBRANCE SHEET

## CALIFORNIA DEPARTMENT OF EDUCATION
(12/93)

| | CONTRACT NUMBER | AM. NO. |
|---|---|---|
| | 4427 | 1 |

CONTRACTOR'S NAME

**Department of General Services, Office of Administrative Hearings**

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) OFFICE OF ADMINISTRATIVE | | FUND TITLE FEDERAL | |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) 01198-0663 (J423-14) PC#023 FC#84027011 | | | |
| ADJ. INCREASING ENCUMBRANCE | ITEM 6100-001-0890 | CHAPTER 208 | STATUTE 2004 | FISCAL YEAR 04/05 |
| ADJ. DECREASING EMCUMBRANCE $232,714.42 | OBJECT OF EXPENDITURE (CODE AND TITLE) 627-04 | | | |

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) OFFICE OF ADMINISTRATIVE | | FUND TITLE FEDERAL | |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) 01198-0663 (J423-14) PC#023 FC#84027011 | | | |
| ADJ. INCREASING ENCUMBRANCE $232,714.42 | ITEM 6100-001-0890 | CHAPTER 038 | STATUTE 2005 | FISCAL YEAR 05/06 |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) 627-04 | | | |

**Funds available**

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) OFFICE OF ADMINISTRATIVE | | FUND TITLE FEDERAL | |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) 01198-0663 (J423-14) PC# 023 FC# 84027011 | | | |
| ADJ. INCREASING ENCUMBRANCE $967,285.58 | ITEM 6100-001-0890 | CHAPTER 038 | STATUTE 2005 | FISCAL YEAR 05/06 |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) 627-04 | | | |

**Funds available**

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | FUND TITLE | |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) | | | |
| ADJ. INCREASING ENCUMBRANCE | ITEM | CHAPTER | STATUTE | FISCAL YEAR |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) | | | |

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | FUND TITLE | |
|---|---|---|---|---|
| UNENCUMBERED BALANCE | (OPTIONAL USE) | | | |
| ADJ. INCREASING ENCUMBRANCE | ITEM | CHAPTER | STATUTE | FISCAL YEAR |
| ADJ. DECREASING ENCUMBRANCE | OBJECT OF EXPENDITURE (CODE AND TITLE) | | | |

| *I hereby certify upon my own personal knowledge that budgeted funds are available for the peroid and purpose of the expenditure stated above.* | T.B.A. NO. | B.R. NO. |
|---|---|---|
| SIGNATURE OF ACCOUNTING OFFICER ▷ *Angela Yoshida* | | DATE MAY 1 8 2006 |

EX. 3

78

**EXHIBIT 4**

STATE OF CALIFORNIA
# STANDARD AGREEMENT AMENDMENT
STD. 213 A (Rev 6/03)

[x] CHECK HERE IF ADDITIONAL PAGES ARE ATTACHED    21    Pages

| AGREEMENT NUMBER | AMENDMENT NUMBER |
|---|---|
| 4427 | 2 |
| REGISTRATION NUMBER | |

1.  This Agreement is entered into between the State Agency and Contractor named below:

STATE AGENCY'S NAME
California Department of Education

CONTRACTOR'S NAME
Department of General Services, Office of Administrative Hearings (DGS/OAH)

2.  The term of this
Agreement is        June 1, 2005        through        June 30, 2008

3.  The maximum amount of this        $30,236,240.83
Agreement after this amendment is:        Thirty million, two hundred thirty six thousand, two hundred forty dollars and eighty three cents.

4.  The parties mutually agree to this amendment as follows. All actions noted below are by this reference made a part of the Agreement and incorporated herein:

THAT CERTAIN STATE OF CALIFORNIA STANDARD AGREEMENT designated as number 4427 and number 4427, amendment #1 shall be further amended in the following particulars and no others:

This amendment adds $200,000.00 to the contract.  The total amount of the contract shall not exceed $30,236,240.83.

Exhibit A shall be revised in accordance with Exhibit A.2.

Exhibit B, Article 1, Section A shall be amended by deleting reference to "upon receipt and approval of the invoice" and inserting "following the process described in Exhibit B, Article 1, Section C" in place thereof.

Exhibit B, Article 1, Section B, shall be amended by deleting reference to Allison Smith and inserting Shane Berli in place thereof.

(CONTINUED)

IN WITNESS WHEREOF, this Agreement has been executed by the parties hereto.

| CONTRACTOR | CALIFORNIA Department of General Services Use Only |
|---|---|

CONTRACTOR'S NAME (If other than an individual, state whether a corporation, partnership, etc.)
Department of General Services, Office of Administrative Hearings

BY (Authorized Signature)        DATE SIGNED (Do not type)
                                 '06 · 12 · 200 7

PRINTED NAME AND TITLE OF PERSON SIGNING
Ronald C. Diedrich, Director & Chief Admin. Law Judge

ADDRESS
2349 Gateway Oaks Drive, Suite 200, Sacramento, CA  95833

APPROVED

JUN 2 8 2007

DEPT OF GENERAL SERVICES

STATE OF CALIFORNIA

AGENCY NAME
California Department of Education

BY (Authorized Signature)        DATE SIGNED (Do not type)
                                 6|18|10

PRINTED NAME AND TITLE OF PERSON SIGNING
Sharon Taylor, Director, Fiscal and Administrative Services Division

ADDRESS
1430 N Street, Suite 2213, Sacramento, CA 95814

[ ] Exempt per:

EX. 4
79

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427, Amendment #2
Page 2 of 2

Continued

Exhibit B shall be further amended by adding the following new section to Article 1:

C.    OAH will provide to CDE the prior months itemized billing detail and summary totals of specified line item totals to CDE by approximately the 10th of each month.

CDE will review and approve or dispute the billing detail and summarized totals by the 15th of the following month.

Unless a billing is disputed, CDE will provide email approval of the monthly billings by the 15th of the 2nd subsequent month. Emails providing billing approval or describing disputes will be sent to Carlos.Trejo@dgs.ca.gov. Each email should include a cc to Jan.Soto@dgs.ca.gov.

Upon receipt of the CDE approval of billings, OAH will process electronic transfers for the Special Education Dispute Resolution program two months in arrears.

In the event an email approval is not received by CDE on or before the 15th of the 2nd subsequent month, and in the absence of notification by CDE of a billing dispute, OAH will assume that the charges have been approved and will process the billing for electronic transfer.

Exhibit B.2 shall be deleted and replaced with Exhibit B.3.

EXCEPT AS AMENDED HEREIN all terms and conditions of the original agreement shall remain unchanged and in full force and effect.

**EXHIBIT A.2**
**SCOPE OF WORK**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #2**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 1 of 6

### EXHIBIT A.2
### SCOPE OF WORK

**A.   GENERAL SCOPE**

State and federal law provides that all children with disabilities are entitled to a free and appropriate public education under the Individuals with Disabilities Education Act (20 United States Code section 1400 et seq., as amended by Public Law No. 108-446) and Part 30 of the California Education Code, commencing with Education Code section 56000. Eligible pupils and their parents are entitled to procedural safeguards with respect to disagreements concerning decisions about assessment, eligibility program development, placement, and a free appropriate public education. A request for due process, including mediations and administrative hearings, may be made under 20 U.S.C. section 1415 et seq. and EC section 56500.1 et seq. Department of General Services, Office of Administrative Hearings ("OAH") agrees to provide such hearing and mediation services pursuant to and in accordance with the requirements of federal and state laws and regulations, including but not limited to services specifically detailed in this agreement.

**B.   SUPPORT STAFF**

OAH agrees to maintain or provide administrative, supervisory, information technology, and other support staff to operate the mediation and hearing process, including staff who will: (1) provide detailed information to callers, including information regarding hearing procedures; (2) receive, calendar, and monitor and report on the status of cases for mediation and hearing; (3) issue notices, including notice of hearing date, mediation date, calendar status, pre-hearing conference date, motion and related-filing deadlines, (4) arrange for interpreters or special accommodations; (5) arrange for transcription of hearing audiotapes and distribution; (6) prepare cases for storage and maintain closed file inventory system; (7) perform functions in connection with communication items identified. OAH will monitor, track, and manage cases in adherence with all federal and state laws and regulations. OAH will provide annual training to administrative, supervisory, information technology and other support staff in the above areas. The training will include but not be limited to confidentiality of students' and parents' identities.

**C.   TRAINING**

1.  OAH agrees to provide special education unit Administrative Law Judges (ALJs) specialized training regarding IDEA (including amendments made by Public Law 108-446), Education Code section 56000 et seq., and related regulations, as well as global skills training, as specified below. Trainings will be designed to ensure that all ALJs meet or exceed the minimum training standards and will be revised as needed to incorporate substantive changes in federal and state laws or regulations.

2.  Presiding ALJs will determine when ALJs have a working knowledge of the laws and regulations governing services to students who qualify for services under the IDEA and related California laws and regulations, and the programmatic aspects of special education, services, and supports. Presiding ALJs will also determine when ALJs have a working knowledge of effective mediation techniques that provide the parties to special education disputes the

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 2 of 6

opportunity to resolve their disputes through mediation. Only ALJs whom the Presiding ALJ has determined have the necessary working knowledge of the laws and regulations and working knowledge of effective mediation techniques along with the necessary level of expertise specified in proposed regulations will be assigned mediation and hearing duties. On an annual basis or earlier if deemed necessary by the Presiding ALJ, OAH will publish the names and locations of those ALJs whom the Presiding ALJ has determined are qualified to be assigned mediation and hearing duties. The names will be published on OAH's Web pages that are dedicated to special education due process hearings and mediations matters. OAH will allow CDE to create a link from CDE's Web site to OAH's Web pages pertaining to special education due process hearings and mediations.

3. OAH, with stakeholder input and in coordination with CDE, will provide 80 hours of specialized training in special education law and issues, mediation techniques, pre-hearing processes, and current pedagogical issues to all newly assigned ALJs during the ALJ's first year of employment with OAH's Special Education Division. Thereafter, OAH will provide a minimum of 20 hours of training each year to ALJs employed at the time such training is offered. Annual training will also address consistency in procedures and practices. ALJs will receive training that addresses the global competencies for all adjudicative proceedings. This global skills training will address such topics as the dynamics of mediation, listening and communication skills, interest-based mediation, techniques to avoid impasse, writing clear and complete mediation agreements. OAH will revise its mediation and hearing procedure trainings as needed to incorporate substantive changes in federal and state laws or regulations. These terms are subject to change and could be superceded by pending regulations.

## D.   MEDIATIONS/DUE PROCESS HEARINGS

1. OAH agrees to maintain a separate specialized unit of ALJs who meet the minimum qualifications to function as officers and mediators. OAH agrees that the ALJs will work with the parties to resolve their disputes. ALJs will be assigned a mix of hearings and mediations, with each case typically being assigned a hearing-ALJ and a mediation-ALJ. In no case will OAH assign an ALJ who facilitates a mediation to preside over a hearing in the same case. OAH will conduct mediations and due process hearings in accordance with all federal and state laws and regulations.

2. OAH will adhere to all federal and state laws and regulations concerning the prevention of conflicts of interest for mediators and hearing officers or ALJs.

3. ALJs assigned as mediators to a particular case will be responsible for managing mediations through to impasse or resolution and for facilitating the process by which a written agreement can be prepared. A single case file will be maintained, but all materials related to the mediation will be sealed and not reviewed by or discussed with the hearing ALJ.

4. OAH will conduct mediations and due process hearings at a location that is convenient to the parents. OAH will prepare, in consultation with CDE, a form entitled "Mediation" to advise the parties of procedure and their responsibilities, including materials each is required to bring to the mediation.

2

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 3 of 6

5. OAH will adhere to all federal and state laws and regulations concerning the supervision of mediators and hearing officers or ALJs. OAH will also comply with all federal and state laws and regulations concerning maintaining the confidentiality of special education students and parents.

6. OAH will assign the special education unit ALJs to regional offices throughout the State, and they will be supervised by a local Presiding ALJ. OAH will assign these Presiding ALJs on an exclusive and full-time basis to administer the hearing and alternative dispute resolution program in their assigned office. Presiding ALJs will supervise the special education ALJs in their respective offices; assure training and mentoring of ALJs and support staff; rule on continuance requests and other pre-hearing law and motion matters; oversee the technical operation of the program; evaluate ALJs; and review ALJ decisions for legal sufficiency, logic, and clarity.

7. OAH agrees to use the "Request for Mediation and Due Process Hearing" form approved by CDE. The form may be used by a party to request a hearing and/or mediation. The form will be available on the Internet, filed electronically, or in written form. OAH calendar staff will process these requests, assign a case number, and enter relevant information on OAH's computerized case management and tracking system.

8. OAH agrees that it will ensure that the communication needs of non-English speaking parties and hearing-disabled parties are accommodated in hearings, pre-hearing conferences, mediations, and related proceedings. OAH will use interpreters who are certified by a court or government agency provided certification is available in the required language; the parties acknowledge that not all languages have a certification examination. Additionally ALJs may provisionally qualify an interpreter when necessary pursuant to Title 1, section 1032.

9. OAH will communicate with parties to mediations and due process hearings according to federal and state laws and regulations.

10. OAH will ensure that a verbatim record of proceedings is made and that a transcript of these proceedings is made available to parents or guardians according to state and federal laws and regulations.

E. COMMUNICATIONS/INFORMATION SHARING

1. OAH will provide to the contract monitor information for updating the CDE Web site pages pertaining to the OAH Special Education Division as posted at *http://www.cde.ca.gov/sp/se/ds/*. OAH will continually update its own Web pages pertaining to the OAH Special Education Division and will allow CDE to create links to these pages. OAH will be given administrative rights to the Orders and Decisions database. OAH will provide CDE with a liaison for issues pertaining to the Web site.

3. OAH will prepare consumer brochures for special education proceedings, which will be widely disseminated to LEAs and parents of students with disabilities. Prior to disseminating consumer brochures, OAH will obtain CDE's approval of the brochure. At a minimum, all public forms, procedures, and brochures shall be made available in English and the five foreign

3

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 4 of 6

languages most commonly spoken in California schools: Spanish, Vietnamese, Hmong, Cantonese, and Tagalog.

3. OAH will update the OAH Hearing Manual, adding chapters for special education mediations and hearings and their procedures, including information regarding special education legal and procedural issues and will revise the manual as needed to incorporate substantive changes in laws or regulations. OAH will work closely with the CDE to customize procedures as necessary.

4. Upon completion of a hearing, OAH will submit hard copies of the decision to CDE. On a monthly basis, OAH will upload all redacted decisions to its Web site and provide a link to CDE's Special Education Web page.

5. OAH will update the publication "Notice of Procedural Safeguards" and make copies available to parties and the public. Prior to making the publication available to parties and the public, CDE will review and approve the document.

6. OAH will update and provide an attorney and advocate list to parties (as required by law) and the public.

7. OAH will maintain the Special Education Hearing Office Advisory Committee of attorneys, advocates, parents, and school employees and will schedule semiannual meetings with the committee, one in northern California and one in southern California in the first half of the year and one in northern California and one in southern California in the second half of the year for a total of four meetings each year. OAH will conduct this committee in accordance with federal and state laws and regulations. This committee is responsible for advising on the conducting of mediations and due process hearings.

F.   DATA COLLECTION AND REPORTING

1. OAH will provide access to its case management system, subject to mutually agreeable security protocols, to designated CDE personnel, or, alternatively, OAH will make its physical files available for review by CDE staff, in order to enable CDE staff to determine if there is a due process hearing pending in matters in which a compliance complaint has been filed with CDE.

2. OAH will provide CDE, in electronic format and in writing on at least a quarterly basis, with the following information:

   a. Mediations: 1) Number of mediation requests total; 2) number of mediations not related to hearing requests; 3) number of mediations related to hearing requests; 4) number of mediation agreements not related to hearing requests; 5) number of mediation agreements related to hearing requests; 6) number of mediations pending

   b. Due process hearings: 1) Number of hearing requests total; 2) number of settlement agreements; 3) number of hearings held (fully adjudicated); 4) number of decisions within timeline; 5) number of decisions within extended timeline; 6) number of decisions issued

4

EX. 4
85

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 5 of 6

after timelines and extension expired; 7) number of hearings pending; 8) number of expedited hearings; 9) number of hearing request cases resolved without a hearing

c. Expedited hearing requests (related to disciplinary decision): 1) Number of expedited hearing requests total; 2) number of settlement agreements; 3) number of expedited hearings (fully adjudicated); 4) number of change of placement ordered.

d. Formal complaints: 1) number of complaints; 2) number of complaints with findings; 3) number of complaints with no findings; 4) number of complaints not investigated, withdrawn, or no jurisdiction; 5) number of complaints completed or addressed within timelines; and 6) number of complaints pending.

e. In accordance with *Education Code* Section 56504.5 reports shall contain data to provide the state with information to comply with federal and state laws and regulations for monitoring local programs. Specifically, these reports will provide data as requested by the federal Office of Special Education Programs.

f. In accordance with Education Code Section 56504.5(d)(3) quarterly reports provided by the contractor will include costs of hearings and mediations on both an aggregate and individual basis.

g. In addition, in accordance with Provision 9 and Provision 9.5 of Assembly Bill 1801, Chapter 47, 2006, OAH will provide CDE in its quarterly reports with the following information:

    (a)   The total number of cases won by each side.
    (b)   The number of issues decided in favor of each side in split decisions.
    (c)   How often schools and parents were represented by attorneys.
    (d)   How many prehearing motions were filed by each side.
    (e)   Which side won most of the prehearing motions.
    (f)   How many parent requests for due process were dismissed for insufficiency.
    (g)   How often pupils of color accessed the system.
    (h)   How often non-English-speaking people used the system.
    (i)   How long the hearings took.
    (j)   How much of each hearing, on average, was consumed by the parent's presentation of his or her case.
    (k)   How much of each hearing, on average, was consumed by the district's presentation of its case.
    (l)   How many of the hearing requests were from parents.
    (m)  How many of the hearing requests were from school districts.
    (n)   How many witnesses school districts called on average.
    (o)   How many witnesses parents called on average.
    (p)   From which districts parent requests for due process came.
    (q)   What issues, within special education, generated due process hearing requests during the quarter.
    (r)   What disabilities generated due process hearing requests during the quarter.

Department of General Services
Office of Administrative Hearings
Interagency Agreement, #4427
Amendment #2
May 25, 2007
Page 6 of 6

    (s)  What age groups (preschool, primary, junior high, high school) generated hearing requests during the quarter.
    (t)  How many hearing decisions were appealed to court during the quarter.
    (u)  How many cases were totally resolved in mediation by agreement.
    (v)  How many cases were totally resolved in the mandatory resolution session.

  Quarterly reports required by Provision 9 and Section 56504.5 of the Education Code shall reflect year-to-date data and final year-end data.

3. OAH will develop, submit to CDE for review and approval, and implement recommendations for system improvement.

4. By June 30, 2006, OAH will develop for CDE's approval an evaluation form that assesses OAH's timeliness and effectiveness. After obtaining CDE's approval, OAH will provide the form to the parties. The form shall be completed by parties who participate in mediations and/or hearings. OAH shall review and provide CDE a summary report of the evaluations on a quarterly basis.

5. OAH will gather, analyze, and report to CDE statistical data on productivity of hearing officers and mediators using measurements for quantifying the productivity as determined by CDE.

## G. TRANSITION

1. OAH agrees to hire staff and purchase and maintain Information Technology systems, including computers, network switches, and other equipment for the purpose of developing and expanding the current case management system and a calendaring system to accommodate a separate and complete special education system.

2. OAH agrees to lease office space for special education units and order and purchase office equipment and supplies for staff. The accounting and billing system, including provision for audit reports, will be expanded, and OAH agrees to have in place a parent and LEA notification plan. In consultation with CDE, OAH agrees to develop and finalize an initial training program for ALJs.

3. OAH will accept for filing and take all necessary and appropriate steps to resolve all special education due process matters as of July 1, 2005, and all special education due process and mediation matters as of January 1, 2006.

## H. CONFIDENTIALITY

OAH agrees to implement and enforce any provision in the law concerning confidentiality of information and/or records relating special education hearings and mediations.

## I. PROJECT REPRESENTATIVES

The CDE project representative during the term of this Agreement will be Shane Berli (916) 327-0844. The OAH project representative during the term of this Agreement will be Ronald L. Diedrich (916) 445-4926.

EX. 4
87

**EXHIBIT B.3**
**BUDGET DETAIL**
**INTERAGENCY AGREEMENT- # 4427, AMENDMENT #2**
**DEPARTMENT OF GENERAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS**

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 1 of 8**

## AMENDED BUDGET

| BUDGET SUMMARY | Original | A1 | A2 |
|---|---|---|---|
| June 1, 2005 – June 30, 2005 | $  349,834.00 | $  117,119.58 | $  117,119.58 |
| July 1, 2005 – June 30, 2006 | 7,761,877.25 | 8,961,877.25 | 9,161,877.25 |
| July 1, 2006 – June 30, 2007 | 9,979,640.00 | 9,979,640.00 | 9,979,640.00 |
| July 1, 2007 – June 30, 2008 | 10,977,604.00 | 10,977,604.00 | 10,977,604.00 |
| TOTAL | $29,068,955.25 | $30,036,240.83 | $30,236,240.83 |

EX. 4
89

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 2 of 8**

**BUDGET YEAR JUNE 1, 2005 – JUNE 30, 2005**
**(FY 2004-2005)**

During this month, OAH prepared to assume responsibility for the due process and mediations contract. These preparations included conducting hiring interviews, making employment offers, and training new staff. OAH also sought out new office space, developed new administrative protocols and forms, and acquired office equipment.

| | | |
|---|---|---|
| Billable Hours: | 562 billable hours @ $169.00 per hour: | $  94,978.00 |
| Filing Fees: | 79 cases filed @ $66.00 per case: | $   5,214.00 |
| ALJ Training Costs: | | $   3,032.14 |
| Equipment Costs: | | $  13,895.44 |
| **Total Costs:** | | **$117,119.58** |

2

EX. 4
90

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 3 of 8**

## AMENDED BUDGET YEAR JULY 1, 2005 – JUNE 30, 2006
### (FY 2005-2006)

This amended budget reflects a $1.4 million increase in the cost of operating the special education dispute resolution program for fiscal year 2005-06. The increased costs are directly attributable to changes in the interagency agreement, which markedly changed the workload to be addressed in the fiscal year. Specifically, the changes require that the Office of Administrative Hearings (OAH) process significantly more cases (somewhere around 500 to 750 more cases) and process them months sooner (about 12 months for some hearings and about six months for mediations) than was provided for in the original interagency agreement. The changes in the interagency agreement will result in about a 15 percent increase in OAH's workload for this fiscal year. This amended budget also reflects both OAH's actual experience administering the program from July 1, 2005, through June 30, 2006, and an increase in OAH's billable hourly rate for the 2005-06 fiscal year (from $169/hour to $176/hour).

| | | |
|---|---|---|
| ALJ Billable Hours: | 48,440 billable hours @ 176.00 per hour: | $8,525,440.00 |
| Staff Counsel Billable Hours: | 500 billable hours @ $102.00 per hour: | $   51,000.00 |
| Filing Fees: | 4,400 cases filed @ $66.00 per case: | $  290,400.00 |
| Electronic Recording: | 2,053 days of hearing @ $30.00 per day: | $   61,590.00 |
| Interpreter/Translator Charges: | | $   94,220.33 |
| ALJ Training Costs: | | $   12,360.00 |
| Transcript Charges: | | $   20,488.92 |

EX. 4
91

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
Amendment 2
May 25, 2007
Page 4 of 8

Equipment Costs:                    $   82,905.18

Other                               $   23,472.82

**Total Costs:**                    **$9,161,877.25**

4

EX. 4
92

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 5 of 8**

**BUDGET DETAIL (FY 2006-07)**
**BUDGET YEAR JULY 1, 2006 – JUNE 30, 2007**

| | (Personnel Years) | COST |
|---|---|---|
| **TOTAL PERSONAL SERVICES** | 64.6 | $6,966,300 |
| **OPERATING EXPENSES AND EQUIPMENT** | | |
| GENERAL EXPENSE | | $96,800 |
| PRINTING | | $45,100 |
| COMMUNICATIONS | | $45,100 |
| POSTAGE | | $122,100 |
| TRAVEL | | $605,000 |
| TRAINING | | $1,337,600 |
| FACILITIES OPERATIONS | | $119,900 |
| DATA PROCESSING | | $96,800 |
| EXPENDABLE EQUIPMENT | | |
| **TOTAL OPERATING EXPENSES AND EQUIPMENT** | | $2,513,500 |
| **TOTAL STATE OPERATIONS** | | $9,479,800 |
| FILING FEES ($66 per case) | | $283,140 |
| TRANSLATOR COSTS | | $216,700 |
| **TOTAL** | | $9,979,640 |

5

EX. 4
93

**Department of General Services**
**Office of Administrative Hearings**
**Interagency Agreement No. 4427**
**Amendment 2**
**May 25, 2007**
**Page 6 of 8**

## BUDGET DETAIL (FY 2006-2007)

OAH assumed a ten percent workload increase when preparing the 2006-07 budget projection, and another ten percent increase for the 2007-08 budget projection. As noted above, the FY 2005-06 budget projection was based on 50, 994 ALJ billable hours at $169/hour. For FY 2006-07, this is projected to increase by ten percent thoroughly 56, 093 billable hours. Second year case filings would increase from 3,900 to 4,290. Assuming the OAH hourly rate remains constant at $169/hour, total ALJ and support staff costs for calendaring and holding the mediations and hearings, including travel, preparation, law and motion matters, research and writing time would approximate $9,479,800. Employee salaries were initially calculated at mid-range and salary step increases will approximate five percent each year. ALJs will receive an additional five percent increase upon completion of National Judicial College training per negotiated items contained in the memorandum of understanding governing that civil service job classification. Filing fees to cover case processing costs on 4,290 cases, assuming the fee remains at $66/case, would be $283,140. Translator costs would also rise ten percent to $216,000. Total second years costs are $9,979,640.

### BUDGET SUMMARY FY 2006-07

| | |
|---|---|
| $9,479,800 | Total ALJ and support costs based on 56,093 billable hours |
| 283,140 | Filing fees (4290 cases @ $66/case) |
| 216,700 | Translator costs |
| **$9,979,640** | **Total second years costs** |

$b$

Department of General Services
Office of Administrative Hearings
Interagency Agreement No. 4427
Amendment 2
May 25, 2007
Page 7 of 8

**BUDGET DETAIL (FY 2007-08)**
**BUDGET YEAR JULY 1, 2007 – JUNE 30, 2008**

| | (Personnel Years) | COST |
|---|---|---|
| | 64.6 | $7,662,930 |
| **TOTAL PERSONAL SERVICES** | | |
| **OPERATING EXPENSES AND EQUIPMENT** | | |
| GENERAL EXPENSE | | $106,480 |
| PRINTING | | $49,610 |
| COMMUNICATIONS | | $49,610 |
| POSTAGE | | $134,310 |
| TRAVEL | | $665,500 |
| TRAINING | | $1,471,360 |
| FACILITIES OPERATIONS | | $131,890 |
| DATA PROCESSING | | $106,480 |
| EXPENDABLE EQUIPMENT | | |
| **TOTAL OPERATING EXPENSES AND EQUIPMENT** | | $2,764,850 |
| **TOTAL STATE OPERATIONS** | | $10,427,780 |
| FILING FEES ($66 per case) | | $311,454 |
| TRANSLATOR COSTS | | $238,370 |
| **TOTAL** | | $10,977,604 |

EX. 4
95

**Department of General Services**
**Office of Administrative Hearings**
Interagency Agreement No. 4427
Amendment 2
May 25, 2007
Page 8 of 8

## BUDGET DETAIL (FY 2007-08)

The third year budget is based upon projections fro another ten percent increase in workload. Case filings are expected to increase to 4,719 cases and billable hours are projected to increase to about 61,703 hours. Assuming that the OAH hourly rate and filing fees remain constant, third year total ALJ and support costs would approximate $10,427,780 and filing fees to cover case processing costs would increase to $311,454. Translator costs are projected to increase an additional ten percent to $238,370. Total third years costs are $10,977,604.

### BUDGET SUMMARY FY 2007-2008

| | |
|---|---|
| $10,427,780 | Total ALJ and support costs based on 61,703 billable hours |
| 311,454 | Filing fees (4,719 cases @ $66/case) |
| 238,370 | Interpreter/Translator costs |
| **$10,977,604** | **Total third year costs** |

8

EX. 4
96

CALIFORNIA DEPARTMENT OF EDUCATION
CONTRACTS OFFICE

# ENCUMBRANCE SHEET

CO-510 (Rev. 3/06)

| CONTRACT NO. | A.M. NO. |
|---|---|
| 4427 | 2 |
| VENDOR NO. | |
| 3131-03 | |

CONTRACTOR'S NAME

Department of General Services, Office of Administrative Hearings

| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE | | |
|---|---|---|---|---|---|---|
| $200,000.00 | SP ED DISPUTE RESOLUTION | | | FEDERAL | | |
| ADJ TO INCREASE ENCUMBRANCE | FY | INDEX | OBJECT CODE | PCA | | Funds availabl |
| | 2005/2006 | 0663 | 627-04 | 01198 | | AS |
| ADJ TO DECREASE ENCUMBRANCE | STATUTE | CHAPTER | ITEM | Proj. NO. | Fed Cat. NO. | |
| | 2005 | 038 | 6100-001-0890 | 000023 | 84027011 | |
| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE | | |
| $5,160.00 | SP ED DISPUTE RESOLUTION | | | FEDERAL | | Funds available |
| ADJ TO INCREASE ENCUMBRANCE | FY | INDEX | OBJECT CODE | PCA | | AS |
| | 2006/2007 | 0663 | 627-04 | 01198 | | |
| ADJ TO DECREASE ENCUMBRANCE | STATUTE | CHAPTER | ITEM | PC NO. | FC NO. | |
| | 2006 | 047 | 6100-001-0890 | 000023 | 84027011 | |
| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE | | |
| $1,246,756.00 | SP ED DISPUTE RESOLUTION | | | FEDERAL | | APPROVED UPON |
| ADJ TO INCREASE ENCUMBRANCE | FY | INDEX | OBJECT CODE | PCA | | ENACTMENT OF |
| | 2007/2008 | 0663 | 627-04 | 01198 | | BUDGET ACT |
| ADJ TO DECREASE ENCUMBRANCE | STATUTE | CHAPTER | ITEM | PC NO. | FC NO. | |
| | 2007 | BA | 6100-001-0890 | 000023 | 84027011 | |
| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE | | |
| $934,000.00 | SP ED DISPUTE RESOLUTION | | | GENERAL | | |
| ADJ TO INCREASE ENCUMBRANCE | FY | INDEX | OBJECT CODE | PCA | | Funds available |
| | 2006/2007 | 0663 | 627-04 | 02261 | | AS |
| ADJ TO DECREASE ENCUMBRANCE | STATUTE | CHAPTER | ITEM | PC NO. | FC NO. | |
| | 2006 | 047 | 6100-001-0001 | | | |
| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE | | |
| | | | | | | |
| ADJ TO INCREASE ENCUMBRANCE | FY | INDEX | OBJECT CODE | PCA | | |
| | | | | | | |
| ADJ TO DECREASE ENCUMBRANCE | STATUTE | CHAPTER | ITEM | PC NO. | FC NO. | |
| | | | | | | |
| AMOUNT ENCUMBERED | PROGRAM/CATEGORY (CODE AND TITLE) | | | FUND TITLE | | |
| | | | | | | |
| ADJ TO INCREASE ENCUMBRANCE | FY | INDEX | OBJECT CODE | PCA | | |
| | | | | | | |
| ADJ TO DECREASE ENCUMBRANCE | STATUTE | CHAPTER | ITEM | PC NO. | FC NO. | |
| | | | | | | |

*I hereby certify upon my own personal knowledge that budgeted funds
are available for the period and purpose of the expenditure stated above.*

| SIGNATURE OF ACCOUNTING OFFICER | DATE |
|---|---|
| ► John Neil | 5/9/07 |

EX. 4
97