MARSHA A. BEDWELL, State Bar No. 094860
General Counsel
AMY BISSON HOLLOWAY, State Bar No. 163731
Assistant General Counsel
GABRIEL C. VIVAS, State Bar No. 092434
Deputy General Counsel
GREGORY ROUSSEVE, State Bar No. 084262
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
Telephone: (916) 319-0860
Facsimile: (916) 319-0155
gvivas@cde.ca.gov

Attorneys for Defendant California Department of Education

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, et al.,<br><br>        Plaintiff,<br>    v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>        Defendant. | Case No. 08-CV-0226 W (AJB)<br><br>**DECLARATION OF JAMES BELLOTTI IN SUPPORT OF DEFENDANT CALIFORNIA DEPARTMENT OF EDUCATION'S OPPOSITION TO PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER** |

I, James Bellotti, declare as follows:

1. I have personal knowledge of the matters stated herein and, if called as a witness, I could and would competently testify thereto.

2. I am presently employed as an Education Administrator with the California Department of Education (CDE), Special Education Division. I administer the Interagency-Non-Public School/Agency Unit. I am familiar with federal and state laws and regulations concerning the education

of children with disabilities.

3. In my capacity as the administrator of the Interagency-Non-Public School/Agency Unit, I have general supervisorial responsibility for ensuring special education compliance with federal and state law and regulations. Part of my duties involve ensuring that California has in place a system that complies with the procedural safeguards required by the Individuals with Disabilities Education Act (IDEA). I am aware that a state choosing to participate in the IDEA must submit a plan setting forth policies, procedures, and program descriptions. I am also aware that California has elected to participate in IDEA, adopted a state plan, and enacted a series of statutes and regulations designed to comply with the federal requirements. I am aware that because California has elected to participate in IDEA whenever there is a proposal, or refusal, to initiate or change the identification, evaluation, or educational placement of a child, or the provision of a FAPE, the child's parents have the right to challenge the result by requesting an administrative "due process hearing" before an independent and impartial hearing officer. Because of the requirement of an independent and impartial hearing officer, California has enacted legislation requiring CDE to contract for special education due process hearings and mediations.

4. As the administrator of the Interagency-Non-Public School/Agency Unit, I am familiar with the amount of funding that California receives for participating in IDEA. States that participate in IDEA are eligible to receive PART B funds. The IDEA grant amount for 2007-2008 is $1,150,175,848. For the 2008-09 year, it is estimated to be $1,165,972,611.

5. As the administrator of the Interagency-Non-Public School/Agency Unit, I am aware that California must be in compliance with the federal and state laws and regulations concerning special education in order to continue to be eligible for federal Part B funds. One such assurance is that "children with disabilities and their parents are afforded the procedural safeguards required by 34 CFR 300.500 through 300.536." Included is the right to a impartial due process hearing where the hearing officer is not an employee of the state education agency or a local education agency that is involved in the education or care of the child.

6. In May 2003, the Director of the Special Education Division contacted the United States Department of Education, Office of Special Education and Rehabilitative Services. In her letter to the

1  federal officials, she requested that the federal officials clarify what would be, if any, the consequences
2  of California having an interruption in providing parents with access to a system of special education
3  due process hearings and mediations. On May 22, 2003, the CDE received a reply from the Director of
4  the Office of Special Education Programs for the United States Department of Education. The
5  Director's letter indicated that should there be an interruption in California's ability to provide a system
6  of impartial hearings and mediations, California would be considered out of compliance with federal
7  law and subject to sanctions that could include withholding of California's federal funds under Part B.
8  (See letter from Stephanie S. Lee, Director Office of Special Education Programs attached and
9  incorporated hereto as Exhibit A.) Though Ms. Lee's letter was written nearly five years ago, I believe
10 that the situation is not significantly different and that the results of any interruption in California's
11 ability to provide a system of impartial hearings and mediations would result in clear liability for
12 sanctions, including withholding of federal funding for special education.

13     7.    To ensure continued compliance with federal laws and regulations, CDE and the Office
14 of Administrative Hearings (OAH) are in the process of negotiating an interagency agreement that
15 would become operative commencing on the close of business June 30, 2008, under which OAH would
16 provide all mediation and due process hearing for all California's special education students and their
17 parents. It is my belief that CDE's agreement with OAH will ensure that as of July 1, 2008, California
18 will have in place a system to provide special education due process hearings and mediations as
19 required by federal laws and regulations.

20     8.    To the best of my knowledge, there is no other entity in California or elsewhere
21 qualified and with the necessary resources to undertake the responsibility of providing due process
22 hearings and mediation services to special education students and their parents.

23     9.    In order to ensure continued compliance with federal laws and regulations concerning
24 providing impartial hearings and mediations, it is imperative that there be no interruption in the
25 delivery of this service to parents of disabled children. If plaintiffs Application for a Temporary
26 Restraining Order is granted, there will be an interruption in the delivery of the hearings and mediation
27 services. It is my belief that if there is any interruption with providing special education parents timely
28 access to due process hearings and mediations, California will be out of compliance with federal law

and regulations. It is also my belief that California would be at grave risk of a withholding of an estimated 2008-09 grant award of $1,165,972,611 of federal IDEA funds which would negatively impact resources to provide services to approximately 677,875 special education students in California.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 11th day of April 2008, at Sacramento, California.

*James Bellotti*
JAMES BELLOTTI

**EXHIBIT A**



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF SPECIAL EDUCATION AND REHABILITATIVE SERVICES

MAY 15 2003

Alice D. Parker, Ed.D.
Assistant Superintendent of Public Instruction
Director of Special Education
California Department of Education
1430 N. Street, Room 2407
Sacramento, California 95814

Dear Dr. Parker:

This is in response to your letter of May 12, 2003. In that letter, you explain that the Executive Director of the California State Personnel Board (SPB) ruled, on April 30, 2003, that the contract between the California Department of Education (CDE) and the McGeorge School of Law for special education due process hearing and mediation services is inconsistent with California Government Code §19130(b). As represented in your letter, the Executive Director's decision concludes that, "CDE was not authorized to contract with a private entity for those services because the California Office of Administrative Hearings was capable of performing the services with State employees." We further understand from your letter that CDE plans to appeal the Director's ruling to the full SPB, but that the current contract with McGeorge will expire on May 31, 2003.

In your letter, you acknowledge that Part B of the Individuals with Disabilities Education Act (Part B) requires each State to provide a system for mediation and impartial due process hearings. You state that "... if CDE cannot continue to contract with McGeorge's [Special Education Hearing Office (SEHO)] for a substantial transitional period, mediation and due process hearings cannot reasonably be provided at any level of quality or timeliness. In all likelihood, those procedures would simply come to halt." You ask that we clarify the possible consequences of an interruption in the availability of mediation and due process hearing procedures that meet Part B requirements.

In order to be eligible to receive funds under Part B, each State must meet the requirements relating to mediation and impartial due process hearings, as set forth at 20 USC §1415(e) and (f), and 34 CFR §§300.506-300.509 and 300.511. Under these provisions, the State must ensure that mediation is available whenever a due process hearing is requested under the Part B regulations. The State must also ensure that a parent or a public agency may initiate a hearing on any matters relating to the identification, evaluation or educational placement of a child with a disability, or the provision of a free appropriate public education to the child and that no later than 45 days after the receipt of a request for a hearing, a final decision is reached in the hearing and mailed to each of the parties, unless a request for a specific extension of time has been granted. Part B does *not* address whether the impartial hearing officers and mediators under the statute must be

400 MARYLAND AVE., S.W., WASHINGTON, D.C. 20202
www.ed.gov

Our mission is to ensure equal access to education and to promote educational excellence throughout the Nation.

Page 2 - Alice D. Parker, Ed.D.

State employees rather than contractors and this letter is not intended to express any opinion regarding that issue.

Any State that is not meeting the requirements of Part B, including the requirements regarding impartial hearings and mediation, would be considered out of compliance and this Department would need to consider all available alternatives in order to ensure timely correction, including the imposition of special conditions on the State's Part B grant, referral to the Department of Justice for enforcement of the Part B requirements, a determination that the State is not eligible to receive Part B funds, and the partial or full withholding of the State's Part B grant award. Further, it is reasonably foreseeable that a failure to provide timely due process hearings and mediation would invite litigation by parents of children with disabilities in the State, seeking to enforce their rights under Part B.

Please contact Perry Williams or Larry Ringer of my staff if you need any further clarification or assistance.

Sincerely,

*Stephanie S Lee*

Stephanie S. Lee
Director
Office of Special Education Programs