Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br>Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>DECLARATION OF MARY STRUBLE, IN REPLY TO CDE AND OAH OPPOSITIONS TO TEMPORARY RESTRAINING ORDER<br><br>Date: April 28, 2008<br>Judge: Hon. Thomas J. Whelan |

I, Mary Struble, declare as follows:

1. I am over 18 years of age and reside in San Diego County. I am the mother and one of the conservators of C.S., my son and Plaintiff herein.

2. At all times relevant to this action, C.S. and I have resided in Fallbrook, C.S. has qualified for special education, which is provided by our school district of residence, Fallbrook Union High School District ("the District").

3. In 9th grade, C.S. attended a certified non-public school paid for by the District. He did quite well, and was very happy and made progress at the non-public school.

4. In 10th grade, at the insistence of the District, C.S. started attending Fallbrook High School. He still qualified for special education, and was mainstreamed with special education resource support. He continued to do well in school in 10th grade.

5. In 11th and 12th grades at Fallbrook High School, C.S., while still getting good academic grades and getting on the Honor Roll, struggled with social issues in his classes. It was determined by C.S.'s case manager stated that C.S. learns better in 1:1 settings.

6. After several incidents occurred in which C.S. was bullied and was found hiding, and even curled up in a fetal position at school, his physician wrote the school a note that it was to anxiety-ridden for C.S. to continue to attend Fallbrook High School. He last attended Fallbrook High School in early May, 2007. The District has not offered or provided C.S. with a FAPE since that time.

7. At an IEP team meeting in June, 2007, I learned for the first time, that despite being on the Honor Roll, C.S. was not eligible to receive a high school diploma.

8. After I was unable to locate and pay for a school that could provide C.S. with a FAPE, I engaged an attorney and filed a Due Process Complaint on September 4, 2007, in the hope of enforcing my son's right to have the District provide him a FAPE.

9. The Hearing was heard from October 16, 2007-October 19, 2007. A Decision was issued on November 20, 2007. C.S. remained out of school all of this time.

10. Although the Decision concluded that C.S. was denied a FAPE, rather than issue an order for the District to provide compensatory education at a non-

2

08 CV 0226 W (AJB)
Declaration of Mary Struble.
In Reply to Opposition to
Temporary Restraining Order

public school or non-public agency, as sought, the ALJ order us to go back to the District and attend an IEP meeting, and for the IEP team to determine what compensatory education would be granted. While the ALJ specified that C.S. could not attend Fallbrook High School as a super senior, all the District offered at the subsequent IEP meeting was placement at Fallbrook High School.

11.   If the ALJ had properly acted and discharged her duty to provide a remedy of compensatory education, rather than unlawfully delegating this to the IEP Team, then, even if the District appealed, the District would have had to have placed C.S. at a non-public school or non-public agency right after the November 20, 2007 decision (actually, the Decision should have been issued sooner, but, on the last day of hearing the ALJ asked for an extension. I was afraid to refuse this, as, I had the burden of proof, and did not want to risk defying the ALJ).

12.   Because of the way the decision was written, and because the ALJ delegated her duties to the IEP Team, C.S. has almost 6 months of school, which could have been avoided. Adding this to the amount of school missed before the decision, and C.S. has missed almost a full year of school.

13.   The actions of the District, and the actions of the ALJ have taken a horrible toll on C.S., and the entire family. C.S. has regressed in academics, social skills, emotional well-being, and, most importantly, his belief in himself as a good student. C.S. has been depressed, has had meltdowns, and blames school for his problems. The psychological impact has made him frustrated about his continuing education. He also see his friend graduating and applying to college, which, thus far, C.S. has been denied.

14.   No amount of money can undue harm caused to C.S. He did not voluntarily leave school. However, now that school has left him behind, he and I are concerned that he may never achieve his goal of a high school diploma.

3

08 CV 0226 W (AJB)
Declaration of Mary Struble.
In Reply to Opposition to
Temporary Restraining Order

15. C.S.'s educational opportunity has been disrupted, if not disposed of by the ALJ's failure to write a lawful Decision. C.S. believes that this is the worst thing that has ever happened to him, and he perseverates about it constantly.

16. Although a appeal is pending, there is no relief we can obtain from the District for a few more months. The instant action was brought, not to get compensatory education owed to C.S., but to prevent this type of damage from continuing.

17. I urge the court to issue the TRO in order to maintain the status quo until a solution to this problem can be found.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 21th day of April, 2008 at Fallbrook, California.

*Mary Struble*
Mary Struble

4

08 CV 0226 W (AJB)
Declaration of Mary Struble.
In Reply to Opposition to
Temporary Restraining Order