EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
SUSAN K. LEACH, State Bar No. 231575
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013
 Telephone: (213) 897-2105
 Fax: (213) 897-1071
 Email: Susan.Leach@doj.ca.gov

Attorneys for Ron Diedrich, in his official capacity as
Director and Chief Administrative Law Judge of the
State of California Office of Administrative Hearings

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency, and RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS,<br><br>Defendants. | Case No. 08 CV0226 W AJB<br><br>ANSWER OF DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS<br><br><br>Judge: The Honorable Thomas J. Whelan |

   Defendant Ron Diedrich, in his official capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings ("OAH") answers plaintiff's complaint as follows:

   1.   OAH admits that United States law speaks for itself and that this Court has jurisdiction of this action. Except as specifically admitted, OAH denies the allegations of paragraph 1.

ANSWER OF DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW
JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS        Case No. 08 CV0226 W AJB

1

2. OAH admits that venue is proper in this District. OAH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2.

3. OAH denies the allegations in paragraph 3.

4. OAH admits that it contracted with defendant California Department of Education effective July 1, 2005, to conduct mediations and due process hearings. Except as specifically admitted, OAH denies the allegations of paragraph 4.

5. OAH admits that it contracted with defendant California Department of Education effective July 1, 2005, to conduct mediations and due process hearings. Except as specifically admitted, OAH denies the allegations of paragraph 5.

6. OAH admits that the Interagency Agreement, and subsequent Amendments to the Interagency Agreement (which are not attached as exhibits to the Complaint), (the "Contract") between CDE and OAH speak for itself. Except as specifically admitted, OAH denies the allegations of paragraph 6.

7. OAH admits that the Contract requires certain training requirements, but OAH denies the remaining allegations of paragraph 7.

8. OAH denies the allegations of paragraph 8.

9. OAH admits that the Contract speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 9.

10. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 10, and on that basis denies that allegation in paragraph 10. OAH admits that United States and California law speak for themselves in the second sentence of paragraph 10 and, except as admitted, OAH denies the remaining allegations in paragraph 10.

11. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies the allegations in paragraph 11.

12. OAH denies the allegations in paragraph 12.

13. OAH denies the allegations in paragraph 13.

14. OAH admits that the federal court ruling cited by plaintiff speaks for itself. Except as

specifically admitted, OAH denies the allegations of paragraph 14.

15. OAH denies the allegations in paragraph 15.

16. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the allegations in paragraph 16.

17. OAH admits that a due process complaint was filed on September 4, 2007 and that document speaks for itself. Except as specifically admitted, OAH denies the allegations in paragraph 17.

18. OAH admits that a due process complaint was filed on September 4, 2007 and that document speaks for itself. Except as specifically admitted, OAH denies the allegations in paragraph 18.

19. OAH admits that the administrative due process hearing for plaintiff was held October 16-19, 2007.

20. The November 20, 2007 decision signed by OAH ALJ Susan Ruff speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 20.

21. The November 20, 2007 decision signed by OAH ALJ Susan Ruff speaks for itself and United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 21.

22. The November 20, 2007 decision signed by OAH ALJ Susan Ruff speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 22.

23. The November 20, 2007 decision signed by OAH ALJ Susan Ruff speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 23.

24. OAH denies that there has been a "lack of governance of Defendant over the training, knowledge and ethics of the OAH ALJs" and that plaintiff "has no compensatory education because OAH's Decision does not comport with the law in that it delegates the provision of compensatory education to the IEP Team" in violation of federal law. OAH lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations regarding plaintiff in paragraph 24.

25. OAH admits that CDE is a public state agency with an office in Sacramento. OAH

ANSWER OF DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS    Case No. 08 CV0226 W AJB

3

admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 25.

26. OAH admits that the Contract speaks for itself. OAH lacks sufficient knowledge or information to form a belief as to how much money in federal funds is provided to CDE. Except as specifically admitted, OAH denies the allegations of paragraph 26.

27. OAH denies the allegations in paragraph 27.

28. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies the allegations in paragraph 28.

29. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and on that basis denies the allegations in paragraph 29.

30. OAH denies the allegations in paragraph 30.

31. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31, and on that basis denies the allegations in paragraph 31.

32. OAH denies the allegations in paragraph 32.

33. OAH denies the allegations in paragraph 33.

34. OAH denies the allegations in paragraph 34.

35. OAH denies the allegations in paragraph 35.

36. OAH denies the allegations in paragraph 36.

37. OAH denies the allegations in paragraph 37.

38. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 38.

39. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 39.

40. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 40.

41. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 41.

42. OAH admits that United States law speaks for itself. Except as specifically admitted,

1  OAH denies the allegations of paragraph 42.

43. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 43.

44. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 44.

45. OAH admits that prior to June 1, 2005, the Special Education Hearing Office of the McGeorge School of Law ("SEHO") conducted due process hearings and mediations. Except as specifically admitted, OAH denies the allegations of paragraph 45.

46. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies the allegations in paragraph 46.

47. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47, and on that basis denies the allegations in paragraph 47.

48. OAH denies the allegations in paragraph 48.

49. OAH admits that the Contract speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 49.

50. OAH admits that the website specified in paragraph 50 speaks for itself and is periodically updated. OAH admits that the Contract speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 50.

51. OAH admits that the website specified in paragraph 51 speaks for itself and is periodically updated. Except as specifically admitted, OAH denies the allegations of paragraph 51.

52. OAH admits that the website specified in paragraph 52 speaks for itself and is periodically updated. Except as specifically admitted, OAH denies the allegations of paragraph 52.

53. OAH denies the allegations in paragraph 53.

54. Responding to paragraph 54, OAH incorporates herein by this reference its responses to paragraphs 1 through 53, inclusive.

55. OAH admits that the quarterly reports found at www.oah.dgs.ca.gov speak for

ANSWER OF DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS            Case No. 08 CV0226 W AJB

5

1  themselves. Except as specifically admitted, OAH denies the allegations of paragraph 55.

2      56. OAH admits that the report for the time period July 1, 2005 - December 2005 found at

3  www.oah.dgs.ca.gov speaks for itself. Except as specifically admitted, OAH denies the

4  allegations of paragraph 56.

5      57. OAH admits that the quarterly report for January 1, 2006 - March 31, 2006 speaks for

6  itself. Except as specifically admitted, OAH denies the allegations of paragraph 57.

7      58. OAH admits that the quarterly report for April 1, 2006 - June 30, 2006 speaks for

8  itself. Except as specifically admitted, OAH denies the allegations of paragraph 58.

9      59. OAH denies the allegations in paragraph 59.

10      60. OAH admits that the quarterly report for July 1, 2006 - September 30, 2006 speaks for

11  itself. Except as specifically admitted, OAH denies the allegations of paragraph 60.

12      61. OAH admits that the quarterly report for October 1, 2006 - December 31, 2006 speaks

13  for itself. Except as specifically admitted, OAH denies the allegations of paragraph 61.

14      62. OAH admits that the quarterly report for January 1, 2007 - March 31, 2007 speaks for

15  itself. Except as specifically admitted, OAH denies the allegations of paragraph 62.

16      63. OAH admits that the quarterly report for April 1, 2007 - July 1, 2007 speaks for itself.

17  OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations

18  regarding how many and which cases plaintiff's counsel has filed and on that basis denies the

19  allegations in paragraph 63. Except as specifically admitted, OAH denies the allegations of

20  paragraph 63.

21      64. OAH admits that the quarterly report for July 1, 2007 - September 30, 2007 speaks for

22  itself. Except as specifically admitted, OAH denies the allegations of paragraph 64.

23      65. OAH admits that OAH took part in a meeting with OSEP. OAH admits that the OSEP

24  letter to Jack O'Connell speaks for itself. Except as specifically admitted, OAH denies the

25  allegations of paragraph 65.

26      66. OAH admits that the OSEP letter to Jack O'Connell speaks for itself. Except as

27  specifically admitted, OAH denies the allegations of paragraph 66.

28      67. OAH admits that the OSEP letter to Jack O'Connell speaks for itself. Except as

specifically admitted, OAH denies the allegations of paragraph 67.

68. OAH admits that the OSEP letter to Jack O'Connell speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 68.

69. Responding to paragraph 69, OAH incorporates herein by this reference its responses to paragraphs 1 through 68, inclusive.

70. OAH admits that the Contract speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 70.

71. OAH admits that OAH judges assigned to the Special Education Division occasionally preside over non-special education matters to provide training to those OAH judges. OAH admits that the Contract speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 71.

72. OAH admits that United States and California law speaks for themselves. Except as specifically admitted, OAH denies the allegations of paragraph 72.

73. OAH lacks sufficient knowledge on information to form a belief as to the truth of the allegations regarding plaintiff's counsel's conduct and on that basis denies the allegations in paragraph 73. Except as specifically admitted, OAH denies the allegations of paragraph 73.

74. OAH admits that the September 21, 2007 letter from Ellen Dowd to Hon. Judith Kopec speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 74.

75. OAH admits that the October 1, 2007 decision speaks for itself. OAH denies the remaining allegations in paragraph 75 based on the fact that Exhibit 16 is not a complete copy of the October 1, 2007 decision.

76. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 72 on pages 24-25.[1]

77. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 73 on page 25.

78. OAH admits that the November 20, 2007 decision speaks for itself. Except as

---

1. Plaintiff numbered the paragraphs incorrectly, and what should be paragraph 76 is a second paragraph 72. This problem continues through paragraph 75 on page 25.

specifically admitted, OAH denies the allegations of paragraph 74 on page 25.

79. OAH denies the allegations in paragraph 75 on page 25.

80. OAH admits that the documents speak for themselves. Except as specifically admitted, OAH denies the allegations of paragraph 76.

81. OAH admits that the December 7, 2007 letter speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 77.

82. OAH admits that United States and California law speak for themselves. Except as specifically admitted, OAH denies the allegations of paragraph 78.

83. OAH admits that United States and California law speak for themselves. Except as specifically admitted, OAH denies the allegations of paragraph 79.

84. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 80.

85. OAH denies the allegations in paragraph 81.

86. OAH admits that administrative law judges had prior experience in a variety of matters before becoming administrative law judges. OAH admits that California law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 82.

87. OAH admits that California law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 83.

88. OAH admits that California law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 84.

89. OAH denies the allegations in paragraph 85.

90. OAH admits that the contents of its website speak for itself. Except as specifically admitted, OAH denies the allegations of paragraph 86.

91. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87, and on that basis denies the allegations in paragraph 87.

92. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88, and on that basis denies the allegations in paragraph 88.

93. OAH admits that United States and California law speak for themselves. Except as

specifically admitted, OAH denies the allegations of paragraph 89.

94. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 90.

95. OAH admits that United States and California law speak for themselves. Except as specifically admitted, OAH denies the allegations of paragraph 91.

96. OAH admits that California law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 92.

97. OAH admits that United States and California law speak for itself. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding what other students and districts did. Except as specifically admitted, OAH denies the allegations of paragraph 93.

98. OAH admits that the November 9, 2007 decision speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 94.

99. OAH admits that its position is correct regarding the statute of limitations. OAH denies the remaining allegations in paragraph 95.

100. Responding to paragraph 96, OAH incorporates herein by this reference its responses to paragraphs 1 through 95, inclusive.

101. OAH admits that the State Personnel Board of the State of California decision dated March 9, 2004 speaks for itself. Except as specifically admitted, OAH denies the remaining allegations in paragraph 97.

102. OAH admits that the State Personnel Board of the State of California decision dated March 9, 2007 speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 98.

103. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99, and on that basis denies the allegations in paragraph 99.

104. OAH admits that the State Personnel Board of the State of California decision dated March 22, 2005 speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 100.

105. OAH lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101, and on that basis denies the allegations in paragraph 101.

106. OAH admits that the State Personnel Board of the State of California, dated March 22, 2005 speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 102.

107. OAH admits that an Interagency Agreement was signed with CDE. Except as specifically admitted, OAH denies the allegations of paragraph 103.

108. OAH admits that California law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 104.

109. OAH denies the allegations in paragraph 105.

110. Responding to paragraph 106, OAH incorporates herein by this reference its responses to paragraphs 1 through 105, inclusive.

111. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 107.

112. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 108.

113. OAH denies the allegations in paragraph 109.

114. OAH denies the allegations in paragraph 110.

115. OAH denies the allegations in paragraph 111.

116. OAH denies the allegations in paragraph 112.

117. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 113.

118. OAH denies the allegations in paragraph 114.

119. Responding to paragraph 115, OAH incorporates herein by this reference its responses to paragraphs 1 through 114, inclusive.

120. OAH admits that United States law speaks for itself. Except as specifically admitted, OAH denies the allegations of paragraph 116.

121. OAH admits that United States law speaks for itself. Except as specifically admitted,

1 | OAH denies the allegations of paragraph 117.

2 | 122. OAH admits that United States law speaks for itself. Except as specifically admitted,
3 | OAH denies the allegations of paragraph 118.

4 | 123. OAH denies the allegations in paragraph 119.

5 | 124. OAH denies the allegations in paragraph 120.

6 | 125. OAH denies the allegations in paragraph 121.

7 | 126. OAH denies the allegations in paragraph 122.

8 | 127. OAH denies the allegations in paragraph 123.

9 | 128. Responding to paragraph 124, OAH incorporates herein by this reference its responses
10 | to paragraphs 1 through 123, inclusive.

11 | 129. OAH admits that United States law speaks for itself. Except as specifically admitted,
12 | OAH denies the allegations of paragraph 125.

13 | 130. OAH admits that United States law speaks for itself. Except as specifically admitted,
14 | OAH denies the allegations of paragraph 126.

15 | 131. OAH admits that United States law speaks for itself. Except as specifically admitted,
16 | OAH denies the allegations of paragraph 127.

17 | 132. OAH denies the allegations in paragraph 128.

18 | 133. OAH denies the allegations in paragraph 129.

19 | 134. OAH denies the allegations in paragraph 130.

20 | 135. OAH denies the allegations in paragraph 131.

## ADDITIONAL DEFENSES

### ONE

The complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action.

### TWO

The complaint is barred by plaintiff's and alleged class members' failure to exhaust administrative remedies.

### THREE

OAH states that any actions it has taken with respect to plaintiff and alleged class members have been in good faith, have been reasonable and prudent, and have been consistent with all applicable legal and constitutional standards.

### FOUR

Plaintiff failed to meet the legal requirements to establish a class under Federal Rules of Civil Procedure Rule 23.

### FIVE

OAH denies that it has subjected plaintiff or alleged class members to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States or the State of California.

### SIX

There is no case or controversy in this action as required by Article III of the United States Constitution.

### SEVEN

Plaintiff's claims in this action are uncertain, vague, ambiguous, improper or unintelligible.

### EIGHT

Plaintiff's claims in this action are barred by the equitable doctrine of waiver, laches, unclean hands, and/or estoppel.

ACCORDINGLY, OAH prays as follows:

1. That judgment be entered in favor of OAH on the complaint as a whole, and on each cause of action therein, and that plaintiff take nothing by way of the complaint;
2. That the complaint, and each cause of action therein be dismissed with prejudice;
3. That OAH be awarded the costs, expenses, and attorneys' fees incurred in this action; and
4. That the Court grant OAH such additional relief as it deems proper.

ANSWER OF DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS   Case No. 08 CV0226 W AJB

12

Dated: April 28, 2008

          Respectfully submitted,

          EDMUND G. BROWN JR.
          Attorney General of the State of California

          CHRISTOPHER E. KRUEGER
          Senior Assistant Attorney General

          DOUGLAS J. WOODS
          Supervising Deputy Attorney General


          /s/ Susan K. Leach
          SUSAN K. LEACH
          Deputy Attorney General
          Attorneys for Ron Diedrich, in his official capacity as Director
          and Chief Administrative Law Judge of the State of California
          Office of Administrative Hearings

50253595.wpd
SA2008300685