Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California  92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency, et al.<br>Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br><br>DECLARATION OF ELLEN DOWD, ESQ. IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 4)<br><br>[FRCP 59(e); CivLR 7.1(i)(1)]<br><br>Date:  To Be Set<br>Time:  To Be Set<br>Judge: Hon. Thomas J. Whelan |

I, Ellen Dowd, declare as follows:

1.  I am an attorney admitted and in good standing in all of the state and federal Courts in the State of California, including this honorable court.

2.  I am attorney of record for Plaintiff herein, and make this declaration on behalf of Plaintiff, and all others similarly situated, meanings disabled students and their parents who have, through a special education due process hearing before OAH's ALJs, obtained less than complete relief sought, in support of Plaintiff's Motion For Reconsideration of Order Denying Plaintiff's Application For

Temporary Restraining Order (TRO), enjoining Defendant, "CDE" from renewing, awarding or otherwise contracting the Interagency Agreement for the provision of special education mediations and due process hearings for the term July 1, 2008- June 30, 2011 with OAH.

3. I have personal knowledge of the facts stated herein, and, if called as a witness, I could and would testify competently thereto.

4. On February 19, 2008 Plaintiff filed an Application For Temporary Restraining Order enjoining CDE from re-contracting with OAH for the upcoming Interagency Agreement under which federal funds are allocated to OAH to provide special education mediations and due process hearings to disabled student throughout the State of California.

5. Plaintiff attempted to maintain the status quo; to wit; to allow the current Interagency Agreement to expire on its own terms on June 30, 2008, which, in turn would require CDE to conduct the mediations and due process hearings itself, or contract with another agency or entity willing to abide by IDEA, and not violate it, as OAH has done during the past 2 ½ years, and continues to do.

6. In accordance with CivLR 7.1 (i)(1), I certify that the Application For Temporary Restraining Order was made on February 19, 2008, seeking relief from this Court and Honorable Thomas A. Whelan. After an extended Briefing Schedule wherein Opposition was filed on April 14, 2008, and Plaintiff's Reply was filed on April 21, 2008, an Order was issued on April 30, 2008 completely denying the relief sought. New facts, that were not extant at the time of Plaintiff's Application or Plaintiff's Reply now exist, which support the severity of the harm to disabled students, as well as give rise to additional authority in support of the Temporary Restraining Order.

7. Plaintiff timely filed this Motion For Reconsideration with ten (10) days of the Order (FRCP 59 (e)).

8. While two violations were raised in the initial Application were addressed by the Court in its Order: (1) Failure of CDE and OAH to publish a list of low-cost and no-cost attorneys and advocates and (2) violation of the 45-day timeline mandating that Decision be written and mailed within 45 days of filing the Due Process Hearing Request, 34 C.F.R. § 300.511(c), this Motion For Reconsideration is based upon the violation of the 45-day timeline.

9. On April 9, 2008, on behalf of my client, I made a Public records Ac Request to OAH requesting, "copies of any and all written requests, stipulations, waivers, orders, and/or any other documentation <u>generated</u> by OAH or <u>signed</u> by any OAH ALJ extending the deadline for issuance of a Decision in a special education due process proceeding from July 1, 2005 to present. As I am requesting these records for all cases, not only my cases, I have enclosed a check for $50.00, which should cover the costs of copying and any costs for redaction of students' names. I have enclosed a copy of a redacted Stipulation, which may serve as an example of the type of document I am seeking in response to this request." A true copy of this request is attached hereto as Exhibit "A".

10. To the Public Records Act Request, I attached an example of the type of document I was seeking copies of (Exhibit "B" hereto), and a personal check in the amount of $50.00 (Exhibit "C" hereto) representing copying costs for a total of 500 pages of documents at 10 cents per page (See Exhibit "D" hereto, page 2 for copying charge quote from OAH).

11. On April 24, 2008, after submitting Plaintiff's Reply, I received, via U.S. Mail, a response to my Public Records Act Request from OAH (Exhibit "E" hereto) returning my $50.00 check, and requesting that I narrow or otherwise clarify my request due to, "the potential <u>production</u> of a huge volume of material that is unduly burdensome." (Emphasis supplied).

12. This indicates that there may be many more documents generated by OAH similar to exhibit "B" hereto.

13. Rather than "allegations of relatively minor violations" as the Court interprets this to be (Order, pp. 5-6 fn. 3), this is a per se violation, which, even if it happens only once is not relatively minor.

14. As seen in the accompanying Memorandum of Points and Authorities, there is no justification for CDE to allow OAH to blatantly violate IDEA, and concomitantly, deny a free, appropriate public education to disabled students, such as Plaintiff herein. Similarly, there is no reason for the Court to minimize this unlawful conduct, or to suggest that Equal protection would not require a balancing in disabled students' favor.

15. While it is clear from the Order that IDEA is Spending Clause legislation, however, however, this is not a "no strings attached" funding act.

16. On February 2, 2007, in a letter to Jack O' Connell by the United States Office of Special Education Programs (OSEP) after its verification visit in October, 2006, OSEP addressed the consequences of continued failure of CDE and OAH to comply with the 45-day timeline (Exhibit 4, page 15, to Declaration of Ellen Dowd, Esq. in Reply to Opposition to TRO), as "Failure to demonstrate compliance at that time [February 1, 2008] may affect the State's status under section 616(d) of the IDEA."

17. On February 1, 2008, CDE reported to OSEP, "100 percent of due process hearing requests were fully adjudicated within the 45-day timeline that was properly extended by the hearing officer at the request of either party." (Exhibit 5, p. 4 to Declaration of Ellen Dowd, Esq. in Reply to Opposition To Application For Temporary Restraining Order).

18. Plaintiff has submitted evidence, such as party admissions in documents that OAH and CDE are still in violation of the 45-day rule, despite CDE's false report of "100 % compliance." Plaintiff has submitted Exhibit "B" hereto, Exhibit "E" hereto, as well as the Decision (Exhibit 2 to Complaint), evidencing extended timelines, at the ALJ's request, not the parties.

08 CV 0226 W (AJB)
Declaration Of Ellen Dowd, Esq. In Support Plaintiff's Motion For Reconsideration Of Order Denying TRO

4

19. Rather than suffer the severe penalties described in the February 2, 2007 OSEP letter, the Temporary Restraining Order seeks to avoid such penalties by requiring CDE to contract with an agency that will abide by the law.

20. Another three years of said denial of FAPE, whether condoned by the State or the judiciary, constitutes a breach of public funding and of public trust, and should not be allowed.

21. Based upon the evidence, the Order should be reconsidered, and the TRO should issue.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on May 9, 2008 at San Diego, California.

_____
Ellen Dowd

08 CV 0226 W (AJB)
Declaration Of Ellen Dowd, Esq. In Support Plaintiff's Motion For Reconsideration Of Order Denying TRO

5

EXHIBIT 'A'

**Ellen Dowd**
**Attorney At Law**
**State Bar # 141206**
**Special Education Legal Center**
**2658 Del Mar Heights Road #228**
**Del Mar, California 92014**
**(Tel) 858-342-8360  (Fax) 858-755-6348**

April 9, 2008

Phoenix R. Vigil
Public Records Review Officer
Office of Administrative Hearings
2349 Gateway Oaks Drive
Suite 200
Sacramento, California 92833-4321              <u>Via U.S. Mail</u>

RE: C.S. by and through Mary Struble v. Fallbrook Union High School District

Dear Ms. Vigil:

In accordance with Public Records Act, California Government Code §6250 et seq. please provide me with copies of any and all written requests, stipulations, waivers, orders, and/or any other documentation <u>generated</u> by OAH or <u>signed</u> by any OAH ALJ extending the deadline for issuance of a Decision in a special education due process proceeding from July 1, 2005 to present.

As I am requesting these records for all cases, not only my cases, I have enclosed a check for $50.00, which should cover the costs of copying and any costs for redaction of students' names. I have enclosed a copy of a redacted Stipulation, which may serve as an example of the type of document I am seeking in response to this request.

Please provide these documents within the statutory time. Thank you.

Very truly yours,

Ellen Dowd

Encls.

EXHIBIT 'B'

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
SPECIAL EDUCATION DIVISION
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of: | OAH CASE NO. N2007080145 |
| EMILY ANNE WOOLEY, | |
| Petitioner, | **STIPULATION TO EXTEND TIME FOR DECISION** |
| V. | |
| VALLEY CENTER-PAUMA UNIFIED SCHOOL DISTRICT, | |
| Respondent. | |

The parties herein, by their attorneys, hereby stipulate to waive the 45 day time limit for the Administrative Law Judge to issue his decision and agree that the decision will be due December 17, 2007.

Dated: November 29, 2007

_Ellen Dowd_
Ellen Dowd, Esq.
Special Education Legal Center
Attorney for Emily Anne Wooley

Peter A. Sansom
Lozano Smith
Attorneys for Valley Center-Pauma
Unified School District

# EXHIBIT 'C'

Case 3:08-cv-00226-W-AJB    Document 48-2    Filed 05/09/2008    Page 10 of 17



EXHIBIT 'D'



OFFICE OF ADMINISTRATIVE HEARINGS

State of California

2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833-4231
General Jurisdiction – (916) 263-0550 phone / (916) 263-0554 fax
Special Education – (916) 263-0880 phone / (916) 263-0890 fax
www.oah.dgs.ca.gov

Department of General Services

February 7, 2008

*Via facsimile transmission and U.S. Mail*

Ellen Dowd
Special Education Legal Center
2658 Del Mark Heights Road, #228
Del Mar, CA 92014
Fax: 858-755-6348

Re: Public Records Act Request – 08-004

Dear Ms. Dowd:

I am in receipt of your Public Records Act request received on January 28, 2008.

With regard to Request Nos. 1 and 2, the Office of Administrative Hearings (OAH) is in the process of gathering and reviewing documents that may be responsive to your request. However, we require a brief extension of time to respond to these items due to the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; the need for consultation, which shall be conducted with all practicable speed, with another agency having substantial interest in the determination of the request or among two or more components of the agency having substantial subject matter interest therein; and the need to compile data, to write programming language or a computer program, or to construct a computer report to extract data. We anticipate that we will be able to provide you with a written determination on or before February 21, 2008.

With regard to Request No. 3, we have identified training materials; however, many of these materials are generated by third-party providers and many or all of these materials are also protected by copyright. Even if such materials were considered public records within the meaning of the Act, we believe such records are exempt pursuant to Government Code section 6255. The public interest served by not disclosing the records clearly outweighs the public interest served by disclosure of the records. If outside vendors knew their publications and materials would be subject to dissemination under a Public Records Act request, the State's ability to contract with these vendors would substantially diminish. Vendors invest substantial time and resources creating and teaching the materials; their materials include notices forbidding reproduction and release of these may subject the State to legal action. We also do not believe the Act was intended to require the State to utilize taxpayer resources to become a free distributor of third-party proprietary party

---

**Regional Offices**

| Los Angeles | Oakland | San Diego | Laguna Hills | Van Nuys |
|---|---|---|---|---|
| 320 West Fourth Street | 1515 Clay Street | 1350 Front Street. | 23046 Avenida De La Carlota | 15350 Sherman Way |
| Suite 630 | Suite 206 | Suite 6022 | Suite 750 | Suite 300 |
| Los Angeles, CA 90013 | Oakland, CA 94612 | San Diego, CA 92101 | Laguna Hills, CA 92653 | Van Nuys, CA 91406 |
| (213) 576-7200 | (510) 622-2722 | (619) 525-4475 | (949) 598-5850 | (818) 904-2383 |
| Fax (213) 576-7244 | Fax (510) 622-2743 | Fax (619) 525-4419 | Fax (949) 598-5860 | Fax (818) 904-2360 |

Ellen Dowd
February 7, 2008
Page 2

---

materials such as training materials, codes, or other outside resources, when the public may request and appropriately pay for such materials directly through their publisher.

We will provide documentation showing the names and authors of the copyrighted publications. We intend to produce records responsive to this request, including training materials published by OAH and any other state entities. We do not intend to produce training materials produced by third parties for the reasons set forth above. We estimate that a page count of this material will be available on or before February 21, 2008.

Please note that if documents are found that are responsive to your request, you will be required to submit payment in advance for the reproduction costs only, at the rate of $0.10 per page. If you have any questions in the meantime, please feel free to contact me directly at (916) 263-0584.

Sincerely,

*[signature]*

PHOENIX R. VIGIL
Public Records Review Officer
Office of Administrative Hearings

EXHIBIT 'E'



**Office of Administrative Hearings**
2349 Gateway Oaks Drive, Suite 200
Sacramento, CA 95833

Ellen Dowd
Special Education Legal Center
2658 Del Mark Heights Road, #228
Del Mar, CA 92014



FIRST CLASS



$00.41
MAILED FROM ZIP CODE 95814
APR 21 2008



OFFICE OF ADMINISTRATIVE HEARINGS

State of California

2349 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833-4231
General Jurisdiction – (916) 263-0550 phone / (916) 263-0554 fax
Special Education – (916) 263-0880 phone / (916) 263-0890 fax
www.oah.dgs.ca.gov

Department of General Services

April 21, 2008

Ellen Dowd
Special Education Legal Center
2658 Del Mark Heights Road, #228
Del Mar, CA 92014

Re: Public Records Act Request – 08-023

Dear Ms. Dowd:

I am in receipt of your Public Records Act request received on April 11, 2008, in which you request "copies of any and all written requests, stipulations, waivers, orders, and/or any other documentation generated by OAH or signed by any OAH ALJ extending the deadline for issuance of a Decision in a special education due process proceeding from July 1, 2005 to present," and enclose a check for $50.00.

For the following reasons we are denying your request. The Office of Administrative Hearings has adjudicated approximately 9,000 cases since July 1, 2005. This request is vague and ambiguous, and not focused nor specific. (*Rogers v. Superior Court* (1993) 19 Cal.App.4th 469, 481). In order to facilitate this request, the Office of Administrative Hearings would have to locate and review possibly tens of thousands of records maintained by the three Special Education offices of the Office of Administrative Hearings and the State Archives to determine whether they are responsive to your request, and if so, which exemptions, if any, may apply. Further, this request is overly broad and unduly burdensome. (*American Civil Liberties Union v. Deukmejian* (1982) 32 Cal. 3d. 440, 453). Accordingly, before we begin an unnecessary search for a "needle in a haystack" or, conversely, the potential production of a huge volume of material that is unduly burdensome (*Ibid.*; *California First Amendment Coalition v. Superior Court* (1998) 67 Cal.App.4th 159, 166), we request that you narrow or otherwise clarify your request. Please feel free to contact us if we can be of assistance in this regard.

Enclosed please find your check for $50.00.

Sincerely,

PHOENIX R. VIGIL
Public Records Review Officer
Office of Administrative Hearings

---

Regional Offices

---

| Los Angeles | Oakland | San Diego | Laguna Hills | Van Nuys |
|---|---|---|---|---|
| 320 West Fourth Street | 1515 Clay Street | 1350 Front Street | 23046 Avenida De La Carlota | 15350 Sherman Way |
| Suite 630 | Suite 206 | Suite 6022 | Suite 750 | Suite 300 |
| Los Angeles, CA 90013 | Oakland, CA 94612 | San Diego, CA 92101 | Laguna Hills, CA 92653 | Van Nuys, CA 91406 |
| (213) 576-7200 | (510) 622-2722 | (619) 525-4475 | (949) 598-5850 | (818) 904-2383 |
| Fax (213) 576-7244 | Fax (510) 622-2743 | Fax (619) 525-4419 | Fax (949) 598-5860 | Fax (818) 904-2360 |