Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California  92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency, et al.<br>Defendant. | CASE NO.:  08 CV 0226 W (AJB)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 4)<br><br>[FRCP 59(e); CivLR 7.1(i)(1)]<br><br>Date:  To Be Set<br>Time:  To Be Set<br>Judge: Hon. Thomas J. Whelan |

I.

## PRELIMINARY STATEMENT

Plaintiff files a Motion For Reconsideration of Order Denying Plaintiff's Application For Temporary Restraining Order dated April 30, 2008, along with a request that the ruling on the Motion be expedited.

The Order of the Court is not a final Order. The Court has inherent authority to modify, grant, dissolve or reconsider the injunction at any time. *A & M Records, Inc. v. Napster, Inc.* 284 F. 3d 1091, 1098 (9th Cir. 2002).

Any party affected by an order granting, denying, dissolving or modifying an injunction has standing to appeal. *United States v. Alisal Water Corp.*, 431 F 3d 643, 661 (9th Cir. 2005).

A timely motion for reconsideration of the Order granting or denying a preliminary injunction tolls the time for appeal from the original Order. FRCP 54 (a). *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F. 2d 1415, 1419 (9th Cir. 1984).

A motion for reconsideration is timely filed within 10 days of the entry of the Order (FRCP 59(e)).

Plaintiff requests that the Court *sua sponte* reconsider the Order and issue the TRO on the basis of this Motion. Alternatively, Plaintiff requests that the Court set an expedited Briefing Schedule.

II.

## ARGUMENT

### A. Legal Standard For Motion For Reconsideration

Although the FRCP do not expressly authorize a motion for reconsideration, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to entry of judgment. *Smith v. Massachusetts,* 543 U.S. 462, 475, 125 S. Ct. 1129, 1139 (2005). A motion for reconsideration under FRCP Rule 59(e)

1  may be brought to reflect new evidence not available at the time of hearing.
2  *Zinkand v. Brown,* 478 F. 3d 634, 636-37 (4th Cir. 2007).
3      Here, newly discovered evidence renders the Order "clearly erroneous" in its
4  depiction of the violation of the 45-day rule as "relatively minor violation," when
5  this is an ongoing violation which may result in the loss of federal funding to all
6  disabled students in the State of California. (See accompanying Declaration of
7  Ellen Dowd, Esq., paragraphs 15-19).
8      Exhibit "E" to the Declaration of Ellen Dowd, Esq. was generated by OAH,
9  and received by Plaintiff's counsel after the Plaintiff's Application and Reply were
10 filed. Plaintiff made a Public Records Act Request to OAH on April 9, 2008 for,
11 "copies of any and all written requests, stipulations, waivers, orders, and/or any
12 other documentation <u>generated</u> by OAH or <u>signed</u> by any OAH ALJ extending the
13 deadline for issuance of a Decision in a special education due process proceeding
14 from July 1, 2005 to present." (Declaration of Ellen Dowd, Ex. A). Rather than
15 refuting that any other OAH-generated extension requests exist, and rather than
16 declaring that this one and only OAH-generated Stipulation To Extend Time For
17 Decision was issued in error, OAH's response to Public Records Act Request was
18 to declare that "the potential <u>production</u> of a huge volume of material that is
19 unduly burdensome." (Emphasis supplied). The $50.00 check sent to OAH to
20 cover the cost of reproduction of records would have covered 500 pages of records.
21 OAH returned the check. Is this to say that there are more then 500 pages of
22 similar, unlawful extensions of the 45-day timeline?
23     **B.**     <u>**Compliance With the 45-Day Timeline Is A Requirement For**
24 **Federal Funding.**</u>
25     Congress envisioned that compliance with the procedures set forth in IDEA
26 would ensure that children with disabilities were accorded a free, appropriate
27 public education. *Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,*
28 458 U.S. 176, 205-06, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982), See, *Blackman v.*

*District of Columbia,* 277 F. Supp. 2d 71, 78 (D.D.C. 2003), noting that "the procedural due process protections included by Congress in the IDEA are of critical importance to effectuating the goals of the statute."

Failure to meet statutory timelines for due process hearings has been held to further deny FAPE to a child. *Massey v. Dist. Of Columbia,* 400 F. Supp. 2d 66 (D.C. Cir. 2005). In both *Massey* and *Blackman,* the courts found that failing to comply with the procedural requirements of IDEA, including exceeding the 45-day timeline for a due process hearing, contributed to a denial of FAPE. *Massey, supra,* 400 F. Supp. 2d at 74; *Blackman, supra,* 308 F. Supp. 2d at 145.

Furthermore, the Federal Office Of Special Education Programs )(OSEP), the federal administrative agency charges with providing advice to States as to the implementation of IDEA, has advised as to the 45-day timeline that, "[f]ailure to meet the timelines in 34 C.F.R § 300.512 (currently 300.515) is a violation of Part B [of IDEA]." *Letter to Kerr,* Office of Special Education Programs, September 6, 1994 (See, accompanying Plaintiff's Request For Judicial Notice, Ex. 1).

Rather than mere "best practices," this is a *per se* mandate for which the consequences for violations are clearly stated in IDEA regulations, as cited in the 2/2/07 OSEP letter to Jack O'Connell, "[by] February 1, 2008, the State must submit data demonstrating compliance with the due process hearing requirements of 34 C.F.R. §300.515(a) and (c) of the final Part B regulations. Failure to demonstrate compliance at that time may affect the State's status under section 616(d) of IDEA."

The Court should not minimize the unlawful actions of CDE and OAH. But for CDE's flagrant lie to OSEP on February 1, 2008 that, "100 percent of due process hearing requests were fully adjudicated within the 45-day timeline that was properly extended by the hearing officer at the request of either party" (Exhibit 5, p. 4 to Declaration of Ellen Dowd, Esq. in Reply to Opposition To Application For Temporary Restraining Order), OSEP may already have taken regulatory action.

## III

## CONCLUSION

Plaintiff's exhibits are not "mere allegations," they are evidence. Based upon new evidence, continuing harm to disabled students, and the equities of the parties and circumstances, the Order Denying Plaintiff's Application For Temporary Restraining Order, should be reconsidered *sua sponte*, and the TRO should immediately issue.

Alternatively, the Court should set an expedited Briefing Schedule to reconsider this Order.

Dated: May 9, 2008

Respectfully submitted,

*/s/ Ellen Dowd*

Ellen Dowd, Attorney for Plaintiff, C.S.