Ellen Dowd, Esq.
State Bar Number 141206
2658 Del Mar Heights Road #228
Del Mar, California 92014
(858) 342-8360
Fax (858) 755-6348
ellendowd@sbcglobal.net

**Attorney for Plaintiff, C.S**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency, et al.<br>Defendant. | CASE NO.: 08 CV 0226 W (AJB)<br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>[Fed. R. of Evid. 201]<br><br>Date: To Be Set<br>Time: To Be Set<br>Judge: Hon. Thomas J. Whelan |

This request is brought pursuant to Federal Rules of Evidence 201(b), which requires the Court to tale judicial notice of federal regulations, advisory opinions, interagency agreements, because their accuracy is not subject to reasonable dispute.

Plaintiff submits the following document for judicial notice:

1. Letter to Kerr, 22 IDELR 364 (OSEP 1994).

Dated: May 9, 2008                     Respectfully submitted,

_[signature]_
Ellen Dowd, Attorney for Plaintiff, C.S.

EXHIBIT '1'

Case 3:08-cv-00226-W-AJB   Document 48-4   Filed 05/09/2008   Page 2 of 6

**22 IDELR 364**
22 LRP 3083

*Letter to Kerr*

**Office of Special Education Programs**

**September 6, 1994**

**Related Index Numbers**

490.010 Timeliness, Due Process Hearings
160.005 Due Process Hearings, Abatement/Adjournment/Delay
390.013 Procedural Safeguards, Due Process Hearings

**Case Summary**

Does a public agency's failure to issue a due process hearing decision within 45 days after the receipt of a request for a hearing violate 34 CFR 300.512?

A public agency's failure to issue a due process hearing decision within 45 days after the receipt of a request for a hearing violates 34 CFR 300.512. As a part of its general supervisory responsibilities, a state department of education must ensure that Part B's procedural safeguard requirements, including the timeline requirements of 34 CFR 300.512, are established and implemented by the public agencies in the state. However, a hearing officer can grant specific extensions of time beyond the 45-day timeline at the request of either party, but cannot extend the timeline upon his or her own initiative, or urge a party to request an extension.

**Judge / Administrative Officer**

Thomas Hehir, Director

**Full Text**

Ms. Sonja D. Kerr

Attorney At Law

790 Cleveland Avenue South

Suite 214

St. Paul, Minnesota 55116

**Text of Response**

I am writing in response to your letters of May 12 and 17, and June 4, 1994 to Ms. Debra Sturdivant, of my staff, in which you registered formal complaints under Part B of the Individuals with Disabilities Education Act (Part B) regarding delays in the timelines for due

Case 3:08-cv-00226-W-AJB   Document 48-4   Filed 05/09/2008   Page 4 of 6
Case 5:06-cv-04694-JF   Document 19-3   Filed 10/19/2006   Page 2 of 4

Page 2 of 4

process hearing proceedings.

In your May 12 letter you explained that Minnesota has a two-tier hearing system and the only presently available list of first-tier hearing officers is that issued by the Minnesota Office of Administrative Hearings (OAH). You also enclosed in your correspondence, a letter that OAH sent indicating some of the reasons contributing to delays, such as delays in referrals of hearing requests by school districts, and indicating some of the actions that OAH would take to meet the 45-day timeline. One of these proposals was for hearing officers to limit the number of hearing days allowed for each hearing. You have asked the Office of Special Education Programs (OSEP) whether OAH can limit the number of days for a due process hearing.

Your May 17 letter alleges that in the case of [ ] v. ISD [ ], the public agency did not ensure that a hearing decision was issued within 45 days, unless the hearing officer granted a party's request for an extension. On June 4, 1994, you filed a third complaint with this Office alleging violations in the scheduling of a due process hearing in the case of [ ] v. ISD [ ].

You have specifically asked OSEP's advice on whether: (1) the failure to issue a decision within 45 days violates 34 CFR § 300.512; (2) it is the responsibility of the school district, the Office of Administrative Hearings or the Minnesota Department of Education's (MDE) to ensure that the decision is rendered 45 days from the date of the request for the hearing; (3) it is the responsibility of the school district, the hearing officer, or MDE to advise the parent or student of the date when a decision will be rendered, in those instances when the hearing decision will be issued beyond the 45 day timeline; and (4) Minnesota's statutory scheme, which requires that parties appeal level I hearing decisions within 30 days, violates Part B.

MDE has established a two-tier due process system in which the initial hearing is conducted by the public agency directly responsible for the education of the child who is the subject of the hearing and MDE is responsible for conducting an impartial review of the hearing decision if a party appeals. Therefore, both the public agency and MDE are responsible for ensuring hearings are conducted in accordance with the Part B requirements.

The Part B regulations require that the public agency must ensure that not later than 45 days after the receipt of a request for a hearing, a final decision is reached and a copy of the decision is mailed to each of the parties. 34 CFR § 300.512(a). The 45 day timeline commences on the date the public agency receives the request for the hearing. Each public agency, not just the Office of Administrative Hearings, must keep a list of the persons who serve as hearing officers. 34 CFR § 300.507(c). Part B does not mandate a specific number of days for conducting a due process hearing. This determination must be made on a case by case basis at the discretion of the hearing officer. A hearing officer may limit the number of days of a hearing (e.g. by excluding redundant or irrelevant evidence or by denying a request for an extension) so long as the parties are provided the hearing rights required by Part B. 34 CFR §§ 300.508. A hearing officer may grant specific extensions of time beyond the 45 day timeline at the request of either party, but cannot extend the timeline on his or her own initiative, or pressure a party to request an extension. 34 CFR § 300.512(c). However, in circumstances where a full and fair hearing requires additional evidence and it cannot be immediately secured or the schedule of

Case 3:08-cv-00226-W-AJB   Document 48-4   Filed 05/09/2008   Page 5 of 6
Case 5:06-cv-04694-JF   Document 19-3   Filed 10/19/2006   Page 3 of 4

Page 3 of 4

parties or counsel requires a continuance, a party may wish to request a specific extension. If a hearing officer grants a specific extension of time, it is the responsibility of the hearing officer to notify the parties that an extension has been granted and inform them of the specific date the final decision will be rendered.

MDE must ensure that not later than 30 days after the receipt of a request for a review, a final decision is reached and a copy of the decision is mailed to each of the parties. 34 CFR § 300.512(b). A review officer may grant specific extensions of time beyond the 30 day timeline at the request of either party. 34 CFR § 300.512(c).

Minnesota Statute 120.17(3b)(g) provides that any local decision may be appealed to the hearing review officer within 30 calendar days of receipt of that written decision. This State statute is not inconsistent with the Federal requirements. Timelines for appealing local hearing decisions are not addressed in the Part B regulations.

Thirty calendar days is a reasonable time limit to afford parties to a hearing to decide whether to seek State level administrative review and does not infringe on a parent's right to a decision.

Failure to meet the timelines in 34 CFR § 300.512 is a violation of Part B. As part of its general supervisory responsibility, MDE is responsible for ensuring that Part B's procedural safeguard requirements, including the timeline requirements of § 300.512, are established and implemented by the public agencies in the State. 34 CFR §§ 300.501 and 300-600(a)(2)(ii). Therefore, you will note from the enclosed letter that we have forwarded your complaints to MDE, and have requested that agency to take action to resolve the complaint, in accordance with the "State Complaint Procedures" applicable to Part B. These requirements are included in the regulations for Part B, at 34 CFR §§ 300.660-300.662.

These regulations require that, within 60 calendar days of receiving your complaint, MDE must provide you with a written decision that addresses each allegation in the complaint, and contains (1) findings of fact and conclusions, and (2) the reasons for the final decision. We have asked MDE to provide us with a copy of its written decision.

To obtain more information about the resolution of your complaint, you should contact:

**Ms. Adele W. Ciriacy**

**Minnesota Department of Education**

**809 Capitol Square Building**

**550 Cedar Street**

**St. Paul, Minnesota 55101**

OSEP has scheduled a monitoring review of MDE which will include an on-site visit during the week of September 26---30, 1994. The purpose of our visit is to assess the administration and implementation of Part B for which the State has direct responsibility. Our activities will include a review of records of due process hearings, including records of

Case 3:08-cv-00226-W-AJB    Document 48-4    Filed 05/09/2008    Page 6 of 6
Case 5:06-cv-04694-JF    Document 19-3    Filed 10/19/2006    Page 4 of 4

Page 4 of 4

compliance with timelines applicable to hearings, complaints and other materials related to the operation of programs for children with disabilities in Minnesota.

We hope that you find this information to be helpful. If we can be of further assistance, please feel free to call OSEP's State Contact for Minnesota, Ms. Debra Sturdivant at (202) 205-8038.

Thomas Hehir

Director

Office of Special Education Programs

**Regulations Cited**

34 CFR 300.512
34 CFR 300.507(c)
34 CFR 300.512(a)
34 CFR 300.508
34 CFR 300.512(c)
34 CFR 300.512(b)
34 CFR 300.501
34 CFR 300.600(a)(2)(ii)