MARSHA A. BEDWELL, State Bar No. 094860
General Counsel
AMY BISSON HOLLOWAY, State Bar No. 163731
Assistant General Counsel
GABRIEL C. VIVAS, State Bar No. 092434
Deputy General Counsel
California Department of Education
1430 N Street, Room 5319
Sacramento, CA 95814
Telephone:  (916) 319-0860
Facsimile:   (916) 319-0155
gvivas@cde.ca.gov

Attorneys for Defendants

Attorneys for Defendant California Department of Education

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, et al., <br><br> Plaintiff, <br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. **08-CV-0226 W (AJB)** <br><br> **DEFENDANT CALIFORNIA DEPARTMENT OF EDUCATION'S EARLY NEUTRAL EVALUATION STATEMENT** |

## INTRODUCTION

Defendant, California Department of Education (CDE), submits this statement in response to this Court's Order and in response to "Plaintiff's Settlement Brief."[*sic.*] By this action, plaintiffs are attempting to thwart execution of an interagency agreement (IA) between two independent state agencies, CDE and the California Office of Administrative Hearings (OAH).  The IA would authorize OAH to continue holding special education due process hearings and mediations though 2011.

As shown in the Court's ruling rejecting plaintiffs' Temporary Restraining Order request, plaintiffs' case may be described charitably as meritless. Moreover, the facts counsel alleges that constitute "new evidence" in support of a motion for reconsideration are simply unfounded. Together with the enormously harmful consequences to special education students were the IA not to be timely executed, plaintiffs' compromise offer in plaintiffs' "Settlement Brief" leaves no room for settlement.

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MAIN ALLEGATIONS

There is no legal or factual basis to support plaintiffs' case. Plaintiffs have failed to state a claim upon which relief may be granted. Further, plaintiffs have failed to show they have standing; plaintiffs have failed to show they will be able to satisfy the requirements for class certification as required by Rule 23; plaintiffs have failed to exhaust administrative remedies. Moreover, plaintiffs' current allegations concerning falsified reports are completely unfounded in fact. Essentially, there is no merit whatsoever to plaintiffs' case.

The "Individuals with Disabilities Education Improvement Act in 2004" (IDEA) 20 U.S.C. §§ 1400 *et seq*., and its implementing regulations, 34 C.F.R. sections §§ 300.1 *et seq*., provide procedural and substantive standards for ensuring that students with special needs receive a free appropriate public education (FAPE). 20 U.S.C. § 1412(a)(1). Whenever a local educational agency (LEA) proposes or refuses to initiate or change the identification, evaluation, or educational placement of a child, IDEA gives the child's parents the right to challenge the result by requesting an administrative "due process hearing" before an *independent and impartial* hearing officer. 20 U.S.C. § 1415(f); CAL. ED. CODE §§ 56501 et seq.; 34 C.F.R. §§ 300.506, 300.507, and 300.508. The IDEA also requires states to provide opportunity for parents and school officials to engage in mediations and requires states to provide both an opportunity for mediation in addition to due process hearings. 20 U.S.C. § 1415(d); 20 U.S.C. § 1415(f).

To satisfy that requirement and applicable state law, CDE must enter into an interagency agreement or contract with a non-profit entity to conduct special education mediation and due process hearings. 20 U.S.C. § 1415(a); CAL. ED. CODE § 56504.5(a). CDE and OAH entered into such an

interagency agreement in May 2005 wherein OAH was to provide due process hearings and mediation services for special education students. *Plaintiffs' Complaint Pars.3-6*. The agreement remains in place but is due to expire by its own terms on June 30, 2008. *Id*. To ensure continued compliance with federal laws and regulations, CDE and the OAH are in the process of negotiating an interagency agreement that would become operative commencing on the close of business June 30, 2008.

## PLAINTIFFS' CLAIMS REGARDING CDE MISREPRESENTATIONS TO THE U.S. OFFICE OF SPECIAL EDUCATION ARE UNFOUNDED

Plaintiffs claim that the CDE "misrepresented" to the United States Department of Education's Office of Special Education Programs (OSEP) the actual number of cases decided within "the statutory 45-day timeline." *Plaintiffs' Complaint Par. 15*. Plaintiffs assert that CDE reported 100% compliance. Based on that alleged misrepresentation, plaintiffs filed a motion for reconsideration of the Court's order denying a TRO. Plaintiffs' claim is completely groundless.

Nowhere in the relevant section of the report referenced by plaintiffs does CDE say it has achieved 100% compliance. Rather, in a text box titled "Measure and Rigorous Target" (emphasis added) the report says: "One hundred percent of due process hearing requests will be fully adjudicated within the 45-day timeline or a timeline that is properly extended…" (http://www.cde.ca.gov/sp/se/qa/documents/apr0506.doc, p. 102.) As seen by the language following the text box, the statement means that CDE's target is 100% compliance, which was the goal CDE reported to OSEP. Nowhere did CDE assert that OAH had met that goal as of the date of the report.

## RESPONSE TO PLAINTIFFS' SETTLEMENT CONDITIONS

Plaintiffs outline a set of four conditions as "the only manner in which this case could be settled…" CDE cannot accept any of the conditions.

The first condition, that the IA will specify that Administrative Law Judges (ALJs) will strictly comply with the 45 day limit in each and every case, would be surplasage. The interagency agreement

requires OAH comply with all applicable federal and state law. Also, parties already have a remedy where the deadline is missed and there is resulting prejudice; parties can seek relief in federal court.

Condition number two is that this Court retain jurisdiction for enforcement. CDE cannot accept what amounts to a judgment against it, particularly in light of plaintiffs' inability to show they have a prosecutable case against defendants.

CDE is not in a position to accept plaintiffs' third condition. First, there has been no showing that OAH closes its operations for two weeks in order to provide training. There is no legal provision allowing OAH to extend the 45-day timeline to train ALJs. Finally, there has been no showing that training has had any effect on deadlines.

Lastly, plaintiffs demand payment of reasonable attorney's fees. A prevailing party is entitled to fees under 20 U.S.C. § 1415(i)(3)(B)(i). For plaintiffs to suggest they are a "prevailing party" in this matter reflects astonishing impudence.

Rather than agree to pay attorneys' fees, CDE may consider moving the Court for attorneys' fees from plaintiffs based upon *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412. In that case the Supreme Court held that a prevailing defendant may recover attorneys' fees from the plaintiff in a Title VII case if "a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978); That concept was recently applied by the court to IDEA cases in *Hawkins v. Berkeley Unified School Dist.,* 2008 WL 681880, (N.D. Cal. March 11, 2008) (NO. C-07-4206 EMC). There, the court ruled that the *Christiansburg* holding is applicable to IDEA cases ("As is clear from the language above, an educational agency is not automatically entitled to fees simply because it prevails in an IDEA case; rather, something more must be shown--e.g., that the parent's administrative complaint was frivolous, unreasonable, or without foundation.").

Lastly, based upon the above and other considerations, CDE has not engaged in settlement negotiations.

///

///

///

## CONCLUSION

There is no reason for CDE to offer any settlement or agree to a compromise where plaintiffs have failed to show any evidentiary or legal validity to their suit. CDE cannot agree to any of the conditions offered by plaintiffs and has none to offer.

Dated: May 21, 2008                                  Respectfully submitted,

                                                              MARSHA A. BEDWELL
                                                              General Counsel
                                                              AMY BISSON HOLLOWAY
                                                              Assistant General Counsel

                                      By:    __/s/_____
                                                              GABRIEL C. VIVAS
                                                              Deputy General Counsel

                                                              Attorneys for Defendant