EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
DOUGLAS J. WOODS
Supervising Deputy Attorney General
SUSAN K. LEACH, State Bar No. 231575
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone: (213) 897-2105
  Fax: (213) 897-1071
  Email: Susan.Leach@doj.ca.gov

Attorneys for Ron Diedrich, in his official capacity as
Director and Chief Administrative Law Judge of the
State of California Office of Administrative Hearings

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.S., by and through his Conservator, MARY STRUBLE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, a State Agency,<br><br>Defendant. | Case No.: 08 CV0226 W AJB<br><br>OPPOSITION TO MOTION FOR RECONSIDERATION BY DEFENDANT RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIRECTOR AND CHIEF ADMINISTRATIVE LAW JUDGE OF THE STATE OF CALIFORNIA OFFICE OF ADMINISTRATIVE HEARINGS<br><br>Hearing: June 2, 2008<br>Judge: The Honorable Thomas J. Whelan |

Defendant Ron Diedrich, in his official capacity as Director and Chief Administrative Law Judge of the State of California Office of Administrative Hearings ("OAH") respectfully submits the following memorandum in opposition to plaintiff's motion for reconsideration of this Court's denial of plaintiff's motion for a temporary restraining order.

## INTRODUCTION

Plaintiff's motion for a temporary restraining order enjoining the California Department of

OPPOSITION TO MOTION FOR RECONSIDERATION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIR. AND CHIEF ADMIN. LAW JUDGE OF THE STATE OF CA. OFFICE OF ADMIN. HEARINGS   Case No. 08 CV0226 W AJB

1

Education ("CDE") from contracting with OAH failed in every aspect to meet the required standards for a temporary restraining order or preliminary injunction. The motion for reconsideration is even more blatant in its failure to articulate a basis for relief. Not only does plaintiff's "new evidence" fail to suggest that the Court should reconsider its decision on the motion for a temporary restraining order, but the plaintiff clearly ignored the same evidence when it was filed with OAH's opposition to the motion for a temporary restraining order.

The "new evidence" touted by plaintiff as a basis for a motion to reconsider is not "evidence" in any sense of the word. Plaintiff has pointed to a partial clause in a letter from OAH, in response to a public records act request, as "new evidence," but when the letter is read in full, and in context, it clearly demonstrates that there is no new evidence. This is another egregious attempt by plaintiff, similar to plaintiff's request to file a sur-reply brief in the motion to intervene, to seek a "second bite of the apple" when there is no basis for the request.

As the Court has already recognized, granting plaintiff's request for a temporary restraining order would severely impair the public interest by impeding a vast majority of parties who seek dispute resolution in the special education context. Plaintiff presented no credible "new evidence" that he faces irreparable harm if this injunction is not granted, as his own appeal of his due process hearing decision remains pending in another court. Moreover, the "new evidence" does nothing more to demonstrate that there is any likelihood that plaintiff could succeed on the merits.

It remains the case that the hardships in this litigation weigh heavily in favor of protecting the public interest by maintaining the status quo of OAH performing special education due process hearings and mediations pending the ultimate outcome of this litigation. Nothing in plaintiff's motion for reconsideration changes this analysis. OAH respectfully requests that this Court deny plaintiff's motion for reconsideration.

### STATEMENT OF FACTS[1]

Plaintiff moved for a temporary restraining order on February 19, 2008. By order of the

---

1. A complete recitation of the factual history in this matter is in OAH's opposition brief to the motion for a temporary restraining order [Docket # 36].

OPPOSITION TO MOTION FOR RECONSIDERATION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIR. AND CHIEF
ADMIN. LAW JUDGE OF THE STATE OF CA. OFFICE OF ADMIN. HEARINGS          Case No. 08 CV0226 W AJB

2

1  Court, the hearing for the temporary restraining order was set for April 28, 2008. *See* March 7,
2  2008 Order. Defendant OAH moved to intervene on March 7, 2008. After the briefing was
3  complete for the motion to intervene, plaintiff made an ex parte request to file a sur-reply
4  "arguing that Defendant's Answer [which had been filed after plaintiff's opposition brief]
5  contained relevant information which Plaintiff felt needed to be addressed in light of the pending
6  motion to intervene." *See* April 1, 2008 Order. The Court granted plaintiff's request and
7  allowed him to file a sur-reply for the motion to intervene.

8      The Court granted OAH's motion to intervene as a defendant on April 7, 2008. *See* April 7,
9  2008 Order. In this Order, the Court noted that "Plaintiff's sur-reply, however, simply re-argues
10 the law of intervention, and Plaintiff's only use of CDE's answer is in a very limited reference to
11 a denial 'on the basis of insufficient knowledge or information.' Henceforth, Plaintiff shall not
12 have 'two bites at the apple' in which to formulate legal arguments to oppose adversarial
13 motions." *See* April 7, 2008 Order at p. 5 n. 1 (internal citations omitted).

14     The Court denied plaintiff's motion for a temporary restraining order. *See* April 30, 2008
15 Order [Docket at 47]. The Court concluded that the "[p]laintiffs have not shown a probability of
16 success on the merits and irreparable injury needed for the issuance of a temporary or preliminary
17 order restraining OAH and CDE from contracting with each other. The core of Plaintiffs'
18 problem is an inability to show that Defendants' conduct actually violated federal law. . ..
19 Combined with serious questions over standing and the risk that CDE loses federal funding, the
20 Court finds that Plaintiffs have not shown that they are deserving of an order at this time
21 enjoining any contract or negotiations between OAH and CDE." Order at p. 12-13.

22     On May 9, 2008, plaintiff filed a motion for reconsideration of the order denying plaintiff's
23 motion for a temporary restraining order and an ex parte request for a shortened briefing
24 schedule. The Court granted this request in an order dated May 12, 2008.

25                             **ARGUMENT**

26     There is no basis for plaintiff's motion for reconsideration. "A motion for reconsideration
27 should not be granted, absent highly unusual circumstances, unless the district court is presented
28 with newly discovered evidence. . ." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.39 877,

890 (9th Cir. 2000) (internal citations omitted); see also S.D. Cal. R. 7.1(i); Chamber Rules for The Honorable Thomas J. Whelan, modified September, 2005 at p. 3).[2/] In this case, plaintiff claims that "newly discovered evidence renders the [Court's April 30, 2008] Order 'clearly erroneous' in the depiction of the violation of the 45-day rule as 'relatively minor violation' when this is an ongoing violation which may result in the loss of federal funding to all disabled students in the State of California." Plaintiff's Memorandum of Points and Authorities in Support of Motion for Reconsideration of Order denying Plaintiff's Application for Temporary Restraining Order ("Plaintiff's Br.") at p. 2:3-7. Nothing plaintiff points to, however, is "newly discovered evidence."

Most importantly, the statistics for exactly how many due process hearings are issued within a 45-day or extended time line, for the time period January 1, 2006 through December 31, 2007 are contained in the declaration of Sherianne Laba, filed with OAH's opposition on April 14, 2008, [Docket 36]. *See* Laba Dec. at Exs. 8-15 at pp. 182, 195, 212, 225, 240, 258, 284, 320. These reports were, of course, filed prior to plaintiff's reply filed on April 21, 2008. A motion for reconsideration cannot be based on evidence that could reasonably have been discovered prior to the court's ruling. *Hopkins v. Andaya*, 958 F.2d 881, 887 n. 5 (9th Cir. 1992). Here, the "new evidence" was not only available to plaintiff as it came from a public website, but indeed it was filed with the Court in this matter prior to plaintiff's reply. This point alone is enough to deny plaintiff's meritless motion for reconsideration.[3/]

---

2. Notably plaintiff did not comply with Judge Whelan's rules in submitting this motion for reconsideration as she did not comply with the rule that a party must first seek leave to file a motion to reconsider, but instead simply filed the motion with a request for a shortened briefing schedule.

3. Plaintiff argues that compliance with the 45-day time line is a requirement for federal funding and that defendants do not comply with this request. Plaintiff's Br. at pp. 2-3. This argument was not made in plaintiff's opening brief for the motion for a temporary restraining order, but a similar argument was raised initially in the reply. *See* Plaintiff's Memorandum of Points and Authorities in Reply at p. 4:22-28. Notwithstanding the fact that plaintiff raised this argument in the reply, it is meritless. First, it is only a 45 day time line unless either party requests a specific extension. *See* 34 C.F.R. 300.515(c). Second, in the small number of cases where OAH does not meet the time line or a properly extended time line, plaintiff has pointed to absolutely no evidence that this has caused harm or prejudice to any specific party.

OPPOSITION TO MOTION FOR RECONSIDERATION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIR. AND CHIEF ADMIN. LAW JUDGE OF THE STATE OF CA. OFFICE OF ADMIN. HEARINGS             Case No. 08 CV0226 W AJB

4

Additionally, even viewed in the light most favorable to plaintiff, and assuming the evidence was *not* available to plaintiff prior to filing his reply, there is no newly discovered evidence here. Plaintiff's attempt to create "new evidence" relies on conjecture, hypothetical assumptions and an incomplete reading of the document in question. Plaintiff's attorney submitted a Public Records Act request to OAH on April 9, 2008 requesting that OAH provide to her a long list of varied documents: "copies of any and all written requests, stipulations, waivers, orders, and/or any other documentation generated by OAH or signed by any OAH ALJ extending the deadline for issuance of a Decision in a special education due process proceeding from July 1, 2005 to present." *See* Declaration of Ellen Dowd in Support of Motion for Reconsideration of Order Denying Plaintiff's Application for Temporary Restraining Order [Docket # 48] ("Dowd Dec."), attachment A. Ms. Dowd made clear that she was not limiting the request to her case, but, rather to any case to which it may apply. *Id.*

In a response to this very broad request, OAH responded:

> [OAH] has adjudicated approximately 9,000 cases since July 1, 2005. This request is vague and ambiguous, and not focused nor specific. [citations omitted] In order to facilitate this request, [OAH] would have to locate and review possibly tens of thousands of records maintained by the three Special Education offices of [OAH] and the State Archives to determine whether they are responsive to your request, and if so, which exemptions, if any, may apply. Further, this request is overly broad and unduly burdensome. [citations omitted] Accordingly, before we begin an unnecessary search for a "needle in a haystack" or, conversely, the potential production of a huge volume of material that is unduly burdensome [citations omitted], we request that you narrow or otherwise clarify your request. Please feel free to contact us if we can be of assistance in this regard.

Dowd. Dec. at attachment E. Plaintiff takes one clause in this letter completely out of context to argue that suddenly there is "new evidence." OAH clearly made the point that the request was vague and ambiguous and could conceivably mean the examination of 9,000 case files to find a small number of documents or a large number of documents. Plaintiff only quotes a portion of the letter, taken out of context, to make an inaccurate claim that OAH's response "was to declare that 'the potential production of a huge volume of material that is unduly burdensome.' (Emphasis supplied)." Plaintiff's Br. at p. 2:17-22. This acrobatic word-smithing by plaintiff does not make sense and does not supply any new evidence. Plaintiff does not assert that it does provide new evidence, but merely asks a question: "Is this to say that there are more than 500

pages of similar, unlawful extensions of the 45-day timeline?" *Id.* Plaintiff's question, of course, was not the request before OAH. Ms. Dowd did not make a direct request to OAH regarding the 45-day timeline. *See* Dowd Dec. at attachment A.[4/] She stated that she wanted copies of documents generated or signed by OAH extending the deadline for issuance of decisions in a special education due process proceeding – this request could include more than simply due process hearings – or could be limited to due process hearings. Thus, OAH's response to this letter does not constitute "new evidence," rather it is a polite response to an unclear and imprecise request.

The statistics that plaintiff ostensibly seeks were before him prior to the filing of his reply. The "new evidence" cited by plaintiff provides nothing new to this Court except a tortured reading of a letter denying a public records act request. The Court was correct in its initial April 28, 2008 ruling when it denied plaintiff's application for a temporary restraining order. There is nothing now before the Court which should change that ruling in any way.

## CONCLUSION

For the foregoing reasons and for the reasons stated in OAH's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for a Temporary Restraining Order filed April 14, 2008, defendant OAH, respectfully requests that plaintiff's motion for reconsideration of the Court's April 28, 2008 Order be denied.

//
//

---

4. The letter attached a redacted stipulation which Ms. Dowd stated "may serve as an example of the type of document I am seeking in response to this request," but did not limit the documents requested to that type of document. *See* Dowd Dec. at attachment A.

OPPOSITION TO MOTION FOR RECONSIDERATION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIR. AND CHIEF ADMIN. LAW JUDGE OF THE STATE OF CA. OFFICE OF ADMIN. HEARINGS    Case No. 08 CV0226 W AJB

6

1  Dated: May 23, 2008

2  Respectfully submitted,

3  EDMUND G. BROWN JR.
   Attorney General of the State of California

4  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General

5  

6  DOUGLAS J. WOODS
   Supervising Deputy Attorney General

7  _____/S/_____
   SUSAN K. LEACH

8  Deputy Attorney General
   Attorneys for Ron Diedrich, in his official capacity as Director
9  and Chief Administrative Law Judge of the State of California
   Office of Administrative Hearings

50265327.wpd
SA2008300685

OPPOSITION TO MOTION FOR RECONSIDERATION BY RON DIEDRICH, IN HIS OFFICIAL CAPACITY AS DIR. AND CHIEF
ADMIN. LAW JUDGE OF THE STATE OF CA. OFFICE OF ADMIN. HEARINGS     Case No. 08 CV0226 W AJB

7